**Fill in this information to identify the case**

United States Bankruptcy Court for the:

Southern  District of  New York
(State)

Case number (If known): _____  Chapter  11

☐ Check if this is an amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy  04/16

**If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.**

| | | |
|---|---|---|
| 1. | **Debtor's name** | Aéropostale, Inc. |
| 2. | **All other names debtor used in the last 8 years** Include any assumed names, trade names, and *doing business as* names | Aéropostale |
| 3. | **Debtor's federal Employer Identification Number** (EIN) | 31-1443880 |

4. **Debtor's address**

| **Principal place of business** | **Mailing address, if different from principal place of business** |
|---|---|
| 112 West 34th Street | |
| Number         Street | Number         Street |
| 22nd Floor | |
| | P.O. Box |
| New York       NY       10120 | |
| City            State     ZIP Code | City            State     ZIP Code |
| | **Location of principal assets, if different from principal place of business** |
| New York County | |
| County | Number         Street |
| | |
| | City            State     ZIP Code |

5. **Debtor's website** (URL)    http://www.aeropostale.com

6. **Type of debtor**
   ☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))
   ☐ Partnership (excluding LLP)
   ☐ Other. Specify: _____

**7. Describe debtor's business**

A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))
☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))
☐ Railroad (as defined in 11 U.S.C. § 101(44))
☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))
☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))
☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))
☒ None of the above

B. *Check all that apply:*

☐ Tax- entity (as described in 26 U.S.C. § 501)
☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)
☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes.
4481

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check one:*

☐ Chapter 7
☐ Chapter 9
☒ Chapter 11. *Check all that apply*:

  ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,566,050 (amount subject to adjustment on 4/01/19 and every 3 years after that).
  ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).
  ☐ A plan is being filed with this petition.
  ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).
  ☒ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.
  ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☒ No
☐ Yes    District _____  When _____  Case number _____
                                 MM/ DD/ YYYY
         District _____  When _____  Case number _____
                                 MM / DD/ YYYY

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list.

☐ No
☒ Yes   Debtor   See attached Schedule 1    Relationship _____
        District _____                 When _____
        Case number, if known _____                    MM / DD/ YYYY

Official Form 201                Voluntary Petition for Non-Individuals Filing for Bankruptcy                Page 2

WEIL:\95678379\3\11727.0012

**11. Why is the case filed in this district?**

*Check all that apply:*

☒ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No

☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply*.)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.
  What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?** _____
  Number   Street

_____  _____  _____
City                     State                   ZIP Code

**Is the property insured?**

☐ No

☐ Yes. Insurance agency _____
       Contact Name _____
       Phone _____

### Statistical and administrative information

**13. Debtor's estimation of available funds**

*Check one:*

☒ Funds will be available for distribution to unsecured creditors.

☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

**14. Estimated number of creditors**
(on a consolidated basis with the entities listed on Schedule 1)

☐ 1-49            ☐ 1,000-5,000      ☐ 25,001-50,000
☐ 50-99           ☐ 5,001-10,000     ☐ 50,001-100,000
☐ 100-199         ☒ 10,001-25,000    ☐ More than 100,000
☐ 200-099

**15. Estimated assets**
(on a consolidated basis with the entities listed on Schedule 1)

☐ $0-$50,000             ☐ $1,000,001-$10 million      ☐ $500,000,001-$1 billion
☐ $50,001-$100,000       ☐ $10,000,001-$50 million     ☐ $1,000,000,001-$10 billion
☐ $100,001-$500,000      ☐ $50,000,001-$100 million    ☐ $10,000,000,001-$50 billion
☐ $500,001-$1 million    ☒ $100,000,001-$500 million   ☐ More than $50 billion

