WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Ray C. Schrock, P.C.
Jacqueline Marcus
Garrett A. Fail

*Proposed Attorneys for Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------x
:
In re                                                    :        **Chapter 11**
                                                         :
**AÉROPOSTALE, INC.,** *et al.***,**                     :        **Case No. 16-_____ (___)**
                                                         :
               **Debtors.**[1]                           :        **Joint Administration Requested**
                                                         :
-------------------------------------------------------x

**MOTION OF DEBTORS PURSUANT TO 11 U.S.C. §§ 105(a) AND 362**
**FOR ENTRY OF INTERIM AND FINAL ORDERS (I) ESTABLISHING**
**NOTIFICATION PROCEDURES AND APPROVING RESTRICTIONS ON**
**CERTAIN TRANSFERS OF CLAIMS AGAINST AND INTERESTS IN**
**THE DEBTORS AND (II) SCHEDULING A FINAL HEARING**

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

Aéropostale, Inc. and its subsidiaries, as debtors and debtors in possession in the

above-captioned chapter 11 cases (collectively, the "***Debtors***"), respectfully represent as follows:

---

[1] The Debtors in these chapter 11 cases and the last four digits of each Debtor's federal tax identification number, as applicable, are as follows: Aéropostale, Inc. (3880); Aéropostale West, Inc. (7013); Jimmy'Z Surf Co., LLC (0461); Aero GC Management LLC (4257); Aeropostale Procurement Company, Inc. (8518); Aeropostale Licensing, Inc. (8124); P.S. from Aeropostale, Inc. (5900); GoJane LLC (4923); Aeropostale Canada Corp. (N/A); Aeropostale Holdings, Inc. (7729); and Aeropostale Puerto Rico, Inc. (6477). The Debtors' corporate headquarters are located at 112 West 34th Street, 22nd Floor, New York, NY 10120.

**Relief Requested**

1.      Pursuant to sections 105(a) and 362 of title 11 of the United States Code
(the "***Bankruptcy Code***"), the Debtors request entry of orders authorizing the Debtors to
establish procedures (as annexed to the proposed form of interim order as "Interim Order Exhibit
1" and the proposed form of final order as "Final Order Exhibit 1," collectively, the
"***Procedures***") to protect the potential value of the Debtors' consolidated net operating loss
carryforwards ("***NOLs***"), tax credits, and certain other tax attributes for federal income tax
purposes (together with the NOLs, the "***Tax Attributes***") for use in connection with the
reorganization of the Debtors.   The Procedures apply to (i) common stock (the "***Common
Stock***") and preferred stock (the "***Preferred Stock***") of Aéropostale, Inc. and any options or
similar rights (within the meaning of applicable U.S. Treasury regulations) to acquire such stock
("***Options***" and together with Common Stock and Preferred Stock, the "***Aéropostale Stock***"), and
(ii) Claims (as hereinafter defined) against one or more of the Debtors.   The Debtors request
relief effective *nunc pro tunc* to the date hereof.

2.      A proposed form of order granting the relief requested herein relating to
Aéropostale Stock an interim basis is annexed hereto as **Exhibit A** (the "***Proposed Interim
Order***") and, pending a final hearing on the relief requested herein relating to both Aéropostale
Stock and Claims (as hereinafter defined) against the Debtors, on a final basis is annexed hereto
as **Exhibit B** (the "***Proposed Final Order***").

**Jurisdiction**

3.      This Court has jurisdiction to consider this matter pursuant to 28 U.S.C.
§§ 157(a)-(b) and 1334(b) and the *Amended Standing Order of Reference M-431*, dated January

2

31, 2012 (Preska, C.J.).  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

**Background**

4.     On the date hereof (the "***Commencement Date***"), each of the Debtors commenced with this Court a voluntary case under chapter 11 of the Bankruptcy Code.  The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No trustee, examiner, or statutory committee of creditors has been appointed in these chapter 11 cases.

5.     Contemporaneously herewith, the Debtors have filed a motion requesting joint administration of these chapter 11 cases pursuant to Bankruptcy Rule 1015(b).

6.     Information regarding the Debtors' business, capital structure, and the circumstances leading to the commencement of these chapter 11 cases is set forth in the *Declaration of David J. Dick Pursuant to Rule 1007-2 of the Local Bankruptcy Rules for the Southern District of New York*, sworn to on the date hereof (the "***First Day Declaration***"), which has been filed with the Court contemporaneously herewith.

**Factual Section Relating to Tax Attributes**

6.     The Debtors have certain Tax Attributes, which include, as of the Commencement Date, approximately $250 million in estimated NOLs and approximately $7 million in tax credits.  The Tax Attributes are valuable assets.  Title 26 of the United States Code (the "***Tax Code***") generally permits corporations to carry forward their tax attributes to reduce future taxable income.  *See* Tax Code § 172.  Accordingly, the Tax Attributes are available to offset any income realized through the taxable year that includes the effective date of a chapter 11 plan, and potentially thereafter (though any Tax Attributes remaining thereafter may be significantly reduced or eliminated as a result of a discharge of debt and, to the extent otherwise

3

available, may be subject to additional limitations, as discussed below).  Accordingly, absent any intervening limitations and depending upon future operating results, the Tax Attributes could translate into future tax savings over time and any such savings could enhance the Debtors' cash position for the benefit of all parties in interest and contribute to the Debtor's efforts toward a successful reorganization.

7.    The Debtors' ability to use the Tax Attributes to reduce future tax liability is subject to certain statutory limitations.  Sections 382 and 383 of the Tax Code limit a corporation's use of its tax attributes to offset future income after that corporation has undergone an "ownership change" within the meaning of section 382 of the Tax Code ("***section 382***" and such ownership change, an "***Ownership Change***").  Pursuant to section 382, an Ownership Change generally occurs when the percentage of a corporation's equity held by its "5-percent shareholders" (within the meaning of section 382) increases by more than 50 percentage points above the lowest percentage of ownership owned by such shareholder(s) at any time during the relevant testing period (usually three years).

8.    The Debtors do not believe that an Ownership Change has occurred with respect to the Tax Attributes prior to the Commencement Date, but believe that they have experienced a significant increase in ownership by "5-percent shareholders" within the current testing period based upon known changes in stock ownership as of the Commencement Date. Accordingly, the Debtors believe that they continue to have significant Tax Attributes that would be adversely affected (and could be effectively eliminated) by an Ownership Change during the pendency of these cases.  If such an Ownership Change occurs, the valuation for determining the annual amount of useable Tax Attributes would be at or close to zero, which may effectively eliminate the availability of such Tax Attributes.  It is therefore in the best interests of the

WEIL:\95698299\8\11727.0012

Debtors and their stakeholders to restrict trading that could result in an Ownership Change *before* the effective date of a chapter 11 plan or other applicable bankruptcy court order.  This would protect the Debtors' ability to use the Tax Attributes during the pendency of these chapter 11 cases or, potentially, in the event of a future transaction, to offset gain or other income recognized in connection with the Debtors' sale or ownership of their assets, which may be significant in amount.  Although the limitations imposed by section 382 may be significantly lessened when an Ownership Change occurs pursuant to a confirmed chapter 11 plan (or applicable court order), the benefits of a confirmed plan (or court order) will not be applied retroactively to reduce limitations on tax attributes imposed by a previous Ownership Change. *See* Sections 382(l)(5), (6) of the Tax Code.

9.    It is likely that any chapter 11 plan that contemplates a reorganization of the Debtors will involve the issuance of new common stock in the Debtors (or any successor to the Debtors) and the distribution of such stock to certain creditors in satisfaction, in whole or in part, of their respective Claims against the Debtors.  This issuance and distribution likely would result in an Ownership Change.  In such event, the Debtors may be able to avail themselves of the special relief afforded by section 382(l)(5) of the Tax Code.  Such relief, however, may not be available if the trading and accumulation of Claims prior to the effective date of a chapter 11 plan is left unrestricted.

**The Automatic Stay Bars Any Equity Transfer That
Would Diminish or Limit the Debtors' Interests in the Tax Attributes**

10.    In furtherance of the automatic stay provisions of section 362 of the Bankruptcy Code and pursuant to section 105 of the Bankruptcy Code, the Debtors seek authority to monitor and approve certain changes in the ownership of Aéropostale Stock and Claims, and to require the potential sell down of Claims acquired during the bankruptcy cases, to

WEIL:\95698299\8\11727.0012

protect against the occurrence of an Ownership Change during the pendency of these bankruptcy cases and to try to ensure that the Debtors will have the opportunity to avail themselves of relief under section 382(l)(5) of the Tax Code, if desirable, and thus preserve the potential value of the Tax Attributes.

11.    Section 362 of the Bankruptcy Code, the automatic stay enjoins all entities from, among other things, taking any action to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate.  11 U.S.C. § 362(a)(3). Section 541 of the Bankruptcy Code defines "property of the estate" to include all legal or equitable interests of the debtor in property as of the commencement date and includes the Tax Attributes.  11 U.S.C. § 541.

12.    The Tax Attributes are valuable property of the Debtors' estates, and thus protected from actions that would diminish or eliminate their value, including transfers that would effect an Ownership Change.  It is well established that a debtor's NOLs are property of the debtor's estate protected by the automatic stay.  *See Official Committee of Unsecured Creditors v. PSS Steamship Co. (In re Prudential Lines Inc.)*, 928 F.2d 565 (2d Cir. 1991), *cert. denied*, 502 U.S. 821 (1991) ("[W]here a non-debtor's action with respect to an interest that is intertwined with that of a bankrupt debtor would have the legal effect of diminishing or eliminating property of the bankrupt estate, such action is barred by the automatic stay."); *Nisselson v. Drew Indus., Inc. (In re White Metal Rolling & Stamping Corp.)*, 222 B.R. 417, 424 (Bankr. S.D.N.Y. 1998) ("It is beyond peradventure that NOL carrybacks and carryovers are property of the estate of the loss corporation that generated them.").  The United States Court of Appeals for the Second Circuit, in its seminal *Prudential Lines* decision, affirmed the application of the stay and upheld a permanent injunction prohibiting a parent corporation from taking a

6

worthless stock deduction that would have adversely affected the subsidiary's ability to use its

NOLs under the special relief provisions of section 382.  928 F.2d 565.  As the Second Circuit

stated:

> Including NOL carryforwards as property of a corporate debtor's
> estate is consistent with Congress' intention to "bring anything of
> value that the debtors have into the estate."  Moreover, . . .
> [i]ncluding the right to a NOL carryforward as property of [the
> debtor's] bankruptcy estate furthers the purpose of facilitating the
> reorganization of [the debtor].

*Id.* at 573 (internal citations omitted); *see also In re Fruehauf Trailer Corp.*, 444 F.3d 203 (3d

Cir. 2006) ("Property of the estate 'includes all interests, such as . . . contingent interests and

future interests, whether or not transferable by the debtor.'") (quoting *Prudential Lines*, 928 F.2d

at 572); *Gibson v. United States (In re Russell)*, 927 F.2d 413, 417 (8th Cir. 1991) (concluding

the "right to carry forward the [debtor's] NOLs" was a "property interest" of the estate).

13.    In *Prudential Lines,* the Second Circuit determined that, if the parent were

permitted to take a worthless stock deduction, it would have an adverse impact on the debtor

subsidiary's ability to carry forward its NOLs.  Therefore, the Second Circuit noted that, "despite

the fact that the [parent corporation's] action is not directed specifically at [the debtor

subsidiary], it is barred by the automatic stay as an attempt to exercise control over property of

the estate."  *Prudential Lines*, 928 F.2d at 573-574.

14.    In addition to finding that a debtor's NOLs were protected by the stay, the

Second Circuit also held that, pursuant to its equitable powers under section 105(a) of the

Bankruptcy Code, the bankruptcy court could issue a permanent injunction to protect such

NOLs.  Because the NOLs were valuable assets of the debtor, the Second Circuit refused to

disturb the bankruptcy court's decision preserving the debtor's right to apply its NOLs to offset

income in future years.  *Id.* at 574.

15.     In *In re Phar-Mor, Inc.*, 152 B.R. 924 (Bankr. N.D. Ohio 1993), the court applied similar reasoning and granted the debtors' motion to prohibit transfers of their stock that could have an adverse effect on their ability to use NOLs, even though the stockholders did not state any intent to sell their stock and the debtors did not show that there was a pending sale that would trigger the prescribed ownership change under section 382. *See id.* at 927. Despite the "ethereal" nature of the situation, the court observed that "[w]hat is certain is that the *NOL has a potential value, as yet undetermined*, which will be of benefit to creditors and will assist debtors in their reorganization process. This asset is entitled to protection while debtors move forward toward reorganization." *Id.* (emphasis added).

16.     The *Phar-Mor* court also concluded that, because the debtors were seeking to enforce the stay, they did not have to meet the more stringent requirements for preliminary injunctive relief:

> The requirements for enforcing an automatic stay under 11 U.S.C. § 362(a)(3) do not involve such factors as lack of an adequate remedy at law, or irreparable injury, or loss and a likelihood of success on the merits. The key elements for a stay . . . are the existence of property of the estate and the enjoining of all efforts by others to obtain possession or control of property of the estate.

*Id.* at 926 (quoting *In re Golden Distribs., Inc.*, 122 B.R. 15, 19 (Bankr. S.D.N.Y. 1990)).

17.     Restrictions on equity and claims trading to protect a debtor against the possible loss of valuable tax attributes are regularly approved by this and other courts. *See, e.g., In re The Great Atlantic & Pacific Tea Company, Inc.*, Ch. 11 Case No. 15-23007 (RDD); *In re AMR Corp.*, Ch. 11 Case No. 11-15463 (SHL) (Bankr. S.D.N.Y 2013) (approving notification procedures and restrictions on certain transfers of claims against and equity interests in the debtors); *In re Northwest Airlines Corp.*, Ch. 11 Case No. 05-17930 (ALG) (Bankr. S.D.N.Y. 2005) (approving notification procedures and restrictions on certain transfers of claims against

WEIL:\95698299\8\11727.0012

and equity interests in the debtors); *In re Delta Air Lines, Inc.*, Ch. 11 Case No. 05-17923 (PCB) (Bankr. S.D.N.Y. 2005) (approving notification procedures and restrictions on certain transfers of claims against and equity interests in the debtors); *In re WorldCom, Inc.*, Ch. 11 Case No. 02-13533 (AJG) (Bankr. S.D.N.Y. 2003) (restricting acquisitions of stock above a certain threshold and establishing notification requirements for certain acquisitions of claims); *In re Metrocall, Inc.*, Ch. 11 Case No. 02-11579 (Bankr. D. Del. 2002) (approving procedures where debtor would provide 5 business days' notice to object to proposed transfers of stock that would result in a transferee holding 5-percent or more of the debtor's stock or a reduction in the ownership interest of an existing 5-percent or greater shareholder); *In re Reliance Acceptance Group Inc.*, Ch. 11 Case No. 98-288 (PJW) (Bankr. D. Del. 1998) (providing debtor with 30-days' notice to object to proposed transfers that would result in a transferee holding 5 percent or more of debtor's common stock).

### The Procedures Are Necessary and in the
### Best Interests of the Debtors, Their Estates, and Creditors

18.    The Procedures are necessary to preserve the Debtors' ability to use their Tax Attributes, while providing certain latitude for trading.  The Debtors' ability to preserve their Tax Attributes may be seriously jeopardized unless procedures are established immediately and *nunc pro tunc* to the date hereof to ensure that trading in certain interests in or Claims against the Debtors is either precluded or closely monitored and made subject to Court approval.

19.    Depending on the future earnings of the Debtors, the Tax Attributes may enhance the Debtors' prospects for a successful emergence from chapter 11.  The relief requested herein is narrowly tailored to permit certain stock and Claims trading to continue, subject to Bankruptcy Rule 3001(e) and applicable securities, corporate, and other laws.

WEIL:\95698299\8\11727.0012

20.    The Procedures relating to stock trading are crucial to implement as soon as possible because, under U.S. federal income tax law, transfers that should be null and void under Bankruptcy Code section 362 or as a result of a final order being effective *nunc pro tunc* to the date hereof might nevertheless be regarded as occurring for tax purposes, in which event the Debtors' estates could suffer an irrevocable loss of value.  Accordingly, if a transfer acts to limit the Debtors' ability to use their Tax Attributes under section 382 of the Tax Code, such ability may be permanently lost.  This risk is heightened due to the fact that the Debtors have already experienced a significant increase in ownership by their "5-percent shareholders" within the current testing period.  The relief requested is, therefore, critical to prevent an irrevocable loss of the Debtors' use of their Tax Attributes.

21.    The Procedures relating to Claims trading allow the full trading of Claims until the Debtors desire to pursue a plan of reorganization contemplating the potential utilization of section 382(l)(5) of the Tax Code, at which point, if necessary for the Debtors to qualify to utilize that provision, a purchaser of Claims on or after the Commencement Date may be required to resell some or all of such Claims.  These Procedures are not part of the Proposed Interim Order.

22.    It is in the best interests of the Debtors and their stakeholders to restrict stock trading that could result in an ownership change under section 382 of the Tax Code *before* the effective date of a chapter 11 plan or applicable bankruptcy court order.  This permits the use of Tax Attributes, if needed, to offset gain or other income recognized in connection with the Debtors' ownership of their assets.  If such an ownership change occurs, the valuation for determining the annual amount of useable NOLs and other affected Tax Attributes would be at or close to zero, effectively eliminating the availability of such NOLs and certain other attributes.

WEIL:\95698299\8\11727.0012

23.    However, the limitations imposed by section 382 in the context of an
ownership change that occurs *pursuant to* a confirmed chapter 11 plan or applicable bankruptcy
court order are significantly more relaxed than those applicable outside of chapter 11.  *See*
26 U.S.C. §§ 382(1)(5), (6).  Under section 382(l)(5) of the Tax Code, a corporation is not
subject to the annual limitation ordinarily imposed by section 382 with respect to an ownership
change resulting from consummation of a chapter 11 plan or pursuant to an applicable
bankruptcy court order, provided that the debtor's pre-change shareholders (*i.e.*, persons or
entities who owned the debtor's stock immediately before the relevant ownership change) and/or
Qualified Creditors (as hereinafter defined) emerge from the reorganization owning at least 50
percent of the total value and voting power of the debtor's stock immediately after the ownership
change.  26 U.S.C. § 382(l)(5)(A).  Under section 382(l)(5)(E) of the Tax Code and the Treasury
Regulations thereunder, a creditor whose claim is exchanged for stock under a chapter 11 plan or
pursuant to an applicable bankruptcy court order is a "Qualified Creditor" for section 382
purposes if such claim either (i) has been owned by such creditor for 18 or more months prior to
the date of filing of the bankruptcy petition or (ii) arose in the ordinary course of the debtor's
business and was at all times beneficially owned by such creditor.  Creditors may also be
classified as "qualified," despite not satisfying the continuous ownership requirements under
either (i) or (ii) of the preceding sentence, if such creditors meet the criteria set forth in the *de
minimis* rule described below.

