|  |  |
|---|---|
|  | HEARING DATE: JUNE 2, 2016 AT 10:00 A.M. |
| UNITED STATES BANKRUPTCY COURT | OBJECTION DEADLINE: MAY 25, 2016 AT 4:00 P.M. (EXTENDED) |
| SOUTHERN DISTRICT OF NEW YORK | DOCKET REFERENCE: 143 |

---------------------------------------------------------
In re:                                                    Chapter 11

    AÈROPOSTALE, INC., *et al.*,                Case No. 16-11275-shl

                         Debtors.[1]          Jointly Administered
---------------------------------------------------------

**LIMITED OBJECTION OF CAROUSEL CENTER COMPANY, L.P., CHAMPLAIN CENTRE NORTH, LLC, CROSSGATES MALL GENERAL COMPANY NEWCO, LLC, CRYSTAL RUN NEWCO, LLC, HOLYOKE MALL COMPANY, L.P., JPMG MANASSAS MALL OWNER LLC, EKLECCO NEWCO, LLC, POUGHKEEPSIE GALLERIA LLC, SALMON RUN SHOPPING CENTER, L.L.C., SANGERTOWN SQUARE, L.L.C., PYRAMID WALDEN COMPANY, L.P., IREIT FLOWOOD DOGWOOD, L.L.C., AND INLAND COMMERCIAL REAL ESTATE SERVICES, LLC TO DEBTORS' MOTION PURSUANT TO § 365(d)(4) EXTENDING THE TIME TO ASSUME OR <u>REJECT UNEXPIRED LEASES OF NONRESIDENTIAL REAL PROPERTY</u>**

Carousel Center Company, L.P., Champlain Centre North, LLC, Crossgates Mall General Company NewCo, LLC, Crystal Run NewCo, LLC, Holyoke Mall Company, L.P., JPMG Manassas Mall Owner LLC, EklecCo NewCo, LLC, Poughkeepsie Galleria LLC, Salmon Run Shopping Center, L.L.C., Sangertown Square, L.L.C., Pyramid Walden Company, L.P., IREIT Flowood Dogwood, L.L.C., and Inland Commercial Real Estate Services, LLC (collectively, the "Landlords") submit this limited objection (the "Limited Objection") to the above-captioned debtors' (the "Debtors") Motion Pursuant to § 365(d)(4) Extending the Time to Assume or Reject Unexpired Leases of Nonresidential Real Property (the "365(d)(4) Motion") [Docket No. 143]. In support of this Limited Objection, the Landlords respectfully represent as follows:

---

[1] The Debtors in these chapter 11 cases and the last four digits of each Debtor's federal tax identification number, as applicable, are as follows: Aéropostale, Inc. (3880); Aéropostale West, Inc. (7013); Jimmy'Z Surf Co., LLC (0461); Aero GC Management LLC (4257); Aeropostale Procurement Company, Inc. (8518); Aeropostale Licensing, Inc. (8124); P.S. from Aeropostale, Inc. (5900); GoJane LLC (4923); Aeropostale Canada Corp. (N/A); Aeropostale Holdings, Inc. (7729); and Aeropostale Puerto Rico, Inc. (6477). The Debtors' corporate headquarters is located at 112 West 34th Street, 22nd Floor, New York, NY 10120.

## JURISDICTION

1. The United States Bankruptcy Court for the Southern District of New York (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

## BACKGROUND

2. On May 4, 2016, each of the above-captioned Debtors filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") with the Court.

3. The Landlords and Debtors are parties to unexpired leases of nonresidential real property (the "Lease") of premises (the "Premises") as follows:

| Landlord | Shopping Center | Location |
|---|---|---|
| Carousel Center Company, L.P. | Destiny USA | Syracuse, NY |
| Champlain Centre North, LLC | Champlain Centre North | Plattsburgh, NY |
| Crossgates Mall General Company NewCo, LLC | Crossgates Mall | Albany, NY |
| Crystal Run NewCo, LLC | Galleria at Crystal Run | Middletown, NY |
| Holyoke Mall Company, L.P. | Holyoke Mall | Holyoke, MA |
| JPMG Manassas Mall Owner LLC | Manassas Mall | Manassas, VA |
| EklecCo NewCo LLC | Palisades Center | West Nyack, NY |
| Poughkeepsie Galleria LLC | Poughkeepsie Galleria | Poughkeepsie, NY |
| Salmon Run Shopping Center, L.L.C. | Salmon Run Mall | Watertown, NY |
| Sangertown Square, L.L.C. | Sangertown Square | New Hartford, NY |
| Pyramid Walden Company, L.P. | Walden Galleria | Buffalo, NY |
| IREIT Flowood Dogwood, L.L.C. | Dogwood Festival Market | Flowood, MS |
| Inland Commercial Real Estate Services, LLC | Yuma Palms Regional Center | Yuma, AZ |

