UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------x
| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| AÉROPOSTALE, INC., *et al*,[1] | : | Case No. 16-11275 (SHL) |
| | : | |
| | : | Jointly Administered |
| Debtors. | : | |
| | : | Objection Deadline: March 24, 2016 at 4 p.m. (ET) |
| | : | Hearing Date: June 2, 2016 at 10:00 a.m. (ET) |
| | : | |
| | : | Related to Docket No.: 5, 99 |

---------------------------------------------------------x

**OBJECTION TO DEBTORS' MOTION PURSUANT TO 11 U.S.C. §§ 105, 361, 362, 363, AND 364 AND RULES 2002, 4001, AND 9014 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE (I) AUTHORIZING INCURRENCE BY THE DEBTORS OF POSTPETITION SECURED INDEBTEDNESS, (II) GRANTING LIENS, (III) AUTHORIZING USE OF CASH COLLATERAL BY THE DEBTORS AND PROVIDING FOR ADEQUATE PROTECTION, (IV) MODIFYING THE AUTOMATIC STAY, AND (V) SCHEDULING A FINAL HEARING**

CBL & Associates Management, Inc. ("CBL"), through counsel, and as managing agent for the owners of the properties identified herein, objects (the "Objection") to Debtors' *Motion of Debtors for Interim and Final Authority to (A) Obtain Postpetition Financing Pursuant to 11 U.S.C. §§ 105, 361, 362, 364(c)(1), 364(c)(2), 364(c)(3), 364(d)(1) and 364(e), (B) Use Cash Collateral Pursuant to 11 U.S.C. § 363(c)(2), (C) Grant Certain Protections to Prepetition Secured Parties Pursuant to 11 U.S.C. §§ 361, 362, 363, and 364, and (D) Schedule a Final Hearing Pursuant to Fed. R. Bankr. P. 4001(b) and (c)* [Docket No. 5] (the "DIP Motion"), and in support thereof states as follows:

---

[1] The Debtors in these chapter 11 cases and the last four digits of each Debtor's federal tax identification number, as applicable, are as follows: Aéropostale, Inc. (3880); Aéropostale West, Inc. (7013); Jimmy'Z Surf Co., LLC (0461); Aero GC Management LLC (4257); Aeropostale Procurement Company, Inc. (8518); Aeropostale Licensing, Inc. (8124); P.S. from Aeropostale, Inc. (5900); GoJane LLC (4923); Aeropostale Canada Corp. (N/A); Aeropostale Holdings, Inc. (7729); and Aeropostale Puerto Rico, Inc. (6477). The Debtors' corporate headquarters is located at 112 West 34th Street, 22nd Floor, New York, NY 10120.

CHD-682656-4

## JURISDICTION AND BACKGROUND

1. This Court has jurisdiction pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper in this Court pursuant to 28 §§ 1408 and 1409.

2. On May 4, 2016 (the "Petition Date"), the above-captioned debtors (the "Debtors") filed voluntary petitions for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Southern New York (this "Court").

3. The Debtors are operating their businesses and managing their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

4. The Debtors' chapter 11 bankruptcy case are being jointly administered.

5. On May 4, 2016, the Debtors filed the DIP Motion. A first-day hearing was held on the DIP Motion that same day (the "First-Day Hearing").

6. On May 4, 2016, the Debtors also filed a first-day motion to sell assets and close 154 leased locations [Docket No. 10].

7. On May 6, 2016, this Court issued an Interim Order [Docket No. 99] (the "Interim Order") approving the DIP Motion in the interim and setting a final hearing on the DIP Motion.

8. Under the facts of this case, there is substantial concern that the Debtors are or will become administratively insolvent and unable to pay their obligations as they become due as required under Section 365(d)(3) of the Bankruptcy Code. See Objection of Prepetition Lenders and Supplier [Docket No. 53], ¶¶ 11 and 22.

Leases and Stub Rent Payments

9. CBL is the managing agent for the owners of real property at Sixty-Seven (67) locations in which the certain of the Debtors lease retail space pursuant to written leases (the "Leases").[2] A list of the relevant CBL Lease locations is attached hereto as Exhibit A.

10. Debtors have not paid amounts that come due under the Leases following the Petition Date, including, without limitation stub rent for May 2016 ("May 2016 Stub Rent") due under the Leases in the approximate amount of $833,500.00.

11. Based on testimony provided in connection with the Debtors' interim hearing to approve post-petition financing, Robert J. Duffy of FTI Consulting, Inc., the Debtors' expert, testified that the DIP Budget (as defined in the DIP Motion) does not provide payment for May 2016 Stub Rent until on or around the week of July 30, 2016, almost three months after the Petition Date. However, it is unclear whether the Debtors anticipate making the payment for the May 2016 Stub rent on or around July 30 or even later in the bankruptcy case. Attached hereto as Exhibit B is the Amended DIP Budget, attached as *Exhibit B* to the Declaration of Robert J. Duffy in Support of the DIP Motion [Docket No. 62].

