**Proposed Hearing Date: June 22, 2016 at 10:00 a.m. (prevailing Eastern Time)**
**Proposed Objection Deadline: June 21, 2016 at 4:00 p.m. (prevailing Eastern Time)**

| | |
|---|---|
| *Robert A. Britton* | *James A. Stempel (admitted pro hac vice)* |
| **KIRKLAND & ELLIS LLP** | *Robert B. Ellis, P.C. (admitted pro hac vice)* |
| **KIRKLAND & ELLIS INTERNATIONAL LLP** | *Stephen C. Hackney (admitted pro hac vice)* |
| 601 Lexington Avenue | **KIRKLAND & ELLIS LLP** |
| New York, New York 10022 | **KIRKLAND & ELLIS INTERNATIONAL LLP** |
| Telephone: (212) 446-4800 | 300 North LaSalle Street |
| Facsimile: (212) 446-4900 | Chicago, Illinois 60654 |
| | Telephone: (312) 862-2000 |
| | Facsimile: (312) 862-2200 |

*Counsel to the Term Loan Lenders*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Aéropostale, Inc., *et al.*,[1] | ) | Case No. 16-11275 (shl) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | |
| | ) | **RE: Docket No. 230** |
| | ) | |

**MOTION OF AERO INVESTORS LLC, MGF SOURCING HOLDINGS, LIMITED (F/K/A TSAM HOLDINGS, LIMITED) AND STEFAN KALUZNY FOR (1) RECONSIDERATION OF THE COURT'S *ORDER GRANTING DEBTORS' EX PARTE MOTION FOR ENTRY OF AN ORDER PURSUANT TO BANKRUPTCY RULE 2004, AUTHORIZING DISCOVERY EXAMINATIONS OF SYCAMORE PARTNERS, STEFAN KALUZNY, KENT KLEEBERGER, AND AERO INVESTORS LLC, AND GRANTING THE DEBTORS AUTHORITY TO ISSUE SUBPOENAS FOR THE PRODUCTION OF DOCUMENTS AND AUTHORIZING THE EXAMINATION OF PERSONS AND ENTITIES*; AND (2) PRE-TRIAL CONFERENCE PURSUANT TO BANKRUPTCY RULE 7016**

---

[1] The Debtors are the following entities (the last four digits of their respective taxpayer identification numbers, if any, follow in parentheses): Aéropostale, Inc. (3880), Aéropostale Procurement Company, Inc. (8518), Aéropostale West, Inc. (7013), Jimmy'Z Surf Co., LLC (0461), Aero GC Management LLC (4257), Aéropostale Puerto Rico, Inc. (6477), P.S. from Aéropostale, Inc. (5900), Aéropostale Licensing, Inc. (8124), PS Store Puerto Rico LLC (9715), GoJane LLC (4923), and Aéropostale Holdings, Inc. (7729). Aéropostale's United States headquarters is located at 112 West 34th Street, 22nd Floor, New York, New York 10120.

Aero Investors LLC ("Aero Investors"), MGF Sourcing Holdings, Limited (f/k/a TSAM Holdings, Limited) ("Holdings") and Stefan Kaluzny (collectively, the "Movants"), by and through the undersigned counsel, hereby file this motion requesting (1) reconsideration of the Court's *Order Granting Debtors' Ex Parte Motion for Entry of an Order Pursuant to Bankruptcy Rule 2004, Authorizing Discovery Examinations of Sycamore Partners, Stefan Kaluzny, Kent Kleeberger,[2] and Aero Investors LLC, and Granting the Debtors Authority to Issue Subpoenas for the Production of Documents and Authorizing the Examination of Persons and Entities* [Docket No. 230] (the "2004 Order"); and (2) a pre-trial conference pursuant Rule 7016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). In further support hereof, the Movants respectfully state as follows:

**Preliminary Statement**

1.  On June 2, 2016, the Court approved on an *ex parte* basis certain 2004 Discovery Requests propounded by the Debtors. *See* 2004 Order, Docket No. 230. Since that time, however, two important case developments took place. First, significant document and deposition discovery was conducted as part of the Debtors' request for final approval of its DIP Financing. Second, the objections of Aero Investors and Holdings (collectively, the "Term Lenders") to such DIP Financing were resolved pursuant to a settlement, the principle bargain of which was to advance the time period by which the Debtors must not only either confirm or plan or consummate a sale, but also resolve the Debtors' potential challenges to the Term Lenders' secured claims and right to credit bid.