**16. Estimated liabilities**
   (on a consolidated basis with the
   entities listed on Schedule 1)

- ☐ $0-$50,000
- ☐ $50,001-$100,000
- ☐ $100,001-$500,000
- ☐ $500,001-$1 million
- ☐ $1,000,001-$10 million
- ☐ $10,000,001-$50 million
- ☐ $50,000,001-$100 million
- ☒ $100,000,001-$500 million
- ☐ $500,000,001-$1 billion
- ☐ $1,000,000,001-$10 billion
- ☐ $10,000,000,001-$50 billion
- ☐ More than $50 billion

## Request for Relief, Declaration, and Signatures

**WARNING** – Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

- The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.
- I have been authorized to file this petition on behalf of the debtor.
- I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    05/04/ 2016
               MM / DD / YYYY

✗ /s/ Marc G. Schuback                              Marc G. Schuback
  Signature of authorized representative of debtor   Printed name

  Senior Vice President, General Counsel & Secretary
  Title

**18. Signature of attorney**

✗ /s/ Ray C. Schrock                                 Date    05/04/2016
  Signature of attorney for debtor                           MM / DD / YYYY

  Ray C. Schrock, P.C., Jacqueline Marcus, Garrett A. Fail
  Printed Name

  Weil, Gotshal & Manges LLP
  Firm Name

  767 Fifth Avenue
  Number       Street

  New York                                 NY              10153
  City                                     State           ZIP Code

  (212) 310-8000          ray.schrock@weil.com, jacqueline.marcus@weil.com, garrett.fail@weil.com
  Contact phone           Email address

  4860631                                  NY
  Bar Number                               State

## Schedule 1

Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor

On the date hereof, each of the affiliated entities listed below filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code in the United States Bankruptcy Court for the Southern District of New York. The Debtors have filed a motion requesting that the chapter 11 cases of these entities be consolidated for procedural purposes only and jointly administered under the number assigned to the chapter 11 case of Aéropostale, Inc.

| Company |
| --- |
| Aéropostale, Inc. |
| Aeropostale Procurement Company, Inc. |
| Aéropostale West, Inc. |
| Jimmy'Z Surf Co., LLC |
| Aero GC Management LLC |
| Aeropostale Licensing, Inc. |
| GoJane LLC |
| P.S. from Aeropostale, Inc. |
| Aeropostale Puerto Rico, Inc. |
| Aeropostale Canada Corp. |
| Aeropostale Holdings, Inc. |

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------x
:
In re                                :    Chapter 11
:
AÉROPOSTALE, INC.                    :    Case No. 16-_____ (___)
:
Debtor.                          :
:
---------------------------------------------------------x

## Attachment to Voluntary Petition for
## Non-Individuals Filing for Bankruptcy under Chapter 11

1. If any of the debtor's securities are registered under Section 12 of the Securities Exchange Act of 1934, the SEC file number is **001-31314**.

2. The following financial data is the latest available information and refers to the debtor's condition on **January 30, 2016**.

    a. **Total assets** (on a consolidated basis with the entities listed on Schedule 1 to the Debtor's petition)    **$ 354,383,000**

    b. **Total debts** (on a consolidated basis with the entities listed on Schedule 1 to the Debtor's petition) (including debts listed in 2.c., below)    **$ 390,029,000**

    c. Debt securities held by more than 500 holders

       Approximate number of holders:

       secured ☐   unsecured ☐   subordinated ☐   $ __N/A__    __N/A__
       secured ☐   unsecured ☐   subordinated ☐   $ _____    _____
       secured ☐   unsecured ☐   subordinated ☐   $ _____    _____

    d. Number of shares of preferred stock    **1,000 (issued)**
    e. Number of shares common stock    **79,610,000 (issued)**

Comments, if any:
_____
_____

3. Brief description of debtor's business:

Aéropostale, Inc., along with its subsidiaries, is a retailer of casual apparel and accessories.
_____

4. List the names of any person who directly or indirectly owns, controls, or holds, with power to vote, 5% or more of the voting securities of debtor:[1]

- Susquehanna Securities (approximately 7.5%)

_____

---

[1] For the purpose of question 4, the Debtor does not consider the right to exercise options as direct or indirect ownership, control, or holdings with the power to vote the voting securities of the Debtor.