24.    Under Treasury Regulation section 1.382-9(d)(3) (the "***de minimis rule***"),
a debtor may, for purposes of the section 382(l)(5) safe harbor, "treat indebtedness as always
having been owned by the beneficial owner of the indebtedness immediately before the
ownership change if the beneficial owner is not, immediately after the ownership change, either a

11

5-percent shareholder or an entity through which a 5-percent shareholder owns an indirect ownership interest" in the debtor. Such a claimholder will always be regarded as a Qualified Creditor under the section 382(l)(5) safe harbor unless the particular claim(s) that it holds both (i) did not arise in the ordinary course of the issuing debtor's business, and (ii) was not in existence 18 months prior to the filing of the bankruptcy petition.

25.    Although there can be no assurance that the section 382(l)(5) safe harbor ultimately will be available to the Debtors, it is important that the Debtors preserve the ability to propose a chapter 11 plan or other transactions that could take advantage of that safe harbor. Because the determination of whether a creditor is "qualified," in whole or in part, depends on the nature of the Claims and whether such creditor has held its Claims until the effective date of the chapter 11 plan or other applicable transactions, transfers of Claims by creditors before such date pose a threat to the Debtors' ability to satisfy the requirements of the section 382(l)(5) safe harbor. Although certain Claims were not in existence 18 months prior to the filing of the bankruptcy petition and may not have arisen in the ordinary course of business, and thus may not themselves be appropriate Claims for qualification, the requested relief is appropriate for such Claims as well because the accumulation of such Claims together with so-called "good" Claims could disqualify such good Claims if the holder became a 5-percent shareholder pursuant to the plan. The requested relief will ensure that the Debtors will have maximum flexibility to structure a chapter 11 plan or other distributions that meet the requirements of section 382(l)(5) and thus preserve the Tax Attributes to the fullest extent.

26.    Even if it is ultimately determined that section 382(l)(5) is unavailable to the Debtors, section 382(l)(6) provides a second (alternative) special rule in the case of an Ownership Change occurring pursuant to a confirmed chapter 11 plan or applicable bankruptcy

WEIL:\95698299\8\11727.0012

court order.    Specifically, section 382(1)(6) provides that, if a corporation undergoes an ownership change pursuant to a chapter 11 plan and section 382(l)(5) does not apply (either because the corporation elects out of that provision or because its requirements are not satisfied), then the appropriate value of the Debtors for purposes of calculating the section 382 annual limitation shall reflect the increase in value of the Debtors resulting from any surrender or cancellation of creditors' claims in the transaction.    Generally, under section 382 of the Tax Code, the taxable income of a loss corporation available for offset by pre-ownership change Tax Attributes is annually limited to an amount equal to the long-term tax-exempt bond rate times the value of the loss company's stock *immediately before* the ownership change.    Thus, assuming the equity value of the Debtors increases as a result of the reorganization, section 382(1)(6) will provide for a higher annual limitation than would result under the general rules of section 382 and will preserve the Debtors' ability to use a greater portion of its otherwise available Tax Attributes to offset any post-change income.    In all circumstances, it is in the best interests of the Debtors and their stakeholders to grant the requested relief so as to prevent an ownership change prior to the effective date of a chapter 11 plan or applicable court order

## The Interim Approval Should Be Granted

27.    The granting of interim approval will benefit the Debtors and their stakeholders by preventing the loss of the Tax Attributes pending determination of final approval of the Procedures, while allowing holders of Aéropostale Stock and/or Claims against the Debtors and other parties in interest ample time to consider the Procedures.    Absent the interim relief, the Debtors may be irreparably harmed.    If the Debtors filed this Motion in accordance with the notice procedures set forth in the applicable Federal Rules of Bankruptcy Procedure and Local Rules, it is possible that a flurry of equity trading would immediately follow.    Parties may rush to acquire or dispose of Aéropostale Stock before any restrictions on trading is approved by

13

this Court, which transfers might be respected as occurring for tax purposes even if such trades should be null and void under Bankruptcy Code section 362 or as a result of a final order prohibiting such trading being effective *nunc pro tunc* to the date hereof.  Accordingly, such trading would put the Debtors' Tax Attributes in jeopardy and be counterproductive to the Debtors' objectives in seeking the relief requested herein.  Accordingly, the Debtors request that the procedures Proposed herein relating to Aéropostale Stock be approved on an interim basis and that a hearing be scheduled to consider entry of the Proposed Final Order.

### Notice

28.    Notice of this Motion has been provided to (i) the Office of the United States Trustee for Region 2; (ii) the holders of the forty (40) largest unsecured claims against the Debtors (on a consolidated basis); (iii) the holders of the five (5) largest secured claims against the Debtors (on a consolidated basis); (iv) the attorneys for Aero Investors LLC, as agent under the Loan and Security Agreement, dated May 23, 2014; (v) the attorneys for Bank of America, N.A., as agent under the Third Amended and Restated Loan and Security Agreement, as amended on August 18, 2015; (vi) the Securities and Exchange Commission; (vii) the Internal Revenue Service; (viii) the United States Attorney's Office for the Southern District of New York; and (ix) the attorneys for the DIP Agent.  The Debtors submit that, in view of the facts and circumstances, such notice is sufficient and no other or further notice need be provided.

27.    No previous request for the relief sought herein has been made by the Debtors to this or any other Court.

WEIL:\95698299\8\11727.0012

WHEREFORE the Debtors respectfully request entry of the Proposed Interim Order and Proposed Final Order granting the relief requested herein and such other and further relief as the Court may deem just and appropriate.

Dated: May 4, 2016
      New York, New York

                                             _/s/ Garrett A. Fail_
                                           WEIL, GOTSHAL & MANGES LLP
                                           767 Fifth Avenue
                                           New York, New York  10153
                                           Telephone:  (212) 310-8000
                                           Facsimile:  (212) 310-8007
                                           Ray C. Schrock, P.C.
                                           Jacqueline Marcus
                                           Garrett A. Fail

                                           _Proposed Attorneys for Debtors_
                                         _and Debtors in Possession_

15

## <u>Exhibit A</u>

## Proposed Interim Order

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
--------------------------------------------------------x
                                        :
In re                                   :        **Chapter 11**
                                        :
**AÉROPOSTALE, INC.,** *et al.*,        :        **Case No. 16-_____ (___)**
                                        :
          **Debtors.**[1]               :        **Jointly Administered**
                                        :
--------------------------------------------------------x

### INTERIM ORDER PURSUANT TO 11 U.S.C. §§ 105(a) AND 362 OF THE BANKRUPTCY CODE (I) ESTABLISHING NOTIFICATION PROCEDURES AND APPROVING RESTRICTIONS ON CERTAIN TRANSFERS OF INTERESTS IN THE DEBTORS AND (II) SCHEDULING A FINAL HEARING

Upon the motion [ECF No. __] (the "***Motion***")[2] of Aéropostale, Inc. and its subsidiaries, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "***Debtors***"), pursuant to sections 105(a) and 362 of the Bankruptcy Code seeking entry of an interim order (the "***Order***") to (i) establish notification procedures annexed hereto as **Exhibit 1** and approve restrictions on certain transfers of interests in and claims against the Debtors' estates as more fully described in the Motion, and (ii) schedule a final hearing to establish notification procedures and approve restrictions on certain transfers of interests in and claims against the Debtors' estates; and the Court having found and determined that the Debtors' net operating loss carryforwards and certain other tax attributes (the "***Tax Attributes***") are property of the Debtors' estates and are protected by section 362(a) of the Bankruptcy Code; and

---

[1] The Debtors in these chapter 11 cases and the last four digits of each Debtor's federal tax identification number, as applicable, are as follows:  Aéropostale, Inc. (3880); Aéropostale West, Inc. (7013); Jimmy'Z Surf Co., LLC (0461); Aero GC Management LLC (4257); Aeropostale Procurement Company, Inc. (8518); Aeropostale Licensing, Inc. (8124); P.S. from Aeropostale, Inc. (5900); GoJane LLC (4923); Aeropostale Canada Corp. (N/A); Aeropostale Holdings, Inc. (7729); and Aeropostale Puerto Rico, Inc. (6477).  The Debtors' corporate headquarters are located at 112 West 34th Street, 22nd Floor, New York, NY 10120.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

the Court having found and determined that unrestricted trading in Aéropostale Stock could severely limit the Debtors' ability to use the Tax Attributes for purposes of the Internal Revenue Code of 1986, as amended (the "*Tax Code*"); and the Court having found and determined that the Procedures (as hereinafter defined) are necessary and proper to preserve the Tax Attributes; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28. U.S.C. §§ 157(a)-(b) and 1334(b) and the *Amended Standing Order of Reference M-431*, dated January 31, 2012 (Preska, C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and notice of the Motion having been given as provided in the Motion, and such notice having been adequate and appropriate under the circumstances; and it appearing that no other or further notice of the Motion need be provided other than as provided herein; and the Court having held a hearing to consider the relief requested in the Motion (the "*Hearing*"); and upon the *Declaration of David J. Dick Pursuant to Rule 1007-2 of the Local Bankruptcy Rules for the Southern District of New York*, filed contemporaneously with the Motion, the record of the Hearing, and all of the proceedings had before the Court; and the Court having found and determined that the relief sought in the Motion and granted herein is in the best interests of the Debtors, their respective estates and creditors, and all parties in interest, and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor; and the Court having found that that the relief requested in the Motion is authorized under sections 105(a) and 362 of the Bankruptcy Code.

**IT IS HEREBY ORDERED THAT:**

1.      The Motion is granted as provided herein on an interim basis.

2.      The provisions of this Interim Order shall be effective, *nunc pro tunc*, to the date on which the Debtors commenced their chapter 11 cases.

3.      The restrictions, notification requirements, and other procedures annexed hereto as **Exhibit 1** (the "***Procedures***") are approved and shall apply.

4.      Until further order of this Court to the contrary, any acquisitions, dispositions, or trading of Aéropostale Stock in violation of the Procedures shall be null and void *ab initio* as an act in violation of the automatic stay under section 362 of the Bankruptcy Code and pursuant to this Court's equitable powers under section 105(a) of the Bankruptcy Code.

5.      Any person or Entity (as such term is defined in section 1.382-3(a) of the U.S. Department of Treasury Regulations promulgated under the Tax Code ("***Treasury Regulations***") acquiring (including by exercising any right of conversion) and/or disposing of Aéropostale Stock against the Debtors in violation of this Order or the Procedures, or otherwise failing to comply with their requirements, shall be subject to such sanctions as this Court may consider appropriate pursuant to this Court's equitable power prescribed in section 105(a) of the Bankruptcy Code.

6.      The notices substantially in the form annexed here to as **Exhibits 2** through **Exhibit 4** are approved.

7.      Within three (3) business days of the entry of this Order, the Debtors will send the interim notice (the "***Interim Notice***") annexed hereto as **Exhibit 5** to (i) the holders of the forty (40) largest unsecured claims against the Debtors (on a consolidated basis); (ii) the holders of the five (5) largest secured claims against the Debtors (on a consolidated basis); (iii) the attorneys for Aero Investors LLC, as agent under the Loan and Security Agreement, dated May 23, 2014; (iv) the attorneys for Bank of America, N.A., as agent under the Third

3

Amended and Restated Loan and Security Agreement, as amended on August 18, 2015; (v) the

Securities and Exchange Commission; (vi) the Internal Revenue Service; (vii) the United States

Attorney's Office for the Southern District of New York; (viii) the attorneys for the DIP Agent.

The Debtors shall also publish a copy of the Interim Notice in the national edition of *The New

York Times*, and post the Procedures to a website established by the Debtors' proposed claims

agent for their chapter 11 cases, Prime Clerk (which website shall be identified in the Interim

Notice), such notice being reasonably calculated to provide notice to all parties that may be

affected by the Procedures, whether known or unknown, and no further notice of the Procedures

being necessary.

        8.     Nothing in this Order shall preclude any party in interest from seeking

appropriate relief from the provisions of this Order.

        9.     The relief granted in this Order is intended solely to permit the Debtors to

protect, preserve and maximize the value of their Tax Attributes.  Accordingly, except to the

extent that the Order expressly conditions or restricts trading in interests in, and claims against,

the Debtors, nothing in this Order or in the Motion shall or shall be deemed to prejudice, impair

or otherwise alter or affect rights of any holders of interests in, or claims against, the Debtors,

including in connection with the treatment of any such interests or claims under any chapter 11

plan or any applicable bankruptcy court order.

        10.     The Final Hearing on the Motion shall be held on _____, **2016, at

_____ (Eastern Time)** and any objections or responses to the Motion shall be in writing, filed

with the Court, with a copy to chambers, and served upon (i) the proposed attorneys for the

Debtors, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, NY 10153 (Attn: Ray C.

Schrock, P.C., Jacqueline Marcus, Esq., and Garrett A. Fail, Esq.); (ii) the Office of the United

States Trustee for Region 2, 201 Varick Street, Suite 1006, New York, NY 10014; (iii) the

attorneys for Aero Investors LLC, as agent under the Loan and Security Agreement, dated May

23, 2014, Kirkland & Ellis LLP, 300 North LaSalle Street, Chicago, IL 60654 (Attn: James A.

Stempel, Esq.); (iv) attorneys for Bank of America, N.A., as agent under the Third Amended and

Restated Loan and Security Agreement, as amended on August 18, 2015, Riemer & Braunstein

LLP, Three Center Plaza, Boston, MA 02108 (Attn:  David S. Berman, Esq.); and (v) the

attorneys for the DIP Agent, in each case so as to be received no later than **4:00 p.m. (Eastern

Time) on _____, 2016**.

   11. The requirements set forth in this Order are in addition to the requirements

of Bankruptcy Rule 3001(e), applicable securities, corporate and other laws, and do not excuse

compliance therewith.

   12. This Order is effective only from the date of entry through this Court's

disposition of the Motion on a final basis; provided that the Court's ultimate disposition of the

Motion on a final basis shall not impair or otherwise affect any action taken pursuant to this

Order.

   13. The Debtors are authorized to take all action necessary to carry out this

Order.

   14. This Court shall retain jurisdiction to hear and determine all matters

arising from or related to the implementation, interpretation and/or enforcement of this Order.

Dated: _____, 2016
  New York, New York

       _____

       UNITED STATES BANKRUPTCY JUDGE

WEIL:\95698299\8\11727.0012

**<u>Exhibit 1 to Interim Order</u>**

**Procedures**

WEIL:\95698299\8\11727.0012

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------x
                                   :

In re                           :           Chapter 11
                                     :

AÉROPOSTALE, INC., *et al.*,     :           Case No. 16-_____ (___)
                                     :

            Debtors.[3]           :           Jointly Administered
                                       :

----------------------------------------------------------x

## NOTICES, RESTRICTIONS, AND OTHER PROCEDURES REGARDING OWNERSHIP AND TRANSFERS OF INTERESTS IN THE DEBTORS

TO ALL PERSONS OR ENTITIES WITH EQUITY INTERESTS IN THE DEBTORS:[4]

        The following restrictions, notification requirements, and/or other procedures apply to

trading in Claims against or interests in the Debtors.

### A.  *Restrictions on Aéropostale Stock Ownership, Acquisition, and Disposition*

(i)      <u>Definitions Relating to Trading in Stock</u>.  For purposes of these Procedures, the following
         terms have the following meanings:

         1)        <u>Beneficial Ownership</u>.  "***Beneficial ownership***" (and any variation thereof
including "beneficially owns") of Aéropostale Stock and Options to acquire Aéropostale Stock
shall be determined in accordance with applicable rules under section 382 of the Tax Code,
Treasury Regulations and rulings issued by the Internal Revenue Service (the "***IRS***"), and, thus,
to the extent provided in those rules, from time to time shall include, without limitation, (i) direct
and indirect ownership (e.g., a holding company would be considered to beneficially own all
stock owned or acquired by its subsidiaries), (ii) ownership by a holder's family members and

---

[3] The Debtors in these chapter 11 cases and the last four digits of each Debtor's federal tax identification
number, as applicable, are as follows:  Aéropostale, Inc. (3880); Aéropostale West, Inc. (7013); Jimmy'Z
Surf Co., LLC (0461); Aero GC Management LLC (4257); Aeropostale Procurement Company, Inc.
(8518); Aeropostale Licensing, Inc. (8124); P.S. from Aeropostale, Inc. (5900); GoJane LLC (4923);
Aeropostale Canada Corp. (N/A); Aeropostale Holdings, Inc. (7729); and Aeropostale Puerto Rico, Inc.
(6477).  The Debtors' corporate headquarters are located at 112 West 34th Street, 22nd Floor, New York,
NY 10120.

[4] Capitalized terms used but not defined herein (in particular, see definitions in paragraphs A(i) below)
shall have the meanings ascribed to them in the Order.

WEIL:\95698299\8\11727.0012

any group of persons acting pursuant to a formal or informal understanding to make a coordinated acquisition of stock, and (iii) to the extent set forth in Treasury Regulations section 1.382-4, the ownership of an Option to acquire Aéropostale Stock.

2)    <u>Common Stock</u>.  "***Common Stock***" shall mean any common stock issued by Aéropostale.

3)    <u>Preferred Stock</u>.  "***Preferred Stock***" shall mean any preferred stock issued by Aéropostale.

4)    <u>Aéropostale</u>.  "***Aéropostale***" shall mean Aéropostale, Inc.

5)    <u>Aéropostale Stock</u>.  "***Aéropostale Stock***" shall mean (i) the Common Stock, and (ii) the Preferred Stock.  For the avoidance of doubt, by operation of the definition of beneficial ownership, an owner of an Option to acquire Aéropostale Stock may be treated as the owner of such Aéropostale Stock.

6)    <u>Option</u>.  "***Option***" shall mean any contingent purchase, warrant, convertible debt, put, stock subject to risk of forfeiture, contract to acquire stock, or similar interest regardless of whether it is contingent or otherwise not currently exercisable.

7)    <u>Substantial Stockholder</u>.  "***Substantial Stockholder***" shall mean any person or Entity that beneficially owns at least (i) 1,498,000 shares of Common Stock (representing approximately 4.75% of all issued and outstanding common shares), or (ii) at least 47 shares of Preferred Stock (representing approximately 4.75% of all issued and outstanding preferred shares).

(ii)    <u>Notice of Substantial Ownership</u>.  Any person or Entity (as such term is defined in section 1.382-3(a) of the U.S. Department of Treasury Regulations promulgated under the Tax Code ("***Treasury Regulations***"), including persons acting pursuant to a formal or informal understanding among themselves to make a coordinated acquisition) that beneficially owns, at any time on or after the Commencement Date, Aéropostale Stock in an amount sufficient to qualify such person or Entity as a Substantial Stockholder (as hereinafter defined) shall file with the Bankruptcy Court, and serve upon (i) the Debtors, 112 West 34th Street, 22nd Floor, New York, NY 10120 (Attn: David J. Dick, and Marc G. Schuback, Esq.), (ii) Weil, Gotshal & Manges LLP, attorneys for the Debtors, 767 Fifth Avenue, New York, New York 10153 (Attn: Ray C. Schrock, P.C., Jacqueline Marcus, Esq., and Garrett A. Fail, Esq.) and (iii) the attorneys for any statutory committee of unsecured creditors appointed in these cases (the "***Creditors' Committee***"), a Notice of Substantial Ownership (a "***Substantial Stock Ownership Notice***"), in substantially the form annexed to the Order as **<u>Exhibit 2</u>**, which describes specifically and in detail the Aéropostale Stock ownership of such person or Entity, on or before the date that is the later of: (a) twenty (20) calendar days after the entry of the Order, and (b) ten (10) business days after that person or Entity qualifies as a Substantial Stockholder.  At the discretion of a holder that is an individual, the Substantial Stock Ownership Notice to be filed with the Bankruptcy Court (but not such notice served upon the Disclosure Parties) may be redacted to exclude such holder's taxpayer identification number.