4. The Premises are located within "shopping centers" as that term is used in § 365(b)(3) of the Bankruptcy Code. *See In re Joshua Slocum, Ltd.*, 922 F.2d 1081, 1086-87 (3d Cir. 1990).

5. On May 16, 2016, the Debtors filed the 365(d)(4) Motion. Through the 365(d)(4) Motion, the Debtors seek to entry of an order extending the deadline from September 1, 2016 to November 30, 2016 to assume or reject their unexpired leases of nonresidential real property.

**OBJECTION**

A.   *The Court Should Condition Any Relief Granted Upon the Debtors' Immediate Payment of Stub Rent*

6.   Section 365(d)(4) of the Bankruptcy Code provides:

(4) (A) Subject to subparagraph (B), an unexpired lease of nonresidential real property under which the debtor is the lessee shall be deemed rejected, and the trustee shall immediately surrender that nonresidential real property to the lessor, if the trustee does not assume or reject the unexpired lease by the earlier of—

(i) the date that is 120 days after the date of the order for relief; or

(ii) the date of the entry of an order confirming a plan.

(B) (i) The court may extend the period determined under subparagraph (A), prior to the expiration of the 120-day period, for 90 days on the motion of the trustee or lessor for cause.

(ii) If the court grants an extension under clause (i), the court may grant a subsequent extension only upon prior written consent of the lessor in each instance.

7.   As stated in *In re Perfect Light Co.*, "it is now well established that the primary purpose of Section 365(d)(4) is to protect lessors ... from delay and uncertainty by forcing a trustee or a debtor-in-possession to decide quickly whether to assume unexpired leases." *In re Perfect Light Co.,* 116 B.R. 84, 86 (Bankr. N.D. Oh. 1990) *quoting In re American Healthcare Management, Inc.*, 900 F.2d 827 (5th Cir. 1990) *quoting C. Harvest Corp. v. Riveria Land Co.,* 868 F.2d 1077, 1079 (9th Cir. 1989).

8.   Section 365(d)(3) of the Bankruptcy Code provides a debtor must timely perform all obligations under an unexpired nonresidential lease until such lease is assumed or rejected. *See* 11 U.S.C. § 365(d)(3).

9. A multitude of courts have been asked to determine what constitutes sufficient cause to extend the time period within which a debtor may assume or reject unexpired leases of nonresidential real property. Some courts have conditioned approval of a debtor's request for an extension of the deadline to assume or reject upon timely performance under the lease. *See e.g. Tandem Group, Inc.*, 60 B.R. 125, 127 (Bankr C.D. Cal. 1986) (granting debtor's request for an extension on the express condition that the debtor pay all postpetition rent that accrued); *see also In re Westview 74th Street Drug Corp.*, 59 B.R. 747, 753 (Bankr. S.D.N.Y. 1986) ("a debtor's failure to keep current on its post-petition obligations to its landlord is a factor which should weigh heavily in favor of limiting the debtor's right to maintain the lease in limbo ….").

10. As of the date hereof, the Debtors have not paid stub rent, and have refused to provide any commitment to do so.[2] Prevailing law in this circuit holds the Debtors liable for stub rent on a daily basis as it accrued after the Petition Date. *See In re Stone Barn Manhattan LLC*, 398 B.R. 359, 365 (Bankr. S.D.N.Y. 2008). The Debtors should be directed to forthwith pay stub rent for the period of May 4, 2016 through and including May 31, 2016. A chart detailing the stub rent due and owing to each of the Landlords is below:

---

[2] Upon information and belief, the Debtors indicated at the first day hearing on May 4, 2016 that stub rent is included as an expense to be paid during July 2016 in their budget in connection with their DIP Financing Motion (Docket No. 5). Notwithstanding the Debtors' refusal to commit to the payment of stub rent, they propose to waive their rights under Bankruptcy Code sections 506(c) and 552(b) in the DIP Financing Motion (Docket No. 5, pg 13).

| Landlord | Stub Rent Amounts |
|---|---|
| Carousel Center Company, L.P. | $28,947.13 |
| Champlain Centre North, LLC | $12,320.06 |
| Crossgates Mall General Company NewCo, LLC | $31,984.31 |
| Crystal Run NewCo, LLC | $25,456.84 |
| Holyoke Mall Company, L.P. | $23,936.79 |
| JPMG Manassas Mall Owner LLC | $13,393.80 |
| EklecCo NewCo LLC | $42,983.22 |
| Poughkeepsie Galleria LLC | $19,518.23 |
| Salmon Run Shopping Center, L.L.C. | $14,322.08 |
| Sangertown Square, L.L.C. | $20,817.96 |
| Pyramid Walden Company, L.P. | $51,333.14 |
| IREIT Flowood Dogwood, L.L.C. | $11,342.15 |
| Inland Commercial Real Estate Services, LLC | $9,796.26 |

11. The Debtors' 365(d)(4) Motion is not driven by an immediate time-pressured situation where they may miss a deadline to assume or reject unexpired leases. Rather, upon information and belief, the 365(d)(4) Motion is being sought pursuant to certain benchmarks required by the Debtors' post-petition financing lender. The Debtors and their lenders cannot have it both ways – if they want an extension of the time to assume or reject unexpired leases, they must comply with the Leases and prevailing law in this jurisdiction. This Court should deny the 365(d)(4) Motion or condition its approval upon the Debtors compliance with section 365(d)(3) and immediate payment of all stub rent due and owing to the Landlords.

B.  *Any Extension of the Time to Assume or Reject Cannot be Beyond Confirmation of a Plan*

12. It is well established that a debtor must make the decision on whether to assume or reject executory contracts and unexpired leases by the date of confirmation of a plan of reorganization. 11 U.S.C. § 365(d)(4); *see also In re Dana Corp.*, 350 B.R. 144, 147 (Bankr. S.D.N.Y. 2006) (stating that a debtor "may assume or reject an executory contract [or unexpired lease] at any time before the confirmation of the plan …"). No statutory authority exists to extend the time to assume or reject the Leases beyond the date of plan confirmation. *See In re*

*Dynamic Tooling Systems, Inc.*, 349 B.R. 847, 854 (Bankr. D. Kan. 2006); *see also In re Cole*, 189 B.R. 40, 46 (Bankr. S.D.N.Y. 1995); *see also* 7 *Collier on Bankruptcy* ¶ 1123.02[2] (15th ed. 2015).  In order to comply with the Bankruptcy Code and applicable case law, the Court should limit any extension granted herein to the earlier of (i) the date of plan confirmation, or (ii) November 30, 2016.

## JOINDER

13.    The Landlords join in the objections of other landlords of the Debtors to the 365(d)(4) Motion to the extent they are not inconsistent with this Limited Objection.

## CONCLUSION

**WHEREFORE**, the Landlords respectfully request that the Court deny the 365(d)(4) Motion or condition any grant of the 365(d)(4) Motion as set forth herein and grant the Landlords any additional and further relief the Court deems just and proper.

Dated:    May 25, 2016
          Syracuse, New York

**MENTER, RUDIN & TRIVELPIECE, P.C.**

By:    /s/Kevin M. Newman
Kevin M. Newman, Esq. (KN1451)
Office and Post Office Address
308 Maltbie Street, Suite 200
Syracuse, New York 13204-1439
Telephone:    (315) 474-7541
Facsimile:    (315) 474-4040

*Attorneys for Carousel Center Company, L.P., Champlain Centre North, LLC, Crossgates Mall General Company NewCo, LLC, Crystal Run NewCo, LLC, Holyoke Mall Company, L.P., JPMG Manassas Mall Owner LLC, EklecCo NewCo, LLC, Poughkeepsie Galleria LLC, Salmon Run Shopping Center, L.L.C., Sangertown Square, L.L.C., Pyramid Walden Company, L.P., IREIT Flowood Dogwood, L.L.C., and Inland Commercial Real Estate Services, LLC*