## LAW AND ARGUMENT

12. It is well-established in the Bankruptcy Court for the Southern District of New York that, pursuant to Section 365(d)(3) of the Bankruptcy Code, stub rent for the month in which a Debtor files should be timely paid on a prorated basis. In re Stone Barn Manhattan LLC, 398 B.R. 359, 365 (Bankr. S.D.N.Y. 2008) (holding that proration is the proper approach to stub rent and the "only principle" that accomplishes the aims of §365(d)(3)); In re Ames Dep't Stores,

---

[2] The Leases and related documentation are voluminous, and therefore, have not been attached to this Objection. CBL will provide copies of the Leases and related documentation to the Court and parties in interest upon request.

3

Inc., 306 B.R. 43, 80 (Bankr. S.D.N.Y. 2004) (holding that proration of stub rent accomplishes "true legislative purpose and common sense").

13. Further, pursuant to Section 365(d)(3) of the Bankruptcy Code, stub rent must be paid immediately. In re Sweet N Sour 7th Ave. Corp., 431 B.R. 63, 69 (Bankr. S.D.N.Y. 2010) (requiring timely payment of stub rent); In re P.J. Clarke's Restaurant Corp., 265 B.R. 392, 397 (Bankr. S.D.N.Y. 2001), quoting In re Wingspread Corp., 116 B.R. 915, 926 (Bankr. S.D.N.Y. 1990) ("to hold otherwise would flout the intent of Congress. . . . ").

14. Contrary to this precedent in the Bankruptcy Court for the Southern District of New York, the Debtors' DIP Motion and DIP Budget, as confirmed by the testimony of its expert, does not provide for payment of May 2016 Stub Rent immediately in the month of the filing of this case, that is, May 2016. Rather, Debtors are attempting to improperly hold May 2016 Stub Rent for three months until no earlier than the last week of July, 2016. The Debtors' refusal to timely pay the May 2016 Stub rent is especially inappropriate in these cases where the Debtors' prepetition secured lender and second largest supplier have voiced their concerns that the bankruptcy estate is or may soon become administratively insolvent. See Objection of Prepetition Lenders and Supplier [Docket No. 53], ¶¶ 11 and 22.

15. The Debtors should not be permitted to force CBL to involuntarily make an interest-free three (3) month DIP loan in the amount of $833,000.00. Rather, the May 2016 Stub Rent should be paid immediately.

16. CBL reserves the right to supplement this Objection and to make such other objections as may be necessary or appropriate.

WHEREFORE, CBL respectfully requests that this Court enter an order (a) denying approval of the DIP Motion and the DIP Budget unless the Debtors agree to immediately pay all

4

amounts that come due under the Lease Agreement post-petition, including, without limitation, the May 2016 Stub Rent; and (b) granting such other and further relief as is right and just.

Dated: May 19, 2016

                Respectfully submitted,

                HUSCH BLACKWELL LLP

                */s/Marshall C. Turner*
                Marshall C. Turner
                190 Carondelet Plaza, Suite 600
                St. Louis, Missouri 63105
                Telephone: 314.480.1768
                Facsimile: 302480.1505
                Email:  marshall.turner@huschblackwell.com

                *Attorney for CBL & Associates Management, Inc.*

HUSCH BLACKWELL LLP

Marshall C. Turner
190 Carondelet Plaza, Suite 600
St. Louis, Missouri 63105
Telephone: 314.480.1768
Facsimile: 302480.1505
Email:  marshall.turner@huschblackwell.com

*Attorney for CBL & Associates Management, Inc.*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

--------------------------------------------------------x
| | | |
|---|---|---|
| **In re:** | : | **Chapter 11** |
| | : | |
| **AÉROPOSTALE, INC.,** *et al,* | : | **Case No. 16-11275 (SHL)** |
| | : | |
| | : | **Jointly Administered** |
| **Debtors.** | : | |
| | : | **Objection Deadline: March 24, 2016 at 4 p.m. (ET)** |
| | : | **Hearing Date:  June 2, 2016 at10:00 a.m. (ET)** |
| | : | |
| | : | **Related to Docket No.:   5, 99** |

--------------------------------------------------------x

## CERTIFICATE OF SERVICE

The undersigned certifies that on this 31st day of March, 2016, a true and exact copy of the foregoing Objection has been served by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt and via electronic mail to the parties listed below:

Ray C. Schrock
Jacqueline Marcus
Garrett A. Fail
Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, New York 10153
*Debtors' Counsel*

Albert Togut
Togut, Segal & Segal LLP
One Penn Plaza
Suite 3335
New York, New York 10119
*Debtors' Counsel*

Brian S. Masumoto
Office of the United States Trustee
33 Whitehall Street
21st Floor
New York, New York 10004

Robert J. Feinstein
Pachulski Stang Ziehl & Jones LLP
780 Third Avenue
34th Floor
New York, New York 100 17-2024
*Creditor Committee Counsel*

/s/ *Marshall C. Turner*
Marshall C. Turner