2.  By this Motion, the Movants do not signal an intent to resist the 2004 Discovery. Instead, the purpose of this Motion is to request that the Court reconsider the 2004

---

[2] Mr. Kleeberger is not an affiliate or employee of Aero Investors, Holdings or any of their affiliates.

2

Discovery Requests in light of the intervening events described above so that they can be incorporated into an integrated case management plan that avoids duplication of effort and inefficiency while also protecting the interests of the Debtors and the Movants. Specifically, by this Motion, the Debtors request that the Court (a) extend the time allowed for them to respond to the 2004 Discovery (principally owing to the effort that went into preparing for the DIP Hearing); (b) confirm that the Debtors do not need to duplicate prior discovery efforts done pursuant to the DIP Hearing; and (c) hold a Rule 16 pre-trial conference on plan and sale related discovery as soon as convenient for the Court such that the 2004 Discovery topics can be folded into a comprehensive plan and sale related discovery schedule that will allow for the just, speedy, and efficient resolution of these cases.

## Jurisdiction

3.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

4.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

5.      The statutory predicates for the relief requested herein are section 105(a) of title 11 of the United States Code (the "Bankruptcy Code") and Bankruptcy Rules 7016, 9023 and 9024.

## Relief Requested

**A.      The Court Should Provide Movants with Limited Relief from the 2004 Order**

6.      Pursuant to section 105(a) of the Bankruptcy Code and Bankruptcy Rules 9023 and 9024, the Movants respectfully request that the Court reconsider and/or modify the 2004 Order to the extent indicated herein.

7.      Bankruptcy Rules 9023 and 9024, which incorporate Rules 59 and 60 of the Federal Rules of Civil Procedure, respectively, govern motions for reconsideration and/or

3

amendment of judgments and orders. *See* Fed. R. Bankr. P. 9023; Fed R. Bankr. P. 9024. A motion to alter or amend a judgment under Rule 59(e) must be grounded on (a) an intervening change in controlling law; (b) the availability of new evidence; or (c) the need to correct clear error of law or prevent manifest injustice. *See Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) (grounds for reconsideration of an order include the need to correct clear error of law or prevent manifest injustice); *Hollander v. Members of the Bd. of Regents of the Univ. of the State of N.Y.,* 524 Fed. Appx. 727, 729 (2d Cir. 2013) (same); *see also Fireman's Fund Ins. Co. v. Great Am. Ins. Co.*, 10 F.Supp.3d 460, 475 (S.D.N.Y. 2014) (motion to reconsider may be granted if "the moving party can point to controlling decisions or data that the court overlooked-matters, in other words that might reasonably be expected to alter the conclusion reached by the court") (citing *Goonan v. Fed. Reserve Bank of N.Y.,* No. 12 Civ. 3859 (JPO), 2013 WL 1386933, at *1 (S.D.N.Y. Apr. 5, 2013) (citations and quotations omitted)).