Official Form 201A    **Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11**

WEIL:\95653727\6\11727.0012

ACTION BY
WRITTEN CONSENT OF
THE BOARD OF DIRECTORS
OF
AÉROPOSTALE, INC.

May 3, 2016

The undersigned, being all of the members of the Board of Directors (the "**Board**") of Aéropostale, Inc., a Delaware corporation (the "**Company**"), pursuant to Section 141(f) of the General Corporation Law of the State of Delaware and Article III Section 17 of the Company's Amended and Restated By-Laws, do hereby consent to, adopt and approve the following recitals and resolutions and each and every action effected thereby.

This consent may be executed in two or more counterparts, each of which shall constitute an original, and all of which shall constitute one and the same instrument.

**WHEREAS**, the Board has reviewed and had the opportunity to ask questions about the materials presented by the management and the legal and financial advisors of the Company regarding the liabilities and liquidity of the Company, the strategic alternatives available to it and the impact of the foregoing on the Company's businesses;

**WHEREAS**, the Board has had the opportunity to consult with the management and the legal and financial advisors of the Company to fully consider each of the strategic alternatives available to the Company; and

**WHEREAS**, the Board desires to approve the following resolutions.

I.  **Commencement of Chapter 11 Case**

**NOW, THEREFORE, BE IT RESOLVED**, that the Board has determined, after consultation with the management and the legal and financial advisors of the Company, that it is desirable and in the best interests of the Company, its creditors, and other parties in interest that a petition be filed by the Company seeking relief under the provisions of chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**"); and be it further

**RESOLVED**, that Marc Schuback, Julian Geiger, David Dick, Marc Miller or any officer of the Company (each, an "**Authorized Officer**") in each case, acting singly or jointly, be, and each hereby is, authorized, empowered, and directed to execute and file in the name and on behalf of the Company, and under its corporate seal or otherwise, all petitions, schedules, motions, lists, applications, pleadings, and other documents in the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**"), and, in connection therewith, to employ and retain all assistance by legal counsel, accountants, financial advisors, investment bankers and other professionals, and to take and perform any and all further acts and deeds which such Authorized Officer deems necessary, proper, or desirable in connection with the Company's chapter 11 case (the "**Chapter 11 Case**"), including, without limitation, negotiating, executing, delivering and performing any and all documents, agreements, certificates and/or instruments in connection with the transactions and professional retentions set forth in this resolution, with a view to the successful prosecution of the Chapter 11 Case; and be it further

II.  **Debtor-in-Possession Financing**

**RESOLVED**, that in connection with the Chapter 11 Case, it is in the best interest of (i) in the case of the Company, to enter into and obtain loans, and (ii) in the case of the Guarantors (as defined below) to guarantee such loans, and consummate the transactions under that certain secured third priority debtor-in-possession term loan credit facility in an aggregate principal amount of $160,000,000 to be evidenced by that certain Secured Superpriority Debtor in Possession Loan, Security and Guaranty Agreement, to be entered into by and among, the Company, as borrower, Aeropostale West, Inc., Jimmy'Z Surf Co., Inc., Aero GC Management LLC, Aeropostale Procurement Company, Inc., Aeropostale Licensing, Inc., P.S. from Aeropostale, Inc., and GoJane LLC (the "*Guarantors*"), the lenders from time to time party thereto (the "*Lenders*"), and Crystal Financial LLC, as agent for the Lenders (in such capacity and together with its successors, the "*Agent*") (together with the Exhibits and Schedules annexed thereto, the "*DIP Credit Agreement*") (capitalized terms used in this section with respect to debtor-in-possession financing and not otherwise defined herein shall have the meanings ascribed to such terms in the DIP Credit Agreement); in each case subject to approval by the Bankruptcy Court, which is necessary and appropriate to the conduct, promotion and attainment of the business of the Company (the "*Debtor-in-Possession Financing*"); and be it further