WEIL:\95698299\8\11727.0012

(iii)    <u>Acquisition of Aéropostale Stock</u>.  At least twenty (20) business days prior to the proposed date of any transfer of Aéropostale Stock (including Options, as hereinafter defined, to acquire such stock) that would result in an increase in the amount of Aéropostale Stock beneficially owned by any person or Entity that currently is or that would result in a person or Entity becoming a Substantial Stockholder (a "***Proposed Acquisition Transaction***"), such person, Entity or Substantial Stockholder (a "***Proposed Transferee***") shall file with the Bankruptcy Court, and serve upon the Disclosure Parties, a Notice of Intent to Purchase, Acquire, or Otherwise Accumulate Aéropostale Stock (an "***Acquisition Notice***"), in the form annexed to the Order as **Exhibit 3**, which describes specifically and in detail the proposed transaction in which Aéropostale Stock are to be acquired.  At the discretion of a holder that is an individual, the Acquisition Notice that is filed with the Bankruptcy Court (but not such Acquisition Notice served upon the Disclosure Parties) may be redacted to exclude such holder's taxpayer identification number.

(iv)    <u>Disposition of Aéropostale Stock</u>.  At least twenty (20) business days prior to the proposed date of any transfer or other disposition of Aéropostale Stock (including Options to acquire such stock) that would result in a decrease in the amount of Aéropostale Stock beneficially owned by a Substantial Stockholder or that would result in a person or Entity ceasing to be a Substantial Stockholder (a "***Proposed Disposition Transaction***," and together with a Proposed Acquisition Transaction, a "***Proposed Transaction***"), such person, Entity, or Substantial Stockholder (a "***Proposed Transferor***") shall file with the Bankruptcy Court, and serve upon the Disclosure Parties, a Notice of Intent to Sell, Trade, or Otherwise Transfer Aéropostale Stock (a "***Disposition Notice***", and together with an Acquisition Notice, an "***Trading Notice***"), in the form annexed to the Order as **Exhibit 4**, which describes specifically and in detail the proposed transaction in which Aéropostale Stock would be transferred.  At the discretion of a holder that is an individual, the Disposition Notice that is filed with the Bankruptcy Court (but not such Disposition Notice served upon the Disclosure Parties) may be redacted to exclude such holder's taxpayer identification number.

(v)    <u>Conversion of Preferred Stock</u>.  No holder of Preferred Stock shall convert any of the convertible notes into Common Stock.

(vi)    <u>Objection Procedures</u>.  The Debtors and any Creditors' Committee shall have fifteen (15) business days after the filing of a Trading Notice (the "***Objection Deadline***") to file with the Bankruptcy Court and serve on a Proposed Transferee or a Proposed Transferor, as the case may be, an objection (an "***Objection***") to any proposed transfer of Aéropostale Stock (including Options to acquire such stock described in such Trading Notice on the grounds that such transfer may adversely affect the Debtors' ability to utilize the Tax Attributes) as a result of an ownership change under section 382 or 383 of the Tax Code.  If the Debtors or any Creditors' Committee file an Objection by the Objection Deadline, then the Proposed Transaction shall not be effective unless approved by a final and nonappealable order of the Bankruptcy Court.  If the Debtors and any Creditors' Committee do not file an Objection by the Objection Deadline, or if the Debtors and any Creditors' Committee provide written authorization to the Proposed Transferee or the Proposed Transferor, as the case may be, approving the Proposed Transaction, prior to the

Objection Deadline, then such Proposed Transaction may proceed solely as specifically described in the Trading Notice.  Any further Proposed Transaction must be the subject of additional Trading Notices and objection procedures set forth in these Procedures.

### B.  Noncompliance with the Trading Procedures.

Any acquisitions, dispositions, or trading of Aéropostale Stock in violation of these  procedures shall be null and void *ab initio* as an act in violation of the automatic stay under section 362 of the Bankruptcy Code and pursuant to this Court's equitable powers under section 105(a) of the Bankruptcy Code.  Furthermore, any actions or inactions in violation of these procedures shall be subject to sanctions as provided herein, as applicable.

### C.  Debtors' Right to Waive.

**The Debtors may waive, in writing, any and all restrictions, stays, and notification procedures contained in this Motion.**

WEIL:\95698299\8\11727.0012

**<u>Exhibit 2</u>**

**Notice of Substantial Stock Ownership**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

--------------------------------------------------------x
                                        :
In re                                   :        **Chapter 11**
                                        :
AÉROPOSTALE, INC., *et al.*,            :        **Case No. 16-_____ (___)**
                                        :
          Debtors.[1]                   :        **Jointly Administered**
                                        :
--------------------------------------------------------x

## NOTICE OF SUBSTANTIAL STOCK OWNERSHIP

PLEASE TAKE NOTICE that, pursuant to that certain *Interim Order pursuant to 11 U.S.C. §§ 105(a) and 362 of the Bankruptcy Code (i) Establishing Notification Procedures and Approving Restrictions on Certain Transfers of Claims Against and Interests in the Debtors and (ii) Scheduling a Final Hearing,* dated [____] [Docket No. [__] (with all exhibits thereto, the "*Order*"), [Name of Filer] (the "*Filer*") hereby provides notice that, as of the date hereof, the Filer beneficially owns:

(i)      _____ shares of Common Stock,[2]

(ii)     _____ shares of Preferred Stock,

(iii)    Options to acquire _____ shares of Common Stock, and/or

(iv)    Options to acquire _____ shares of Preferred Stock.

PLEASE TAKE FURTHER NOTICE that the taxpayer identification number of the Filer is _____.

---

[1] The Debtors in these chapter 11 cases and the last four digits of each Debtor's federal tax identification number, as applicable, are as follows: Aéropostale, Inc. (3880); Aéropostale West, Inc. (7013); Jimmy'Z Surf Co., LLC (0461); Aero GC Management LLC (4257); Aeropostale Procurement Company, Inc. (8518); Aeropostale Licensing, Inc. (8124); P.S. from Aeropostale, Inc. (5900); GoJane LLC (4923); Aeropostale Canada Corp. (N/A); Aeropostale Holdings, Inc. (7729); and Aeropostale Puerto Rico, Inc. (6477). The Debtors' corporate headquarters are located at 112 West 34th Street, 22nd Floor, New York, NY 10120.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Procedures annexed to the Order as Order Exhibit 1.

PLEASE TAKE FURTHER NOTICE that the following table sets forth the following information:

For Aéropostale Stock and/or Options to acquire Aéropostale Stock that are owned directly by the Filer, the following table sets forth (i) the number of such shares, and/or the number of shares subject to Options beneficially owned by such Filer, and (ii) the date(s) on which such shares and/or Options were acquired (broken out by class, as applicable).

In the case of Aéropostale Stock and/or Options to acquire Aéropostale Stock that are not owned directly by the Filer but are nonetheless beneficially owned by the Filer, the table sets forth (i) the name(s) of each record or legal owner of such shares of Common Stock, Preferred Stock and/or Options to acquire shares of Common Stock or Preferred Stock beneficially owned by the Filer, (ii) the number of shares of Common Stock, the number of shares of Preferred Stock, and/or the number of shares of Common Stock or Preferred Stock subject to Options beneficially owned by such Filer and (iii) the date(s) on which such Common Stock, Preferred Stock and/or Options were acquired (broken out by class, as applicable).

| Class | Name of Owner | Shares Owned | Shares Subject to Options Owned | Date(s) Acquired |
|-------|---------------|--------------|--------------------------------|------------------|
| Common Stock | | | | |
| Preferred Stock | | | | |

(Attach additional pages if necessary)

[[IF APPLICABLE] The Filer is represented by [name of the law firm], [address], [phone], (Attn: [name]).]

Respectfully submitted,

_____

[Name of Filer]

By: _____
Name: _____

Address: _____
_____
_____
Telephone: _____
Facsimile: _____
Date: _____

2

**<u>Exhibit 3</u>**

**Notice of Intent to Purchase, Acquire or Otherwise Accumulate Aéropostale Stock**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
                                    :
In re                               :        Chapter 11
                                    :
AÉROPOSTALE, INC., *et al.*,        :        Case No. 16-_____ (___)
                                    :
        Debtors.[1]                 :        Jointly Administered
                                    :
------------------------------------------------------------x

### NOTICE OF INTENT TO PURCHASE, ACQUIRE
### OR OTHERWISE ACCUMULATE AÉROPOSTALE STOCK

        PLEASE TAKE NOTICE that, pursuant to that certain *Interim Order pursuant to 11 U.S.C. §§ 105(a) and 362 of the Bankruptcy Code (i) Establishing Notification Procedures and Approving Restrictions on Certain Transfers of Claims Against and Interests in the Debtors and (ii) Scheduling a Final Hearing,* dated [___] [Docket No. [__] (with all exhibits thereto, the "*Order*"), [Name of Filer] (the "*Filer*") hereby provides notice of (i) its intention to purchase, acquire or otherwise accumulate directly (a) one or more shares of Common Stock,[2] (b) one or more shares of Preferred Stock, and/or (c) Options to acquire Aéropostale Stock and/or (ii) a proposed purchase or acquisition of Aéropostale Stock and/or Options to acquire Aéropostale Stock that would result in an increase in the number of shares of Common Stock, the number of shares of Preferred Stock, and/or number of shares underlying Options that are beneficially owned (as defined below) by the Filer (any proposed transaction described in (i) or (ii), a "*Proposed Transfer*").

        PLEASE TAKE FURTHER NOTICE that the following table sets forth the following information:

        1.      If the Proposed Transfer involves the purchase or acquisition directly by the Filer of Aéropostale Stock and/or Options to acquire Aéropostale Stock, the table sets forth (i) the number of shares of Common Stock, the number of shares of Preferred Stock, and/or the number of shares of Common Stock or Preferred Stock underlying Options proposed to be

---

[1] The Debtors in these chapter 11 cases and the last four digits of each Debtor's federal tax identification number, as applicable, are as follows:  Aéropostale, Inc. (3880); Aéropostale West, Inc. (7013); Jimmy'Z Surf Co., LLC (0461); Aero GC Management LLC (4257); Aeropostale Procurement Company, Inc. (8518); Aeropostale Licensing, Inc. (8124); P.S. from Aeropostale, Inc. (5900); GoJane LLC (4923); Aeropostale Canada Corp. (N/A); Aeropostale Holdings, Inc. (7729); and Aeropostale Puerto Rico, Inc. (6477).  The Debtors' corporate headquarters are located at 112 West 34th Street, 22nd Floor, New York, NY 10120.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Procedures annexed to the Order as Order Exhibit 1.

purchased or acquired, and (ii) the date(s) of such Proposed Transfer (broken out by class, as applicable).

      2.  If the Proposed Transfer involves the purchase or acquisition of Aéropostale Stock and/or Options to acquire Aéropostale Stock by a person or Entity other than the Filer, but the Proposed Transfer nonetheless would increase the number of shares of Common Stock, the number of shares of Preferred Stock, and/or number of shares of Common Stock or Preferred Stock underlying Options that are beneficially owned by the Filer, the table sets forth (i) the name(s) of each such person or Entity that proposes to purchase or acquire such shares of Common Stock, Preferred Stock, and/or Options, (ii) the number of shares of Common Stock, Preferred Stock, and/or number of shares of Common Stock or Preferred Stock underlying Options proposed to be purchased or acquired, and (iii) the date(s) of such Proposed Transfer (broken out by class, as applicable).

| Class | Name of Purchaser or Acquirer | Shares to be Purchased or Acquired | Shares Subject to Options to be Purchased or Acquired | Date(s) of Proposed Transfer |
|---|---|---|---|---|
| Common Stock | | | | |
| Preferred Stock | | | | |

(Attach additional page if necessary)

      PLEASE TAKE FURTHER NOTICE that the following table summarizes the Filer's beneficial ownership of Aéropostale Stock and/or Options to acquire Aéropostale Stock assuming the Proposed Transfer is approved and consummated as described above.  The table sets forth, as of immediately following the Proposed Transfer, (i) number of shares of Common Stock, the number of shares of Preferred Stock, and/or the number of shares of Common Stock or Preferred Stock underlying Options that would be owned directly by the Filer and (ii) in the case of any beneficial ownership by the Filer of Aéropostale Stock and/or Options that would be owned by another person or Entity as record/legal owner, the name(s) of each prospective record/legal owner, and the number of shares of Common Stock, the number of shares of Preferred Stock, and/or the principal amount of Common Stock or Preferred Stock underlying Options that would be owned by each such record/legal owner (broken out by class, as applicable):

| Class | Name of Owner | Shares to be Owned | Shares Underlying Options to be Owned |
|---|---|---|---|
| Common Stock | | | |
| Preferred Stock | | | |

(Attach additional page if necessary)

WEIL:\95698299\8\11727.0012

PLEASE TAKE FURTHER NOTICE that if the Proposed Transfer involves a purchase or acquisition of Aéropostale Stock and/or Options to acquire Aéropostale Stock directly by the Filer and such Proposed Transfer would result in (i) an increase in the beneficial ownership of Aéropostale Stock and/or Options to acquire Aéropostale Stock by a person or Entity (other than the Filer) that currently is a Substantial Stockholder or (ii) a person or Entity (other than the Filer) becoming a Substantial Stockholder, the following table sets forth (a) the name of each such person or Entity, (b) the number of shares of Common Stock, the number of shares of Preferred Stock, and/or the number of shares of Common Stock or Preferred Stock underlying Options that are beneficially owned by such person or Entity prior to the Proposed Transfer, and (c) the number of shares of Common Stock, the number of shares of Preferred Stock, and/or the shares of Common Stock underlying Options that would be beneficially owned by such person or Entity immediately following the Proposed Transfer (broken out by class, as applicable).

| Class | Name of Beneficial Owner | Shares Owned prior to Proposed Transfer | Shares to be Owned Following Proposed Transfer | Shares Underlying Options prior to Proposed Transfer | Shares Underlying Options Following Proposed Transfer |
|---|---|---|---|---|---|
| Common Stock | | | | | |
| Preferred Stock | | | | | |

(Attach additional page if necessary)

PLEASE TAKE FURTHER NOTICE that the taxpayer identification number of the Filer is _____.

PLEASE TAKE FURTHER NOTICE that, under penalties of perjury, the Filer hereby declares that it has examined this Notice and accompanying attachments (if any), and, to the best of its knowledge and belief, this Notice and any attachments which purport to be part of this Notice are true, correct and complete.

PLEASE TAKE FURTHER NOTICE that, pursuant to the Order, this Notice is being filed with the Bankruptcy Court and served upon the Debtors, the Debtors' counsel and the Creditors' Committee's counsel.

PLEASE TAKE FURTHER NOTICE that if the Debtors or the Creditors' Committee files an objection to the Proposed Transfer within **fifteen (15) business days** after the filing of this Notice, the Proposed Transfer described herein shall not be effective, unless approved by a final and nonappealable order of the Bankruptcy Court. If the Proposed Transfer is approved by the Debtors and the Creditors' Committee, then such Proposed Transfer may proceed solely as specifically described in this Notice.

WEIL:\95698299\8\11727.0012

PLEASE TAKE FURTHER NOTICE that any further transactions that may result in the Filer increasing its beneficial ownership of Aéropostale Stock and/or Options to acquire Aéropostale Stock will each require an additional notice filed with the Bankruptcy Court to be served in the same manner as this Notice.

[[IF APPLICABLE] The Filer is represented by [name of the law firm], [address], [phone], (Attn: [name]).]

Respectfully submitted,

_____
[Name of Filer]

By: _____
Name: _____

Address: _____
_____
_____
Telephone: _____
Facsimile: _____


Date: _____

4

**<u>Exhibit 4</u>**

**Notice of Intent to Sell, Trade or Otherwise Transfer Aéropostale Stock**

WEIL:\95698299\8\11727.0012

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------x
                                              :
In re                                         :        **Chapter 11**
                                              :
**AÉROPOSTALE, INC.,** *et al.*,              :        **Case No. 16-_____ (___)**
                                              :
              **Debtors.**[1]                 :        **Jointly Administered**
                                              :
---------------------------------------------------------x

## NOTICE OF INTENT TO SELL, TRADE OR
## OTHERWISE TRANSFER AÉROPOSTALE STOCK

PLEASE TAKE NOTICE that, pursuant to that certain *Interim Order pursuant to 11 U.S.C. §§ 105(a) and 362 of the Bankruptcy Code (i) Establishing Notification Procedures and Approving Restrictions on Certain Transfers of Claims Against and Interests in the Debtors and (ii) Scheduling a Final Hearing,* dated [___] [Docket No. [__] (with all exhibits thereto, the "***Order***"), [Name of Filer] (the "***Filer***") hereby provides notice of (i) its intention to sell, trade or otherwise transfer or dispose of (a) one or more shares of Common Stock,[2] (b) one or more shares of Preferred Stock and/or (c) Options to acquire Aéropostale Stock; and/or (ii) a proposed sale, transfer or disposition of Aéropostale Stock and/or Options to acquire Aéropostale Stock that would result in a decrease in the number of shares of Common Stock, number of shares of Preferred Stock, and/or number of shares of Common Stock or Preferred Stock underlying Options to acquire Aéropostale Stock that are beneficially owned by the Filer (any proposed transaction described in clauses (i) through (iii), a "***Proposed Transfer***").

PLEASE TAKE FURTHER NOTICE that the following table sets forth the following information:

1.  If the Proposed Transfer involves the sale, transfer or disposition directly by the Filer of Aéropostale Stock and/or Options to acquire Aéropostale Stock, the table sets forth (i) the number of shares of Common Stock, the number of shares of Preferred Stock, and/or the number of shares of Common Stock or Preferred Stock underlying Options proposed to be sold,

---

[1] The Debtors in these chapter 11 cases and the last four digits of each Debtor's federal tax identification number, as applicable, are as follows: Aéropostale, Inc. (3880); Aéropostale West, Inc. (7013); Jimmy'Z Surf Co., LLC (0461); Aero GC Management LLC (4257); Aeropostale Procurement Company, Inc. (8518); Aeropostale Licensing, Inc. (8124); P.S. from Aeropostale, Inc. (5900); GoJane LLC (4923); Aeropostale Canada Corp. (N/A); Aeropostale Holdings, Inc. (7729); and Aeropostale Puerto Rico, Inc. (6477). The Debtors' corporate headquarters are located at 112 West 34th Street, 22nd Floor, New York, NY 10120.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Procedures annexed to the Order as Order Exhibit 1.

transferred or disposed of, and (ii) the date(s) of such Proposed Transfer (broken out by class, as applicable).