8.  Similarly, a motion for relief from a judgment or order under Rule 60 may be granted "for mistake, inadvertence, surprise, excusable neglect, newly-discovered evidence, fraud, misrepresentation, misconduct, where the order is void or has been satisfied, released or discharged or is no longer equitable, or for any other reason justifying relief from the order." *Crofford v. Conseco Fin. Serv. Corp. (In re Crofford)*, 277 B.R. 109, 113 (8th Cir. B.A.P. 2002). Bankruptcy courts have the power, under both Rule 60(b) of the Federal Rules of Civil Procedure and section 105(a) of the Bankruptcy Code, to reconsider, modify or vacate their own orders when the interests of justice requires. *In re G-I Holdings, Inc.*, 472 B.R. 263, 279-80 (Bankr. D.N.J. 2012) ("[a]t the outset, the Court acknowledges it has independent, discretionary authority to review, amend, correct, or clarify its own Opinion and other orders under its inherent equitable power.") (citing *Utica Leaseco, LLC v. GMI Land Co.,* 2011 WL 2458065, at *5 (W.D.

4

Pa. June 16, 2011) ("[b]ankruptcy courts generally have 'independent authority' to reconsider their own orders pursuant to Section 105."); *Maxwell Newspapers, Inc. v. The Travelers Indemnity Co. (In re Maxwell Newspapers, Inc.)*, 170 B.R. 549, 550 (S.D.N.Y. 1994) ("it is well settled that bankruptcy courts, as courts of equity, have the power to reconsider, modify, or vacate a previous order so long as no intervening rights have become vested in reliance on such order.").

9. The Court may reconsider the 2004 Order in accordance with Bankruptcy Rules 9023 and 9024, because the entire landscape of the cases has changed since the Court entered the 2004 Order on June 2, 2016 upon the Debtors' *ex parte* application [Docket No. 25] (the "2004 Application"). Specifically, as part of the settlement reached on June 10, 2016, the Debtors agreed to resolve any challenges to the Term Lenders' secured claims and/or right to credit bid before pursuing plan confirmation and before the deadline for bids and the auction contemplated by the Debtors' sale process. The settlement embodied in the Final DIP Order (as defined below) contemplates that in just over two months, the parties need to complete document production, depositions, expert reports and other pre-trial activities covering not only the broad topics (to the extent not already completed as part of the DIP financing process) listed in the 2004 Order, but also the panoply of issues (including valuation, feasibility and the best interest test, to name just a few) in connection with a potential plan of reorganization and/or bid procedures motion that the Debtors may not file until July 15 and August 1, respectively.

10. As a result, it would be manifestly unjust to allow the Debtors to pursue on a completely isolated track the discovery contemplated by the 2004 Application and 2004 Order, including depositions of the Term Lenders' personnel and Mr. Kaluzny, only to seek additional and likely overlapping discovery and repeat depositions in connection with a contested plan and

5

sale process from the same persons and entities. Moreover, proceeding with discovery pursuant to the 2004 Order without aligning it with the plan and sale discovery process unnecessarily forces the Movants to file their own parallel 2004 motions mirroring the 2004 Application and/or yields an entirely inequitable result of permitting the Debtors approximately 60 days of discovery benefits and only 30 days of discovery burdens, while the converse is true for the Movants.

11. Against this backdrop and in light of the recent settlement, the Movants propose a practical, balanced and efficient discovery schedule, specifically designed to (a) provide both sides fair opportunities to review responsive documents, depose relevant witnesses and exchange expert reports, (b) avoid, to the extent possible, requiring witnesses to sit for multiple and potentially duplicative depositions, and (c) afford the Court the opportunity to digest the materials if contested hearings must proceed starting August 22, 2016. The Movants' proposed discovery protocol is as follows:

| Proposed Discovery Schedule | |
| --- | --- |
| *Date* | *Milestone* |
| June 20 | Parties submit written discovery requests[3] |
| July 1 | Movants and their affiliates respond to 2004 discovery and begin rolling production |
| July 7 | Movants and their affiliates complete 2004 document production |
| July 11 | Parties respond to non-2004 written discovery requests |
| July 18 | Parties complete document production |
| July 18 | Parties exchange witness lists |
| July 25–August 5 | Parties conduct fact depositions |
| August 8 | Debtors submit expert reports |

---

[3] These discovery requests would encompass the 2004 Order topics as well as plan and sale related matters. The Debtors would not be required to produce documents until after the July 15 deadline to file their plan and disclosure statement. Requiring discovery requests and document production activities prior to the plan filing deadline should not prejudice either side, as the parties are represented by able counsel and financial advisors who should be able to anticipate the likely issues they will confront at a contested confirmation hearing.