**RESOLVED**, that the form, terms and provisions of each of (i) the DIP Credit Agreement, including the use of proceeds to provide liquidity for the Company throughout the Chapter 11 Case, substantially in the form presented to the Board of Directors and (ii) any and all of the other agreements, including, without limitation, any guarantee and security agreement, letters, notices, certificates, documents and instruments authorized, executed, delivered, reaffirmed, verified and/or filed in connection with the Debtor-in-Possession Financing (together with the DIP Credit Agreement, collectively, the "*DIP Financing Documents*") and the performance of obligations thereunder, including the borrowings and guarantees contemplated thereunder, are hereby, in all respects confirmed, ratified and approved; and be it further

**RESOLVED**, that any Authorized Officer is hereby authorized, empowered, and directed, in the name and on behalf of the Company, to cause the Company to negotiate and approve the terms, provisions of and performance of, and to prepare, execute and deliver the DIP Credit Agreement and any other DIP Financing Documents, in the name and on behalf of the Company under its corporate seal or otherwise, and such other documents, agreements, instruments and certificates as may be required by the Agent or required by the DIP Credit Agreement and any other DIP Financing Documents; and be it further

**RESOLVED**, that the Company be, and hereby is, authorized to incur the Obligations and to undertake any and all related transactions contemplated under the DIP Financing Documents including the granting of security thereunder (collectively, the "*DIP Financing Transactions*"); and be it further

**RESOLVED**, that any Authorized Officer is hereby authorized to grant security interests in, and liens on, any and all property of the Company as collateral pursuant to the DIP Financing Documents to secure all of the obligations and liabilities of the Company thereunder to the Lenders and the Agent, and to authorize, execute, verify, file and/or deliver to the Agent, on behalf of the Company, all agreements, documents and instruments required by the Lenders in connection with the foregoing; and be it further

**RESOLVED**, that any Authorized Officer is hereby authorized, empowered, and directed, in the name and on behalf of the Company, to take all such further actions including, without limitation, to pay all fees and expenses, in accordance with the terms of the DIP Financing Documents, which shall, in such Authorized Officer's sole judgment, be necessary, proper or advisable to perform the Company's obligations under or in connection with the DIP Credit Agreement or any of the other DIP

2

Financing Documents and the transactions contemplated therein and to carry out fully the intent of the foregoing resolutions; and be it further

**RESOLVED**, that any Authorized Officer is hereby authorized, empowered, and directed, in the name and on behalf of the Company, to execute and deliver any amendments, supplements, modifications, renewals, replacements, consolidations, substitutions and extensions of the DIP Credit Agreement and/or any of the DIP Financing Documents which shall, in such Authorized Officer's sole judgment, be necessary, proper or advisable.

### III.    Commencement of CCAA Proceeding

**RESOLVED**, that the Board has determined, after consultation with the management and the legal and financial advisors of the Company, that it is desirable and in the best interests of Aeropostale Canada Corp., the other Companies and their creditors, and other parties in interest that an application be commenced by Aeropostale, Inc. (in such capacity, the "Foreign Representative") pursuant to section 46 of the Companies' Creditors Arrangement Act (Canada), R.S.C. 1985, c. C-36 as amended; and be it further

**RESOLVED**, that an Authorized Officer of the Foreign Representative, be, and hereby is, authorized, empowered, and directed to execute and file in the name and on behalf of the Foreign Representative, and under its corporate seal or otherwise, all petitions, schedules, motions, lists, applications, pleadings, and other documents in the Ontario Superior Court of Justice (Commercial List) (the "**Canadian Court**") in Toronto, Ontario, Canada, and, in connection therewith, to employ and retain all assistance by legal counsel, accountants, financial advisors, investment bankers and other professionals, and to take and perform any and all further acts and deeds which such Authorized Officer deems necessary, proper, or desirable in connection with the Foreign Representative's ancillary proceedings (the "**Canadian Proceedings**"), including, without limitation, negotiating, executing, delivering and performing any and all documents, agreements, certificates and/or instruments in connection with the transactions and professional retentions set forth in this resolution, with a view to the successful prosecution of the Canadian Proceedings; and be it further