       2.    If the Proposed Transfer involves the sale, transfer or disposition of Aéropostale Stock and/or Options to acquire Aéropostale Stock by a person or Entity other than the Filer, but the Proposed Transfer nonetheless would decrease the number of shares of Common Stock, the number of shares of Preferred Stock, and/or number of shares of Common Stock or Preferred Stock underlying Options that are beneficially owned by the Filer, the table sets forth (i) the name(s) of each such person or Entity that proposes to sell, transfer or dispose of such Aéropostale Stock and/or Options, (ii) the number of shares of Common Stock, Preferred Stock, and/or number of shares of Common Stock or Preferred Stock underlying Options proposed to be so sold, transferred or disposed of, and (iii) the date(s) of such Proposed Transfer (broken out by class, as applicable).

| Class | Name of Transferor | Shares to be Sold, Transferred or Disposed | Shares to be Sold, Transferred or Disposed | Date(s) of Proposed Transfer |
|---|---|---|---|---|
| Common Stock | | | | |
| Preferred Stock | | | | |

(Attach additional page if necessary)

       PLEASE TAKE FURTHER NOTICE that the following table summarizes the Filer's beneficial ownership of Aéropostale Stock and/or Options to acquire Aéropostale Stock assuming the Proposed Transfer is approved and consummated as described above. The table sets forth, as of immediately following the Proposed Transfer, (i) number of shares of Common Stock, the number of shares of Preferred Stock, and/or the number of shares of Common Stock or Preferred Stock underlying Options that would be owned <u>directly</u> by the Filer and (ii) in the case of any beneficial ownership by the Filer of Aéropostale Stock and/or Options that would be owned by another person or Entity as record/legal owner, the name(s) of each prospective record/legal owner, and the number of shares of Common Stock, the number of shares of Preferred Stock, and/or the number of shares of Common Stock or Preferred Stock underlying Options that would be owned by each such record/legal owner (broken out by class, as applicable):

| Class | Name of Owner | Shares to be Owned | Shares Underlying Options to be Owned |
|---|---|---|---|
| Common Stock | | | |
| Preferred Stock | | | |

(Attach additional page if necessary)

WEIL:\95698299\8\11727.0012

PLEASE TAKE FURTHER NOTICE that if the Proposed Transfer involves a sale, transfer or disposition of Aéropostale Stock and/or Options to acquire Aéropostale directly by the Filer and such Proposed Transfer would result in (i) a decrease in the beneficial ownership of Aéropostale Stock and/or Options to acquire Aéropostale Stock by a person or Entity (other than the Filer) that currently is a Substantial Stockholder or (ii) a person or Entity (other than the Filer) becoming a Substantial Stockholder, the following table sets forth (a) the name of each such person or Entity, (b) the number of shares of Common Stock, the number of shares of Preferred Stock, and/or the number of shares of Common Stock or Preferred Stock underlying Options that are beneficially owned by such person or Entity prior to the Proposed Transfer, and (c) the number of shares of Common Stock, the number of shares of Preferred Stock, and/or the shares of Common Stock underlying Options that would be beneficially owned by such person or Entity immediately following the Proposed Transfer (broken out by class, as applicable).

| Class | Name of Beneficial Owner | Shares owned prior to Proposed Transfer | Shares Owned Following Proposed Transfer | Shares Underlying Options Owned prior to Proposed Transfer | Shares Underlying Options to be Owned Following Proposed Transfer |
|---|---|---|---|---|---|
| Common Stock | | | | | |
| Preferred Stock | | | | | |

(Attach additional page if necessary)

PLEASE TAKE FURTHER NOTICE that the taxpayer identification number of the Filer is _____.

PLEASE TAKE FURTHER NOTICE that, under penalties of perjury, the Filer hereby declares that it has examined this Notice and accompanying attachments (if any), and, to the best of its knowledge and belief, this Notice and any attachments which purport to be part of this Notice are true, correct and complete.

PLEASE TAKE FURTHER NOTICE that, pursuant to the Order, this Notice is being filed with the Court and served upon the Debtors, the Debtors' counsel, and the Creditors' Committee's counsel.

PLEASE TAKE FURTHER NOTICE that if the Debtors or the Creditors' Committee files an objection to the Proposed Transfer within **fifteen (15) business days** after the filing of this Notice, the Proposed Transfer described herein shall not be effective, unless approved by a final and nonappealable order of the Court. If the Proposed Transfer is approved by the Debtors and the Creditors' Committee, then such Proposed Transfer may proceed solely as specifically described in this Notice.

PLEASE TAKE FURTHER NOTICE that any further transactions that may result in the Filer decreasing its beneficial ownership of Aéropostale Stock and/or Options to acquire Aéropostale Stock will each require an additional notice filed with the Court to be served in the same manner as this Notice.

[[IF APPLICABLE] The Filer is represented by [name of the law firm], [address], [phone], (Attn: [name]).]

Respectfully submitted,

_____

[Name of Filer]

By: _____
Name: _____

Address: _____
_____
_____
Telephone: _____
Facsimile: _____

Date: _____

9

**<u>Exhibit 5</u>**

**Interim Publication Notice**

**ATTENTION DIRECT AND INDIRECT HOLDERS OF, AND PROSPECTIVE HOLDERS OF, (I) STOCK ISSUED BY AÉROPOSTALE, INC. AND (ii) CLAIMS AGAINST AÉROPOSTALE, INC. OR ITS SUBSIDIARIES:**

On [_____, 2016], the United States Bankruptcy Court for the Southern District of New York (the "*Court*"), having jurisdiction over the chapter 11 cases of Aéropostale, Inc. ("*Aéropostale*"), and its subsidiaries (the "*Debtors*"), captioned as *In re Aéropostale, et al.*, Case No. 16 ____ (__) (the "*Chapter 11 Cases*"), entered an interim order establishing procedures (the "*Procedures*") with respect to direct and indirect transfers of interests in Aéropostale, and scheduled a hearing on a final order with respect to such Procedures.

In certain circumstances, the Procedures restrict transactions involving, and require notices of the holdings of and proposed transactions by, any person or group of persons that is or, as a result of such a transaction, would become a Substantial Stockholder of either (i) the common stock or (ii) preferred stock, in each case issued by Aéropostale. For purposes of the Procedures, a "*Substantial Stockholder*" is any person or entity (within the meaning of applicable U.S. Treasury regulations, including certain persons making a coordinated acquisition) that beneficially owns, directly or indirectly, at least (i) 1,498,000 shares of Common Stock (representing approximately 4.75% of all issued and outstanding common shares), or (ii) at least 47 shares of Preferred Stock (representing approximately 4.75% of all issued and outstanding preferred shares). *Any prohibited acquisition or other transfer of Aéropostale Stock (as defined in the Procedures) will be null and void ab initio and may lead to contempt, compensatory damages, punitive damages, or sanctions being imposed by the Court.*

In addition, the Debtors have requested approval of additional procedures as part of the final order that set forth (i) certain future circumstances under which any person or group of persons holding, or as a result of a proposed transaction may hold, a substantial amount of claims against the Debtors may be required to file notice of its claim holdings and of proposed transactions, and under which certain transactions may be restricted, and (ii) certain limited circumstances thereafter under which such person(s) may be required to sell, by a specified date following the confirmation of a chapter 11 plan of the Debtors, all or a portion of any such claims acquired during the Chapter 11 Cases.

*The Procedures, as approved on an interim basis and as requested on a final basis (inclusive of those relating to claims), are available on the website of the Debtors' Court-approved claims agent, located at https://[_____], and also on docket of the Chapter 11 Cases, Docket No. [__], which can be accessed via PACER at https://www.pacer.gov.*

PLEASE TAKE FURTHER NOTICE that the final hearing on the motion shall be held on _____, 2016, at _____ **(Eastern Time)** and any objections or responses to the Motion shall be in writing, filed with the Court, with a copy to chambers, and served upon (i) the proposed attorneys for the Debtors, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, NY 10153 (Attn: Ray C. Schrock, P.C., Jacqueline Marcus, Esq., and Garrett A. Fail, Esq.); (ii) the Office of the United States Trustee for Region 2, 201 Varick Street, Suite 1006, New York, NY 10014; (iii) the attorneys for Aero Investors LLC, as agent under the Loan and Security Agreement, dated May 23, 2014, Kirkland & Ellis LLP, 300 North LaSalle Street, Chicago, IL 60654 (Attn: James A. Stempel, Esq.); (iv) attorneys for Bank of America, N.A., as agent under

the Third Amended and Restated Loan and Security Agreement, as amended on August 18, 2015, Riemer & Braunstein LLP, Three Center Plaza, Boston, MA 02108 (Attn:  David S. Berman, Esq.); and (v) the attorneys for the DIP Agent, in each case so as to be received no later than **4:00 p.m. (Eastern Time) on _____, 2016**.

PLEASE TAKE FURTHER NOTICE that the requirements set forth in the Procedures are in addition to the requirements of Bankruptcy Rule 3001(e) and applicable securities, corporate, and other laws, and do not excuse non-compliance therewith.

**A direct or indirect holder of, or prospective holder of, stock issued by Aéropostale that may be or become a Substantial Stockholder or claims against the Debtors should consult the Procedures and the proposed claim procedures.**

Dated:    New York, New York                        **BY ORDER OF THE COURT**
          [_____], 2016

WEIL:\95698299\8\11727.0012

**Exhibit B**

**Proposed Final Order**

WEIL:\95698299\8\11727.0012

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
                                        :
In re                                   :        Chapter 11
                                        :
AÉROPOSTALE, INC., *et al.*,            :        Case No. 16-_____ (___)
                                        :
        Debtors.[1]                     :        Jointly Administered
                                        :
------------------------------------------------------------x

### FINAL ORDER PURSUANT TO 11 U.S.C. §§ 105(a) AND 362 OF THE BANKRUPTCY CODE ESTABLISHING NOTIFICATION PROCEDURES AND APPROVING RESTRICTIONS ON CERTAIN TRANSFERS OF CLAIMS AGAINST AND INTERESTS IN THE DEBTORS

Upon the motion [ECF No. __] (the "***Motion***")[2] of Aéropostale, Inc. and its subsidiaries, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "***Debtors***"), pursuant to sections 105(a) and 362 of the Bankruptcy Code seeking entry of a final order (the "***Order***") to establish notification procedures and approve restrictions on certain transfers of interests in and claims against the Debtors' estates annexed hereto as **Exhibit 1**; and the Court having found and determined that the Debtors' net operating loss carryforwards and certain other tax attributes (the "***Tax Attributes***") are property of the Debtors' estates and are protected by section 362(a) of the Bankruptcy Code; and the Court having found and determined that unrestricted trading in Aéropostale Stock or Claims against the Debtors could severely limit the Debtors' ability to use the Tax Attributes for purposes of the

---

[1] The Debtors in these chapter 11 cases and the last four digits of each Debtor's federal tax identification number, as applicable, are as follows:  Aéropostale, Inc. (3880); Aéropostale West, Inc. (7013); Jimmy'Z Surf Co., LLC (0461); Aero GC Management LLC (4257); Aeropostale Procurement Company, Inc. (8518); Aeropostale Licensing, Inc. (8124); P.S. from Aeropostale, Inc. (5900); GoJane LLC (4923); Aeropostale Canada Corp. (N/A); Aeropostale Holdings, Inc. (7729); and Aeropostale Puerto Rico, Inc. (6477).  The Debtors' corporate headquarters are located at 112 West 34th Street, 22nd Floor, New York, NY 10120.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

Internal Revenue Code of 1986, as amended (the "*Tax Code*"); and the Court having found and determined that the Procedures (as hereinafter defined) are necessary and proper to preserve the Tax Attributes; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28. U.S.C. §§ 157(a)-(b) and 1334(b) and the *Amended Standing Order of Reference M-431*, dated January 31, 2012 (Preska, C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and notice of the Motion having been given as provided in the Motion, and such notice having been adequate and appropriate under the circumstances; and it appearing that no other or further notice of the Motion need be provided other than as provided herein; and the Court having held hearings to consider the relief requested in the Motion on an interim (the "*Interim Hearing*") and final basis (the "*Final Hearing*"), and upon the *Declaration of David J. Dick Pursuant to Rule 1007-2 of the Local Bankruptcy Rules for the Southern District of New York*, filed contemporaneously with the Motion, the record of the Interim Hearing, and the Final Hearing, and all of the proceedings had before the Court; and the Court having found and determined that the relief sought in the Motion and granted herein is in the best interests of the Debtors, their respective estates and creditors, and all parties in interest, and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1.    The Motion is granted as provided herein on a final basis.

2.    The provisions of this Order shall be effective, *nunc pro tunc*, to the date on which the Debtors commenced their chapter 11 cases.

2

3.      The restrictions, notification requirements, and other procedures annexed hereto as **Exhibit 1** (the "***Procedures***") are approved and shall apply.

4.      All objections to the Motion not previously withdrawn are overruled.

5.      Any acquisitions, dispositions, or trading of Aéropostale Stock in violation of the Procedures shall be null and void *ab initio* as an act in violation of the automatic stay under section 362 of the Bankruptcy Code and pursuant to this Court's equitable powers under section 105(a) of the Bankruptcy Code.

6.      Any acquisitions, dispositions, or trading of Claims against the Debtors in violation of the Procedures shall be null and void *ab initio* as an act in violation of the automatic stay under section 362 of the Bankruptcy Code as provided in the Procedures and pursuant to this Court's equitable powers under section 105(a) of the Bankruptcy Code, and that any actions or inactions in violation of the Procedures shall be subject to sanctions as provided therein, as applicable.

7.      Any person or Entity (as such term is defined in section 1.382-3(a) of the U.S. Department of Treasury Regulations promulgated under the Tax Code ("***Treasury Regulations***") acquiring (including by exercising any right of conversion) and/or disposing of Aéropostale Stock or Claims against the Debtors in violation of this Order or the Procedures, or otherwise failing to comply with their requirements, shall be subject to such sanctions as this Court may consider appropriate pursuant to this Court's equitable power prescribed in section 105(a) of the Bankruptcy Code.

8.      The notices substantially in the form annexed hereto as **Exhibits 2** through **Exhibit 7** are approved.

WEIL:\95698299\8\11727.0012

1.      Within three (3) business days of the entry of the Order, the Debtors will send the final notice (the "*Final Notice*") annexed hereto as **Exhibit 8** to (i) the holders of the forty (40) largest unsecured claims against the Debtors (on a consolidated basis); (ii) the holders of the five (5) largest secured claims against the Debtors (on a consolidated basis); (iii) the attorneys for Aero Investors LLC, as agent under the Loan and Security Agreement, dated May 23, 2014; (iv) the attorneys for Bank of America, N.A., as agent under the Third Amended and Restated Loan and Security Agreement, as amended on August 18, 2015; (v) the Securities and Exchange Commission; (vi) the Internal Revenue Service; (vii) the United States Attorney's Office for the Southern District of New York; (viii) the attorneys for the DIP Agent.  The Debtors shall also publish the Final Notice in the national edition of *The New York Times*, and post the Procedures to a website established by Prime Clerk (which website shall be identified in the Final Notice), such notice being reasonably calculated to provide notice to all parties that may be affected by the Procedures, whether known or unknown, and no further notice of the Procedures being necessary.

9.      Nothing in this Order shall preclude any party in interest from seeking appropriate relief from the provisions of this Order.

10.      The requirements set forth in this Order are in addition to the requirements of Bankruptcy Rule 3001(e), applicable securities, corporate and other laws, and do not excuse compliance therewith.

11.      The relief granted in this Order is intended solely to permit the Debtors to protect, preserve and maximize the value of their Tax Attributes.  Accordingly, except to the extent that the Order expressly conditions or restricts trading in interests in, and claims against, the Debtors, nothing in this Order or in the Motion shall or shall be deemed to prejudice, impair

4

or otherwise alter or affect rights of any holders of interests in, or claims against, the Debtors,

including in connection with the treatment of any such interests or claims under any chapter 11

plan or any applicable bankruptcy court order.

12.     The Debtors are authorized to take all action necessary to carry out this

Order.

13.     This Court shall retain jurisdiction to hear and determine all matters

arising from or related to the implementation, interpretation and/or enforcement of this Order.

Dated: _____, 2016
        New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE

**<u>Exhibit 1 to Final Order</u>**

**Procedures**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------x
                                    :
In re                               :            Chapter 11
                                    :
AÉROPOSTALE, INC., *et al.*,        :            Case No. 16-_____ (___)
                                    :
                        Debtors.[1]  :            Jointly Administered
                                    :
-----------------------------------------------------------x

NOTICES, RESTRICTIONS, AND OTHER PROCEDURES
REGARDING OWNERSHIP AND TRANSFERS OF CLAIMS
AGAINST AND INTERESTS IN THE DEBTORS

TO ALL PERSONS OR ENTITIES WITH CLAIMS AGAINST OR EQUITY INTERESTS IN
THE DEBTORS:[2]

        The following restrictions, notification requirements, and/or other procedures apply to

trading in Claims against or interests in the Debtors.

        *A.  Restrictions on Aéropostale Stock Ownership, Acquisition, and Disposition*

(i)     Definitions Relating to Trading in Stock.  For purposes of these Procedures, the following
        terms have the following meanings:

        1)     Beneficial Ownership.  "*Beneficial ownership*" (and any variation thereof
including "beneficially owns") of Aéropostale Stock and Options to acquire Aéropostale Stock
shall be determined in accordance with applicable rules under section 382 of the Tax Code,
Treasury Regulations and rulings issued by the Internal Revenue Service (the "*IRS*"), and, thus,
to the extent provided in those rules, from time to time shall include, without limitation, (i) direct
and indirect ownership (e.g., a holding company would be considered to beneficially own all

---

[1] The Debtors in these chapter 11 cases and the last four digits of each Debtor's federal tax identification
number, as applicable, are as follows:  Aéropostale, Inc. (3880); Aéropostale West, Inc. (7013); Jimmy'Z
Surf Co., LLC (0461); Aero GC Management LLC (4257); Aeropostale Procurement Company, Inc.
(8518); Aeropostale Licensing, Inc. (8124); P.S. from Aeropostale, Inc. (5900); GoJane LLC (4923);
Aeropostale Canada Corp. (N/A); Aeropostale Holdings, Inc. (7729); and Aeropostale Puerto Rico, Inc.
(6477).  The Debtors' corporate headquarters are located at 112 West 34th Street, 22nd Floor, New York,
NY 10120.

[2] Capitalized terms used but not defined herein (in particular, see definitions in paragraphs A(i) and B(i)
below) shall have the meanings ascribed to them in the Order.

2

stock owned or acquired by its subsidiaries), (ii) ownership by a holder's family members and any group of persons acting pursuant to a formal or informal understanding to make a coordinated acquisition of stock, and (iii) to the extent set forth in Treasury Regulations section 1.382-4, the ownership of an Option to acquire Aéropostale Stock.

2)      Common Stock.  "*Common Stock*" shall mean any common stock issued by Aéropostale.

3)      Preferred Stock.  "*Preferred Stock*" shall mean any preferred stock issued by Aéropostale.

4)      Aéropostale.  "*Aéropostale*" shall mean Aéropostale, Inc.

5)      Aéropostale Stock.  "*Aéropostale Stock*" shall mean (i) the Common Stock, and (ii) the Preferred Stock.  For the avoidance of doubt, by operation of the definition of beneficial ownership, an owner of an Option to acquire Aéropostale Stock may be treated as the owner of such Aéropostale Stock.

6)      Option.  "*Option*" shall mean any contingent purchase, warrant, convertible debt, put, stock subject to risk of forfeiture, contract to acquire stock, or similar interest regardless of whether it is contingent or otherwise not currently exercisable.

7)      Substantial Stockholder.  "*Substantial Stockholder*" shall mean any person or Entity that beneficially owns at least (i) 1,498,000 shares of Common Stock (representing approximately 4.75% of all issued and outstanding common shares), or (ii) at least 47 shares of Preferred Stock (representing approximately 4.75% of all issued and outstanding preferred shares).