6

| | |
|---|---|
| August 15 | Term Lenders submit expert reports |
| August 19 | Deadline to complete expert discovery |
| August 19 | Pre-trial conference |
| August 22–23 | Trial |

12.     Yesterday, the Movants' proposed this protocol to the Debtors and started the process of narrowing the open issues. Because the 2004 Order was entered on June 2 and a discovery protocol is necessary to ensure a fair and efficient process, out of an abundance of caution, the Movants are compelled to file this Motion to obtain limited relief from the 2004 Order pursuant to Bankruptcy Rules 9023 and 9024 and seek a pre-trial conference pursuant to Bankruptcy Rule 7016. The Movants will continue to participate in good faith to attempt to resolve open issues in the discovery process between themselves and the Debtors.

13.     The Movants' proposed schedule seeks to modify the 2004 Order in only two limited respects. First, it moves the document production deadline from June 23 to July 7 with the Movants committing to start production on a rolling basis by July 1. As the Court knows, the Debtors and Movants were engaged in substantial expedited discovery activities from June 2, the date the Court entered the 2004 Order, through and including the June 10 hearing on the Final DIP Order. Under the Movants' proposed protocol, the Movants would begin a rolling production starting July 1 and propose to complete the production by July 7. The Movants do not believe this short delay prejudices the Debtors with respect to their investigation of alleged theories to equitably subordinate or otherwise challenge the Term Lenders' secured claims.

14.     Second, the Movants ask this Court to modify the 2004 Order to avoid duplicative document production and deposition testimony already completed in connection with discovery related to the hearing on the Final DIP Order. For example, the Debtors' discovery request 8 seeks production of all documents and communications between or among the Movants and L&F

7

concerning the Debtors. The Movants have already produced these documents and the Debtors took a 30(b)(6) deposition from the Term Lenders on this topic. Similarly, discovery requests 6, 9 and 10 all ostensibly seek documents and communications between the Movants and Bank of America, the Debtors' prepetition ABL lender. These requests appear to go to the Debtors' theory that the Movants somehow inappropriately coerced Bank of America into taking actions or not taking actions (including refusing to consent to the Debtors' current DIP financing). The Movants have already provided the Debtors with documents and a 30(b)(6) deposition covering the intercreditor consent issue and a prepetition amendment to Bank of America's loan documents. The Movants do not believe it is appropriate to duplicate that discovery.

B.    **The Court Should Hold a Pre-Trial Conference to Establish an Efficient Discovery Protocol Resolving the Issues**

15.    Bankruptcy Rule 7016 incorporates Rule 16 of the Federal Rules of Civil Procedure. Under Rule 16, the Court "may consider and take appropriate action" on a list of specified matters, including controlling and scheduling discovery, adopting special procedures for managing potentially difficult or protracted actions that may involve complex issues and multiple parties, and facilitating in other ways the just, speedy, and inexpensive disposition of the action. F.R.C.P. 16(c)(2)(F), (L) and (P). The Movants and the Debtors are all grappling with important issues relating to the amount, timing and potential duplication of depositions, document discovery, and expert discovery as they ultimately prepare for possible contested hearings beginning (at the latest) August 22, 2016 covering the Debtors' alleged challenges to the Term Lenders' secured claims and right to credit bid, the Debtors' contemplated plan of reorganization and the Debtors' separate sale process. The Movants therefore propose that the Court hold a pre-trial conference as soon as possible to resolve the unresolved issues between the Debtors and the Movants without further discovery-related motion practice or litigation. This is

8

especially relevant here, because 2004 Order currently requires the Term Lenders to produce documents by June 23, 2016.