### IV.    Retention of Advisors

**RESOLVED**, that the firm of FTI Consulting, Inc., located at 200 State Street, 9th Floor, Boston, Massachusetts 02109, is hereby retained as financial advisor for the Company in the Chapter 11 Case, subject to Bankruptcy Court approval; and be it further

**RESOLVED**, that the firm of Stifel, Nicolaus & Company, Inc., and its affiliate Miller Buckfire & Company LLC, located at 787 Seventh Avenue, New York, New York 10019, is hereby retained as investment banker for the Company in the Chapter 11 Case, subject to Bankruptcy Court approval; and be it further

**RESOLVED**, that the firm of RCS Real Estate Advisors, located at 460 W 34th St #3, New York, NY 10001, is hereby retained to provide the Company with additional real estate and advisory services in the Chapter 11 Case, subject to Bankruptcy Court approval; and be it further

**RESOLVED**, that the law firm of Weil, Gotshal & Manges LLP, located at 767 Fifth Avenue, New York, New York 10153, is hereby retained as attorneys for the Company in the Chapter 11 Case, subject to Bankruptcy Court approval; and be it further

**RESOLVED**, that the firm of Prime Clerk LLC, located at 830 Third Ave., New York, New York 10022, is hereby retained as claims, noticing and solicitation agent for the Company in the Chapter 11 Case, subject to Bankruptcy Court approval; and be it further

**RESOLVED**, that the law firm of Stikeman Elliot LLP, located at 5300 Commerce Court West, 199 Bay Street, Toronto, ON M5L 1B9, is hereby retained as Canadian counsel for the Company in the Chapter 11 Case, subject to Bankruptcy Court approval; and be it further

**RESOLVED**, that the law firm of Togut, Segal & Segal LLP, located at One Penn Plaza, Suite 3335, New York, NY 10119, is hereby retained as Conflicts counsel for the Company in the Chapter 11 Case, subject to Bankruptcy Court approval; and be it further

V.  **Ratification**

**RESOLVED**, that any and all past actions heretofore taken by any Authorized Officer, any director, or any member of the Company in the name and on behalf of the Company in furtherance of any or all of the preceding resolutions be, and the same hereby are, ratified, confirmed, and approved in all respects.

[Signature Page Follows]

IN WITNESS WHEREOF, the undersigned, being all of the members of the Board of Directors of Aéropostale, Inc., have executed this written consent as of the date first set forth above.

/s/ Karin Hirtler-Garvey
Karin Hirtler-Garvey

/s/ Ronald R. Beegle
Ronald R. Beegle

/s/ Michael J. Cunningham
Michael J. Cunningham

/s/ Evelyn Dilsaver
Evelyn Dilsaver

/s/ Julian Geiger
Julian Geiger

/s/ Kenneth Gilman
Kenneth Gilman

/s/ Janet E. Grove
Janet E. Grove

/s/ John Haugh
John Haugh

/s/ John D. Howard
John D. Howard

/s/ David B. Vermylen
David B. Vermylen

| Fill in this information to identify the case: | |
|---|---|
| Debtor Name Aéropostale, Inc. | ☐ Check if this is an amended filing |
| United States Bankruptcy Court for the Southern District of New York | |
| Case number (if known) _____ | |

Official Form 204

# Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders (on a consolidated basis with entities listed on Schedule 1 to the Debtor's petition)