(ii)      Notice of Substantial Ownership.  Any person or Entity (as such term is defined in section 1.382-3(a) of the U.S. Department of Treasury Regulations promulgated under the Tax Code ("*Treasury Regulations*"), including persons acting pursuant to a formal or informal understanding among themselves to make a coordinated acquisition) that beneficially owns, at any time on or after the Commencement Date, Aéropostale Stock in an amount sufficient to qualify such person or Entity as a Substantial Stockholder (as hereinafter defined) shall file with the Bankruptcy Court, and serve upon (i) the Debtors, 112 West 34th Street, 22nd Floor, New York, NY 10120 (Attn: David J. Dick, and Marc G. Schuback, Esq.), (ii) Weil, Gotshal & Manges LLP, attorneys for the Debtors, 767 Fifth Avenue, New York, New York 10153 (Attn: Ray C. Schrock, P.C., Jacqueline Marcus, Esq., and Garrett A. Fail, Esq.) and (iii) the attorneys for any statutory committee of unsecured creditors appointed in these cases (the "*Creditors' Committee*"), a Notice of Substantial Ownership (a "*Substantial Stock Ownership Notice*"), in substantially the form annexed to the Order as **Exhibit 2**, which describes specifically and in detail the Aéropostale Stock ownership of such person or Entity, on or before the date that is the later of: (a) twenty (20) calendar days after the entry of the Order, and (b) ten (10) business days after that person or Entity qualifies as a Substantial Stockholder.  At the discretion of a holder that is an individual, the Substantial Stock Ownership Notice to be filed with the Bankruptcy

3

Court (but not such notice served upon the Disclosure Parties) may be redacted to exclude such holder's taxpayer identification number.

(iii)     Acquisition of Aéropostale Stock.  At least twenty (20) business days prior to the proposed date of any transfer of Aéropostale Stock (including Options, as hereinafter defined, to acquire such stock) that would result in an increase in the amount of Aéropostale Stock beneficially owned by any person or Entity that currently is or that would result in a person or Entity becoming a Substantial Stockholder (a "***Proposed Acquisition Transaction***"), such person, Entity or Substantial Stockholder (a "***Proposed Transferee***") shall file with the Bankruptcy Court, and serve upon the Disclosure Parties, a Notice of Intent to Purchase, Acquire, or Otherwise Accumulate Aéropostale Stock (an "***Acquisition Notice***"), in the form annexed to the Order as **Exhibit 3**, which describes specifically and in detail the proposed transaction in which Aéropostale Stock are to be acquired.  At the discretion of a holder that is an individual, the Acquisition Notice that is filed with the Bankruptcy Court (but not such Acquisition Notice served upon the Disclosure Parties) may be redacted to exclude such holder's taxpayer identification number.

(iv)     Disposition of Aéropostale Stock.  At least twenty (20) business days prior to the proposed date of any transfer or other disposition of Aéropostale Stock (including Options to acquire such stock) that would result in a decrease in the amount of Aéropostale Stock beneficially owned by a Substantial Stockholder or that would result in a person or Entity ceasing to be a Substantial Stockholder (a "***Proposed Disposition Transaction***," and together with a Proposed Acquisition Transaction, a "***Proposed Transaction***"), such person, Entity, or Substantial Stockholder (a "***Proposed Transferor***") shall file with the Bankruptcy Court, and serve upon the Disclosure Parties, a Notice of Intent to Sell, Trade, or Otherwise Transfer Aéropostale Stock (a "***Disposition Notice***", and together with an Acquisition Notice, an "***Trading Notice***"), in the form annexed to the Order as **Exhibit 4**, which describes specifically and in detail the proposed transaction in which Aéropostale Stock would be transferred.  At the discretion of a holder that is an individual, the Disposition Notice that is filed with the Bankruptcy Court (but not such Disposition Notice served upon the Disclosure Parties) may be redacted to exclude such holder's taxpayer identification number.

(v)     Conversion of Preferred Stock.  No holder of Preferred Stock shall convert any of the convertible notes into Common Stock.

(vi)     Objection Procedures.  The Debtors and any Creditors' Committee shall have fifteen (15) business days after the filing of a Trading Notice (the "***Objection Deadline***") to file with the Bankruptcy Court and serve on a Proposed Transferee or a Proposed Transferor, as the case may be, an objection (an "***Objection***") to any proposed transfer of Aéropostale Stock (including Options to acquire such stock described in such Trading Notice on the grounds that such transfer may adversely affect the Debtors' ability to utilize the Tax Attributes) as a result of an ownership change under section 382 or 383 of the Tax Code.  If the Debtors or any Creditors' Committee file an Objection by the Objection Deadline, then the Proposed Transaction shall not be effective unless approved by a final and nonappealable order of the Bankruptcy Court.  If the Debtors and

4

any Creditors' Committee do not file an Objection by the Objection Deadline, or if the Debtors and any Creditors' Committee provide written authorization to the Proposed Transferee or the Proposed Transferor, as the case may be, approving the Proposed Transaction, prior to the Objection Deadline, then such Proposed Transaction may proceed solely as specifically described in the Trading Notice. Any further Proposed Transaction must be the subject of additional Trading Notices and objection procedures set forth in these Procedures.

### B. Restrictions on Trading in Claims

(i)      Definitions Relating to Claims Trading. For purposes of this Motion and Orders, the following terms have the following meanings:

1)      Applicable Percentage. "Applicable Percentage" means, if only one class of Affected Securities is to be issued pursuant to the terms of the 382(l)(5) Plan and holders within each class of Claims receiving Affected Securities will receive a pro rata distribution of the Affected Securities, 4.5% of the number of such shares that the Debtors reasonably estimate will be outstanding immediately after the effective date of such 382(l)(5) Plan, as determined for U.S. federal income tax purposes. If more than one class of the common stock or any other equity securities (including securities that are treated as equity securities for U.S. federal income tax purposes) of Post-Emergence Aéropostale, including Options (as hereinafter defined) to acquire the same (the "*Affected Securities*"), is to be distributed pursuant to the terms of the 382(l)(5) Plan or holders within a class of Claims may receive a disproportionate distribution of such securities relative to other holders in the same class, the Applicable Percentage shall be determined by the Debtors in their reasonable judgment in a manner consistent with the estimated range of values for the equity to be distributed reflected in the valuation analysis set forth in the 382(l)(5) Plan and disclosure statement, and shall be expressed in a manner that makes clear the number of shares or other interests in each class of Affected Securities that would constitute the Applicable Percentage.

2)      Beneficial Ownership. "*Beneficial ownership*" of a Claim or Owned Interest means:

a.      the beneficial ownership of a Claim or Owned Interest as determined in accordance with applicable rules under section 382 of the Tax Code, the Treasury Regulations promulgated thereunder, and rulings issued by the IRS (for such purpose, treating a Claim as if it is stock), and, to the extent provided in those rules from time to time, shall include (A) direct and indirect ownership (*e.g.*, a holding company would be considered to beneficially own all Claims or Owned Interests owned or acquired by its subsidiaries), and (B) ownership by a holder's family members and any group of persons acting pursuant to a formal or informal understanding to make a coordinated acquisition of Claims, Owned Interests, and/or stock; and

b.      the beneficial ownership of an Option (irrespective of the purpose for which such Option was issued, created, or acquired) with respect to a Claim or Owned Interest.

c.      For the avoidance of doubt, beneficial ownership of a Claim or Owned Interests also includes the beneficial ownership of any right to receive any equity consideration

5

to be distributed in respect of a Claim or Owned Interests pursuant to a plan of reorganization or applicable Bankruptcy Court order.

    3)    <u>Claim</u>.  A "**Claim**" means any claim against any of the Debtors, whether secured or unsecured.

    4)    <u>Entity</u>.  "**Entity**" has the meaning as such term is defined in Treasury Regulations section 1.382-3(a), including persons acting pursuant to a formal or informal understanding among themselves to make a coordinated acquisition.

    5)    <u>Holdings Report</u>.  "**Holdings Report**" means a Notice of Substantial Claim Ownership received with respect to the Determination Date.

    6)    <u>Maximum Amount</u>.  The Debtors shall calculate the maximum amount of Claims (by class or other applicable breakdown of Claims) that may be held, as of the effective date of the 382(l)(5) Plan, by a Substantial Claimholder that was a Substantial Claimholder as of the Determination Date (the "**Maximum Amount**") as follows:

    a.    Based upon the information provided by the Substantial Claimholders in the Holdings Reports, the Debtors shall calculate the aggregate amount of Claims that all such Substantial Claimholders must sell as a group to effectuate the 382(l)(5) Plan (the "**Sell-Down Amount**");

    b.    The Debtors shall calculate for each Substantial Claimholder the amount of such Substantial Claimholder's *pro rata* share of the Sell-Down Amount (*i.e.*, the Sell-Down Amount multiplied by a fraction, (x) the numerator of which is the amount, if any, of Claims identified in such Substantial Claimholder's Holdings Report minus the greater of (A) the applicable Threshold Amount and (B) the Protected Amount for such Substantial Claimholder and (y) the denominator of which is the aggregate amount of Claims identified in all of the Substantial Claimholders' Holdings Reports minus the greater of (A) the aggregate applicable Threshold Amount for all Substantial Claimholders and (B) the aggregate Protected Amount of all Substantial Claimholders); and

    c.    For each such Substantial Claimholder, the Debtors shall subtract from the total Claims held by such Substantial Claimholder (as reported in the Holdings Report) such Substantial Claimholder's *pro rata* share of the Sell-Down Amount (as described above).  The difference shall be the Maximum Amount.

    7)    <u>Newly Traded Claims</u>.  "**Newly Traded Claims**" means Claims (i) with respect to which a person or Entity acquired beneficial ownership after the date that was eighteen (18) months before the Commencement Date; and (ii) that are not "ordinary course" claims, within the meaning of Treasury Regulations section 1.382-9(d)(2)(iv), of which the same person or Entity has always had beneficial ownership.

WEIL:\95698299\8\11727.0012

8)    Option.  An "*Option*" includes any contingent purchase, warrant, convertible debt, put, stock subject to risk of forfeiture, contract to acquire stock, or similar interest regardless of whether it is contingent or otherwise not currently exercisable.

9)    Permitted Transferee.  A "*Permitted Transferee*" with respect to a Substantial Claimholder is a person or Entity whose holding of a Claim would not result in such Substantial Claimholder having beneficial ownership of such Claim.

10)    Post-Emergence Aéropostale. "*Post-Emergence Aéropostale*" means the reorganized Aéropostale or any successor thereto.

11)    Protected Amount.  "*Protected Amount*" means the amount of Claims (by class or other applicable breakdown) of which a holder had beneficial ownership at the beginning of the Commencement Date, increased by the amount of Claims of which such holder acquires, directly or indirectly, beneficial ownership pursuant to trades entered into before the Commencement Date that had not yet closed as of the Commencement Date and the amount of Claims of which such holder acquires, directly or indirectly, beneficial ownership pursuant to trades entered into after the Commencement Date which have been approved by the Debtors in accordance with the Orders minus the amount of Claims of which such holder sells, directly or indirectly, beneficial ownership pursuant to trades entered into before the Commencement Date that had not yet closed as of the Commencement Date.

12)    Substantial Claimholder.  A "*Substantial Claimholder*" means any person or Entity that beneficially owns an aggregate dollar amount of Claims against the Debtors, or any Entity controlled by such person or Entity through which such person or Entity beneficially owns Claims against the Debtors, of more than the Threshold Amount.

For the avoidance of doubt, section 382 of the Tax Code, the Treasury Regulations promulgated thereunder, and all relevant IRS and judicial authority shall apply in determining whether the Claims of several persons and/or Entities must be aggregated when testing for Substantial Claimholder status, treating Claims as if they were stock.

13)    Threshold Amount.  "*Threshold Amount*" means an amount of Claims which, when taking into account the Owned Interests beneficially owned by a holder of Claims (including under the aggregation rules described in the definition of "Substantial Claimholder" above), could result in such holder of Claims holding the Applicable Percentage of Post-Emergence Aéropostale.  For this purpose, any Option to purchase Owned Interests shall also be counted as stock owned.

Notwithstanding the foregoing, if a beneficial owner of Claims does not agree to refrain from acquiring beneficial ownership of any Owned Interests (and Options to acquire the same) from and after the date of this Motion in its Notice of Substantial Claim Ownership as set forth in these Procedures, or immediately disposing of any such Owned Interests or Options (if acquired on or after the Commencement Date and prior to submitting its Notice of Substantial Claim Ownership, and so agreeing), the Threshold Amount for such beneficial owner of Claims shall be the Minimum Threshold Amount.

For this purpose, "*Minimum Threshold Amount*" shall be the amount of Claims beneficially owned by a holder of Claims continually from the Commencement Date to the Sell-Down Date.

(ii)      Disclosure of 382(l)(5) Plan.  If the proponent of a plan and disclosure statement (a "*Plan Proponent*") determines that the reorganized Debtors likely will benefit from the application of section 382(l)(5) of the Tax Code and reasonably anticipates that the Post-Emergence Aéropostale  (as defined below) will invoke such section (a "*382(l)(5) Plan*"), then the Plan Proponent shall disclose in its proposed disclosure statement or, in the case of items (3) through (5) below, a later separate notice (together, the "*Proposed 382(l)(5) Disclosure Statement*"):

        1)      Adequate information about the incremental tax benefits anticipated from the use of section 382(l)(5) of the Tax Code that would not otherwise be available (taking into account the Debtors' anticipated net unrealized built-in gains or net unrealized built-in losses);

        2)      A summary of any restrictions expected to be imposed on the transferability of securities issued under the plan in order to preserve such incremental tax benefits;

        3)      (A) The dollar amount of Claims (by class or other applicable breakdown) expected to result in a one-percent interest in the equity of the reorganized Debtors, and (B) the number of any of the specified interests ("*Owned Interests*") in the Debtors expected to result in a one-percent interest in the equity of the Post-Emergence Aéropostale, in each case based upon then available information;

        4)      A specified date that is not less than ten (10) calendar days after the service of the notice of disclosure statement hearing with respect to the Proposed 382(l)(5) Disclosure Statement (the "*Determination Date*"); and

        5)      A specified date (that is not less than five (5) calendar days after the Determination Date) for the notice required by these Procedures (the "*Reporting Deadline*").

In the event that items (3) through (5) above are disclosed in a separate notice after the filing of the proposed disclosure statement, such items shall also be disclosed in a separate filing with the SEC on Form 8-K.

(iii)     Notice of Substantial Claim Ownership.

        1)      Any person or Entity (as such term is defined in Treasury Regulations section 1.382-3(a), including persons acting pursuant to a formal or informal understanding among themselves to make a coordinated acquisition) that beneficially owns either (1) more than a specified amount of Claims[3] or (2) a lower amount of Claims which (based on the applicable information set forth in the Proposed 382(l)(5) Disclosure Statement), when taking into account any Owned Interests beneficially owned by a holder of Claims (including under the aggregation

---

[3] Amount to be reasonably established by the Plan Proponent, taking into account the terms of the 382(l)(5) Plan, and disclosed in the Proposed 382(l)(5) Disclosure Statement, and may be expressed by class or type of Claim(s), if applicable.

8

rules described in the definition of "Substantial Claimholder" below), could result in such holder of Claims holding the Applicable Percentage of Post-Emergence Aéropostale, in each case as of the Determination Date, shall serve upon the Plan Proponent, its attorneys, and the attorneys for the Creditors' Committee, a notice of such status (a ***Notice of Substantial Claim Ownership***"), in substantially the form annexed hereto as **Exhibit 5** (or as adjusted and attached to the Proposed 382(l)(5) Disclosure Statement) on or before the Reporting Deadline.  Such beneficial owner shall also set forth in the Notice of Substantial Claim Ownership its beneficial ownership, if any, of any Owned Interests and whether it agrees to refrain from acquiring beneficial ownership of additional Owned Interests (and Options to acquire the same) until after the effective date of the 382(l)(5) Plan and to immediately dispose of any Owned Interests or Options (if acquired on or after the Commencement Date and prior to submitting its Notice of Substantial Claim Ownership).  A person or Entity that is required to file a Notice of Substantial Claim Ownership may or may not be a "Substantial Claimholder" as defined below.  The standard for having to file a Notice of Substantial Claim Ownership is different than the definition of a Substantial Claimholder.

2)      In order to assist in determining their eligibility for section 382(l)(5) of the Tax Code, the Debtors may request, from any person or Entity that beneficially owns either (1) more than a specified amount of Claims (which may be expressed by class or type of Claim(s), if applicable) or (2) a lower amount of Claims which, when taking into account the Owned Interests beneficially owned by a holder of Claims (including under the aggregation rules described in the definition of "Substantial Claimholder" below), could result in such holder of Claims holding the Applicable Percentage of Post-Emergence Aéropostale (for purposes of making this determination, such request shall include information comparable to the information that would be required in a Proposed 382(l)(5) Disclosure Statement pursuant to these Procedures in each case as of the date specified in such request, information regarding its beneficial ownership of Claims and Owned Interests (and Options to acquire the same) prior to the filing of the Proposed 382(l)(5) Disclosure Statement in a manner consistent with these Procedures (including identifying the applicable information described in paragraph B(iii)(1) above) based on then available information and substituting "**twenty (20)**" for "**ten (10)**" in paragraph B(ii)(4) above.  In addition, the Debtors shall disclose such request in a separate filing with the SEC on Form 8-K.

3)      Any person or Entity that fails to comply with its notification obligations set forth in this paragraph B(iii) shall, in addition to the consequences set forth in paragraph B(v)(8) below, be subject to such remedy as this Court may find appropriate upon motion by the Debtors after service upon such person or Entity and a hearing on notice in accordance with the Federal Rules of Bankruptcy Procedure ("***Bankruptcy Rules***"), including, without limitation, ordering such noncompliant person or Entity to divest itself promptly of any beneficial ownership of Claims to the extent of the ownership by such person or Entity of an Excess Amount (as defined in paragraph B(v)(2)) and monetary damages for any costs reasonably incurred by the Debtors caused by the violation and enforcement of this paragraph B(iii).

WEIL:\95698299\8\11727.0012

(iv)     Claims Trading Before and After Determination Date.

1)     Any person or Entity generally may trade freely and make a market in Claims until the Determination Date.

2)     After the Determination Date, any acquisition of Claims by a person or Entity who filed or was required to file a Notice of Substantial Claim Ownership, or by a person or Entity who would be required to file a Notice of Substantial Claim Ownership as a result of the consummation of the contemplated transaction if the proposed acquisition date had been the Determination Date, shall not be effective unless consummated in compliance with these Procedures.

3)     At least ten (10) business days prior to the proposed date of any acquisition of Claims by a person or Entity described above (a "***Proposed Claims Acquisition Transaction***"), such person or Entity (a "***Proposed Claims Transferee***") shall serve upon the Plan Proponent, its attorneys, and the attorneys for the Creditors' Committee, a Notice of Request to Purchase, Acquire, or Otherwise Accumulate a Claim (a "***Claims Acquisition Request***"), in the form annexed hereto as **Exhibit 6,** which describes in detail the intended acquisition of Claims, regardless of whether such transfer would be subject to the filing, notice, and hearing requirements set forth in Bankruptcy Rule 3001.