16. The primary objective of pre-trial status conferences is to "develop an initial plan for the 'just, speed, and inexpensive' determination of the litigation." Manual on Complex Litigation ("MCL"), § 11.211. Section 11.33 of the MCL speaks to the method by which a court can identify, define, and resolve issues at the outset of the case in order to guide both discovery and trial, including by holding a pre-trial conference. (Id., § 11.33). The benefit of a status conference would be significant in this case. The Debtors and the Movants both know that there are disputes and pending and likely near-term supplemental discovery relating to (a) the Debtors' allegations and threats to challenge the Term Lenders' secured claims and right to credit bid; (b) any plan of reorganization to be filed by the Debtors in these cases; and (c) the sale process the Debtors are currently conducting in these cases. Rather than moving forward with discovery in accordance with the 2004 Order, only to potentially repeat discovery on certain issues in connection with the plan and sale processes and leave only a compressed 30-day period for plan and sale related discovery as the parties prepare for trial, the Movants submit that it would be more efficient to conduct a status conference where the Court, the Debtors and the Movants can establish a practical discovery protocol for the next two months as the Debtors seek to essentially complete these cases.

17. Consistent with the requirements of the *Final Order Pursuant to 11 U.S.C. §§ 105, 361, 362, 363, and 364 and Rules 2002, 4001, and 9014 of the Federal Rules of Bankruptcy Procedure (I) Authorizing Incurrence by the Debtors of Postpetition Secured Indebtedness, (II) Granting Liens, (III) Authorizing Use of Cash Collateral by the Debtors and Providing for Adequate Protection, and (IV) Modifying the Automatic Stay* [Docket No. 298] (the "Final DIP

Order") , the Movants have proposed (and will continue to negotiate) in good faith a practical, even-handed and equitable discovery protocol for the issues that are set for hearings starting on or before August 22, 2016. Nonetheless, given upcoming deadlines pursuant to the 2004 Order, the Movants are compelled to request a Rule 16 conference with the Court to resolve the current discovery issues as expeditiously as possible.

18.  For all of these reasons, the Movants respectfully submit that the Court should modify the 2004 Order as outlined in this Motion pursuant to Bankruptcy Rules 9023 and 9024 and approve a discovery protocol consistent with Movants' proposed schedule pursuant to Bankruptcy Rule 7016. In so doing, this Court would be prescribing a discovery process that will allow each of the parties adequate time to properly review and produce (or object to producing) documents and avoid duplicate document requests and depositions in these cases.

*[Remainder of page intentionally left blank.]*

## CONCLUSION

WHEREFORE, for the reasons set forth herein, the Movants respectfully request that the Court grant the relief requested herein and such other and further relief as the Court deems just and proper.

Dated: June 16, 2016          Respectfully Submitted,
      New York, New York

                                          /s/          *Robert A. Britton*
                                          Robert A. Britton
                                          **KIRKLAND & ELLIS LLP**
                                          **KIRKLAND & ELLIS INTERNATIONAL LLP**
                                          601 Lexington Avenue
                                          New York, New York 10022
                                          Telephone:     (212) 446-4800
                                          Facsimile:       (212) 446-4900
                                          Email:              robert.britton@kirkland.com

                                          - and -

                                          James A. Stempel (admitted *pro hac vice*)
                                          Robert B. Ellis, P.C. (admitted *pro hac vice*)
                                          Stephen C. Hackney (admitted *pro hac vice*)
                                          **KIRKLAND & ELLIS LLP**
                                          **KIRKLAND & ELLIS INTERNATIONAL LLP**
                                          300 North LaSalle
                                          Chicago, Illinois 60654
                                          Telephone:     (312) 862-2000
                                          Facsimile:       (312) 862-2200
                                          Email:              jstempel@kirkland.com
                                                                 rellis@kirkland.com
                                                                  stephen.hackney@kirkland.com