12/15

A list of creditors holding the 20 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an *insider,* as defined in 11 U.S.C. § 101(31).  Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 20 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | **LF Sourcing Millwork LLC**<br>350 Fifth Ave., 9th Floor<br>New York, NY 10118 | Carlos Camacho<br>Phone: (212) 827-3352<br>Fax: (212) 290-5350<br>Email: carlos@loyaltexusa.com | Trade Debt | | | | $14,287,208 |
| 2 | **Hansae CO LTD**<br>(Yeouido-Dong,5F) 29 Eunhaenh-Ro Yeongdeungpo-Gu<br>Seoul, South Korea 150-739 | Mr. Lee Yong Baek<br>Phone: (82) 2-3779-0779<br>Fax: (82) 2-3779-5599<br>Email: myjeong@hansae.com | Trade Debt | | | | $1,287,408 |
| 3 | **LF Sourcing (MWK) - SAT**<br>Legal Name: LI & Fung SAE-A<br>1359 Broadway,18th Floor<br>New York, NY 10018 | Carlos Camacho<br>Phone: (212) 827-3352<br>Fax: (212) 290-5350<br>Email: carlos@loyaltexusa.com | Trade Debt | | | | $1,110,049 |
| 4 | **LF Sourcing (MWK) - GES**<br>Legal Name: LI & Fung - GES<br>1359 Broadway, 18th Floor<br>New York, NY 10001 | Carlos Camacho<br>Phone: (212) 827-3352<br>Fax: (212) 290-5350<br>Email: carlos@loyaltexusa.com | Trade Debt | | | | $762,144 |
| 5 | **Apparel MFG DV Jeanjer LLC**<br>1400 Broadway, 14th Floor<br>New York, NY 10018 | Eddie Ben Aderet<br>Phone: (646) 383-8200<br>Fax: (212) 768-3096<br>Email: ebenaderet@jordache.com | Trade Debt | | | | $640,904 |
| 6 | **Bethany Mota**<br>c/o Gettleson Witzer & O'Conner<br>1600 Ventura Blvd.<br>Suite 900<br>Encino, CA 91436 | Randy O'Conner<br>Phone: (310) 288-9978<br>Fax: (310) 288-9977<br>Email: roconner@getwitz.com | Marketing | | | | $500,000 |