4)     The Plan Proponent may determine, in consultation with the attorneys for the Creditors' Committee, whether or not to approve a Claims Acquisition Request.  If the Plan Proponent does not approve a Claims Acquisition Request in writing within eight (8) business days after the Claims Acquisition Request is filed with the Court, the Claims Acquisition Request shall be deemed rejected.

(v)     Creditor Conduct and Sell-Down.

1)     To permit reliance by the Debtors on Treasury Regulations section 1.382-9(d)(3), upon the entry of the Interim Order, any Substantial Claimholder that participates in formulating any chapter 11 plan of or on behalf of the Debtors (which shall include, without limitation, making any suggestions or proposals to the Debtors or their advisors with regard to such a plan) shall not disclose or otherwise make evident to the Debtors that any Claims in which such holder has a beneficial ownership are Newly Traded Claims, unless compelled to do so by an order of a court of competent jurisdiction or some other applicable legal requirement; *provided, however*, that the following activities shall not constitute participation in formulating a plan of reorganization *if*, in pursuing such activities, the Substantial Claimholder does not disclose or otherwise make evident (unless compelled to do so by an order of a court of competent jurisdiction or some other applicable legal requirement) to the Debtors that such Substantial Claimholder has beneficial ownership of Newly Traded Claims: filing an objection to a proposed disclosure statement or to confirmation of a proposed plan of reorganization; voting to accept or reject a proposed plan of reorganization; reviewing or commenting on a proposed business plan; providing information on a confidential basis to the attorneys for the Debtors; general membership on an official committee or an *ad hoc* committee; or taking any action required by the order of this Court.

2)      Following the Determination Date, if the Plan Proponent determines Substantial Claimholders must sell or transfer all or a portion of their beneficial ownership of Claims in order to reasonably ensure that the requirements of section 382(l)(5) of the Tax Code will be satisfied, the Plan Proponent may request, after notice to the Creditors' Committee and the relevant Substantial Claimholder(s) and a hearing, that this Court enter an order approving the issuance of a notice (each, a "***Sell-Down Notice***") that such Substantial Claimholder must sell, cause to sell, or otherwise transfer a specified amount of its beneficial ownership of Claims (by class or other applicable breakdown) equal to the excess of (x) the amount of Claims beneficially owned by such Substantial Claimholder over (y) the Maximum Amount for such Substantial Claimholder (such excess amount, an "***Excess Amount***").  The motion shall be heard on expedited notice such that this Court can render a decision at or before the hearing on confirmation of the 382(l)(5) Plan.  If this Court approves the Debtors' issuance of a Sell-Down Notice, the Debtors shall provide the Sell-Down Notice to the relevant Substantial Claimholder.

3)      Notwithstanding anything to the contrary in this Motion, no Substantial Claimholder shall be required to sell, cause to sell, or otherwise transfer any beneficial ownership of Claims if such sale would result in the Substantial Claimholder having beneficial ownership of an aggregate amount of Claims (by class or other applicable breakdown) that is less than such Substantial Claimholder's Protected Amount.

4)      Each Sell-Down Notice shall direct the Substantial Claimholder to sell, cause to sell, or otherwise transfer its beneficial ownership of the amount of Claims specified in the Sell-Down Notice to Permitted Transferees (the "***Sell-Down***"); *provided, however,* that such Substantial Claimholder shall not have a reasonable basis to believe that any such Permitted Transferee would own, immediately after the contemplated transfer, an Excess Amount of Claims; and *provided, further,* that a Substantial Claimholder that has properly notified the transferee of its Claims under these Procedures shall not be treated as having such reasonable basis in the absence of notification or actual knowledge that such transferee would own, after the transfer, an Excess Amount of Claims.

5)      The "***Sell-Down Date***" shall be the later of (i) five (5) business days after the entry of an order approving the 382(l)(5) Plan and (ii) such other date specified in the Sell-Down Notice, as applicable, but before the effective date of the 382(l)(5) Plan.  Each Substantial Claimholder subject to the Sell-Down shall, as a condition to receiving Affected Securities (as hereinafter defined), on or before the Sell-Down Date serve upon the Plan Proponent, its attorneys, and the attorneys for the Creditors' Committee, a notice substantially in the form annexed hereto as **Exhibit 7** that such Substantial Claimholder has complied with the terms and conditions set forth in these Procedures and that such Substantial Claimholder does not and will not hold an Excess Amount of Claims as of the Sell-Down Date and at all times through the effective date of the 382(l)(5) Plan (the "***Notice of Compliance***").  Any Substantial Claimholder who fails to comply with this provision shall not receive Affected Securities with respect to any Excess Amount of Claims.

6)      Other than information that is public or in connection with an audit or other investigation by the IRS or other taxing authority, the Plan Proponent shall keep all Notices of Compliance and any additional information provided by a Substantial Claimholder pursuant to

11

the Orders ("**Confidential Information**") strictly confidential and shall not disclose the Confidential Information to any other person or Entity; *provided, however*, that the Plan Proponent may disclose the identity of the Substantial Claimholder to its counsel and professional financial advisors and/or the counsel and professional financial advisors of the Creditors' Committee and of any other person(s) that are subject to a nondisclosure agreement with the Plan Proponent, each of whom shall keep all Confidential Information strictly confidential, subject to further order of this Court; and *provided, further*, that to the extent the Plan Proponent reasonably determines such Confidential Information is necessary to demonstrate to this Court the need for the issuance of a Sell-Down Notice, such Confidential Information (determined by, among other things, whether such information was redacted in any public filing) shall be filed under seal.

7)      Any person or Entity that violates its obligations under the Procedures applicable to Claims or, if applicable, its agreement not to acquire beneficial ownership of Owned Interests (which for the purposes of this subparagraph shall include any Option) in its Notice of Substantial Claim Ownership or to immediately dispose of any Owned Interests (if acquired on or after the Commencement Date and prior to submitting its Notice of Substantial Claim Ownership, and so agreeing) shall, pursuant to the Orders, be precluded from receiving, directly or indirectly, any consideration consisting of a beneficial ownership of equity of the Debtors (or any successor to the Debtors, including as determined for U.S. federal income tax purposes, and including Post-Emergence Aéropostale) that is attributable to the Excess Amount of Claims for such person or Entity and, if applicable, to the Owned Interests acquired (or not immediately disposed of) in violation of such agreement by such person or Entity (or if the Owned acquired (or not immediately disposed of) in violation of such agreement become beneficial ownership in the equity of the reorganized Debtors or any successor to the Debtors without the need to receive new equity interests, shall be precluded as a result of such violation (and, thus, in addition to any other amounts otherwise precluded hereunder) from receiving, directly or indirectly, any consideration consisting of a beneficial ownership of equity in the reorganized Debtors or any successor to the Debtors attributable to such person or Entity's Claims up to and including an amount equivalent to that represented by such Owned Interests), in each case including any consideration in lieu thereof; *provided, however*, that such person or Entity may be entitled to receive any other consideration to which such person or Entity may be entitled by virtue of holding Claims (the "**Equity Forfeiture Provision**").  Any purported acquisition of, or other increase in the beneficial ownership of, equity of the Debtors (or any successor) that is precluded by the Equity Forfeiture Provision will be an acquisition of "**Forfeited Equity.**"  Any acquirer of Forfeited Equity shall, promptly upon becoming aware of such fact, return or cause to return the Forfeited Equity to the Debtors (or any successor to the Debtors, including Post-Emergence Aéropostale) or, if all of the equity consideration properly issued to such acquirer and all or any portion of such Forfeited Equity shall have been sold prior to the time such acquirer becomes aware of such fact, such acquirer shall return or cause to return to the Debtors (or any successor to the Debtors, including Post-Emergence Aéropostale) (A) any Forfeited Equity still held by such acquirer and (B) the proceeds attributable to the sale of Forfeited Equity, calculated by treating the most recently sold equity as Forfeited Equity.  Any acquirer that receives Forfeited Equity and deliberately fails to comply with the preceding sentence shall be subject to such additional sanctions as this Court may determine.  Any Forfeited Equity returned to the Debtors,

12

including Post-Emergence Aéropostale, shall be distributed (including a transfer to charity) or extinguished, in the Debtors' sole discretion, in furtherance of the 382(l)(5) Plan.

8)    In effecting any sale or other transfer of Claims pursuant to a Sell-Down Notice, a Substantial Claimholder shall, to the extent that it is reasonably feasible to do so within the normal constraints of the market in which such sale takes place, notify the acquirer of such Claims of the existence of the Orders and the Equity Forfeiture Provision (it being understood that, in all cases in which there is direct communication between a salesperson and a customer, including, without limitation, communication via telephone, e-mail, and instant messaging, the existence of the Orders and the Equity Forfeiture Provision shall be included in such salesperson's summary of the transaction).

(vi)    Exceptions.

1)    No person or Entity shall be subject to the advance approval of acquisition provisions of paragraph B(iv)(2) to (4) above or, in the case of Claims that are part of the transferor's Protected Amount, the sell down provisions of paragraph B(v) above with respect to any transfer described in Treasury Regulations section 1.382-9(d)(5)(ii); *provided, however*, that such transfer is not for a principal purpose of obtaining stock in the reorganized Debtors (or any successor, including Post-Emergence Aéropostale) or permitting the transferee to benefit from the losses of the Debtors within the meaning of Treasury Regulations section 1.382-9(d)(5)(iii); and *provided, further*, that any such transferee who becomes a Substantial Claimholder following the filing of a Proposed 382(l)(5) Disclosure Statement shall serve upon the Plan Proponent, its attorneys, and the attorneys for the Creditors' Committee, a notice of such status, in the form annexed hereto as **Exhibit 5,** as provided in these Procedures.

2)    For the avoidance of doubt, the trustee of any trust, any indenture trustee, subordination agent, registrar, paying agent, transfer agent, loan or collateral agent, or any other entity serving in a similar capacity however designated, in each case for any Claim or any ownership interests, notes, bonds, debentures, property or other debt securities or obligations (collectively "***Debt Securities***") (A) issued by any of the Debtors, (B) secured by assets of any of the Debtors or agreements with respect to such assets or (C) secured by assets leased to any of the Debtors, shall not be treated as a Substantial Claimholder solely to the extent acting in the capacity described above; *provided*, *however*, that neither any transferee of Claims nor any equity or beneficial owner of a trust shall be excluded from the Orders solely by reason of this provision.

### C.  Noncompliance with the Trading Procedures.

Any acquisitions, dispositions, or trading of Aéropostale Stock in violation of these procedures shall be null and void *ab initio* as an act in violation of the automatic stay under section 362 of the Bankruptcy Code and pursuant to this Court's equitable powers under section 105(a) of the Bankruptcy Code.  Any acquisitions, dispositions, or trading of Claims against the Debtors in violation of paragraph B(iii) above shall be null and void *ab initio* as an act in violation of the automatic stay under section 362 of the Bankruptcy Code and pursuant to this Court's equitable

13

powers under section 105(a) of the Bankruptcy Code.  Furthermore, any actions or inactions in violation of these procedures shall be subject to sanctions as provided herein, as applicable.

### *D.  Debtors' Right to Waive.*

The Debtors may waive, in writing, any and all restrictions, stays, and notification procedures contained in this Motion; *provided, however*, that after a 382(l)(5) Plan has been properly filed by a Plan Proponent other than by (or jointly with) the Debtors, and is still actively being pursued before this Court, the consent of such Plan Proponent shall also be necessary for any subsequent waiver to be effective.

14

**<u>Exhibit 2</u>**

**Notice of Substantial Stock Ownership**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------x
                                    :

In re                                :         Chapter 11
                                      :

AÉROPOSTALE, INC., *et al.*,        :         Case No. 16-_____ (___)
                                      :

         Debtors.[1]             :         Jointly Administered
                                      :

-----------------------------------------------------------x

## NOTICE OF SUBSTANTIAL STOCK OWNERSHIP

PLEASE TAKE NOTICE that, pursuant to that certain *Interim Order pursuant to 11 U.S.C. §§ 105(a) and 362 of the Bankruptcy Code (i) Establishing Notification Procedures and Approving Restrictions on Certain Transfers of Claims Against and Interests in the Debtors and (ii) Scheduling a Final Hearing,* dated [___] [Docket No. [__] (with all exhibits thereto, the "*Order*"), [Name of Filer] (the "*Filer*") hereby provides notice that, as of the date hereof, the Filer beneficially owns:

         (v)     _____ shares of Common Stock,[2]

         (vi)     _____ shares of Preferred Stock,

         (vii)   Options to acquire _____ shares of Common Stock, and/or

         (viii) Options to acquire _____ shares of Preferred Stock.

PLEASE TAKE FURTHER NOTICE that the taxpayer identification number of the Filer is _____.

---

[1] The Debtors in these chapter 11 cases and the last four digits of each Debtor's federal tax identification number, as applicable, are as follows: Aéropostale, Inc. (3880); Aéropostale West, Inc. (7013); Jimmy'Z Surf Co., LLC (0461); Aero GC Management LLC (4257); Aeropostale Procurement Company, Inc. (8518); Aeropostale Licensing, Inc. (8124); P.S. from Aeropostale, Inc. (5900); GoJane LLC (4923); Aeropostale Canada Corp. (N/A); Aeropostale Holdings, Inc. (7729); and Aeropostale Puerto Rico, Inc. (6477). The Debtors' corporate headquarters are located at 112 West 34th Street, 22nd Floor, New York, NY 10120.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Procedures annexed to the Order as Order Exhibit 1.

PLEASE TAKE FURTHER NOTICE that the following table sets forth the following information:

For Aéropostale Stock and/or Options to acquire Aéropostale Stock that are owned directly by the Filer, the following table sets forth (i) the number of such shares, and/or the number of shares subject to Options beneficially owned by such Filer, and (ii) the date(s) on which such shares and/or Options were acquired (broken out by class, as applicable).

In the case of Aéropostale Stock and/or Options to acquire Aéropostale Stock that are not owned directly by the Filer but are nonetheless beneficially owned by the Filer, the table sets forth (i) the name(s) of each record or legal owner of such shares of Common Stock, Preferred Stock and/or Options to acquire shares of Common Stock or Preferred Stock beneficially owned by the Filer, (ii) the number of shares of Common Stock, the number of shares of Preferred Stock, and/or the number of shares of Common Stock or Preferred Stock subject to Options beneficially owned by such Filer and (iii) the date(s) on which such Common Stock, Preferred Stock and/or Options were acquired (broken out by class, as applicable).

| Class | Name of Owner | Shares Owned | Shares Subject to Options Owned | Date(s) Acquired |
|---|---|---|---|---|
| Common Stock | | | | |
| Preferred Stock | | | | |

(Attach additional pages if necessary)

[[IF APPLICABLE] The Filer is represented by [name of the law firm], [address], [phone], (Attn: [name]).]

Respectfully submitted,

_____
[Name of Filer]

By: _____
Name: _____

Address: _____
_____
_____
Telephone: _____
Facsimile: _____
Date: _____

2

## Exhibit 3

**Notice of Intent to Purchase, Acquire or Otherwise Accumulate Aéropostale Stock**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------x
                                :
In re                           :       **Chapter 11**
                                  :
**AÉROPOSTALE, INC.**, *et al.*,    :       **Case No. 16-_____ (___)**
                                  :
           **Debtors.**[1]          :       **Jointly Administered**
                                  :
-----------------------------------------------------------x

## NOTICE OF INTENT TO PURCHASE, ACQUIRE
## OR OTHERWISE ACCUMULATE AÉROPOSTALE STOCK

        PLEASE TAKE NOTICE that, pursuant to that certain *Interim Order pursuant to 11 U.S.C. §§ 105(a) and 362 of the Bankruptcy Code (i) Establishing Notification Procedures and Approving Restrictions on Certain Transfers of Claims Against and Interests in the Debtors and (ii) Scheduling a Final Hearing,* dated [___] [Docket No. [__] (with all exhibits thereto, the "***Order***"), [Name of Filer] (the "***Filer***") hereby provides notice of (i) its intention to purchase, acquire or otherwise accumulate directly (a) one or more shares of Common Stock,[2] (b) one or more shares of Preferred Stock, and/or (c) Options to acquire Aéropostale Stock and/or (ii) a proposed purchase or acquisition of Aéropostale Stock and/or Options to acquire Aéropostale Stock that would result in an increase in the number of shares of Common Stock, the number of shares of Preferred Stock, and/or number of shares underlying Options that are beneficially owned (as defined below) by the Filer (any proposed transaction described in (i) or (ii), a "***Proposed Transfer***").

        PLEASE TAKE FURTHER NOTICE that the following table sets forth the following information:

        1.    If the Proposed Transfer involves the purchase or acquisition directly by the Filer of Aéropostale Stock and/or Options to acquire Aéropostale Stock, the table sets forth (i) the number of shares of Common Stock, the number of shares of Preferred Stock, and/or the number of shares of Common Stock or Preferred Stock underlying Options proposed to be

---

[1] The Debtors in these chapter 11 cases and the last four digits of each Debtor's federal tax identification number, as applicable, are as follows:  Aéropostale, Inc. (3880); Aéropostale West, Inc. (7013); Jimmy'Z Surf Co., LLC (0461); Aero GC Management LLC (4257); Aeropostale Procurement Company, Inc. (8518); Aeropostale Licensing, Inc. (8124); P.S. from Aeropostale, Inc. (5900); GoJane LLC (4923); Aeropostale Canada Corp. (N/A); Aeropostale Holdings, Inc. (7729); and Aeropostale Puerto Rico, Inc. (6477).  The Debtors' corporate headquarters are located at 112 West 34th Street, 22nd Floor, New York, NY 10120.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Procedures annexed to the Order as Order Exhibit 1.

purchased or acquired, and (ii) the date(s) of such Proposed Transfer (broken out by class, as applicable).