| # | Creditor | Contact | | | | Type | Amount |
|---|---|---|---|---|---|---|---|
| 7 | Taubman<br>Taubman Auburn Hills<br>200 E. Long Lake Road<br>Suite 300<br>Bloomfield Hills, MI 48404-2324 | Phone: (248) 258-6800<br>Email: mmainville@taubman.com | | | | Trade Debt | $479,487 |
| 8 | BBASE IDG LTD<br>2505 The Centrium<br>60 Wyndham Street<br>Central Hong Kong,<br>Hong Kong | Emma Chung<br>Phone: (852) 3167-7808<br>Fax: (212) 206-1497<br>Email: emma.chung@bbase.com.hk | | | | Trade Debt | $450,425 |
| 9 | General Growth<br>Legal Name: General Growth Properties<br>110 North Wacker Drive<br>Chicago, IL 60606 | Kevin Berry<br>Phone: (312) 960-5000<br>Fax: (312) 960-5722<br>Email: kevin.berry@ggp.com | | | | Trade Debt | $424,208 |
| 10 | KOEX LLC<br>2525 Ponce De Leon Blvd.<br>Suite 300<br>Coral Gables, FL 33134 | Phone: (305) 910-9851<br>Fax: (786) 513-7997<br>Email: i.legorgeu@koex.es | | | | Trade Debt | $351,757 |
| 11 | American Express<br>200 Vesey Street<br>New York, NY 10285 | Patti DeVore<br>Phone: (845) 942-0807<br>Fax: (800) 542-0779<br>Email: patricia.a.devore@aexp.com | | | | Professional Services | $343,000 |
| 12 | Tote Fashion Int'l LTD<br>RM 228 2/F Secure House<br>68 How Ming Street<br>Kwun Tong, HK | Keven Li<br>Phone: (886) 935 246007<br>Fax:<br>Email: keven@totefashion.com.tw | | | | Trade Debt | $287,625 |
| 13 | Katten, Muchin, Rosenman LLP<br>575 Madison Avenue<br>New York, NY 10022-2585 | Phone: (212) 940-8800<br>Fax: (212) 940-8776<br>Email: chris.diangelo@kattenlaw.com | | | | Professional Services | $279,677 |
| 14 | Aptos Inc.<br>Legal Name: Aptos Inc. FKA Epicor RSG (US), Inc.<br>15 Governor Drive<br>Newburgh, NY 12550 | Jane Webb<br>Phone: (514) 428-2163<br>Fax:<br>Email: jwebb@aptos.com | | | | Professional Services | $216,024 |
| 15 | Titanium Marketing<br>425 Fifth Ave., Suite 601<br>New York, NY 10016 | Phone: (212) 889-8888<br>Fax:<br>Email: salesattmi@gmail.com | | | | Trade Debt | $206,673 |
| 16 | Flexfit LLC<br>350 Karin Lane<br>Hicksville, NY 11801 | Phone: (516) 932-8800<br>Fax: (516) 932-6221<br>Email: johnj@flexfit.com | | | | Trade Debt | $200,517 |
| 17 | Vornado<br>Legal Name: Vornado Realty Trust<br>888 Seventh Ave.<br>New York, NY 10019 | Phone: (212) 894-7000<br>Fax: (212) 587-0600<br>Email: molguin@vno.com | | | | Trade Debt | $192,979 |
| 18 | UPS<br>55 Glenlake Parkway NE<br>Atlanta, GA 30328 | Jeffrey Hardgrove<br>Phone: (201) 306-8755<br>Fax: (404) 828-6777<br>Email: jeffhardgrove@ups.com | | | | Trade Debt | $182,359 |
| 19 | Mia's Fashion MFG CO INC<br>12623 Cisneros Lane<br>Santa Fe Springs, CA 90670 | Suhna Lee<br>Phone: (562) 906-1060 ext. 112<br>Fax: (562) 906-1061<br>Email: suhna@miasfashion.com | | | | Trade Debt | $179,506 |
| 20 | Westfield<br>2049 Century Park East<br>41st Floor<br>Century City, CA 90067 | Phone: (310) 478-1267<br>Fax: (310) 478-1267<br>Email: leasing@westfield.com | | | | Trade Debt | $176,918 |

Official Form 204    **Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims**    page 2

WEIL:\95653727\6\11727.0012

**Fill in this information to identify the case and this filing:**

Debtor Name  <u>Aéropostale, Inc.</u>

United States Bankruptcy Court for the Southern District of New York

Case number *(if known)*: _____

<u>Official Form 202</u>
**Declaration Under Penalty of Perjury for Non-Individual Debtors**                                12/15

**An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date.  Bankruptcy Rules 1008 and 9011.**

**WARNING -- Bankruptcy fraud is a serious crime.  Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.**

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership, or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

- ☐  Schedule A/B: Assets-Real and Personal Property (Official Form 206A/B)
- ☐  Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)
- ☐  Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)
- ☐  Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G)
- ☐  Schedule H: Codebtors (Official Form 206H)
- ☐  Summary of Assets and Liabilities for Non-Individuals (Official Form 206Sum)
- ☐  Amended Schedule ___
- ☒  Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders (Official Form 204)
- ☐  Other document that requires a declaration:

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  <u>05/04/2016</u>    **X**  <u>/s/ Marc G. Schuback</u>
              MM/DD/YYYY              Signature of individual on behalf of debtor

                                      <u>Marc G. Schuback</u>
                                      Printed name

                                      <u>Senior Vice President, General Counsel & Secretary</u>
                                      Position or relationship to debtor