2.  If the Proposed Transfer involves the purchase or acquisition of Aéropostale Stock and/or Options to acquire Aéropostale Stock by a person or Entity other than the Filer, but the Proposed Transfer nonetheless would increase the number of shares of Common Stock, the number of shares of Preferred Stock, and/or number of shares of Common Stock or Preferred Stock underlying Options that are beneficially owned by the Filer, the table sets forth (i) the name(s) of each such person or Entity that proposes to purchase or acquire such shares of Common Stock, Preferred Stock, and/or Options, (ii) the number of shares of Common Stock, Preferred Stock, and/or number of shares of Common Stock or Preferred Stock underlying Options proposed to be purchased or acquired, and (iii) the date(s) of such Proposed Transfer (broken out by class, as applicable).

| Class | Name of Purchaser or Acquirer | Shares to be Purchased or Acquired | Shares Subject to Options to be Purchased or Acquired | Date(s) of Proposed Transfer |
|---|---|---|---|---|
| Common Stock | | | | |
| Preferred Stock | | | | |

(Attach additional page if necessary)

PLEASE TAKE FURTHER NOTICE that the following table summarizes the Filer's beneficial ownership of Aéropostale Stock and/or Options to acquire Aéropostale Stock assuming the Proposed Transfer is approved and consummated as described above.  The table sets forth, as of immediately following the Proposed Transfer, (i) number of shares of Common Stock, the number of shares of Preferred Stock, and/or the number of shares of Common Stock or Preferred Stock underlying Options that would be owned directly by the Filer and (ii) in the case of any beneficial ownership by the Filer of Aéropostale Stock and/or Options that would be owned by another person or Entity as record/legal owner, the name(s) of each prospective record/legal owner, and the number of shares of Common Stock, the number of shares of Preferred Stock, and/or the principal amount of Common Stock or Preferred Stock underlying Options that would be owned by each such record/legal owner (broken out by class, as applicable):

| Class | Name of Owner | Shares to be Owned | Shares Underlying Options to be Owned |
|---|---|---|---|
| Common Stock | | | |
| Preferred Stock | | | |

(Attach additional page if necessary)

WEIL:\95698299\8\11727.0012

PLEASE TAKE FURTHER NOTICE that if the Proposed Transfer involves a purchase or acquisition of Aéropostale Stock and/or Options to acquire Aéropostale Stock directly by the Filer and such Proposed Transfer would result in (i) an increase in the beneficial ownership of Aéropostale Stock and/or Options to acquire Aéropostale Stock by a person or Entity (other than the Filer) that currently is a Substantial Stockholder or (ii) a person or Entity (other than the Filer) becoming a Substantial Stockholder, the following table sets forth (a) the name of each such person or Entity, (b) the number of shares of Common Stock, the number of shares of Preferred Stock, and/or the number of shares of Common Stock or Preferred Stock underlying Options that are beneficially owned by such person or Entity prior to the Proposed Transfer, and (c) the number of shares of Common Stock, the number of shares of Preferred Stock, and/or the shares of Common Stock underlying Options that would be beneficially owned by such person or Entity immediately following the Proposed Transfer (broken out by class, as applicable).

| Class | Name of Beneficial Owner | Shares Owned prior to Proposed Transfer | Shares to be Owned Following Proposed Transfer | Shares Underlying Options prior to Proposed Transfer | Shares Underlying Options Following Proposed Transfer |
|---|---|---|---|---|---|
| Common Stock | | | | | |
| Preferred Stock | | | | | |

(Attach additional page if necessary)

PLEASE TAKE FURTHER NOTICE that the taxpayer identification number of the Filer is _____.

PLEASE TAKE FURTHER NOTICE that, under penalties of perjury, the Filer hereby declares that it has examined this Notice and accompanying attachments (if any), and, to the best of its knowledge and belief, this Notice and any attachments which purport to be part of this Notice are true, correct and complete.

PLEASE TAKE FURTHER NOTICE that, pursuant to the Order, this Notice is being filed with the Bankruptcy Court and served upon the Debtors, the Debtors' counsel and the Creditors' Committee's counsel.

PLEASE TAKE FURTHER NOTICE that if the Debtors or the Creditors' Committee files an objection to the Proposed Transfer within **fifteen (15) business days** after the filing of this Notice, the Proposed Transfer described herein shall not be effective, unless approved by a final and nonappealable order of the Bankruptcy Court. If the Proposed Transfer is approved by the Debtors and the Creditors' Committee, then such Proposed Transfer may proceed solely as specifically described in this Notice.

3

PLEASE TAKE FURTHER NOTICE that any further transactions that may result in the Filer increasing its beneficial ownership of Aéropostale Stock and/or Options to acquire Aéropostale Stock will each require an additional notice filed with the Bankruptcy Court to be served in the same manner as this Notice.

[[IF APPLICABLE] The Filer is represented by [name of the law firm], [address], [phone], (Attn: [name]).]

Respectfully submitted,

_____
[Name of Filer]

By: _____
Name: _____

Address: _____
_____
_____
Telephone: _____
Facsimile: _____

Date: _____

4

**Exhibit 4**

**Notice of Intent to Sell, Trade or Otherwise Transfer Aéropostale Stock**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------x
                                                          :
In re                                                     :          **Chapter 11**
                                                          :
AÉROPOSTALE, INC.,  *et al.*,                             :          **Case No. 16-_____ (___)**
                                                          :
               Debtors.[1]                                :          **Jointly Administered**
                                                          :
---------------------------------------------------------x

## NOTICE OF INTENT TO SELL, TRADE OR
## OTHERWISE TRANSFER AÉROPOSTALE STOCK

PLEASE TAKE NOTICE that, pursuant to that certain *Interim Order pursuant to 11 U.S.C. §§ 105(a) and 362 of the Bankruptcy Code (i) Establishing Notification Procedures and Approving Restrictions on Certain Transfers of Claims Against and Interests in the Debtors and (ii) Scheduling a Final Hearing,* dated [___] [Docket No. [__] (with all exhibits thereto, the "***Order***"), [Name of Filer] (the "***Filer***") hereby provides notice  of (i) its intention to sell, trade or otherwise transfer or dispose of (a) one or more shares of Common Stock,[2] (b) one or more shares of Preferred Stock and/or (c) Options to acquire Aéropostale Stock; and/or (ii) a proposed sale, transfer or disposition of Aéropostale Stock and/or Options to acquire Aéropostale Stock that would result in a decrease in the number of shares of Common Stock, number of shares of Preferred Stock, and/or number of shares of Common Stock or Preferred Stock underlying Options to acquire Aéropostale Stock that are beneficially owned  by the Filer (any proposed transaction described in clauses (i) through (iii), a "***Proposed Transfer***").

PLEASE TAKE FURTHER NOTICE that the following table sets forth the following information:

1. If the Proposed Transfer involves the sale, transfer or disposition directly by the Filer of Aéropostale Stock and/or Options to acquire Aéropostale Stock, the table sets forth (i) the number of shares of Common Stock, the number of shares of Preferred Stock, and/or the number of shares of Common Stock or Preferred Stock underlying Options proposed to be sold,

---

[1] The Debtors in these chapter 11 cases and the last four digits of each Debtor's federal tax identification number, as applicable, are as follows:  Aéropostale, Inc. (3880); Aéropostale West, Inc. (7013); Jimmy'Z Surf Co., LLC (0461); Aero GC Management LLC (4257); Aeropostale Procurement Company, Inc. (8518); Aeropostale Licensing, Inc. (8124); P.S. from Aeropostale, Inc. (5900); GoJane LLC (4923); Aeropostale Canada Corp. (N/A); Aeropostale Holdings, Inc. (7729); and Aeropostale Puerto Rico, Inc. (6477).  The Debtors' corporate headquarters are located at 112 West 34th Street, 22nd Floor, New York, NY 10120.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Procedures annexed to the Order as Order Exhibit 1.

transferred or disposed of, and (ii) the date(s) of such Proposed Transfer (broken out by class, as applicable).

2.     If the Proposed Transfer involves the sale, transfer or disposition of Aéropostale Stock and/or Options to acquire Aéropostale Stock by a person or Entity other than the Filer, but the Proposed Transfer nonetheless would decrease the number of shares of Common Stock, the number of shares of Preferred Stock, and/or number of shares of Common Stock or Preferred Stock underlying Options that are beneficially owned by the Filer, the table sets forth (i) the name(s) of each such person or Entity that proposes to sell, transfer or dispose of such Aéropostale Stock and/or Options, (ii) the number of shares of Common Stock, Preferred Stock, and/or number of shares of Common Stock or Preferred Stock underlying Options proposed to be so sold, transferred or disposed of, and (iii) the date(s) of such Proposed Transfer (broken out by class, as applicable).

| Class | Name of Transferor | Shares to be Sold, Transferred or Disposed | Shares to be Sold, Transferred or Disposed | Date(s) of Proposed Transfer |
|---|---|---|---|---|
| Common Stock | | | | |
| Preferred Stock | | | | |

(Attach additional page if necessary)

PLEASE TAKE FURTHER NOTICE that the following table summarizes the Filer's beneficial ownership of Aéropostale Stock and/or Options to acquire Aéropostale Stock assuming the Proposed Transfer is approved and consummated as described above.  The table sets forth, as of immediately following the Proposed Transfer, (i) number of shares of Common Stock, the number of shares of Preferred Stock, and/or the number of shares of Common Stock or Preferred Stock underlying Options that would be owned directly by the Filer and (ii) in the case of any beneficial ownership by the Filer of Aéropostale Stock and/or Options that would be owned by another person or Entity as record/legal owner, the name(s) of each prospective record/legal owner, and the number of shares of Common Stock, the number of shares of Preferred Stock, and/or the number of shares of Common Stock or Preferred Stock underlying Options that would be owned by each such record/legal owner (broken out by class, as applicable):

| Class | Name of Owner | Shares to be Owned | Shares Underlying Options to be Owned |
|---|---|---|---|
| Common Stock | | | |
| Preferred Stock | | | |

(Attach additional page if necessary)

WEIL:\95698299\8\11727.0012

PLEASE TAKE FURTHER NOTICE that if the Proposed Transfer involves a sale, transfer or disposition of Aéropostale Stock and/or Options to acquire Aéropostale directly by the Filer and such Proposed Transfer would result in (i) a decrease in the beneficial ownership of Aéropostale Stock and/or Options to acquire Aéropostale Stock by a person or Entity (other than the Filer) that currently is a Substantial Stockholder or (ii) a person or Entity (other than the Filer) becoming a Substantial Stockholder, the following table sets forth (a) the name of each such person or Entity, (b) the number of shares of Common Stock, the number of shares of Preferred Stock, and/or the number of shares of Common Stock or Preferred Stock underlying Options that are beneficially owned by such person or Entity prior to the Proposed Transfer, and (c) the number of shares of Common Stock, the number of shares of Preferred Stock, and/or the shares of Common Stock underlying Options that would be beneficially owned by such person or Entity immediately following the Proposed Transfer (broken out by class, as applicable).

| Class | Name of Beneficial Owner | Shares owned prior to Proposed Transfer | Shares Owned Following Proposed Transfer | Shares Underlying Options Owned prior to Proposed Transfer | Shares Underlying Options to be Owned Following Proposed Transfer |
|---|---|---|---|---|---|
| Common Stock | | | | | |
| Preferred Stock | | | | | |

(Attach additional page if necessary)

PLEASE TAKE FURTHER NOTICE that the taxpayer identification number of the Filer is _____.

PLEASE TAKE FURTHER NOTICE that, under penalties of perjury, the Filer hereby declares that it has examined this Notice and accompanying attachments (if any), and, to the best of its knowledge and belief, this Notice and any attachments which purport to be part of this Notice are true, correct and complete.

PLEASE TAKE FURTHER NOTICE that, pursuant to the Order, this Notice is being filed with the Court and served upon the Debtors, the Debtors' counsel, and the Creditors' Committee's counsel.

PLEASE TAKE FURTHER NOTICE that if the Debtors or the Creditors' Committee files an objection to the Proposed Transfer within **fifteen (15) business days** after the filing of this Notice, the Proposed Transfer described herein shall not be effective, unless approved by a final and nonappealable order of the Court. If the Proposed Transfer is approved by the Debtors and the Creditors' Committee, then such Proposed Transfer may proceed solely as specifically described in this Notice.

8

PLEASE TAKE FURTHER NOTICE that any further transactions that may result in the Filer decreasing its beneficial ownership of Aéropostale Stock and/or Options to acquire Aéropostale Stock will each require an additional notice filed with the Court to be served in the same manner as this Notice.

[[IF APPLICABLE] The Filer is represented by [name of the law firm], [address], [phone], (Attn: [name]).]

Respectfully submitted,

_____

[Name of Filer]

By: _____

Name: _____

Address: _____

_____

_____

Telephone: _____

Facsimile: _____

Date: _____

9

## Exhibit 5

**Notice of Substantial Claim Ownership**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
------------------------------------------------------x
                                   :
In re                              :      Chapter 11
                                   :
AÉROPOSTALE, INC., et al.,         :      Case No. 16-_____ (___)
                                   :
        Debtors.[1]                :      Jointly Administered
                                   :
------------------------------------------------------x
```

<u>**NOTICE OF SUBSTANTIAL CLAIM OWNERSHIP**</u>

PLEASE TAKE NOTICE that, pursuant to that certain *Interim Order pursuant to 11 U.S.C. §§ 105(a) and 362 of the Bankruptcy Code (i) Establishing Notification Procedures and Approving Restrictions on Certain Transfers of Claims Against and Interests in the Debtors and (ii) Scheduling a Final Hearing,* dated [___] [Docket No. [__] (with all exhibits thereto, the "*Order*"), [person or Entity] (the "*Filer*") hereby provides notice (the "*Notice*") that the Filer beneficially owns either (1) more than $[  ] million of Claims[2] against the Debtors in the above-captioned chapter 11 cases (the "*Debtors*") or (2) a lower amount of Claims which (based on the applicable information set forth in the Proposed 382(l)(5) Disclosure Statement), when taking into account any Owned Interests beneficially owned by a holder of Claims (including under the aggregation rules described in the definition of "Substantial Claimholder" below), could result in such holder of Claims holding the Applicable Percentage of Post-Emergence Aéropostale.

PLEASE TAKE FURTHER NOTICE that the following table sets forth the following information:

1. In the case of Claims that are owned directly by the Filer, the table sets forth the dollar amount of all Claims beneficially owned (as hereinafter defined) by the Filer (broken down by Class or other applicable breakdown).

---

[1] The Debtors in these chapter 11 cases and the last four digits of each Debtor's federal tax identification number, as applicable, are as follows:  Aéropostale, Inc. (3880); Aéropostale West, Inc. (7013); Jimmy'Z Surf Co., LLC (0461); Aero GC Management LLC (4257); Aeropostale Procurement Company, Inc. (8518); Aeropostale Licensing, Inc. (8124); P.S. from Aeropostale, Inc. (5900); GoJane LLC (4923); Aeropostale Canada Corp. (N/A); Aeropostale Holdings, Inc. (7729); and Aeropostale Puerto Rico, Inc. (6477).  The Debtors' corporate headquarters are located at 112 West 34th Street, 22nd Floor, New York, NY 10120.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Procedures annexed to the Order as Order Exhibit 1.

2.  In the case of Claims that are not owned directly by the Filer but are nonetheless beneficially owned by the Filer, the table sets forth (i) the name(s) of each record or legal owner of Claims that are beneficially owned by the Filer; and (ii) the dollar amount of all Claims beneficially owned by such record or legal owner (broken out by Class or other applicable breakdown).

| Class | Description of Claim | Name of Owner | Dollar Amount Owned |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |

(Attach additional page if necessary)

PLEASE TAKE FURTHER NOTICE that the following table sets forth a summary of the Protected Amount for each Class (or other applicable breakdown) of Claims beneficially owned by the Filer (whether owned by the Filer directly or indirectly), and that Filer will provide any additional information in respect of such Claims that the Debtors reasonably request.

| Class | Description of Claim | Name of Owner | Protected Amount |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |

(Attach additional page if necessary)

PLEASE TAKE FURTHER NOTICE that the following table sets forth the following information:

1.      In the case of Owned Interests that are owned directly by the Filer, the type and number of any Owned Interests beneficially owned (or that are subject to Options beneficially owned) by the Filer and the date acquired (broken down by Class or other applicable breakdown);

2.      In the case of Owned Interests that are not owned directly by the Filer but are nonetheless beneficially owned by the Filer, the table sets forth (i) the name(s) of each record or legal owner of Owned Interests that are beneficially owned by the Filer; and (ii) the type and number of any Owned Interests beneficially owned (or that are subject to Options beneficially owned) by such record or legal owner and the date acquired (broken out by Class or other applicable breakdown).

The Filer will provide any additional information in respect of such Owned Interests that the Plan Proponent reasonably requests.

12

| Name of Owner | Type and Number of Owned Interests Owned | Type and Number of Owned Interests Subject to Options Owned | Date Acquired |
|---|---|---|---|
| | | | |
| | | | |

(Attach additional page if necessary)

PLEASE TAKE FURTHER NOTICE that, under penalties of perjury, the Filer hereby [agrees ☐ / does not agree ☐— **PLEASE CHECK AS APPLICABLE**] that it will not acquire beneficial ownership of additional Owned Interests (and Options to acquire the same) before the emergence of Aéropostale from bankruptcy protection, and that it will immediately dispose of any Owned Interests (and any Options to acquire the same) that were acquired on or after the Commencement Date and prior to submitting this Notice.

PLEASE TAKE FURTHER NOTICE that the taxpayer identification number of the Filer is _____.

PLEASE TAKE FURTHER NOTICE that, under penalties of perjury, the Filer hereby declares that it has examined this Notice and accompanying attachments (if any) and, to the best of its knowledge and belief, this Notice and any attachments which purport to be part of this Notice are true, correct and complete.

PLEASE TAKE FURTHER NOTICE that, pursuant to the Order, this Notice is being served upon the Plan Proponent, the Plan Proponent's counsel, and the Creditors' Committee's counsel.

This Notice is given in addition to, and not as a substitute for, any requisite notice under Rule 3001(e) of the Federal Rules of Bankruptcy Procedure.

For purposes of this Notice:

(i)    "Beneficial ownership" of a Claim or Owned Interest means (x) the beneficial ownership of a Claim or Owned Interest as determined in accordance with applicable rules under section 382 of the Tax Code, the Treasury Regulations promulgated thereunder, and rulings issued by the IRS (for such purpose, treating a Claim as if it is stock), and, to the extent provided in those rules from time to time, shall include (A) direct and indirect ownership (*e.g.*, a holding company would be considered to beneficially own all Claims or Owned Interests owned or acquired by its subsidiaries) and (B) ownership by a holder's family members and any group of persons acting pursuant to a formal or informal understanding to make a coordinated acquisition of Claims, Owned Interests, and/or stock; and (y) the beneficial ownership of an Option (irrespective of the purpose for which such Option was issued, created, or acquired) with respect to a Claim or Owned Interest; *provided, however,* that for the avoidance of doubt, beneficial ownership of a Claim or Owned Interest also includes the beneficial ownership of any

13

right to receive any equity consideration to be distributed in respect of a Claim or Owned Interest pursuant to a plan of reorganization or applicable bankruptcy court order;

(ii)    "Claim" means any claim against any of the Debtors, whether secured or unsecured;

(iv)    "Entity" has the meaning given to it in Treasury Regulations section 1.382-3(a) and shall include persons acting pursuant to a formal or informal understanding among themselves to make a coordinated acquisition;

(v)    "Option" means any contingent purchase, warrant, convertible debt, put, stock subject to risk of forfeiture, contract to acquire stock, or similar interest regardless of whether it is contingent or otherwise not currently exercisable;

(vi)    "Owned Interest" means an interest in Aéropostale or other entities as is specified in the Proposed 382(l)(5) Disclosure Statement;

(vii)    "Protected Amount" means the amount of Claims (by class or other applicable breakdown) of which a holder had beneficial ownership at the beginning of the Commencement Date, increased by the amount of Claims of which such holder acquires, directly or indirectly, beneficial ownership pursuant to trades entered into before the Commencement Date that had not yet closed as of the Commencement Date and the amount of Claims of which such holder acquires, directly or indirectly, beneficial ownership pursuant to trades entered into after the Commencement Date which have been approved by the Debtors in accordance with the [Interim/Final] Order minus the amount of Claims of which such holder sells, directly or indirectly, beneficial ownership pursuant to trades entered into before the Commencement Date that had not yet closed as of the Commencement Date; and

(viii)    "Substantial Claimholder" means any person or Entity that beneficially owns an aggregate dollar amount of Claims against the Debtors, or any Entity controlled by such person or Entity through which such person or Entity beneficially owns Claims against the Debtors, of more than the Threshold Amount.[3]

[IF APPLICABLE] the Filer is represented by [name of the law firm], [address], [phone], (Attn: [name]).

---

[3] For the avoidance of doubt, section 382 of the Tax Code, the Treasury Regulations promulgated thereunder, and all relevant IRS and judicial authority shall apply in determining whether the Claims of several persons and/or Entities must be aggregated when testing for Substantial Claimholder status, treating Claims as if they were stock.

WEIL:\95698299\8\11727.0012

Respectfully submitted,

_____

[Name of Filer]

By:_____
    Name:_____
    Title:_____

Address:_____

        _____

        _____

Telephone:_____
Facsimile:_____

Date: _____

## Exhibit 6

**Notice of Request to Purchase, Acquire or Otherwise Accumulate a Claim**

WEIL:\95698299\8\11727.0012

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------x
                                               :

In re                               :         Chapter 11

                                   :

AÉROPOSTALE, INC., *et al.*,        :         Case No. 16-_____ (___)

                                   :

                  Debtors.[1]      :         Jointly Administered

                                   :

-----------------------------------------------------------x

### NOTICE OF REQUEST TO PURCHASE, ACQUIRE OR OTHERWISE ACCUMULATE A CLAIM AGAINST THE DEBTOR

        PLEASE TAKE NOTICE that, pursuant to that certain *Interim Order pursuant to 11 U.S.C. §§ 105(a) and 362 of the Bankruptcy Code (i) Establishing Notification Procedures and Approving Restrictions on Certain Transfers of Claims Against and Interests in the Debtors and (ii) Scheduling a Final Hearing*, dated [___] [Docket No. [__] (with all exhibits thereto, the "***Order***"), [person or Entity] (the "***Filer***") hereby provides notice (the "***Notice***") of (i) its intent to purchase, acquire, or otherwise accumulate directly a Claim[2] or Claims against the Debtors in the above-captioned chapter 11 case (the "***Debtors***") and/or (ii) a proposed purchase or acquisition of Claims that, following the proposed acquisition, would be beneficially owned by the Filer (any proposed transaction described in (i) or (ii), a "***Proposed Transfer***").

        PLEASE TAKE FURTHER NOTICE that, if applicable, on [prior date(s)], the Filer filed a Notice of Substantial Claim Ownership with the Plan Proponent, the Plan Proponent's counsel, and the Creditors' Committee's counsel.

        PLEASE TAKE FURTHER NOTICE that the Filer is filing this notice as (check one):

| | |
|---|---|
| *A person or Entity that filed or was required to file a Notice of Substantial Claim Ownership* | |
| *A person or Entity that would, upon consummation of the Proposed Transfer,* | |

---

[1] The Debtors in these chapter 11 cases and the last four digits of each Debtor's federal tax identification number, as applicable, are as follows:  Aéropostale, Inc. (3880); Aéropostale West, Inc. (7013); Jimmy'Z Surf Co., LLC (0461); Aero GC Management LLC (4257); Aeropostale Procurement Company, Inc. (8518); Aeropostale Licensing, Inc. (8124); P.S. from Aeropostale, Inc. (5900); GoJane LLC (4923); Aeropostale Canada Corp. (N/A); Aeropostale Holdings, Inc. (7729); and Aeropostale Puerto Rico, Inc. (6477).  The Debtors' corporate headquarters are located at 112 West 34th Street, 22nd Floor, New York, NY 10120.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Procedures annexed to the Order as Order Exhibit 1.

| *have been required to file a Notice of Substantial Claim Ownership (if the proposed acquisition date had been the Determination Date)* | |
|---|---|

PLEASE TAKE FURTHER NOTICE that the following table sets forth the following information:

1.   In the case of Claims and/or Owned Interests that are owned directly by the Filer, the table sets forth the dollar amount of all Claims and the type and number of Owned Interests beneficially owned (as hereinafter defined) by the Filer (broken down by Class or other applicable breakdown).

2.   In the case of Claims and/or Owned Interests that are not owned directly by the Filer but are nonetheless beneficially owned by the Filer, the table sets forth (i) the name(s) of each record or legal owner of Claims and/or Owned Interests that are beneficially owned by the Filer, and (ii) the dollar amount of all Claims and the type and number of Owned Interests beneficially owned by such record or legal owner (broken out by Class or other applicable breakdown).

The Filer will provide any additional information in respect of such Claims and/or Owned Interests that the Debtors reasonably request.

| Class | Description of Claim | Name of Owner | Dollar Amount Owned |
|---|---|---|---|
| | | | |
| | | | |

(Attach additional page if necessary)

| Name of Owner | Type and Number of Owned Interests Owned | Type and Number of Owned Interests Subject to Options Owned | Date Acquired |
|---|---|---|---|
| | | | |
| | | | |

(Attach additional page if necessary)

PLEASE TAKE FURTHER NOTICE that the following table sets forth a summary of the Protected Amount for each Class of Claims beneficially owned by the Filer (whether owned by the Filer directly or indirectly), and that Filer will provide any additional information in respect of such Claims that the Debtors reasonably request.

| Class | Description of Claim | Name of Owner | Protected Amount |
|---|---|---|---|

18

|  |  |  |  |
|--|--|--|--|
|  |  |  |  |

(Attach additional page if necessary)

PLEASE TAKE FURTHER NOTICE that the following table sets forth the following information:

1. If the Proposed Transfer involves the purchase or acquisition of Claims directly by the Filer, the following table sets forth the dollar amount of all Claims (by Class or other applicable breakdown) proposed to be purchased or acquired.

2. If the Proposed Transfer involves the purchase or acquisition of Claims by a person or Entity other than the Filer, but the Proposed Transfer nonetheless would increase the dollar amount of Claims that are beneficially owned by the Filer, the following table sets forth (i) the name(s) of each such person or Entity that proposes to purchase or acquire such Claims, and (ii) the dollar amount of all Claims (by Class or other applicable breakdown) to be so purchased or acquired.

| Class | Description of Claim | Name of Owner | Dollar Amount to be Acquired |
|-------|----------------------|---------------|------------------------------|
|       |                      |               |                              |
|       |                      |               |                              |

(Attach additional page if necessary)

PLEASE TAKE FURTHER NOTICE that if the Proposed Transfer involves a purchase or acquisition of Claims directly by the Filer and such Proposed Transfer would result in (i) an increase in the beneficial ownership of Claims by a person or Entity (other than the Filer) that currently is a Substantial Claimholder or (ii) a person or Entity (other than the Filer) becoming a Substantial Claimholder, the following table sets forth (w) the name of each such person or Entity, (x) the dollar amount of all Claims beneficially owned by such person or Entity (broken down by Class or other applicable breakdown), and (y) the dollar amount of all Claims that would be beneficially owned by such person or Entity immediately following the Proposed Transfer (broken down by Class or other applicable breakdown), (z) the number and type of Owned Interests (and Options to acquire the same) beneficially owned by such person or Entity as of the Proposed Transfer and the date acquired (broken down by Class or other applicable breakdown):

| Class | Description of Claim | Name of Owner | Dollar Amount of Claims Currently Owned | Dollar Amount of Claims to be Owned Following Proposed Transfer |
|-------|----------------------|---------------|------------------------------------------|-----------------------------------------------------------------|
|       |                      |               |                                          |                                                                 |

19

| | | | | |
|---|---|---|---|---|

(Attach additional page if necessary)

| Name of Owner | Type and Number of Owned Interests Owned | Type and Number of Owned Interests Subject to Options Owned | Date Acquired |
|---|---|---|---|
| | | | |
| | | | |

(Attach additional page if necessary)

PLEASE TAKE FURTHER NOTICE that the Filer [agreed ☐ / did not agree ☐ — **PLEASE CHECK AS APPLICABLE**] in its "Notice of Substantial Claim Ownership" filed with the Court that it would not acquire additional Owned Interests (including Options to acquire the same) before the emergence of Aéropostale from bankruptcy protection, and that it would immediately dispose of any Owned Interests (and any Options to acquire the same) that were acquired on or after the Commencement Date and prior to submitting its Notice of Substantial Claim Ownership, and that the Filer has complied with and intends to continue to comply with such statement.

PLEASE TAKE FURTHER NOTICE that, if the Plan Proponent approves the Proposed Transfer and the Filer did not previously file a Notice of Substantial Claim Ownership, the Filer, under penalties of perjury, hereby [agrees ☐ / does not agree ☐— **PLEASE CHECK AS APPLICABLE**] that it will not acquire beneficial ownership of additional Owned Interests (and Options to acquire the same) before the emergence of Aéropostale from bankruptcy protection, and that it will immediately dispose of any Owned Interests (and any Options to acquire the same) that were acquired on or after the Commencement Date and prior to submitting this Notice.

PLEASE TAKE FURTHER NOTICE that the taxpayer identification number of the Filer is _____.

PLEASE TAKE FURTHER NOTICE that, under penalties of perjury, the Filer hereby declares that it has examined this Notice and accompanying attachments (if any), and, to the best of its knowledge and belief, this Notice and any attachments which purport to be part of this Notice are true, correct and complete.

PLEASE TAKE FURTHER NOTICE that, pursuant to the Order, this Notice is being served upon the Plan Proponent, the Plan Proponent's counsel, and the Creditors' Committee's counsel.

PLEASE TAKE FURTHER NOTICE that the Filer hereby acknowledges that if the Plan Proponent does not approve the Proposed Transfer in writing within **eight (8) business**

WEIL:\95698299\8\11727.0012

**days** after the filing of this Notice, such Proposed Transfer shall be deemed rejected. If the Plan Proponent provides written authorization approving the Proposed Transfer prior to the end of such eight (8) business day period, then such Proposed Transfer may proceed solely as specifically described in this Notice.

PLEASE TAKE FURTHER NOTICE that any further transactions that may result in the Filer increasing its beneficial ownership of Claims will each require an additional notice to be served in the same manner as this Notice.

This Notice is given in addition to, and not as a substitute for, any requisite notice under Rule 3001(e) of the Federal Rules of Bankruptcy Procedure.

For purposes of this Notice:

(i)    "Beneficial ownership" of a Claim or Owned Interest means (x) the beneficial ownership of a Claim or Owned Interest as determined in accordance with applicable rules under section 382 of the Tax Code, the Treasury Regulations promulgated thereunder, and rulings issued by the IRS (for such purpose, treating a Claim as if it is stock), and, to the extent provided in those rules from time to time, shall include (A) direct and indirect ownership (*e.g.*, a holding company would be considered to beneficially own all Claims or Owned Interests owned or acquired by its subsidiaries) and (B) ownership by a holder's family members and any group of persons acting pursuant to a formal or informal understanding to make a coordinated acquisition of Claims, Owned Interests, and/or stock; and (y) the beneficial ownership of an Option (irrespective of the purpose for which such Option was issued, created, or acquired) with respect to a Claim or Owned Interest; *provided, however,* that for the avoidance of doubt, beneficial ownership of a Claim or Owned Interest also includes the beneficial ownership of any right to receive any equity consideration to be distributed in respect of a Claim or Owned Interest pursuant to a plan of reorganization or applicable bankruptcy court order;

(ii)    "Claim" means any claim against any of the Debtors, whether secured or unsecured;

(iv)    "Entity" has the meaning given to it in Treasury Regulations section 1.382-3(a) and shall include persons acting pursuant to a formal or informal understanding among themselves to make a coordinated acquisition;

(v)    "Option" means any contingent purchase, warrant, convertible debt, put, stock subject to risk of forfeiture, contract to acquire stock, or similar interest regardless of whether it is contingent or otherwise not currently exercisable;

(vi)    "Owned Interest" means an interest in Aéropostale or other entities as is specified in the Proposed 382(l)(5) Disclosure Statement;

(vii)    "Protected Amount" means the amount of Claims (by class or other applicable breakdown) of which a holder had beneficial ownership at the beginning of the Commencement Date, increased by the amount of Claims of which such holder acquires, directly or indirectly, beneficial ownership pursuant to trades entered into before the Commencement Date that had not yet closed as of the Commencement Date and the amount of Claims of which

WEIL:\95698299\8\11727.0012

such holder acquires, directly or indirectly, beneficial ownership pursuant to trades entered into after the Commencement Date which have been approved by the Debtors in accordance with the [Interim/Final] Order minus the amount of Claims of which such holder sells, directly or indirectly, beneficial ownership pursuant to trades entered into before the Commencement Date that had not yet closed as of the Commencement Date; and

(viii)  "Substantial Claimholder" means any person or Entity that beneficially owns an aggregate dollar amount of Claims against the Debtors, or any Entity controlled by such person or Entity through which such person or Entity beneficially owns Claims against the Debtors, of more than the Threshold Amount.[3]

[IF APPLICABLE] the Filer is represented by [name of the law firm], [address], [phone], (Attn: [name]).

Respectfully submitted,

_____

[Name of Filer]

By:_____
    Name:_____
    Title:_____

Address:_____

    _____

    _____

Telephone:_____
Facsimile:_____

Date: _____

---

[3] For the avoidance of doubt, section 382 of the Tax Code, the Treasury Regulations promulgated thereunder, and all relevant IRS and judicial authority shall apply in determining whether the Claims of several persons and/or Entities must be aggregated when testing for Substantial Claimholder status, treating Claims as if they were stock.

WEIL:\95698299\8\11727.0012

**Exhibit 7**

**Notice of Compliance**

WEIL:\95698299\8\11727.0012

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------x
                                                         :
In re                                                    :        **Chapter 11**
                                                         :
AÉROPOSTALE, INC., *et al.*,                             :        **Case No. 16-_____ (___)**
                                                         :
                 Debtors.[1]                             :        **Jointly Administered**
                                                         :
---------------------------------------------------------x

## NOTICE OF COMPLIANCE WITH SELL-DOWN NOTICE

        PLEASE TAKE NOTICE that, pursuant to that certain *Interim Order pursuant to 11 U.S.C. §§ 105(a) and 362 of the Bankruptcy Code (i) Establishing Notification Procedures and Approving Restrictions on Certain Transfers of Claims Against and Interests in the Debtors and (ii) Scheduling a Final Hearing,* dated [___] [Docket No. [__] (with all exhibits thereto, the "*Order*"), [person or Entity[2]] ("*Filer*") hereby provides notice (the "*Notice*") that Filer has complied in full with the terms and conditions set forth in the Order, as further set forth in the Sell-Down Notice[3] issued to Filer, such that (i) Filer does not and will not beneficially own an Excess Amount of Claims as of the Sell-Down Date and at all times through the effective date of the 382(l)(5) Plan, and (ii) if Filer so agreed in its Notice of Substantial Claim Ownership, Filer does not and will not beneficially own any Owned Interests (or Options to acquire the same) unless acquired prior to the  Commencement Date.

        PLEASE TAKE FURTHER NOTICE that the taxpayer identification number of Filer is _____.

---

[1] The Debtors in these chapter 11 cases and the last four digits of each Debtor's federal tax identification number, as applicable, are as follows:  Aéropostale, Inc. (3880); Aéropostale West, Inc. (7013); Jimmy'Z Surf Co., LLC (0461); Aero GC Management LLC (4257); Aeropostale Procurement Company, Inc. (8518); Aeropostale Licensing, Inc. (8124); P.S. from Aeropostale, Inc. (5900); GoJane LLC (4923); Aeropostale Canada Corp. (N/A); Aeropostale Holdings, Inc. (7729); and Aeropostale Puerto Rico, Inc. (6477).  The Debtors' corporate headquarters are located at 112 West 34th Street, 22nd Floor, New York, NY 10120.

[2] For this purpose an "Entity" shall have the meaning set forth in section 1.382-3(a) of the Treasury Regulations.

[3] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Procedures annexed to the Order as Order Exhibit 1.

PLEASE TAKE FURTHER NOTICE that, pursuant to the Order, this Notice is being served upon the Plan Proponent, the Plan Proponent's counsel, and the Creditors' Committee's counsel.

PLEASE TAKE FURTHER NOTICE that this Notice is given in addition to, and not as a substitute for, any requisite notice under Rule 3001(e) of the Federal Rules of Bankruptcy Procedure.

[IF APPLICABLE] the Filer is represented by [name of the law firm], [address], [phone], (Attn: [name]).

Respectfully submitted,

_____
[Name of Filer]

By:_____
    Name:_____
    Title:_____

Address:_____
       _____
       _____
Telephone:_____
Facsimile:_____

Date: _____

2

**<u>Exhibit 8</u>**

**Final Publication Notice**

**ATTENTION DIRECT AND INDIRECT HOLDERS OF, AND PROSPECTIVE HOLDERS OF, (I) STOCK ISSUED BY AÉROPOSTALE, INC. AND (ii) CLAIMS AGAINST AÉROPOSTALE, INC. OR ITS SUBSIDIARIES:**

On [_____, 2016], the United States Bankruptcy Court for the Southern District of New York (the "*Court*"), having jurisdiction over the chapter 11 cases of Aéropostale, Inc. ("*Aéropostale*"), and its subsidiaries (the "*Debtors*"), captioned as *In re Aéropostale, et al.*, Case No. 16 ____ (__) (the "*Chapter 11 Cases*"), entered a final order establishing procedures (the "*Procedures*") with respect to direct and indirect transfers of interests in, and claims against, the Debtors.

In certain circumstances, the Procedures restrict transactions involving, and require notices of the holdings of and proposed transactions by, any person or group of persons that is or, as a result of such a transaction, would become a Substantial Stockholder of either (i) the common stock or (ii) preferred stock, in each case issued by Aéropostale. For purposes of the Procedures, a "*Substantial Stockholder*" is any person or entity (within the meaning of applicable U.S. Treasury regulations, including certain persons making a coordinated acquisition) that beneficially owns, directly or indirectly, at least (i) 1,498,000 shares of Common Stock (representing approximately 4.75% of all issued and outstanding common shares), or (ii) at least 47 shares of Preferred Stock (representing approximately 4.75% of all issued and outstanding preferred shares). *Any prohibited acquisition or other transfer of Aéropostale Stock (as defined in the Procedures) will be null and void ab initio and may lead to contempt, compensatory damages, punitive damages, or sanctions being imposed by the Court.*

In addition, the Procedures sets forth (i) certain future circumstances under which any person or group of persons holding, or as a result of a proposed transaction may hold, a substantial amount of claims against the Debtors may be required to file notice of its claim holdings and of proposed transactions, and under which certain transactions may be restricted, and (ii) certain limited circumstances thereafter under which such person(s) may be required to sell, by a specified date following the confirmation of a chapter 11 plan of the Debtors, all or a portion of any such claims acquired during the Chapter 11 Cases. *Any prohibited acquisition or other transfer of claims against the Debtors in violation of the claims procedures set forth in the Procedures will be null and void ab initio and/or may lead to contempt, compensatory damages, punitive damages, or sanctions being imposed by the Court.*

*The Procedures are available on the website of the Debtors' Court-approved claims agent, located at https://[_____], and also on docket of the Chapter 11 Cases, Docket No. [__], which can be accessed via PACER at* *https://www.pacer.gov*.

The requirements set forth in the Procedures are in addition to the requirements of Bankruptcy Rule 3001(e) and applicable securities, corporate, and other laws, and do not excuse non-compliance therewith.

**A direct or indirect holder of, or prospective holder of, stock issued by Aéropostale that may be or become a Substantial Stockholder or claims against the Debtors should consult the Procedures.**

Dated:     New York, New York           **BY ORDER OF THE COURT**
            [_____], 2016