**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------x
                            :

| | | |
|---|---|---|
| In re | : | **Chapter 11** |
| | : | |
| **AÉROPOSTALE, INC.,** *et al.*, | : | **Case No. 16-11275 (SHL)** |
| | : | |
| **Debtors.**[1] | : | **Jointly Administered** |
| | : | |

---------------------------------------------------------x

## SCHEDULE OF ASSETS AND LIABILITIES FOR
## AEROPOSTALE WEST, INC. (CASE NO. 16-11277)

---

[1] The Debtors in these chapter 11 cases and the last four digits of each Debtor's federal tax identification number, as applicable, are as follows:  Aéropostale, Inc. (3880); Aéropostale West, Inc. (7013); Jimmy'Z Surf Co., LLC (0461); Aero GC Management LLC (4257); Aeropostale Procurement Company, Inc. (8518); Aeropostale Licensing, Inc. (8124); P.S. from Aeropostale, Inc. (5900); GoJane LLC (4923); Aeropostale Canada Corp. (N/A); Aeropostale Holdings, Inc. (7729); and Aeropostale Puerto Rico, Inc. (6477).  The Debtors' corporate headquarters is located at 112 West 34th Street, 22nd Floor, New York, NY 10120.

## GLOBAL NOTES AND STATEMENTS OF LIMITATIONS, METHODOLOGY, AND DISCLAIMERS REGARDING THE DEBTORS' SCHEDULES OF ASSETS AND LIABILITIES AND STATEMENTS OF FINANCIAL AFFAIRS

Aéropostale, Inc. ("*Aéropostale*") and certain of its subsidiaries, as debtors and debtors in possession (collectively, the "*Debtors*"), are filing their respective Schedules of Assets and Liabilities (each, a "*Schedule*," and collectively, the "*Schedules*") and Statement of Financial Affairs (each, a "*Statement*" or "*SOFA*" and collectively, the "*Statements*" or "*SOFAs*") in the Bankruptcy Court for the Southern District of New York (the "*Bankruptcy Court*") pursuant to section 521 of title 11 of the United States Code (the "*Bankruptcy Code*") and Rule 1007 of the Federal Rules of Bankruptcy Procedure (the "*Bankruptcy Rules*").

These Global Notes and Statements of Limitations, Methodology, and Disclaimer Regarding the Debtors' Schedules and Statements (collectively, the "*Global Notes*") pertain to, and are incorporated by reference in, and comprise and integral part of all of the Schedules and Statements. The Global Notes are in addition to the specific notes set forth below with respect to the Schedules and Statements (the "*Specific Notes*," and, together with the Global Notes, the "*Notes*"). These Notes should be referred to, and referenced in connection with, any review of the Schedules and Statements.

The Debtors' management prepared the Schedules and Statements with the assistance of their advisors and other professionals. The Schedules and Statements are unaudited and subject to potential adjustment. In preparing the Schedules and Statements, the Debtors relied on financial data derived from their books and records that was available at the time of preparation. The Debtors' management team and advisors have made reasonable efforts to ensure that the Schedules and Statements are as accurate and complete as possible under the circumstances; however, subsequent information or discovery may result in material changes to the Schedules and Statements and errors or omissions may exist. Notwithstanding any such discovery, new information, or errors or omissions, the Debtors do not undertake any obligation or commitment to update the Schedules and Statements.

The Debtors reserve all rights to amend or supplement the Schedules and Statements from time to time, in all respects, as may be necessary or appropriate, including the right to dispute or otherwise assert offsets or defenses to any claim reflected on the Schedules and Statements as to amount, liability, classification, identity of debtor, or to otherwise subsequently designate any claim as "disputed," "contingent," or "unliquidated." Furthermore, nothing contained in the Schedules, Statements, or Notes shall constitute a waiver of any of the Debtors' rights or an admission with respect to their chapter 11 cases, including any issues involving objections to claims, substantive consolidation, equitable subordination, defenses, characterization or re-characterization of contracts and leases, assumption or rejection of contracts and leases under the provisions of chapter 3 of the Bankruptcy Code, causes of action arising under the provisions of chapter 5 of the Bankruptcy Code, or any other relevant applicable laws to recover assets or avoid transfers.

**The Schedules, Statements, and Notes should not be relied upon by any persons for information relating to current or future financial conditions, events, or performance of any of the Debtors or their affiliates.**

1.    **Description of the Cases**.  On May 4, 2016 (the "*Commencement Date*"), each of the Debtors commenced a voluntary case under chapter 11 of the Bankruptcy Code.  The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  On May 4, 2016, the Bankruptcy Court entered an order authorizing the joint administration of these cases pursuant to Bankruptcy Rule 1015(b).  On May 11, 2016, the United States Trustee for Region 2 (the "*U.S. Trustee*") appointed an official committee of unsecured creditors pursuant to section 1102(a)(1) of the Bankruptcy Code (the "*Creditors' Committee*").

2.    **Basis of Presentation**.  For financial reporting purposes, the Debtors generally prepare consolidated financial statements, which include information for Aéropostale and its debtor affiliates.  The Schedules and Statements are unaudited and reflect the Debtors' reasonable efforts to report certain financial information of each Debtor on an unconsolidated basis.  These Schedules and Statements neither purport to represent financial statements prepared in accordance with Generally Accepted Accounting Principles in the United States ("*GAAP*"), nor are they intended to be fully reconciled with the financial statements of each Debtor.

The Debtors attempted to attribute the assets and liabilities, certain required financial information, and various cash disbursements to the particular Debtor entity.  However, because the Debtors' accounting systems, policies, and practices were developed for consolidated reporting purposes, rather than reporting by legal entity, it is possible that not all assets and liabilities have been recorded with the correct legal entity on the Schedules and Statements.  Accordingly, the Debtors reserve all rights to supplement and amend the Schedules and Statements in this regard.

Given, among other things, the uncertainty surrounding the valuation of certain assets and liabilities, a Debtor may report more assets than liabilities.  Such report shall not constitute an admission that such Debtor was solvent on the Commencement Date or at any time before or after the Commencement Date.  Likewise, a Debtor's reporting more liabilities than assets shall not constitute an admission that such Debtor was insolvent at the Commencement Date or any time before or after the Commencement Date.

3.    **Reporting Date**.  Unless otherwise noted on the specific responses, the Schedules and Statements generally reflect the Debtors' books and records as of the close of business on May 3, 2016.  The Debtors completed a normal fiscal period close on April 30, 2016 (the "*Reporting Date*").  The reported asset values align with the asset values as of May 3, 2016 to the extent possible, although certain asset categories are valued as of the Reporting Date and the liability values are as of

May 3, 2016, adjusted for authorized payments under the First Day Orders (as defined below).

4.    **Current Values**.  The assets and liabilities of each Debtor are listed on the basis of the book value of the asset or liability in the respective Debtor's accounting books and records.  Unless otherwise noted, the carrying value on the Debtor's books, rather than the current market value, is reflected in the Schedules and Statements.

5.    **Confidentiality**.  There may be instances where certain information was not included or redacted due to the nature of an agreement between a Debtor and a third party, concerns about the confidential or commercially sensitive nature of certain information, or to protect the privacy of an individual.  The omissions and redactions are limited to only what is necessary to protect the Debtor or a third party and will provide interested parties with sufficient information to discern the nature of the listing.

6.    **Consolidated Entity Accounts Payable and Disbursement Systems**.  As described in the Cash Management Motion,[1] the Debtors utilize an integrated, centralized cash management system, in the ordinary course of business, to collect, concentrate, and disburse funds generated by their operations (the "***Cash Management System***").  The Debtors maintain a consolidated accounts payable and disbursements system to pay operating and administrative expenses through disbursement accounts.

In the ordinary course of business, the Debtors maintain business relationships among each other, which result in intercompany receivables and payables (the "***Intercompany Claims***") arising from intercompany transactions (the "***Intercompany Transactions***").  As set forth more fully in the Cash Management Motion, the primary Intercompany Transactions giving rise to Intercompany Claims are cash receipts activities, disbursement activities, inventory purchases, and expense allocations.  Historically, Intercompany Claims are not settled by actual transfers of cash among the Debtors.  Instead, the Debtors track all Intercompany Transactions in their accounting system, which concurrently are recorded on the applicable Debtors' balance sheets.  The Debtors' accounting system requires that all general-ledger entries be balanced at the legal-entity level.  Unless otherwise noted, the Debtors have reported the aggregate net intercompany balances among the Debtors as assets on Schedule A/B or as liabilities on Schedule E/F, as appropriate.

---

[1] *Motion of Debtors Pursuant to 11 U.S.C. §§ 105(a), 363, 364, 503, and 507 for Interim and Final Authority to (i) Continue Using Existing Cash Management System, Bank Accounts, and Business Forms, (ii) Implement Changes to the Cash Management System in the Ordinary Course of Business, (iii) Continue Intercompany Transactions, (iv) Provide Administrative Expense Priority for Postpetition Intercompany Claims and for Related Relief* [ECF No. 7] (the "**Cash Management Motion**").

7.      **Accuracy**.  The financial information disclosed herein was not prepared in accordance with federal or state securities laws or other applicable non-bankruptcy law or in lieu of complying with any periodic reporting requirements thereunder.  Persons and entities trading in or otherwise purchasing, selling, or transferring the claims against or equity interests in the Debtors should evaluate this financial information in light of the purposes for which it was prepared.  The Debtors are not liable for and undertake no responsibility to indicate variations from securities laws or for any evaluations of the Debtors based on this financial information or any other information.

8.      **Net Book Value of Assets**.  In many instances, current market valuations are not maintained by or readily available to the Debtors.  It would be prohibitively expensive, unduly burdensome, and an inefficient use of estate resources for the Debtors to obtain current market valuations for all assets.  As such, wherever possible net book values as of the Reporting Date are presented for all assets other than cash, cash equivalents, inventory and FF&E.  Net book value for cash, cash equivalents, inventory and FF&E are generally presented as of May 3, 2016.  When necessary, the Debtors have indicated that the value of certain assets is "Unknown" or "Undetermined."  Amounts ultimately realized may vary materially from net book value (or other value so ascribed).  Accordingly, the Debtors reserve all rights to amend, supplement, and adjust the asset values set forth in the Schedules and Statements.  As applicable, fixed assets and leasehold improvement assets that fully have been depreciated or amortized, or were expensed for GAAP accounting purposes, have no net book value, and, therefore, are not included in the Schedules and Statements.

9.      **Currency**.  All amounts shown in the Schedules and Statements are in U.S. Dollars, unless otherwise indicated.

10.     **Payment of Prepetition Claims Pursuant to First Day Orders**.  Within the first two days of the Debtors' chapter 11 cases, the Bankruptcy Court entered orders (the "*First-Day Orders*") authorizing, but not directing, the Debtors to, among other things, pay certain prepetition (a) service fees and charges assessed by the Debtors' banks and debit and credit card companies; (b) claims of shippers, warehousemen, and miscellaneous lien claimants; (c) certain insurance obligations; (d) obligations to "critical vendors;" (e) customer programs obligations; (f) employee wages, salaries, and related items, including employee benefit programs; and (g) taxes and assessments.  Where the Schedules and Statements list creditors and set forth the Debtors' scheduled amounts attributable to such claims, such schedules amounts reflect balances owed as of the Commencement Date.  To the extent any adjustments are necessary for any payments made on account of such claims following the commencement of these chapter 11 cases pursuant to the authority granted to the Debtors by the Bankruptcy Court under the First Day Orders, such adjustments have been included in the Schedules and Statements unless otherwise noted on the applicable Schedule or Statement.  The Debtors reserve the right to update the

4

Schedules and Statements to reflect payments made pursuant to the First-Day Orders.

11.    **Other Paid Claims**.  To the extent the Debtors have reached any postpetition settlement with a vendor or other creditor, the terms of such settlement will prevail, supersede amounts listed in the Debtors' Schedules and Statements, and shall be enforceable by all parties, subject to Bankruptcy Court approval.  To the extent the Debtors pay any of the claims listed in the Schedules and Statements pursuant to any orders entered by the Bankruptcy Court, the Debtors reserve all rights to amend and supplement the Schedules and Statements and take other action, such as filing claims objections, as is necessary and appropriate to avoid overpayment or duplicate payment for such liabilities.

12.    **Setoffs**.  The Debtors routinely incur certain setoffs from customers and suppliers in the ordinary course of business.  Setoffs in the ordinary course can result from various items including, but not limited to, intercompany transactions, pricing discrepancies, customer programs, returns, promotional funding, and other disputes between the Debtors and their customers and/or suppliers.  These routine setoffs are consistent with the ordinary course of business in the Debtors' industry, and, therefore, can be particularly voluminous, unduly burdensome, and costly for the Debtors to regularly document.  Therefore, although such setoffs and other similar rights may have been accounted for when scheduling certain amounts, these ordinary course setoffs are not independently accounted for, and, as such, are excluded from the Debtors' Schedules and Statements.  Any setoff of a prepetition debt to be applied against the Debtors is subject to the automatic stay and must comply with section 553 of the Bankruptcy Code.

13.    **Inventory**.  Inventories are valued at cost on the company balance sheet using the average cost method.  Inventory reserves and adjustments are based on calculations of a sample store physical inventory results, product-mix adjustments, and other inventory reserves on the Debtors' books and records.  As such, individual inventory balances reported include inventory reserves.

14.    **Property, plant and equipment**.  Store furniture and fixtures and leasehold improvements are amortized over the lesser of their estimated useful lives or the remaining available lease terms, up to a maximum life of 10 years.  Computer equipment is amortized over their estimated useful lives, up to a maximum life of 5 years.  The inventories, property and equipment listed in these Schedules are presented without consideration of any mechanics' or other liens.

15.    **Debtors' Reservation of Rights**.  Nothing contained in the Schedules, Statements, or Notes shall constitute a waiver of rights with respect to these chapter 11 cases, including, but not limited to, the following:

a.    Any failure to designate a claim listed on the Debtors' Schedules and Statements as "disputed," "contingent," or "unliquidated" does not constitute an admission by the Debtors that such amount is not "disputed,"

"contingent," or "unliquidated." The Debtors reserve the right to dispute and to assert setoff rights, counterclaims, and defenses to any claim reflected on its Schedules as to amount, liability, and classification, and to otherwise subsequently designate any claim as "disputed," "contingent," or "unliquidated."

b.      The listing of a claim (a) on Schedule D as "secured," (b) on Schedule E/F (Part 1) as "priority," (c) on Schedule E/F (Part 2) as "unsecured," or (d) listing a contract or lease on Schedule G as "executory" or "unexpired" does not constitute an admission by the Debtors of the legal rights of the claimant, or a waiver of the Debtors' rights to recharacterize or reclassify such claim or contract pursuant to a schedule amendment, claim objection or otherwise. Moreover, although the Debtors may have scheduled claims of various creditors as secured claims for informational purposes, no current valuation of the Debtors' assets in which such creditors may have a security interest has been undertaken. Except as provided in an order of the Court, the Debtors reserve all rights to dispute and challenge the secured nature or amount of any such creditor's claims or the characterization of the structure of any transaction, or any document or instrument related to such creditor's claim.

c.      In the ordinary course of their business, the Debtors may lease equipment from certain third-party lessors for use in the daily operation of its business. Any such leases are set forth in Schedule G and any current amount due under such leases that were outstanding as of the Petition Date is listed on Schedule E/F. The property subject to any of such leases is not reflected in Schedule A/B as either owned property or assets of the Debtors nor is such property or assets of third parties within the control of the Debtors. Nothing in the Schedules is or shall be construed as an admission or determination as to the legal status of any lease (including whether any lease is a true lease or a financing arrangement), and the Debtors reserve all rights with respect to any of such issues, including the recharacterization thereof.

d.      The claims of individual creditors for, among other things, goods, products, services or taxes are listed as the amounts entered on the Debtors' books and records and may not reflect credits, allowances or other adjustments due from such creditors to the Debtors. The Debtors reserve all of their rights with regard to such credits, allowances and other adjustments, including the right to assert claims objections and/or setoffs with respect to the same.

e.      The Debtors' businesses are part of a complex enterprise. Although the Debtors have exercised their reasonable efforts to ensure the accuracy of their Schedules and Statements, they nevertheless may contain errors and omissions. The Debtors hereby reserve all of their rights to dispute the validity, status, and enforceability of any contracts, agreements, and leases

set forth on the Debtors' Schedules and Statements, and to amend and supplement the Schedules and Statements as necessary.

f.    The Debtors further reserve all of their rights, claims, and causes of action with respect to the contracts and agreements listed on the Schedules and Statements, including, but not limited to, the right to dispute and challenge the characterization or the structure of any transaction, document, and instrument related to a creditor's claim.

g.    The Debtors exercised their reasonable efforts to locate and identify guarantees and other secondary liability claims (the "***Guarantees***") in their executory contracts, unexpired leases, secured financings, debt instruments, and other agreements. Where such Guarantees have been identified, they are included in the relevant Schedules and Statements. Guarantees embedded in the Debtors' executory contracts, unexpired leases, secured financings, debt instruments, and other agreements inadvertently may have been omitted. Thus, the Debtors reserve their rights to amend and supplement the Schedules and Statements to the extent that additional Guarantees are identified. In addition, the Debtors reserve the right to amend the Schedules and Statements to re-characterize and reclassify any such contract or claim.

h.    Listing a contract or lease on the Debtors' Schedules and Statements shall not be deemed an admission that such contract is an executory contract, such lease is an unexpired lease, or that either necessarily is a binding, valid, and enforceable contract. The Debtors hereby expressly reserve the right to assert that any contract listed on the Debtors' Schedules and Statements does not constitute an executory contract within the meaning of section 365 of the Bankruptcy Code, as well as the right to assert that any lease so listed does not constitute an unexpired lease within the meaning of section 365 of the Bankruptcy Code.

i.    In the past two years, the Debtors operated through certain entities that were subsequently dissolved prior to the Commencement Date. No revenue, assets or liabilities associated with these entities have been reported in the Debtors' Schedules or Statements.

16.    **Global Notes Control**. In the event that the Schedules or Statements differ from any of the foregoing Global Notes, the Global Notes shall control.

**Specific Notes with Respect to the Debtors' Schedules of Assets and Liabilities**

1.    **Schedule A/B**.

a.    **A/B.3**.  As set forth more fully in the Cash Management Motion, the Debtors fund their operations through a series of disbursement accounts. The Debtors maintain certain of these disbursement accounts as zero-balance accounts, and, therefore, such accounts do not carry a cash balance at the close of each business day.  The values assigned to the Debtors' interest in these accounts are net of any disbursements made therefrom as of the close of business on the Reporting Date.  Accordingly, due to the timing of account reconciliations and the flow of funds in the Debtors' Cash Management System, the values assigned to the Debtors' interest in these accounts may be listed as negative dollar amounts.

b.    **A/B.10-12**.  The Debtors' accounts receivable information includes receivables from the Debtors' customers or other parties, which are calculated net of any amounts that, as of the Reporting Date, may be owed to such customers or parties in the form of offsets or other price adjustments pursuant to the Debtors' customer programs and day-to-day operations or may, in the Debtors' opinion, be difficult to collect from such parties due to the passage of time or other circumstances.

c.    **A/B.18-26.**  Schedule A/B items 18-26 identifies the estimated value of the Debtors' inventories.  The Debtors have estimated an amount of lost or damaged inventory and deducted such amount from their inventory balance.

d.    **A/B.63, 67**.  Certain of the Debtors have customer information from gift card programs and credit card and online sales, which information includes personally identifiable information.  The Debtors do not sell or actively maintain these lists, but maintain certain records in the ordinary course of business.  Due to the need to protect confidential information and individual privacy, the Debtors have not furnished any customer lists on their Schedules.

e.    **A/B.70-76.**  Despite exercising their reasonable efforts to identify all known assets, the Debtors may not have listed all of their causes of action or potential causes of action against third parties as assets in their Schedules including, but not limited to, avoidance actions arising under chapter 5 of the Bankruptcy Code and actions under other relevant non-bankruptcy laws to recover assets.  Unless otherwise noted on specific responses, items reported on Schedule A/B are reported from the Debtors' book and records as of the Commencement Date.  The Debtors reserve all of their rights with respect to any claims and causes of action they may have.  Neither these Notes nor the Schedules shall be deemed a waiver of

any such claims or causes of action or to prejudice or impair the assertion thereof in any way.

    f.    **A/B. 77**.  Certain prepaid or amortized assets are listed on Schedule A/B, Item 77 in accordance with the Debtors' books and records.  These amounts do not necessarily reflect assets the Debtors will be able to collect or realize.

2.    **Schedule D**.  The claims listed on Schedule D, as well as the guarantees of those claims listed on Schedule H, arose and were incurred on various dates; a determination of the date upon which each claim arose or was incurred would be unduly burdensome and cost prohibitive.  Accordingly, not all such dates are included for each claim.  To the best of the Debtors' knowledge, all claims listed on Schedule D arose or were incurred before the Commencement Date.  The amounts in Schedule D are consistent with the Debtors' stipulations set forth in the *Final Order Pursuant to 11 U.S.C. §§ 105, 361, 362, 363, and 364 and Rules 2002, 4001, and 9014 of the Federal Rules of Bankruptcy Procedure (i) Authorizing Incurrence by the Debtors of Postpetition Secured Indebtedness, (ii) Granting Liens, (iii) Authorizing Use of Cash Collateral by the Debtors and Providing for Adequate Protection, and (iv) Modifying the Automatic Stay* [ECF No. 298] (the "**DIP Order**"), which are subject to investigation and challenge by the Creditors' Committee or other parties in interest, all as more fully set forth in the DIP Order.

Except as otherwise agreement or stated pursuant to a stipulation, agreed order, or general order entered by the Bankruptcy Court that is or becomes final, including the DIP Order, the Debtors and their estates reserve their right to dispute and challenge the validity, perfection, or immunity from avoidance of any lien purported to be granted or perfected in any specific asset to a creditor listed on Schedule D of any Debtor and, subject to the foregoing limitations, note as follows: (a) although the Debtors may have scheduled claims of various creditors as secured claims for informational purposes, no current valuation of the Debtors' assets in which such creditors may have a lien has been undertaken; (b) the Debtors have included the results of UCC lien searches performed prior to the Commencement Date (the reporting of such results, however, shall not be deemed an admission as to the validity or existence of any such lien); (c) the Debtors reserve all rights to dispute and challenge the secured nature of any creditor's claim or the characterization of the structure of any such transaction or any document or instrument related to such creditor's claim; and (d) the descriptions provided on Schedule D only are intended to be a summary.  Reference to the applicable loan agreements and related documents is necessary for a complete description of the collateral and the nature, extent, and priority of any liens.

Detailed descriptions of the Debtors' prepetition debt structure and descriptions of collateral relating to the debt contained on Schedule D are contained in the *Declaration of David J. Dick Pursuant to Rule 1007-2 of the Local Bankruptcy Rules for the Southern District of New York* [ECF No. 4] (the "**First Day**

9

*Declaration*"). As described in the First Day Declaration, the priority of the Debtors' prepetition secured debt is set forth in that certain intercreditor agreement, dated as of May 23, 2014 (the "***Intercreditor Agreement***"). The Intercreditor Agreement was superseded, in part, pursuant to the DIP Order. Please see the DIP Order for additional detail.

Except as specifically stated herein, real property lessors, equipment lessors, utility companies, and other parties which may hold security deposits or other security interests have not been listed on Schedule D. The Debtors have not listed on Schedule D any parties whose claims may be secured through rights of setoff, deposits, or advance payments posted by, or on behalf of, the Debtors, or judgment or statutory lien rights.

3. **Schedule E/F**

a. **(Part 1)**. The claims listed on Schedule E/F (Part 1) arose and were incurred on various dates; a determination of the date upon which each claim arose or was incurred would be unduly burdensome and cost prohibitive. Accordingly, not all such dates are included for each claim. To the best of the Debtors' knowledge, all claims listed on Schedule E/F arose or were incurred before the Commencement Date.

The Debtors have not listed any tax, wage, or wage-related obligations which the Debtors have paid pursuant to First-Day Orders on Schedule E/F. The Debtors reserve the right to dispute or challenge whether creditors listed on Schedule E/F are entitled to priority claims.

Claims owing to various taxing authorities to which the Debtors potentially may be liable are included on the Debtors' Schedule E/F. Certain of such claims, however, may be subject to ongoing audits and/or the Debtors otherwise are unable to determine with certainty the amount of the remaining claims listed on Schedule E/F. Therefore, the Debtors have listed all such claims as unliquidated, pending final resolution of ongoing audits or other outstanding issues.

The Debtors reserve the right to assert that any claim listed on Schedule E/F does not constitute a priority claim under the Bankruptcy Code.

b. **(Part 2)**. The Debtors have exercised their reasonable efforts to list all liabilities on Schedule E/F of each applicable Debtor. As a result of the Debtors' consolidated operations, however, the reader should review Schedule E/F for all Debtors in these cases for a complete understanding of the unsecured debts of the Debtors. Certain creditors listed on Schedule E/F may owe amounts to the Debtors, and, as such, the Debtors may have valid setoff and recoupment rights with respect to such amounts. The amounts listed on Schedule E/F may not reflect any such right of setoff or recoupment, and the Debtors reserve all rights to assert the same and to

dispute and challenge any setoff and/or recoupment rights that may be asserted against the Debtors by a creditor. Additionally, certain creditors may assert mechanic's, materialman's, or other similar liens against the Debtors for amounts listed on Schedule E/F. The Debtors reserve their rights to dispute and challenge the validity, perfection, and immunity from avoidance of any lien purported to be perfected by a creditor listed on Schedule E/F of any Debtor. In addition, certain claims listed on Schedule E/F (Part 2) may be entitled to priority under 11 U.S.C. § 503(b)(9).

The Debtors have made reasonable efforts to include all unsecured creditors on Schedule E/F including, but not limited to, trade creditors, occupancy creditors, consultants, and other service providers; however, the Debtors believe that there are instances where creditors have yet to provide proper invoices for prepetition goods or services. While the Debtors maintain general accruals to account for these liabilities in accordance with GAAP, these amounts are estimates and have not been included on Schedule E/F.

Schedule E/F also contains information regarding pending litigation involving the Debtors. In certain instances, the relevant Debtor that is the subject of the litigation is unclear or undetermined. To the extent that litigation involving a particular Debtor has been identified, however, such information is included on that Debtor's Schedule E/F. The amounts for these potential claims are listed as undetermined and marked as contingent, unliquidated, and disputed in the Schedules.

Schedule E/F includes the aggregate net intercompany payable amounts that may or may not result in allowed or enforceable claims by or against a given Debtor, and listing these payables is not an admission on the part of the Debtors that the Intercompany Claims are enforceable or collectable. The intercompany payables also may be subject to set off, recoupment, netting, or other adjustments made pursuant to intercompany policies and arrangements not reflected in the Schedules.

Schedule E/F does not include certain balances including deferred liabilities, accruals, or general reserves. Such amounts are, however, reflected on the Debtors' books and records as required in accordance with GAAP. Such accruals primarily represent general estimates of liabilities and do not represent specific claims as of the Commencement Date. The Debtors have made reasonable efforts to include as contingent, unliquidated and/or disputed the claim of any party not included on the Debtors' open accounts payable that is associated with an account that has accrual or receipt not invoiced.

The claims of individual creditors may not reflect credits and/or allowances due from creditors to the applicable Debtor. The Debtors reserve all of their rights with respect to any such credits and/or

allowances, including the right to assert objections and/or setoffs or recoupments with respect to same.

The Bankruptcy Court has authorized the Debtors to pay, in their discretion, certain non-priority unsecured claims, pursuant to the First-Day Orders. To the extent practicable, each Debtor's Schedule E/F is intended to reflect the balance as of May 3, 2016, adjusted for postpetition payments of some or all of the Court-approved payments. Each Debtor's Schedule E/F will reflect some of the Debtor's payments of certain claims pursuant to these orders, and, to the extent an unsecured claim has been paid or may be paid, it is possible such claim is not included on Schedule E/F. Certain Debtors may pay additional claims listed on Schedule E/F during these Chapter 11 cases pursuant to these and other orders of the Bankruptcy Court and the Debtors reserve all of their rights to update Schedule E/F to reflect such payments or to modify the claims register to account for the satisfaction of such claim. Additionally, Schedule E/F does not include potential rejection damage claims, if any, of the counterparties to executory contracts and unexpired leases that have been, or may be, rejected.

4.     **Schedule G**. Although reasonable efforts have been made to ensure the accuracy of Schedule G regarding executory contracts and unexpired leases (collectively, the "*Agreements*"), review is ongoing and inadvertent errors, omissions or over-inclusion may have occurred. The Debtors may have entered into various other types of Agreements in the ordinary course of their businesses, such as indemnity agreements, supplemental agreements, amendments/letter agreements, and confidentiality agreements which may not be set forth in Schedule G. In addition, as described herein, certain confidential information has been omitted or redacted.

The Debtors have not listed short-term purchase and sales orders because of their large number and transitory nature. Omission of a contract or agreement from Schedule G does not constitute an admission that such omitted contract or agreement is not an executory contract or unexpired lease. Schedule G may be amended at any time to add any omitted Agreements. Likewise, the listing of an Agreement on Schedule G does not constitute an admission that such Agreement is an executory contract or unexpired lease or that such Agreement was in effect on the Petition Date or is valid or enforceable. The Agreements listed on Schedule G may have expired or may have been modified, amended, or supplemented from time to time by various amendments, restatements, waivers, estoppel certificates, letter and other documents, instruments and agreements which may not be listed on Schedule G. Executory agreements that are oral in nature have not been included in Schedule G.

Any and all of the Debtors' rights, claims and causes of action with respect to the Agreements listed on Schedule G are hereby reserved and preserved, and as such, the Debtors hereby reserve all of their rights to (i) dispute the validity, status, or enforceability of any Agreements set forth on Schedule G, (ii) dispute or

challenge the characterization of the structure of any transaction, or any document or instrument related to a creditor's claim, including, but not limited to, the Agreements listed on Schedule G and (iii) to amend or supplement such Schedule as necessary.

Certain of the Agreements listed on Schedule G may have been entered into on behalf of more than one of the Debtors.  Additionally, the specific Debtor obligor(s) to certain of the Agreements could not be specifically ascertained in every circumstance.  In such cases, the Debtors have made reasonable efforts to identify the correct Debtors' Schedule G on which to list the agreement and, where a contract party remained uncertain, such Agreements may have been listed on a different Debtor's Schedule G.

5.  **Schedule H**.  The debtors are party to various debt agreements which were executed by multiple Debtors and other domestic subsidiaries.  The obligations of guarantors under prepetition, secured credit agreements are noted on Schedule H for each individual debtor.  In the ordinary course of their businesses, the Debtors are involved in pending or threatened litigation and claims arising out of the conduct of their businesses.  Some of these matters may involve multiple plaintiffs and defendants, some or all of whom may assert cross-claims and counter-claims against other parties.  Because such claims are listed on each Debtor's Schedule E/F and SOFA 7, as applicable, they have not been set forth individually on Schedule H.  Further, the Debtors may not have identified certain guarantees that are embedded in the Debtors' executory contracts, unexpired leases, secured financings, debt instruments and other such agreements.  No claim set forth on the Schedules and Statements of any Debtor is intended to acknowledge claims of creditors that are otherwise satisfied or discharged by other Debtors or non-Debtors.  To the extent there are guarantees connected with any joint ventures to which the Debtors may be a party, such agreements are not identified in the Debtors' Schedules.  The Debtors reserve all of their rights to amend the Schedules to the extent that additional guarantees are identified or such guarantees are discovered to have expired or be unenforceable.

**Specific Notes With Respect to the Debtors' Statements of Financial Affairs**

1.   **SOFA 1**.  The income stated in the Debtors' response to SOFA 1 is consistent
     with the consolidated sales disclosed in compliance with GAAP.   The Debtors
     did not make specific adjustments to sales to account for certain nuances such as
     vendor allowances that may result in incremental cash receipts, but are recognized
     as reductions to cost of goods sold.

     The Debtors' fiscal year ends on the last Saturday in January:

     FY 2014: Comprised of 52 weeks ending January 31, 2015, consisting of four 13-
     week periods.

     FY 2015: Comprised of 52 weeks ending January 30, 2016, consisting of four 13-
     week periods.

     FY 2016: Comprised of 52 weeks ending January 28, 2017, consisting of four 13-
     week periods.  This amount includes income in the 13-weeks ending April 30,
     2016.

2.   **SOFA 3**.  The obligations of the Debtors are primarily paid by and through
     Aéropostale, notwithstanding the fact that certain obligations may be obligations
     of one or more of the affiliated debtors.  Certain negative amounts may appear in
     the Debtors' response to SOFA 3 as a result of allocating consolidated payments
     to the appropriate Debtor that may have incorporated ordinary course credits or
     offsets available to the Debtor at the time of payment.

     The payments disclosed in SOFA 3 are based on payments made by the Debtors
     with payment dates from February 4, 2016 to May 4, 2016.  The actual dates that
     cash cleared the Debtors' bank accounts were not considered.  The Debtors'
     accounts payable system does not include the corresponding payment clear dates
     and compiling this data would have required a significant manual review of
     individual bank statements.  It is expected, however, that many payments included
     in SOFA 3 have payment clear dates that are the same as payment dates (e.g.,
     wires and other forms of electronic payments).

     The response to SOFA 3 excludes disbursements or transfers in SOFA 9, SOFA
     11 and payments made relating to certain employee obligations including medical
     expenses.

     Amounts still owed to creditors will appear on the Schedules of Assets and
     Liabilities for each of the Debtors.

3.   **SOFA 4**.  For purposes of the Schedules and Statements, the Debtors define
     insiders as individuals that, based upon the totality of circumstances, have a
     controlling interest in, or exercise sufficient control over the respective Debtor so
     as to unqualifiably dictate corporate policy and the disposition of assets.  The
     Debtors do not take any position with respect to (i) such person's influence over

the control of the Debtors; (ii) the management responsibilities or functions of such individual; (iii) the decision-making or corporate authority of such individual; or (iv) whether such individual could successfully argue that he or she is not an "insider" under applicable law, including the federal securities law, or with respect to any theories of liability or any other purposes.  As such, the Debtors reserve all rights to dispute whether someone identified in response to SOFA 4 is in fact an "insider" as defined in section 101(13) of the Bankruptcy Code.  For more information regarding each Debtor's officers and directors, see SOFA 28 and SOFA 29.

The payroll-related amounts shown in response to this question for any salary, bonus or additional compensation, and/or severance payments are gross amounts that do not include reductions for amounts including employee tax or benefit withholdings.

In the ordinary course of business, certain corporate or personal credit cards utilized by an insider are used to pay for travel and business-related expenses for various other individuals employed by the Debtors.  As it would be unduly burdensome for the Debtors to analyze which credit card expenses related to those incurred on behalf of an insider as opposed to another employee (or the Debtors), the Debtors have listed the aggregate amount paid for such expenses.

Amounts still owed to creditors will appear on the Schedules of Assets and Liabilities for each of the Debtors.

4.     **SOFA 5**.  The operating Debtors occasionally return damaged, unsatisfactory or out of specification goods to vendors in the ordinary course of business.  Other than ordinary course items, the Debtors are not aware of any property that has been returned to the seller.

5.     **SOFA 6**.  The Debtors accept payment in their various locations in the form of credit cards.  As a result of the relationship with the credit card processing companies, the Debtors are involved in setoff transactions every day.  Further, the Debtors' relationships with their vendors require setoffs on regular cycles (weekly and monthly).  Documentation of these setoff transactions for the 90 days prior to the Commencement Date would be onerous and unwieldy.  Consequently, the Debtors have not attempted to report this information on these Statements.

The operating Debtors engage in certain customer programs, including return and refund programs pursuant to which customers may receive credits.  Such transactions were not considered setoffs for the purpose of responding to SOFA 6, although the Debtors reserve all rights with respect thereto and make no admission of waiver thereby.

6.     **SOFA 7**.  The actions described in response to SOFA 7 are the responsive proceedings or pending proceedings of which the Debtors are aware.  The actions

described in SOFA 7 include patent infringement, employee matters, and personal injury suits.

The Debtors reserve all of their rights and defenses with respect to any and all listed lawsuits and administrative proceedings. The listing of any such suits and proceedings shall not constitute an admission by the Debtors of any liabilities or that the actions or proceedings were correctly filed against the Debtors or any affiliates of the Debtors. The Debtors also reserve their rights to assert that neither the Debtors nor any affiliate of the Debtors is an appropriate party to such actions or proceedings. Further, the Debtors own property in numerous jurisdictions and in the ordinary course of business have disputed property valuations/tax assessments. The Debtors have not listed such disputes on SOFA 7.

7.    **SOFA 9**. The donations and/or charitable contributions listed in response to SOFA 9 represent payments made to third parties during the applicable timeframe that were recorded as such within the Debtors' books and records.

8.    **SOFA 10**. The losses listed may exclude those incurred in the ordinary course of business or those where the amount is *de minimis*. Amounts listed may include the value of property or estimated claim amounts for shrinkage and damage, as well as other amounts.

9.    **SOFA 11**. All payments for services of any entities who provided consultation concerning debt counseling or restructuring services, relief under the Bankruptcy Code or preparation of a petition in bankruptcy within one year immediately preceding the Commencement Date were made by Aéropostale, Inc. and are, therefore, listed on that Debtor's response to SOFA 11. Additional information regarding the Debtors' retention of professional service firms is more fully described in the individual retention applications for those firms and related orders.

10.   **SOFA 13**. The Debtors may, from time to time and in the ordinary course of business, transfer equipment and other assets and/or sell certain equipment and other assets to third parties. These types of ordinary course transfers have not been disclosed in SOFA 13.

To the extent that the Debtors vacated store locations during the three years immediately preceding the Commencement Date, information on these former store locations is contained in the Debtors' response to SOFA 14. As part of the store closure process, the Debtors may sell equipment, hardware and other assets with value to interested parties such as the landlord and/or third party liquidators. The Debtors may also abandon assets in place at the locations for which they have no future use or have been unable to sell to a third party. Certain *de minimis* transfers of assets resulting from such actions may not have been captured in the Debtors' response to SOFA 13.

11.    **SOFA 21**.  In the ordinary course of business, the Debtors' retail locations
contain various equipment and items owned by others including, but not limited
to, copy machines and computer hardware.  Additionally, the Debtors may utilize
leased property in their ordinary course of business.  Therefore, the Debtors may
hold property subject to leases listed on the Debtors' Schedule G.

12.    **SOFA 25**.  The Debtors have used their reasonable efforts to identify the
beginning and ending dates of all businesses in which the Debtors were a partner
or owned five percent or more of the voting or equity securities within the six
years immediately preceding the Commencement Date.  In certain instances,
however, the dissolution dates of certain entities that are no longer in existence
were not readily available and, therefore, are not included in SOFA 25.  All such
entities were either merged with other entities owned by the Debtors or were
dissolved prior to the Commencement Date.

13.    **SOFA 26(d)**.  The Debtors provided financial statements in the ordinary course of
business to certain parties for business, statutory, credit, financing and other
reasons.  Recipients have included regulatory agencies, financial institutions,
investment banks, debtholders, and their legal and financial advisors.  Financial
statements have also been provided to other parties as requested.

14.    **SOFA 29**.  Disclosures relate specifically to terminated job titles or positions and
are not indicative of the individuals' current employment status with the Debtors.

15.    **SOFA 30**.  Any and all known disbursements to insiders of the Debtors, as
defined above, have been listed in the response to SOFA 4.  The items listed
under SOFA 30 incorporate by reference any items listed under SOFA 4, and vice
versa.

**Fill in this information to identify the case:**

Debtor name    **Aéropostale West, Inc.**

United States Bankruptcy Court for the:    SOUTHERN DISTRICT OF NEW YORK

Case number (if known)    **16-11277**

☐ Check if this is an amended filing

## Official Form 206Sum
## Summary of Assets and Liabilities for Non-Individuals                12/15

| Part 1: | Summary of Assets |
|---|---|

1.  ***Schedule A/B: Assets-Real and Personal Property*** (Official Form 206A/B)

    **1a. Real property:**
    Copy line 88 from *Schedule A/B*.......................................................................................    $    **0.00**

    **1b. Total personal property:**
    Copy line 91A from *Schedule A/B*...................................................................................    $   **1,748,764,396.26**

    **1c. Total of all property:**
    Copy line 92 from *Schedule A/B*......................................................................................    $   **1,748,764,396.26**

| Part 2: | Summary of Liabilities |
|---|---|

2.  ***Schedule D: Creditors Who Have Claims Secured by Property*** (Official Form 206D)
    Copy the total dollar amount listed in Column A, *Amount of claim,* from line 3 of *Schedule D*....................................    $    **0.00**

3.  ***Schedule E/F: Creditors Who Have Unsecured Claims*** (Official Form 206E/F)

    **3a. Total claim amounts of priority unsecured claims:**
    Copy the total claims from Part 1 from line 5a of *Schedule E/F*...........................................................    $    **70,250.31**

    **3b. Total amount of claims of nonpriority amount of unsecured claims:**
    Copy the total of the amount of claims from Part 2 from line 5b of *Schedule E/F*...............................................    +$   **1,203,068,023.27**

4.  **Total liabilities** ..............................................................................................................
    Lines 2 + 3a + 3b    $   **1,203,138,273.58**

| Fill in this information to identify the case: | |
|---|---|
| Debtor name | **Aéropostale West, Inc.** |
| United States Bankruptcy Court for the: | SOUTHERN DISTRICT OF NEW YORK |
| Case number (if known) | **16-11277** |

☐ Check if this is an amended filing

## Official Form 206A/B
# Schedule A/B: Assets - Real and Personal Property
**12/15**

Disclose all property, real and personal, which the debtor owns or in which the debtor has any other legal, equitable, or future interest. Include all property in which the debtor holds rights and powers exercisable for the debtor's own benefit. Also include assets and properties which have no book value, such as fully depreciated assets or assets that were not capitalized. In Schedule A/B, list any executory contracts or unexpired leases. Also list them on *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G).

Be as complete and accurate as possible. If more space is needed, attach a separate sheet to this form. At the top of any pages added, write the debtor's name and case number (if known). Also identify the form and line number to which the additional information applies. If an additional sheet is attached, include the amounts from the attachment in the total for the pertinent part.

For Part 1 through Part 11, list each asset under the appropriate category or attach separate supporting schedules, such as a fixed asset schedule or depreciation schedule, that gives the details for each asset in a particular category. List each asset only once. In valuing the debtor's interest, do not deduct the value of secured claims. See the instructions to understand the terms used in this form.

| Part 1: | Cash and cash equivalents |
|---|---|

1. **Does the debtor have any cash or cash equivalents?**

☐ No. Go to Part 2.
☑ Yes Fill in the information below.

| All cash or cash equivalents owned or controlled by the debtor | Current value of debtor's interest |
|---|---|

3. **Checking, savings, money market, or financial brokerage accounts** *(Identify all)*
Name of institution (bank or brokerage firm)    Type of account    Last 4 digits of account number

| 3.1. | **See Schedule A/B: Part 1, Question 3 attachment** | | | $1,435,158.42 |
|---|---|---|---|---|

4. **Other cash equivalents** *(Identify all)*

| 4.1. | **Imprest fund at Stores** | $192,270.00 |
|---|---|---|

5. **Total of Part 1.**
Add lines 2 through 4 (including amounts on any additional sheets). Copy the total to line 80.

| $1,627,428.42 |
|---|

| Part 2: | Deposits and Prepayments |
|---|---|

6. **Does the debtor have any deposits or prepayments?**

☐ No. Go to Part 3.
☑ Yes Fill in the information below.

7. **Deposits, including security deposits and utility deposits**
Description, including name of holder of deposit

| 7.1. | **See Schedule A/B: Part 2, Question 7 attachment** | $25,328.65 |
|---|---|---|

8. **Prepayments, including prepayments on executory contracts, leases, insurance, taxes, and rent**
Description, including name of holder of prepayment

Debtor   **Aéropostale West, Inc.**                         Case number *(If known)* **16-11277**
_____
Name

| 8.1. | **Prepaid Rent** | **$2,115,068.55** |

---

9. **Total of Part 2.**                                                  **$2,140,397.20**
   Add lines 7 through 8. Copy the total to line 81.

**Part 3:   Accounts receivable**

10. **Does the debtor have any accounts receivable?**

☐ No.  Go to Part 4.
■ Yes Fill in the information below.

11. **Accounts receivable**

    11a. 90 days old or less:   **1,699,834,756.00**   -   **0.00**   = ....   **$1,699,834,756.00**
                                _face amount_            _doubtful or uncollectible accounts_

---

12. **Total of Part 3.**                                                  **$1,699,834,756.00**
    Current value on lines 11a + 11b = line 12.  Copy the total to line 82.

**Part 4:   Investments**

13. **Does the debtor own any investments?**

☐ No.  Go to Part 5.
■ Yes Fill in the information below.

| | **Valuation method used for current value** | **Current value of debtor's interest** |

14. **Mutual funds or publicly traded stocks not included in Part 1**
    Name of fund or stock:

15. **Non-publicly traded stock and interests in incorporated and unincorporated businesses, including any interest in an LLC, partnership, or joint venture**
    Name of entity:                           % of ownership

| 15.1. | **Aeropostale Procurement Co., Inc.** | **100.00** % | **N/A** | **$23,144,719.00** |

---

16. **Government bonds, corporate bonds, and other negotiable and non-negotiable instruments not included in Part 1**
    Describe:

17. **Total of Part 4.**                                                  **$23,144,719.00**
    Add lines 14 through 16.  Copy the total to line 83.

**Part 5:   Inventory, excluding agriculture assets**

18. **Does the debtor own any inventory (excluding agriculture assets)?**

☐ No.  Go to Part 6.
■ Yes Fill in the information below.

| **General description** | **Date of the last physical inventory** | **Net book value of debtor's interest** (Where available) | **Valuation method used for current value** | **Current value of debtor's interest** |

19. **Raw materials**

| Debtor | **Aéropostale West, Inc.** | Case number *(If known)* **16-11277** |
|--------|---------------------------|---------------------------------------|
| | Name | |

**20.**    **Work in progress**

**21.**    **Finished goods, including goods held for resale**

| Inventory | January 2016 | $18,023,705.00 | Average Cost LCM | $18,023,705.00 |
|-----------|--------------|----------------|------------------|----------------|

**22.**    **Other inventory or supplies**

**23.**    **Total of Part 5.**
       Add lines 19 through 22.  Copy the total to line 84.

| | $18,023,705.00 |
|---|---|

**24.**    **Is any of the property listed in Part 5 perishable?**
      ■ No
      ☐ Yes

**25.**    **Has any of the property listed in Part 5 been purchased within 20 days before the bankruptcy was filed?**
      ■ No
      ☐ Yes. Book value _____ Valuation method _____ Current Value _____

**26.**    **Has any of the property listed in Part 5 been appraised by a professional within the last year?**
      ■ No
      ☐ Yes

**Part 6:**    **Farming and fishing-related assets (other than titled motor vehicles and land)**

**27. Does the debtor own or lease any farming and fishing-related assets (other than titled motor vehicles and land)?**

     ■ No. Go to Part 7.
     ☐ Yes Fill in the information below.

**Part 7:**    **Office furniture, fixtures, and equipment; and collectibles**

**38. Does the debtor own or lease any office furniture, fixtures, equipment, or collectibles?**

     ☐ No. Go to Part 8.
     ■ Yes Fill in the information below.

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---------------------|-------------------------------------------------------|-----------------------------------------|-------------------------------------|
| **39.**   **Office furniture** | | | |
| **40.**   **Office fixtures** <br> **Office Fixtures** | $3,201,316.87 | Recent cost | $3,201,316.87 |
| **41.**   **Office equipment, including all computer equipment and communication systems equipment and software** <br> **Office Equipment** | $792,073.77 | Recent cost | $792,073.77 |
| **42.**   **Collectibles** *Examples*: Antiques and figurines; paintings, prints, or other artwork; books, pictures, or other art objects; china and crystal; stamp, coin, or baseball card collections; other collections, memorabilia, or collectibles | | | |

**43.**    **Total of Part 7.**
       Add lines 39 through 42.  Copy the total to line 86.

| | $3,993,390.64 |
|---|---|

**44.**    **Is a depreciation schedule available for any of the property listed in Part 7?**
      ☐ No

Debtor    **Aéropostale West, Inc.**                                    Case number *(If known)*  **16-11277**
_____
Name

■ Yes

45.    **Has any of the property listed in Part 7 been appraised by a professional within the last year?**
☐ No
■ Yes

| Part 8: | **Machinery, equipment, and vehicles** |
|---|---|

46. **Does the debtor own or lease any machinery, equipment, or vehicles?**

■ No.  Go to Part 9.
☐ Yes Fill in the information below.

| Part 9: | **Real property** |
|---|---|

54. **Does the debtor own or lease any real property?**

■ No.  Go to Part 10.
☐ Yes Fill in the information below.

| Part 10: | **Intangibles and intellectual property** |
|---|---|

59. **Does the debtor have any interests in intangibles or intellectual property?**

☐ No.  Go to Part 11.
■ Yes Fill in the information below.

| | General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|
| 60. | **Patents, copyrights, trademarks, and trade secrets** **See Schedule A/B: Part 10, Question 60 Attachment** | **Unknown** | | **Unknown** |
| 61. | **Internet domain names and websites** | | | |
| 62. | **Licenses, franchises, and royalties** | | | |
| 63. | **Customer lists, mailing lists, or other compilations** | | | |
| 64. | **Other intangibles, or intellectual property** | | | |
| 65. | **Goodwill** | | | |

66.    **Total of Part 10.**                                                                 **$0.00**
_____
Add lines 60 through 65. Copy the total to line 89.

67.    **Do your lists or records include personally identifiable information of customers** (as defined in 11 U.S.C.§§ 101(41A) and 107**?**
■ No
☐ Yes

68.    **Is there an amortization or other similar schedule available for any of the property listed in Part 10?**
■ No
☐ Yes

69.    **Has any of the property listed in Part 10 been appraised by a professional within the last year?**
■ No
☐ Yes

| Part 11: | **All other assets** |
|---|---|

| Debtor | **Aéropostale West, Inc.** | Case number *(If known)* | **16-11277** |
|---|---|---|---|
| | Name | | |

70. **Does the debtor own any other assets that have not yet been reported on this form?**
   Include all interests in executory contracts and unexpired leases not previously reported on this form.

   ■ No.  Go to Part 12.
   ☐ Yes Fill in the information below.

Debtor     **Aéropostale West, Inc.**                                    Case number *(If known)* **16-11277**
_____
        Name

| Part 12: | Summary |
|---|---|

**In Part 12 copy all of the totals from the earlier parts of the form**

| Type of property | Current value of personal property | Current value of real property |
|---|---|---|
| 80. **Cash, cash equivalents, and financial assets.** *Copy line 5, Part 1* | $1,627,428.42 | |
| 81. **Deposits and prepayments.** *Copy line 9, Part 2.* | $2,140,397.20 | |
| 82. **Accounts receivable.** *Copy line 12, Part 3.* | $1,699,834,756.00 | |
| 83. **Investments.** *Copy line 17, Part 4.* | $23,144,719.00 | |
| 84. **Inventory.** *Copy line 23, Part 5.* | $18,023,705.00 | |
| 85. **Farming and fishing-related assets.** *Copy line 33, Part 6.* | $0.00 | |
| 86. **Office furniture, fixtures, and equipment; and collectibles.** *Copy line 43, Part 7.* | $3,993,390.64 | |
| 87. **Machinery, equipment, and vehicles.** *Copy line 51, Part 8.* | $0.00 | |
| 88. **Real property.** *Copy line 56, Part 9*......................................................> | | $0.00 |
| 89. **Intangibles and intellectual property.** *Copy line 66, Part 10.* | $0.00 | |
| 90. **All other assets.** *Copy line 78, Part 11.* | + $0.00 | |
| 91. **Total.** Add lines 80 through 90 for each column | $1,748,764,396.26 | + 91b. $0.00 |
| 92. **Total of all property on Schedule A/B.** Add lines 91a+91b=92 | | $1,748,764,396.26 |

In re Aéropostale West, Inc.
Case No. 16-11277
Schedule A/B: Part 1, Question 3 - Checking, savings, money market, or financial brokerage account

| Name of Institution | Type of Account | Account Number | Amount as of Petition |
|---|---|---|---|
| American Savings Bank | Depository Acct | ******8787 | $27,801.73 |
| Bank of Colorado | Depository Acct | ******0864 | $17,714.45 |
| Bank of Hawaii | Depository Acct | ******9519 | $12,647.84 |
| Bank of Hawaii | Depository Acct | ******9500 | $18,241.99 |
| Bank of the West | Depository Acct | ******1387 | $12,766.29 |
| BOA West Store Consolidated | Depository Acct | ******2358 | $534,776.32 |
| Citibank | Depository Acct | *****8483 | $36,408.42 |
| Citibank | Depository Acct | *****2859 | $47,019.69 |
| Columbia Bank | Depository Acct | ******3020 | $2,799.52 |
| First Bank of Colorado | Depository Acct | ******1323 | $17,731.18 |
| First Interstate | Depository Acct | ******6359 | $4,727.21 |
| First Interstate | Depository Acct | ******6353 | $9,982.01 |
| First National Bank of Colorado | Depository Acct | *****1617 | $35,377.51 |
| JP Morgan Chase | Depository Acct | *****8851 | $2,381.92 |
| JP Morgan Chase | Depository Acct | *****6682 | $8,507.64 |
| JP Morgan Chase | Depository Acct | *****0265 | $14,610.74 |
| JP Morgan Chase | Depository Acct | *****9479 | $23,824.98 |
| JP Morgan Chase | Depository Acct | *****3242 | $25,827.37 |
| JP Morgan Chase | Depository Acct | ******1778 | $26,696.23 |
| JP Morgan Chase | Depository Acct | ******3538 | $29,188.37 |
| JP Morgan Chase | Depository Acct | *****9550 | $31,575.94 |
| JP Morgan Chase | Depository Acct | *****3253 | $31,595.21 |
| JP Morgan Chase (combo #3353) | Depository Acct | *****5361 | $51,869.12 |
| JP Morgan Chase (combo #3383) | Depository Acct | *****0708 | $47,608.99 |
| Key Bank | Depository Acct | ********7483 | $6,520.35 |
| Key Bank | Depository Acct | ********5661 | $9,702.63 |
| Key Bank | Depository Acct | ********6252 | $18,558.34 |
| Tri Counties Bank | Depository Acct | *****6746 | $11,348.39 |
| UMB | Depository Acct | ******2697 | $27,493.36 |
| Union Bank of California | Depository Acct | ******8442 | $29,827.35 |
| US Bank West Consolidated | Depository Acct | ********9638 | $238,263.92 |
| Washington Federal | Depository Acct | ******0368 | $21,763.41 |
| | | **Total:** | **$1,435,158.42** |

In re Aeropostale West, Inc.
Case No. 16-11277
Schedule A/B: Part 2, Question 7 - Deposits, including security deposits and utility deposits

| Payee | Account Number | Description of Deposit | Amount as of Petition |
|---|---|---|---|
| Cascade Natural Gas | 465083145 | GAS / ELECTRIC | $295.00 |
| City Of Loveland Water and Power | 109872-40088 | WATER | $100.00 |
| District Water Power | 50610069 | ELECTRIC | $3,300.00 |
| Nevada Department Of Taxation (Store 735 deposit for sales tax) | | Sales Tax | $11,250.00 |
| NV Energy | 3000213977010920000 | GAS / ELECTRIC | $1,145.00 |
| NV Energy | 3000213977017240000 | ELECTRIC | $2,285.00 |
| Puget Elec | 305-630-531-5 | GAS / ELECTRIC | $1,458.00 |
| Southern Edison California | 2268831468 | GAS / ELECTRIC | $1,400.00 |
| The Gas Company | 190-141-8581-3 | Gas | $50.00 |
| UniSourceEnergy | 5492853624 | ELECTRIC | $4,000.00 |
| WI | | GAS / ELECTRIC | $45.65 |
| | | Total: | $25,328.65 |

**Trademarks**

| | Trademark | Status | Appl. No. | Appl. Date | Reg. No. | Reg. Date | Owner |
|---|---|---|---|---|---|---|---|
| 45. | | | | | | | |
| 46. | | | | | | | |
| 47. | | | | | | | |
| 48. | | | | | | | |
| 49. | | | | | | | |
| 50. | | | | | | | |
| 51. | | | | | | | |
| 52. | | | | | | | |
| 53. | | | | | | | |
| 54. | JIMMY'Z | Registered | 73/565,650 | 23-Oct-1985 | 1411390 | 30-Sep-1986 | Aeropostale West, Inc. |
| 55. | JIMMY'Z | Registered | 73/672,609 | 17-Jul-1987 | 1490256 | 31-May-1988 | Aeropostale West, Inc. |
| 56. | JIMMY'Z | Registered | 78/566,750 | 14-Feb-2005 | 3240506 | 08-May-2007 | Aeropostale West, Inc. |
| 57. | JIMMY'Z | Registered | 78/690,060 | 10-Aug-2005 | 3170960 | 14-Nov-2006 | Aeropostale West, Inc. |

| | Trademark | Status | Appl. No. | Appl. Date | Reg. No. | Reg. Date | Owner |
|---|---|---|---|---|---|---|---|
| 58. | JIMMY'Z | Registered | 78/690,065 | 10-Aug-2005 | 3170961 | 14-Nov-2006 | Aeropostale West, Inc. |
| 59. | JIMMY'Z | Registered | 78/690,075 | 10-Aug-2005 | 3299252 | 25-Sep-2007 | Aeropostale West, Inc. |
| 60. | JIMMY'Z | Registered | 78/977,516 | 09-Sep-2003 | 3160988 | 17-Oct-2006 | Aeropostale West, Inc. |
| 61. | JIMMY'Z | Registered | 77/123,172 | 06-Mar-2007 | 3447587 | 17-Jun-2008 | Aeropostale West, Inc. |
| 62. | JIMMY'Z | Registered | 85/982,067 | 29-Apr-2011 | 4594167 | 29-Apr-2011 | Aeropostale West, Inc. |
| 63. | | | | | | | |
| 64. | | | | | | | |
| 65. | | | | | | | |
| 66. | | | | | | | |
| 67. | | | | | | | |
| 68. | | | | | | | |
| 69. | | | | | | | |
| 70. | | | | | | | |

| | Trademark | Status | Appl. No. | Appl. Date | Reg. No. | Reg. Date | Owner |
|---|---|---|---|---|---|---|---|
| 89. | | | | | | | |
| 90. | | | | | | | |
| 91. | | | | | | | |
| 92. | WOODY CAR DESIGN  | Registered | 85/308,597 | 29-Apr-2011 | 4184146 | 31-Jul-2012 | Aeropostale West, Inc. |
| 93. | WOODY CAR DESIGN (REAR VIEW)  | Registered | 78/605,132 | 08-Apr-2005 | 3262442 | 10-Jul-2007 | Aeropostale West, Inc. |
| 94. | WOODY CAR DESIGN SIDE VIEW  | Registered | 78/976,863 | 08-Apr-2005 | 3146955 | 19-Sep-2006 | Aeropostale West, Inc. |
| | | | | | | | |

### US STATE/PUERTO RICO TRADEMARK REGISTRATIONS AND APPLICATIONS

| Trademark | Status | Jurisdiction | Registration Number | Registration Date | Owner |
|---|---|---|---|---|---|
| Design Only | RENEWED FL | U.S. STATE FLORIDA | T05000000906 | 14-JUL-2005 | AEROPOSTALE WEST, INC. |
| Design Only | RENEWED AZ | U.S. STATE ARIZONA | 49822 | 26-AUG-2005 | AEROPOSTALE WEST, INC. |
| Design Only | RENEWED OR | U.S. STATE OREGON | 38558 | 14-JUN-2005 | AEROPOSTALE WEST, INC. |
| Design Only | RENEWED CA | U.S. STATE CALIFORNIA | 110964 | 10-JUN-2005 | AEROPOSTALE WEST, INC. |
| Design Only | RENEWED CT | U.S. STATE CONNECTICUT | 22375 | 09-JUN-2005 | AEROPOSTALE WEST, INC. |
| Design Only | RENEWED NY | U.S. STATE NEW YORK | R30625 | 09-JUN-2005 | AEROPOSTALE WEST, INC. |
| Design Only | RENEWED CO | U.S. STATE COLORADO | 20051220460 | 03-JUN-2005 | AEROPOSTALE WEST, INC. |
| Design Only | RENEWED WA | U.S. STATE WASHINGTON | 33151 | 03-JUN-2005 | AEROPOSTALE WEST, INC. |
| Design Only | REGISTERED NJ | U.S. STATE NEW JERSEY | 22033 | 06-JAN-2005 | AEROPOSTALE WEST, INC. |
| Design Only | REGISTERED NJ | U.S. STATE NEW JERSEY | 22034 | 06-JAN-2005 | AEROPOSTALE WEST, INC. |
| Design Only | RENEWED FL | U.S. STATE FLORIDA | T04000001652 | 28-DEC-2004 | AEROPOSTALE WEST, INC. |

17

| Trademark | Status | Jurisdiction | Registration Number | Registration Date | Owner |
|---|---|---|---|---|---|
| Design Only | RENEWED FL | U.S. STATE FLORIDA | T04000001653 | 28-DEC-2004 | AEROPOSTALE WEST, INC. |
|  Design Only | RENEWED CA | U.S. STATE CALIFORNIA | 110583 | 15-DEC-2004 | AEROPOSTALE WEST, INC. |
|  Design Only | RENEWED CA | U.S. STATE CALIFORNIA | 110584 | 15-DEC-2004 | AEROPOSTALE WEST, INC. |
| Design Only | REGISTERED CT | U.S. STATE CONNECTICUT | 22221 | 30-NOV-2004 | AEROPOSTALE WEST, INC. |
|  Design Only | RENEWED CO | U.S. STATE COLORADO | 20041410856 | 30-NOV-2004 | AEROPOSTALE WEST, INC. |
|  Design Only | RENEWED OR | U.S. STATE OREGON | 38132 | 30-NOV-2004 | AEROPOSTALE WEST, INC. |
|  Design Only | RENEWED CT | U.S. STATE CONNECTICUT | 22223 | 30-NOV-2004 | AEROPOSTALE WEST, INC. |

18

| Trademark | Status | Jurisdiction | Registration Number | Registration Date | Owner |
|---|---|---|---|---|---|
| Design Only | RENEWED CT | U.S. STATE CONNECTICUT | 22220 | 30-NOV-2004 | AEROPOSTALE WEST, INC. |
| Design Only | RENEWED CT | U.S. STATE CONNECTICUT | 22222 | 30-NOV-2004 | AEROPOSTALE WEST, INC. |
| Design Only | RENEWED WA | U.S. STATE WASHINGTON | 32720 | 30-NOV-2004 | AEROPOSTALE WEST, INC. |
| Design Only | REGISTERED WA | U.S. STATE WASHINGTON | 32724 | 29-NOV-2004 | AEROPOSTALE WEST, INC. |
| Design Only | RENEWED NY | U.S. STATE NEW YORK | R30524 | 30-NOV-2004 | AEROPOSTALE WEST, INC. |
| Design Only | RENEWED CO | U.S. STATE COLORADO | 20041408364 | 29-NOV-2004 | AEROPOSTALE WEST, INC. |
| Design Only | RENEWED CO | U.S. STATE COLORADO | 20041408373 | 29-NOV-2004 | AEROPOSTALE WEST, INC. |
| Design Only | RENEWED WA | U.S. STATE WASHINGTON | 32722 | 29-NOV-2004 | AEROPOSTALE WEST, INC. |
| Design Only | RENEWED OR | U.S. STATE OREGON | 38130 | 26-NOV-2004 | AEROPOSTALE WEST, INC. |

| Trademark | Status | Jurisdiction | Registration Number | Registration Date | Owner |
|---|---|---|---|---|---|
| <br>Design Only | RENEWED WA | U.S. STATE WASHINGTON | 32723 | 29-NOV-2004 | AEROPOSTALE WEST, INC. |
| <br>Design Only | RENEWED NY | U.S. STATE NEW YORK | R30520 | 26-NOV-2004 | AEROPOSTALE WEST, INC. |
| AEROPOSTALE<br>Word Only | REGISTERED PR | U.S. STATE PUERTO RICO | 72455 | 06-MAR-2007 | AEROPOSTALE WEST, INC. |
| AEROPOSTALE<br>Word Only | REGISTERED PR | U.S. STATE PUERTO RICO | 72454 | 06-MAR-2007 | AEROPOSTALE WEST, INC. |
| AEROPOSTALE<br>Word Only | REGISTERED PR | U.S. STATE PUERTO RICO | 72459 | 06-MAR-2007 | AEROPOSTALE WEST, INC. |
| AEROPOSTALE<br>Word Only | REGISTERED PR | U.S. STATE PUERTO RICO | 72460 | 06-MAR-2007 | AEROPOSTALE WEST, INC. |
| AERO<br>Word Only | REGISTERED PR | U.S. STATE PUERTO RICO | 72461 | 06-MAR-2007 | AEROPOSTALE WEST, INC. |
| AERO<br>Word Only | REGISTERED PR | U.S. STATE PUERTO RICO | 72457 | 06-MAR-2007 | AEROPOSTALE WEST, INC. |
| AERO<br>Word Only | REGISTERED PR | U.S. STATE PUERTO RICO | 72458 | 06-MAR-2007 | AEROPOSTALE WEST, INC. |
| AERO<br>Word Only | REGISTERED PR | U.S. STATE PUERTO RICO | 72456 | 06-MAR-2007 | AEROPOSTALE WEST, INC. |
| 87<br>Word Only | REGISTERED PR | U.S. STATE PUERTO RICO | 72465 | 06-MAR-2007 | AEROPOSTALE WEST, INC. |

## Copyrights

| | Copyright | Status | Reg. No. | Reg. Date | Claimant |
|---|---|---|---|---|---|
| 1. | | | | | |
| 2. | ANGEL MONKEY | Registered | VA 1-286-995 | 24-Nov-2004 | AEROPOSTALE WEST, INC. |
| 3. | | | | | |
| 4. | BUBBLE MONKEY | Registered | VA 1-286-990 | 24-Nov-2004 | AEROPOSTALE WEST,  INC. |
| 5. | BUTTERFLY TURTLE | Registered | VAu 646-523 | 24-Nov-2004 | AEROPOSTALE WEST, INC. |
| 6. | | | | | |
| 7. | MONKEY BANANA | Registered | VA 1-286-997 | 24-Nov-2004 | AEROPOSTALE WEST,  INC. |
| 8. | MONKEY FACES | Registered | VA 1-286-989 | 24-Nov-2004 | AEROPOSTALE WEST,  INC. |
| 9. | MONKEY FLOWER | Registered | VA 1-286-987 | 24-Nov-2004 | AEROPOSTALE WEST, INC. |
| 10. | MONKEY HEAD BANANA | Registered | VA 1-286-993 | 24-Nov-2004 | AEROPOSTALE WEST, INC. |
| 11. | MONKEY HEART BALLOON | Registered | VA 1-286-992 | 24-Nov-2004 | AEROPOSTALE WEST,  INC. |
| 12. | MONKEY HEART | Registered | VA 1-286-986 | 24-Nov-2004 | AEROPOSTALE WEST, INC. |
| 13. | MONKEY ICE SKATES | Registered | VA 1-286-998 | 24-Nov-2004 | AEROPOSTALEWEST,  INC. |
| 14. | MONKEY NAH NAH | Registered | VA 1-378-471 | 13-Oct-2006 | AEROPOSTALE WEST,  INC. |
| 15. | MONKEY PILLOW FIGHT | Registered | VA 1-286-991 | 24-Nov-2004 | AEROPOSTALE WEST, INC. |
| 16. | MONKEY SNOWFLAKE | Registered | VA 1-286-999 | 24-Nov-2004 | AEROPOSTALE WEST,  INC. |
| 17. | | | | | |
| 18. | | | | | |
| 19. | PAJAMA PARTY | Registered | VA 1-286-994 | 24-Nov-2004 | AEROPOSTALE WEST, INC. |

| | Copyright | Status | Reg. No. | Reg. Date | Claimant |
|---|---|---|---|---|---|
| 20. | SANTA TURTLE | Registered | VA 1-286-998 | 24-Nov-2004 | AEROPOSTALE WEST,  INC. |
| 21. | | | | | |
| 22. | SURFING MONKEY | Registered | VAu 646-389 | 24-Nov-2004 | AEROPOSTALE WEST,  INC. |
| 23. | TURTLE TOSS | Registered | VA 1-288-996 | 24-Nov-2004 | AEROPOSTALE WEST,  INC. |
| 24. | WHALE GRAPHIC | Registered | VA 1-291-513 | 26-Nov-2004 | AEROPOSTALE WEST, INC. |
| 25. | | | | | |

**Fill in this information to identify the case:**

Debtor name     **Aéropostale West, Inc.**

United States Bankruptcy Court for the:     SOUTHERN DISTRICT OF NEW YORK

Case number (if known)    **16-11277**

☐ Check if this is an
amended filing

## Official Form 206D

# Schedule D: Creditors Who Have Claims Secured by Property

12/15

Be as complete and accurate as possible.

**1. Do any creditors have claims secured by debtor's property?**

☐ No. Check this box and submit page 1 of this form to the court with debtor's other schedules. Debtor has nothing else to report on this form.

☑ Yes. Fill in all of the information below.

**Part 1:    List Creditors Who Have Secured Claims**

2. **List in alphabetical order all creditors who have secured claims.** If a creditor has more than one secured claim, list the creditor separately for each claim.

| | | Column A<br>**Amount of claim**<br><br>Do not deduct the value of collateral. | Column B<br>**Value of collateral that supports this claim** |
|---|---|---|---|
| 2.1 | **See Schedule D Attachment**<br>Creditor's Name | Describe debtor's property that is subject to a lien | **Unknown** | **Unknown** |

Creditor's mailing address

**Describe the lien**

Creditor's email address, if known

**Is the creditor an insider or related party?**
☐ No
☐ Yes

**Date debt was incurred**

**Is anyone else liable on this claim?**
☐ No
☐ Yes. Fill out Schedule H: Codebtors (Official Form 206H)

**Last 4 digits of account number**

**Do multiple creditors have an interest in the same property?**
☐ No
☐ Yes. Specify each creditor, including this creditor and its relative priority.

**As of the petition filing date, the claim is:**
Check all that apply
☐ Contingent
☐ Unliquidated
☐ Disputed

3.    **Total of the dollar amounts from Part 1, Column A, including the amounts from the Additional Page, if any.**    $0.00

**Part 2:    List Others to Be Notified for a Debt Already Listed in Part 1**

List in alphabetical order any others who must be notified for a debt already listed in Part 1. Examples of entities that may be listed are collection agencies, assignees of claims listed above, and attorneys for secured creditors.

If no others need to be notified for the debts listed in Part 1, do not fill out or submit this page. If additional pages are needed, copy this page.

| Name  and address | On which line in Part 1 did you enter the related creditor? | Last 4 digits of account number for this entity |
|---|---|---|

In re Aéropostale West, Inc.
Case No. 16-11277
Schedule D: Part 1 - Creditors Who Have Claims Secured by Property

| Creditor Name | Address1 | Address2 | Address3 | City | State | Zip | Email | Last 4 Digits of Account Number | Insider or Related Party? | CoDebtor | If Multiple Creditors Have in Interest in the Same Property, Specific Each Creditor and Its Relative Priority | Date Debt was Incurred, Description of Debtor's Property Subject to the Lien and the Nature of Lien | Contingent | Unliquidated | Disputed | Amount of Claim (Do not deduct the value of the collateral) | Value of Collateral that Supports this Claim |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Aero Investors, LLC, as Agent | c/o Sycamore Partners | 9 West 57th Street | 31st Floor | New York | NY | 10019 | skaluzny@sycamorepartners.com; jwoodworth@sycamorepartners.com | | | x | | May 23, 2014, Transaction Documents by and among AERO INVESTORS, LLC, its afficilates and AEROPOSTALE, INC. | X | X | X | Unliquidated | Unknown |
| Bank of America, N.A. | 100 Federal Street | 9th Floor | | Boston | MA | 02110 | | | | x | | November 14, 2007 | | | | $0.00 | Unknown |
| Bank of America, N.A. | 100 Federal Street | 9th Floor | | Boston | MA | 02110 | | | | x | | September 13, 2011 | | | | $0.00 | Unknown |
| Bank of America, N.A. | 100 Federal Street | 9th Floor | | Boston | MA | 02110 | | | | x | | January 16, 2014 | | | | $0.00 | Unknown |
| Bank of America, N.A. | 100 Federal Street | 9th Floor | | Boston | MA | 02110 | | | | x | | January 16, 2014 | | | | $0.00 | Unknown |
| Bank of America, N.A. | 100 Federal Street | 9th Floor | | Boston | MA | 02110 | | | | x | | February 7, 2014 | | | | $0.00 | Unknown |
| Fleet Retail Finance Inc. , as Agent | 40 Broad Street | | | Boston | MA | 02109 | | | | x | | February 1, 2002 | | X | | Unliquidated | Unknown |

**Fill in this information to identify the case:**

Debtor name    **Aéropostale West, Inc.**

United States Bankruptcy Court for the:   SOUTHERN DISTRICT OF NEW YORK

Case number (if known)   **16-11277**

☐ Check if this is an amended filing

# Official Form 206E/F
## Schedule E/F: Creditors Who Have Unsecured Claims     12/15

Be as complete and accurate as possible. Use Part 1 for creditors with PRIORITY unsecured claims and Part 2 for creditors with NONPRIORITY unsecured claims.
List the other party to any executory contracts or unexpired leases that could result in a claim. Also list executory contracts on *Schedule A/B: Assets - Real and Personal Property* (Official Form 206A/B) and on *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G). Number the entries in Parts 1 and 2 in the boxes on the left. If more space is needed for Part 1 or Part 2, fill out and attach the Additional Page of that Part included in this form.

### Part 1:    List All Creditors with PRIORITY Unsecured Claims

1.  **Do any creditors have priority unsecured claims?** (See 11 U.S.C. § 507).

   ☐ No. Go to Part 2.
   ☑ Yes. Go to line 2.

2.  **List in alphabetical order all creditors who have unsecured claims that are entitled to priority in whole or in part.** If the debtor has more than 3 creditors with priority unsecured claims, fill out and attach the Additional Page of Part 1.

|  |  | Total claim | Priority amount |
|---|---|---|---|
| **2.1** Priority creditor's name and mailing address<br>**See Attached Schedule E/F, Part 1** | As of the petition filing date, the claim is:<br>*Check all that apply.*<br>☐ Contingent<br>☐ Unliquidated<br>☐ Disputed | $70,250.31 | $70,250.31 |
| Date or dates debt was incurred | Basis for the claim: | | |
| Last 4 digits of account number | Is the claim subject to offset?<br>☐ No<br>☐ Yes | | |
| Specify Code subsection of PRIORITY unsecured claim: 11 U.S.C. § 507(a) (8) | | | |

### Part 2:    List All Creditors with NONPRIORITY Unsecured Claims

3.  **List in alphabetical order all of the creditors with nonpriority unsecured claims.** If the debtor has more than 6 creditors with nonpriority unsecured claims, fill out and attach the Additional Page of Part 2.

|  |  | Amount of claim |
|---|---|---|
| **3.1** Nonpriority creditor's name and mailing address<br>**See Schedule E/F: Part 2 Attachment** | As of the petition filing date, the claim is: *Check all that apply.*<br>☐ Contingent<br>☐ Unliquidated<br>☐ Disputed | $1,203,068,023.27 |
| **Date(s) debt was incurred** _ | | |
| **Last 4 digits of account number** _ | Basis for the claim: _ | |
| | Is the claim subject to offset? ☐ No ☐ Yes | |

### Part 3:    List Others to Be Notified About Unsecured Claims

4. **List in alphabetical order any others who must be notified for claims listed in Parts 1 and 2.** Examples of entities that may be listed are collection agencies, assignees of claims listed above, and attorneys for unsecured creditors.

If no others need to be notified for the debts listed in Parts 1 and 2, do not fill out or submit this page. If additional pages are needed, copy the next page.

| Name and mailing address | On which line in Part 1 or Part 2 is the related creditor (if any) listed? | Last 4 digits of account number, if any |
|---|---|---|

### Part 4:    Total Amounts of the Priority and Nonpriority Unsecured Claims

5.  **Add the amounts of priority and nonpriority unsecured claims.**

| | | Total of claim amounts |
|---|---|---|
| **5a. Total claims from Part 1** | 5a. | $ |

Official Form 206E/F     Schedule E/F: Creditors Who Have Unsecured Claims     page 1 of 2

| Debtor | **Aéropostale West, Inc.** | Case number (if known) | **16-11277** |
|--------|---------------------------|------------------------|--------------|
|        | Name                      |                        |              |

| | | | |
|---|---|---|---|
| **5b. Total claims from Part 2** | 5b. | + $ | 70,250.31<br>1,203,068,023.27 |
| **5c. Total of Parts 1 and 2**<br>Lines 5a + 5b = 5c. | 5c. | $ | 1,203,138,273.58 |

In re Aéropostale West, Inc.
Case No. 16-11277
Schedule E : Part 1 - Priority Unsecured Claims

| CREDITOR'S NAME | ACCOUNT NUMBER | ADDRESS 1 | ADDRESS 2 | ADDRESS 3 | ADDRESS 4 | CITY | STATE | ZIP | DATE CLAIM WAS INCURRED | NATURE OF LIEN AND DESCRIPTION | CONTINGENT | UNLIQUIDATED | DISPUTED | TOTAL AMOUNT OF CLAIM | AMOUNT ENTITLED TO PRIORITY | AMOUNT NOT ENTITLED TO PRIORITY, IF ANY |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Ada County Treasurer | P1AEROPOS01 | PO Box 2868 | | | | Boise | ID | 2/28/2129 | | Personal Property Tax accrued through 5/3 | | | | $1,408.21 | $1,408.21 | |
| Adams County Treasurer | P0028420 | PO Box 869 | | | | Brighton | CO | 80601-0869 | | Personal Property Tax accrued through 5/3 | | | | $2,268.22 | $2,268.22 | |
| Arapahoe County Treasurer | 25631-65699-001 | PO Box 571 | | | | Littleton | CO | 80160-0571 | | Personal Property Tax accrued through 5/3 | | | | $230.95 | $230.95 | |
| Bannock County Treasurer | PC002052800 | PO Box 4626 | | | | Pocatello | ID | 10/21/2127 | | Personal Property Tax accrued through 5/3 | | | | $4,130.97 | $4,130.97 | |
| Benton County Treasurer | 30PA822000000000 | 5600 W Canal Dr Ste A | | | | Kennewick | WA | 12/20/2171 | | Personal Property Tax accrued through 5/3 | | | | $291.03 | $291.03 | |
| Bonneville County Treasurer | PP1AEROPOS01 | 605 N Capital Ave | | | | Idaho Falls | ID | 5/5/2128 | | Personal Property Tax accrued through 5/3 | | | | $2,700.12 | $2,700.12 | |
| Broomfield County Treasurer | P6401430 | One Descombes Dr | | | | Broomfield | CO | 1/31/2119 | | Personal Property Tax accrued through 5/3 | | | | $279.73 | $279.73 | |
| Clark County Treasurer | 148271-99 | P O BOX 551401 | | | | Las Vegas | NV | 89155-1401 | | Personal Property Tax accrued through 5/3 | | | | $729.85 | $729.85 | |
| Clark County Treasurer | C02811-000.0 | PO Box 9808 | | | | Vancouver | WA | 2/18/3170 | | Personal Property Tax accrued through 5/3 | | | | $774.59 | $774.59 | |
| Clark County Treasurer | 142786-99 | P O BOX 551401 | | | | Las Vegas | NV | 89155-1401 | | Personal Property Tax accrued through 5/3 | | | | $838.08 | $838.08 | |
| Davis County Treasurer | 22853 | PO Box 618 | | | | Farmington | UT | 1/18/2130 | | Personal Property Tax accrued through 5/3 | | | | $163.82 | $163.82 | |
| Douglas County Treasurer | P0504146 | PO Box 1208 | | | | Castle Rock | CO | 4/25/2119 | | Personal Property Tax accrued through 5/3 | | | | $91.00 | $91.00 | |
| Douglas County Treasurer | P0508373 | PO Box 1208 | | | | Castle Rock | CO | 4/25/2119 | | Personal Property Tax accrued through 5/3 | | | | $1,555.57 | $1,555.57 | |
| El Paso County Treasurer | 92723 | PO Box 2018 | | | | Colorado Springs | CO | 80901-2018 | | Personal Property Tax accrued through 5/3 | | | | $440.28 | $440.28 | |
| El Paso County Treasurer | 85971 | PO Box 2018 | | | | Colorado Springs | CO | 80901-2018 | | Personal Property Tax accrued through 5/3 | | | | $1,663.51 | $1,663.51 | |
| Fresno County Tax Collector | A01 A1547 | PO Box 1192 | | | | Fresno | CA | 93715-1192 | | Personal Property Tax accrued through 5/3 | | | | $768.69 | $768.69 | |
| Jefferson County Treasurer | 985985 | Tax Payments Only | Department 2075 | | | Denver | CO | 80256-0001 | | Personal Property Tax accrued through 5/3 | | | | $447.60 | $447.60 | |
| Jefferson County Treasurer | 986166 | Tax Payments Only | Department 2075 | | | Denver | CO | 80256-0001 | | Personal Property Tax accrued through 5/3 | | | | $496.49 | $496.49 | |
| Kern County Treasurer | NewStore1130 | 1115 Truxtun Ave | 2nd Floor | | | Bakersfield | CA | 93301-4640 | | Personal Property Tax accrued through 5/3 | | | | $1,100.51 | $1,100.51 | |
| King County Treasurer | 16161689 | 500 Fourth Ave | Rm 600 | | | Seattle | WA | 98104-2340 | | Personal Property Tax accrued through 5/3 | | | | $1,380.55 | $1,380.55 | |
| King County Treasurer | 03841525 | 500 Fourth Ave | Rm 600 | | | Seattle | WA | 98104-2340 | | Personal Property Tax accrued through 5/3 | | | | $1,442.25 | $1,442.25 | |
| King County Treasurer | 353018-78 | 500 Fourth Ave | Rm 600 | | | Seattle | WA | 98104-2340 | | Personal Property Tax accrued through 5/3 | | | | $1,838.36 | $1,838.36 | |
| Larimer County Treasurer | P8280597 | PO Box 2336 | | | | Fort Collins | CO | 80522-2336 | | Personal Property Tax accrued through 5/3 | | | | $2,878.14 | $2,878.14 | |
| Lewis County Treasurer | 003409024010 | PO Box 509 | | | | Chehalis | WA | 98532-0509 | | Personal Property Tax accrued through 5/3 | | | | $1,765.38 | $1,765.38 | |
| Maricopa County Treasurer (Real) | 4944414 | PO Box 53133 | | | | Phoenix | AZ | 85072-2133 | | Personal Property Tax accrued through 5/3 | | | | $65.97 | $65.97 | |
| Maricopa County Treasurer (Real) | 4944432 | PO Box 52133 | | | | Phoenix | AZ | 85072-2133 | | Personal Property Tax accrued through 5/3 | | | | $96.78 | $96.78 | |
| Maricopa County Treasurer (Real) | 3807921 | PO Box 52133 | | | | Phoenix | AZ | 85072-2133 | | Personal Property Tax accrued through 5/3 | | | | $235.06 | $235.06 | |
| Maricopa County Treasurer (Real) | 4321598 | PO Box 52133 | | | | Phoenix | AZ | 85072-2133 | | Personal Property Tax accrued through 5/3 | | | | $2,452.26 | $2,452.26 | |
| Maricopa County Treasurer (Real) | 9216076 | PO Box 52133 | | | | Phoenix | AZ | 85072-2133 | | Personal Property Tax accrued through 5/3 | | | | $2,786.46 | $2,786.46 | |
| Maricopa County Treasurer (Real) | 9344577 | PO Box 52133 | | | | Phoenix | AZ | 85072-2133 | | Personal Property Tax accrued through 5/3 | | | | $9,024.25 | $9,024.25 | |
| Mesa County Treasurer | P012428 | PO Box 20000 | Dept 5027 | | | Grand Junction | CO | 81502-5001 | | Personal Property Tax accrued through 5/3 | | | | $1,042.20 | $1,042.20 | |
| Missoula County Treasurer | 000P518097 | 200 W Broadway St | | | | Missoula | MT | 9/23/2063 | | Personal Property Tax accrued through 5/3 | | | | $308.59 | $308.59 | |
| Natrona County Treasurer | P0052434 | PO Box 2290 | | | | Casper | WY | 2/25/2126 | | Personal Property Tax accrued through 5/3 | | | | $403.32 | $403.32 | |
| New Jersey Division of Taxation | | State of New Jersey | Division of Taxation | Revenue Processing Center | P.O. Box 666 | Trenton | NJ | 08646-0666 | | Regulatory and Taxes | X | X | X | Unknown | Unknown | |
| Pierce County Budget & Finance | 1200055357 | 615 S 9th St | Ste 100 | | | Tacoma | WA | 98405-4675 | | Personal Property Tax accrued through 5/3 | | | | $224.66 | $224.66 | |
| Pima County Treasurer | 0187810 | PO Box 29011 | | | | Phoenix | AZ | 85038-9011 | | Personal Property Tax accrued through 5/3 | | | | $4,413.53 | $4,413.53 | |
| Pima County Treasurer | 0119144 | PO Box 29011 | | | | Phoenix | AZ | 85038-9011 | | Personal Property Tax accrued through 5/3 | | | | $5,597.63 | $5,597.63 | |
| Santa Clara County Tax Collector | 272134-001-2 | 70 W Hedding St | | | | San Jose | CA | 95110-1767 | | Personal Property Tax accrued through 5/3 | | | | $10.07 | $10.07 | |
| Santa Clara County Tax Collector | 272134-0004-0 | 70 W Hedding St | East Wing 6th Floor | | | San Jose | CA | 95110-1767 | | Personal Property Tax accrued through 5/3 | | | | $143.70 | $143.70 | |
| Santa Clara County Tax Collector | 272134-0005-7 | 70 W Hedding St | East Wing 6th Floor | | | San Jose | CA | 95110-1767 | | Personal Property Tax accrued through 5/3 | | | | $306.62 | $306.62 | |
| Santa Cruz County Tax Collector | P201500160 | PO Box 1150 | | | | Nogales | AZ | 6/9/2134 | | Personal Property Tax accrued through 5/3 | | | | $2,820.54 | $2,820.54 | |
| Snohomish County Treasurer | 2755984 | 3000 Rockefeller Ave M/S 501 | | | | Everett | WA | 98201-4060 | | Personal Property Tax accrued through 5/3 | | | | $634.40 | $634.40 | |
| Summit County Treasurer | p960031 | PO Box 413118 | | | | Salt Lake City | UT | 84141-3118 | | Personal Property Tax accrued through 5/3 | | | | $78.48 | $78.48 | |
| Summit County Treasurer | 9958916 | PO Box 289 | | | | Breckenridge | CO | 3/10/2120 | | Personal Property Tax accrued through 5/3 | | | | $754.51 | $754.51 | |
| Sutter County Tax Collector | 032-0000001-801 | PO Box 546 | | | | Yuba City | CA | 10/24/2162 | | Personal Property Tax accrued through 5/3 | | | | $4,277.72 | $4,277.72 | |
| Twin Falls County Treasurer | PP000002200000A | Box 88 | | | | Twin Falls | ID | 83303-0088 | | Personal Property Tax accrued through 5/3 | | | | $2,496.59 | $2,496.59 | |
| Utah County Treasurer | 64681 | PO Box 410483 | | | | Salt Lake City | UT | 84141-0483 | | Personal Property Tax accrued through 5/3 | | | | $122.68 | $122.68 | |
| Utah County Treasurer | 64732 | PO Box 410483 | | | | Salt Lake City | UT | 84141-0483 | | Personal Property Tax accrued through 5/3 | | | | $161.45 | $161.45 | |
| Weber County Treasurer | 64452 | 2380 Washington Blvd | Ste 350 | | | Ogden | UT | 1/29/2131 | | Personal Property Tax accrued through 5/3 | | | | $174.08 | $174.08 | |
| Whatcom County Treasurer | 11810 | PO Box 5268 | | | | Bellingham | WA | 98227-5268 | | Personal Property Tax accrued through 5/3 | | | | $346.71 | $346.71 | |
| Wilson County Commissioner of Finance | 09500p | 228 E Main St | Rm 102 | | | Lebanon | TN | 7/15/2001 | | Personal Property Tax accrued through 5/3 | | | | $126.74 | $126.74 | |
| Yakima County Treasurer | 500000-15690 | PO Box 22530 | | | | Yakima | WA | 98907-2530 | | Personal Property Tax accrued through 5/3 | | | | $806.75 | $806.75 | |
| Yuma County Treasurer | P0006075 | 410 Maiden Ln | Ste C | | | Yuma | AZ | 9/18/2133 | | Personal Property Tax accrued through 5/3 | | | | $654.66 | $654.66 | |
| | | | | | | | | | | | | | **Total:** | $70,250.31 | $70,250.31 | |

In re Aéropostale West, Inc.
Case No. 16-11277
Schedule E/F:  Part 2 - Creditors With Nonpriority Unsecured Claims

| Creditor Name | Address1 | Address2 | Address3 | Address4 | City | State | Zip | Country | Last 4 Digits of Account Number | Date Debt was Incurred | Nature of Lien and Description | Contingent | Unliquidated | Disputed | Claim subject to offset? | Total Claim |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Aeropostale Canada Corp. | 112 W 34th Street | 22nd Floor | | | New York | NY | 10120 | | | Various | Intercompany Liability | | | | | $0.27 |
| Aeropostale Procurement Company, Inc. | 112 W 34th Street | 22nd Floor | | | New York | NY | 10120 | | | Various | Intercompany Liability | | | | | $1,203,064,991.87 |
| G&I VII Reno Operating, LLC | c/o McDonald Carano Wilson LLP | Attn: John Frankovich | 100 W. Liberty St. | 10th Floor | Reno | NV | 89501 | | Case Number: CV 15-01189, Dept. No.: 9 | 6/22/2015 | Open litigation | X | X | X | | $0.00 |
| Jimmy'Z Surf Co., LLC | 112 W 34th Street | 22nd Floor | | | New York | NY | 10120 | | | Various | Intercompany Liability | | | | | $3,029.13 |
| | | | | | | | | | | | | | | | Total: | $1,203,068,023.27 |

**Fill in this information to identify the case:**

Debtor name        **Aéropostale West, Inc.**

United States Bankruptcy Court for the:        SOUTHERN DISTRICT OF NEW YORK

Case number (if known)    **16-11277**

☐ Check if this is an
   amended filing

## Official Form 206G
## Schedule G: Executory Contracts and Unexpired Leases                    12/15

**Be as complete and accurate as possible. If more space is needed, copy and attach the additional page, number the entries consecutively.**

1.    **Does the debtor have any executory contracts or unexpired leases?**
      ☐ No. Check this box and file this form with the debtor's other schedules.  There is nothing else to report on this form.
      ■ Yes. Fill in all of the information below even if the contacts of leases are listed on *Schedule A/B: Assets - Real and Personal    Property*
         (Official Form 206A/B).

| **2. List all contracts and unexpired leases** | **State the name and mailing address for all other parties with whom the debtor has an executory contract or unexpired lease** |
|---|---|
| 2.1.    State what the contract or lease is for and the nature of the debtor's interest | |
|    State the term remaining | |
|    List the contract number of any government contract | **See Schedule G Attachment** |

In re Aéropostale West, Inc.
Case No. 16-11277
Schedule G: Executory Contracts and Unexpired Leases

| Store Number | Contract Counterparty | Address1 | Address2 | Address3 | Address4 | City | State | Zip | Country | Description of Contract or Lease and Nature of Debtor's Interest; State the Remaining Term. List Contract Number of Any Government Contract. | Contract Origination Date | Contract Maturity Date | Debtor's Interest | Real Property (Y/N) |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 778 | 5060 MONTCLAIR PLAZA LANE | Montclair Plaza | 5060 E. Montclair Plaza Lane Owner | 4700 Wilshire Blvd | | Los Angeles | CA | 90010 | | Retail Lease | 4/15/2005 | 7/31/2016 | Landlord | Y |
| 197 | ANNAPOLIS MALL OWNER LLC | Annapolis Mall | Westfield | 11601 Wilshire Blvd | 12th fl | Los Angeles | CA | 90025 | | Retail Lease | 2/1/2010 | 1/31/2020 | Landlord | Y |
| 892 | ARDEN FAIR MALL | Arden Fair Mall | Macerich | 401 Wilshire Blvd. | Suite 700 | Santa Monica | CA | 90407 | | Storage Lease | 10/1/2013 | 9/30/2016 | Landlord | Y |
| 892 | ARDEN FAIR MALL | Arden Fair Mall | Macerich | 401 Wilshire Blvd. | Suite 700 | Santa Monica | CA | 90407 | | Retail Lease | 4/6/2007 | 1/31/2018 | Landlord | Y |
| 652 | ARROWHEAD TOWNE CENTER | Arrowhead Towne Center | Macerich | 401 Wilshire Blvd. | Suite 700 | Santa Monica | CA | 90407 | | Retail Lease | 10/30/2004 | 12/31/2016 | Landlord | Y |
| 1097 | BELLEVUE SQUARE LLC | Bellevue Square | Kemper Development Company | 575 Bellevue Square | | Bellevue | WA | 98004 | | Retail Lease | 9/17/2010 | 9/30/2020 | Landlord | Y |
| 99 | BROOKLYN KINGS PLAZA LLC | Kings Plaza | Macerich | 401 Wilshire Blvd. | Suite 700 | Santa Monica | CA | 90408 | | Storage Lease | 11/5/2014 | 1/31/2022 | Landlord | Y |
| 99 | BROOKLYN KINGS PLAZA LLC | Kings Plaza | Macerich | 401 Wilshire Blvd. | Suite 700 | Santa Monica | CA | 90407 | | Retail Lease | 4/28/2005 | 1/31/2017 | Landlord | Y |
| 977 | BROWARD MALL | Broward Mall | Westfield | 11601 Wilshire Blvd | 12th fl | Los Angeles | CA | 90025 | | Retail Lease | 7/11/2008 | 1/31/2019 | Landlord | Y |
| 1038 | CENTRALIA OUTLETS LLC | Centralia Outlets | Prism | 1145 Broadway | Suite 1300 | Tacoma | WA | 98402 | | Retail Lease | 10/10/2008 | 1/31/2019 | Landlord | Y |
| 625 | CITRUS PARK MALL OWNER LLC | Citrus Park Mall | Westfield | 11601 Wilshire Blvd | 12th Fl | Los Angeles | CA | 90025 | | Retail Lease | 4/23/2004 | 1/31/2017 | Landlord | Y |
| 348 | CONNECTICUT POST L.P. | Connecticut Post | Westfield | 11601 Wilshire Blvd | 12th Fl | Los Angeles | CA | 90025 | | Storage Lease | 2/1/2013 | 1/31/2017 | Landlord | Y |
| 348 | CONNECTICUT POST L.P. | Connecticut Post | Westfield | 11601 Wilshire Blvd | 12th Fl | Los Angeles | CA | 90025 | | Retail Lease | 10/1/2011 | 1/31/2022 | Landlord | Y |
| 545 | COUNTRYSIDE MALL LLC | Country Side Mall | Westfield | 11601 Wilshire Blvd | 12th Fl | Los Angeles | CA | 90025 | | Retail Lease | 10/31/2003 | 1/31/2017 | Landlord | Y |
| 1074 | CRAIG REALTY GROUP | Outlets at Silverthorne | Craig Realty Group | 4100 Macarthur | Suite 200 | Newport Beach | CA | 92660 | | Retail Lease | 2/13/2009 | 2/28/2019 | Landlord | Y |
| 887 | CRAIG REALTY GROUP- | Hillsboro Outlets | Craig Realty Group | 4100 Macarthur | Suite 200 | Newport Beach | CA | 92660 | | Retail Lease | 9/22/2006 | 9/30/2016 | Landlord | Y |
| 1059 | CRAIG REALTY GROUP - ANTHEM L | Outlets at Anthem | Craig Realty Group | 4100 Macarthur | Suite 200 | Newport Beach | CA | 92660 | | Retail Lease | 4/3/2009 | 4/30/2019 | Landlord | Y |
| 1059 | CRAIG REALTY GROUP - ANTHEM L | Outlets at Anthem | Craig Realty Group | 4100 Macarthur | Suite 200 | Newport Beach | CA | 92660 | | Storage Lease | 9/1/2015 | 8/31/2016 | Landlord | Y |
| 600 | CRAIG REALTY GROUP-CASTLE ROC | Castle Rock Outlets | Craig Realty Group | 4100 Macarthur | Suite 200 | Newport Beach | CA | 92660 | | Retail Lease | 9/18/2003 | 9/30/2017 | Landlord | Y |
| 1089 | CRAIG REALTY GRP- CITADEL, LLC | Citadel Outlets | Craig Realty Group | 4100 Macarthur | Suite 200 | Newport Beach | CA | 92660 | | Retail Lease | 10/15/2010 | 10/31/2020 | Landlord | Y |
| 117 | CROSS COUNTRY SHOPPING | Cross Country Shopping Center | Macerich | 401 Wilshire Blvd. | Suite 700 | Santa Monica | CA | 90407 | | Retail Lease | 3/31/1995 | 1/31/2019 | Landlord | Y |
| 1054 | CSFB 2005 C1 COLUSA RETAIL LP | Yuba Sutter Mall | Yuba Sutter Mall Mgmt Office | 1215 Colusa Avenue | | Yuba City | CA | 95991 | | Retail Lease | 6/3/2011 | 1/31/2022 | Landlord | Y |
| 1063 | CULVER CITY MALL LLC | Culver City | Westfield | 11601 Wilshire Blvd | 12th Fl | Los Angeles | CA | 90025 | | Retail Lease | 10/8/2009 | 1/31/2020 | Landlord | Y |
| 148 | Danbury Fair Mall LLC | Danbury Fair Mall | Macerich | 401 Wilshire Blvd. | Suite 700 | Santa Monica | CA | 90407 | | Retail Lease | 11/15/1993 | 1/31/2019 | Landlord | Y |
| 1080 | EMPORIUM MALL LLC/ SF CENTRE | San Francisco Centre | Westfield | 11601 Wilshire Blvd | 12th Fl | Los Angeles | CA | 90025 | | Retail Lease | 11/12/2010 | 1/31/2020 | Landlord | Y |
| 761 | GS PACIFIC ER LLC | Eastridge Mall (CA) | GS Pacific Realty | 100 N Sepulveda Blvd | Ste 1925 | El Segundo | CA | 90245 | | Retail Lease | 9/10/2005 | 1/31/2017 | Landlord | Y |
| 84 | GWINNETT PLACE MALL GA LLC | Gwinnett Place | Moonbeam Capital Investment, LLC | 9103 Alta Drive | St 204 | Las Vegas | NV | 89145 | | Retail Lease | 8/1/2011 | 1/31/2018 | Landlord | Y |
| 142 | HAWTHORN L.P. | Hawthorn Center | Westfield | 11601 Wilshire Blvd | 12th Fl | Los Angeles | CA | 90025 | | Retail Lease | 8/13/1993 | 1/31/2019 | Landlord | Y |
| 826 | HORTON PLAZA LLC | Horton Plaza | Westfield | 11601 Wilshire Blvd | 12th Fl | Los Angeles | CA | 90025 | | Retail Lease | 4/6/2006 | 1/31/2017 | Landlord | Y |
| 1115 | KE BENTLEY 1 LLC AND | Bentley Mall | Krauss Companies Inc | 18201 Von Karman Avenue | Suite 1090 | Irvine | CA | 96212 | | Retail Lease | 3/22/2013 | 1/31/2024 | Landlord | Y |
| 949 | KRE COLONIE OWNER LLC | Colonie Center | Pacific Retail Capital Partners | 100 N Sepulveda Blvd | Ste 1925 | El Segundo | CA | 90245 | | Retail Lease | 9/28/2007 | 1/31/2018 | Landlord | Y |
| 677 | KRE BROADWAY OWNER LLC | Broadway Mall | Pacific Retail Capital Partners | 100 N. Sepulveda Blvd | Ste 1925 | El Segundo | CA | 90245 | | Retail Lease | 10/29/2004 | 1/31/2018 | Landlord | Y |
| 3383 | LAD BACK NOGALES LLC | P.S. - Mariposa Mall | LAD BACK NOGALES LLC | 6358 E Quail Track Drive | | Scottsdale | AZ | 85266 | | Retail Lease | 5/23/2014 | 1/31/2025 | Landlord | Y |
| 1127 | LAD BACK NOGALES LLC | Mariposa Mall | LAD BACK NOGALES LLC | 6358 E Quail Track Drive | | Scottsdale | AZ | 85266 | | Retail Lease | 5/23/2014 | 1/31/2025 | Landlord | Y |
| 1040 | Lodi Station LLC | Lodi Station Outlets | Gilad Development | 5959 Topanga Canyon Blvd. | Suite 285 | Woodland Hill | CA | 91367 | | Retail Lease | 10/17/2008 | 1/31/2019 | Landlord | Y |
| 104 | MACERICH CERRITOS LLC | Los Cerritos Center | Macerich | 401 Wilshire Blvd. | Suite 700 | Santa Monica | CA | 90407 | | Retail Lease | 2/25/1995 | 1/31/2017 | Landlord | Y |
| 144 | MACERICH DEPTFORD LLC | Deptford Mall | Macerich | 401 Wilshire Blvd. | Suite 700 | Santa Monica | CA | 90407 | | Retail Lease | 2/1/2013 | 1/31/2023 | Landlord | Y |
| 144 | MACERICH DEPTFORD LLC | Deptford Mall | Macerich | 402 Wilshire Blvd. | Suite 701 | Santa Monica | CA | 90408 | | Storage Lease | 8/1/2012 | 7/31/2016 | Landlord | Y |
| 812 | MACERICH LAKEWOOD LP | Lakewood Center | Macerich | 401 Wilshire Blvd. | Suite 700 | Santa Monica | CA | 90407 | | Retail Lease | 10/28/2005 | 6/30/2016 | Landlord | Y |
| 587 | MACERICH LUBBOCK LP | South Plains Mall | Macerich | 401 Wilshire Blvd. | Suite 700 | Santa Monica | CA | 90407 | | Retail Lease | 9/18/2003 | 1/31/2017 | Landlord | Y |
| 512 | MACERICH NIAGARA LLC | Prime Outlets Niagara | Macerich | 401 Wilshire Blvd. | Suite 700 | Santa Monica | CA | 90407 | | Retail Lease | 8/6/2010 | 1/31/2021 | Landlord | Y |
| 667 | MACERICH VICTOR VALLEY LP | Victor Valley Mall | Macerich | 401 Wilshire Blvd. | Suite 700 | Santa Monica | CA | 90407 | | Retail Lease | 7/23/2004 | 1/31/2020 | Landlord | Y |
| 572 | Macerich Vintage Faire LP | Vintage Faire Mall | Macerich | 401 Wilshire Blvd. | Suite 700 | Santa Monica | CA | 90407 | | Retail Lease | 10/1/2003 | 1/31/2017 | Landlord | Y |
| 918 | MACERICH WESTSIDE | Westside Pavilion | Macerich | 401 Wilshire Blvd. | Suite 700 | Santa Monica | CA | 90407 | | Retail Lease | 12/18/2007 | 1/31/2018 | Landlord | Y |
| 849 | Magic Valley Mall | Magic Valley Mall | Woodbury Corporation | 2733 E. Parley's Way | Suite 300 | Salt Lake City | UT | 84109-1662 | | Retail Lease | 5/12/2006 | 12/31/2017 | Landlord | Y |
| 837 | MERCED MALL LTD | Merced Mall | Codding Enterprises | PO Box 6655 | | Santa Rosa | CA | 95406-0655 | | Retail Lease | 3/14/2006 | 1/31/2017 | Landlord | Y |
| 209 | Meriden Square | Meriden Square Mall | Westfield | 11601 Wilshire Blvd | 12th Fl | Los Angeles | CA | 90025 | | Retail Lease | 2/1/2010 | 1/31/2020 | Landlord | Y |
| 855 | MGP XI CAPITOLA LLC | Capitola Mall | Merlone Geier Management LLC | 425 California St, 10th Fl | | San Francisco | CA | 94104 | | Retail Lease | 4/21/2006 | 1/31/2017 | Landlord | Y |
| 909 | NEWAGE PHM LLC | Puente Hills Mall | GS Pacific Realty | 100 N Sepulveda Blvd | Ste 1925 | El Segundo | CA | 90245 | | Retail Lease | 5/11/2007 | 5/31/2017 | Landlord | Y |
| 606 | OAKRIDGE MALL LLC | Oakridge Mall | Westfield | 11601 Wilshire Blvd | 12th Fl | Los Angeles | CA | 90025 | | Retail Lease | 10/3/2003 | 1/31/2017 | Landlord | Y |
| 942 | PACIFIC VIEW MACERICH | Pacific View Mall | Macerich | 401 Wilshire Blvd. | Suite 700 | Santa Monica | CA | 90407 | | Retail Lease | 7/12/2007 | 1/31/2018 | Landlord | Y |
| 856 | PLAZA AT JORDAN LANDING LLC | Jordan Landing | Foursquare Properties | 5850 Avenida Encinas | Suite A | Carlsbad | CA | 92008 | | Retail Lease | 2/15/2006 | 6/30/2016 | Landlord | Y |
| 654 | PLAZA BONITA LLC | Plaza Bonita | Westfield | 11601 Wilshire Blvd | 12th Fl | Los Angeles | CA | 90025 | | Retail Lease | 3/25/2011 | 1/31/2022 | Landlord | Y |
| 1114 | PRIMESTOR CFIC/CG LLC | Panorama Mall | PRIMESTOR CFIC/CG LLC | 8401 Van Nuys Blvd | | Panorama City | CA | 91402 | | Retail Lease | 10/2/2015 | 1/31/2022 | Landlord | Y |
| 167 | PWR3-4155 STATE ROUTE 31 LLC | Great Northern Mall | Macerich | 401 Wilshire Blvd. | Suite 700 | Santa Monica | CA | 90407 | | Retail Lease | 8/9/1995 | 1/31/2018 | Landlord | Y |
| 166 | QUEENS CENTER SPE LLC | Queens Center | Macerich | 401 Wilshire Blvd. | Suite 700 | Santa Monica | CA | 90407 | | Retail Lease | 11/17/1997 | 8/31/2024 | Landlord | Y |
| 166 | QUEENS CENTER SPE LLC | Queens Center | Macerich | 401 Wilshire Blvd. | Suite 700 | Santa Monica | CA | 90407 | | Storage Lease | 8/1/2012 | 7/31/2016 | Landlord | Y |
| 788 | SANTA ANITA SHOPPINGTOWN | Santa Anita Mall | Westfield | 11601 Wilshire Blvd | 12th Fl | Los Angeles | CA | 90025 | | Retail Lease | 9/23/2005 | 1/31/2017 | Landlord | Y |
| 88 | SCOTTSDALE FASHION SQ 088 | Scottsdale Fashion Square | Macerich | 401 Wilshire Blvd. | Suite 700 | Santa Monica | CA | 90407 | | Retail Lease | 5/7/2007 | 8/31/2017 | Landlord | Y |
| 251 | SM EASTLAND MALL LLC | Eastland Mall | Macerich | 401 Wilshire Blvd. | Suite 700 | Santa Monica | CA | 90407 | | Retail Lease | 10/14/2011 | 1/31/2022 | Landlord | Y |
| 494 | SM VALLEY MALL LLC | Valley Mall | Macerich | 401 Wilshire Blvd. | Suite 700 | Santa Monica | CA | 90407 | | Retail Lease | 8/28/2002 | 1/31/2017 | Landlord | Y |
| 185 | South Shore Mall | South Shore Mall | Westfield | 11601 Wilshire Blvd | 12th Fl | Los Angeles | CA | 90025 | | Retail Lease | 11/17/1997 | 1/31/2018 | Landlord | Y |
| 883 | SOUTHGATE MALL ASSOCIATES | Southgate Mall | Southgate Mall Associates LP | 2901 Brooks Street | | Missoula | MT | 59801 | | Retail Lease | 9/27/2006 | 9/22/2016 | Landlord | Y |
| 813 | ST MALL OWNER LLC | South Towne Center | Pacific Retail Capital Partners | 100 N Sepulveda Blvd | Ste 1925 | El Segundo | CA | 90245 | | Retail Lease | 9/22/2005 | 1/31/2018 | Landlord | Y |
| 978 | Stonewood Mall | Stonewood Center | Macerich | 401 Wilshire Blvd. | Suite 700 | Santa Monica | CA | 90407 | | Retail Lease | 6/20/2008 | 6/30/2018 | Landlord | Y |
| 978 | Stonewood Mall | Stonewood Center | Macerich | 401 Wilshire Blvd. | Suite 700 | Santa Monica | CA | 90407 | | Storage Lease | 12/1/2013 | 12/31/2016 | Landlord | Y |
| 612 | SUPERSTITION SPRINGS CTR | Superstition Springs Mall | Macerich | 401 Wilshire Blvd. | Suite 700 | Santa Monica | CA | 90407 | | Retail Lease | 3/24/2004 | 1/31/2017 | Landlord | Y |
| 459 | TOWNE MALL LLC | Towne Mall | Macerich | 401 Wilshire Blvd. | Suite 700 | Santa Monica | CA | 90407 | | Retail Lease | 7/13/2012 | 6/30/2017 | Landlord | Y |
| 1130 | TRCC ROCK OUTLET CENTER LLC | Outlets at Tejon Ranch | Tejon Industrial Corporation | 4436 Lebec Road | | Lebec | CA | 93243 | | Retail Lease | 8/15/2014 | 1/31/2025 | Landlord | Y |
| 90 | TRUMBULL SHOPPING CENTER | Trumbull Shopping Park | Westfield | 11601 Wilshire Blvd | 12th Fl | Los Angeles | CA | 90025 | | Retail Lease | 8/2/1993 | 1/31/2018 | Landlord | Y |
| 258 | TYSONS CORNER HOLDINGS LLC | Tysons Corner Center | Macerich | 401 Wilshire Blvd. | Suite 700 | Santa Monica | CA | 90407 | | Retail Lease | 2/1/2010 | 1/31/2020 | Landlord | Y |
| 744 | UNIV. MALL SHOPPING CNTR | University Mall (UT) | Woodbury Corporation | 2733 E. Parley's Way | Suite 300 | Salt Lake City | UT | 84109-1662 | | Retail Lease | 6/30/2006 | 1/31/2017 | Landlord | Y |
| 806 | US CENTENNIAL MALL JV LLC | Mainplace Mall | Westfield | 11601 Wilshire Blvd | 12th Fl | Los Angeles | CA | 90025 | | Retail Lease | 8/10/2005 | 1/31/2017 | Landlord | Y |
| 543 | US CENTENNIAL VANCOUVER | Vancouver Mall | Westfield | 11601 Wilshire Blvd | 12th Fl | Los Angeles | CA | 90025 | | Retail Lease | 10/14/2005 | 1/31/2018 | Landlord | Y |
| 919 | Valley Mall LLC | CenterCal Properties LLC | 7455 SW Bridgeport Road | Suite 205 | | Tigard | OR | 97224 | | Retail Lease | 6/17/2007 | 6/30/2017 | Landlord | Y |
| 174 | VALLEY STREAM GREEN ACRES LLC | Green Acres Mall | Macerich | 401 Wilshire Blvd. | Suite 700 | Santa Monica | CA | 90407 | | Retail Lease | 12/6/1995 | 1/31/2019 | Landlord | Y |
| 960 | VESTAR ORCHARD TOWN CENTER LL | Orchard Town Center | Vestar | 14697 Delaware Street | Ste 850 | Westminster | CO | 80023 | | Retail Lease | 4/3/2008 | 1/31/2019 | Landlord | Y |
| 1083 | WASHINGTON SQUARE | Washington Square | Macerich | 401 Wilshire Blvd. | Suite 700 | Santa Monica | CA | 90407 | | Retail Lease | 3/14/2012 | 3/31/2018 | Landlord | Y |
| 748 | WEA PALM DESERT LLC | Palm Desert Mall | Westfield | 11601 Wilshire Blvd | 12th Fl | Los Angeles | CA | 90025 | | Storage Lease | 2/1/2013 | 1/31/2017 | Landlord | Y |
| 746 | WEA PALM DESERT LLC | Palm Desert Mall | Westfield | 11601 Wilshire Blvd | 12th Fl | Los Angeles | CA | 90025 | | Retail Lease | 4/28/2005 | 6/30/2017 | Landlord | Y |
| 835 | WEST OAKS MALL FL LLC | West Oaks Mall (FL) | Moonbeam Capital Investment, LLC | 9103 Alta Drive | St 204 | Las Vegas | NV | 89145 | | Retail Lease | 4/7/2006 | 1/31/2017 | Landlord | Y |

In re Aéropostale West, Inc.
Case No. 16-11277
Schedule G: Executory Contracts and Unexpired Leases

| Store Number | Contract Counterparty | Address1 | Address2 | Address3 | Address4 | City | State | Zip | Country | Description of Contract or Lease and Nature of Debtor's Interest; State the Remaining Term. List Contract Number of Any Government Contract. | Contract Origination Date | Contract Maturity Date | Debtor's Interest | Real Property (Y/N) |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 861 | West Oaks Owner LLC | West Oaks (TX) | Pacific Retail Capital Partners | 100 N Sepulveda Blvd | Ste 1925 | El Segundo | CA | 90245 | | Retail Lease | 4/21/2006 | 6/30/2016 | Landlord | Y |
| 58 | WESTFIELD AMERICA/GSP LP | Garden State Plaza | Westfield | 11601 Wilshire Blvd | 12th Fl | Los Angeles | CA | 90025 | | Retail Lease | 6/1/1998 | 1/31/2017 | Landlord | Y |
| 58 | WESTFIELD AMERICA/GSP LP | Garden State Plaza | Westfield | 11601 Wilshire Blvd | 14th Fl | Los Angeles | CA | 90027 | | Storage Lease | 2/1/2014 | 1/31/2017 | Landlord | Y |
| 58 | WESTFIELD AMERICA/GSP LP | Garden State Plaza | Westfield | 11601 Wilshire Blvd | 13th Fl | Los Angeles | CA | 90026 | | Storage Lease | 1/1/2013 | 12/31/2016 | Landlord | Y |
| 979 | Westfield America/Southcenter | Southcenter | Westfield | 11601 Wilshire Blvd | 12th Fl | Los Angeles | CA | 90025 | | Retail Lease | 7/25/2008 | 1/31/2019 | Landlord | Y |
| 718 | WESTFIELD SHOPPINGTOWN | Montgomery Mall (MD) | Westfield | 11601 Wilshire Blvd | 12th Fl | Los Angeles | CA | 90025 | | Retail Lease | 2/11/2005 | 1/31/2017 | Landlord | Y |
| 621 | WESTFIELD SHOPPINGTOWN | Brandon Town Center | Westfield | 11601 Wilshire Blvd | 12th Fl | Los Angeles | CA | 90025 | | Retail Lease | 4/16/2004 | 1/31/2017 | Landlord | Y |
| 528 | WESTFIELD S'TOWN SARASOTA | Sarasota Square | Westfield | 11601 Wilshire Blvd | 12th Fl | Los Angeles | CA | 90025 | | Retail Lease | 7/16/2003 | 1/31/2019 | Landlord | Y |
| 880 | WESTFIELD TOPANGA OWNER LLC | Topanga Plaza | Westfield | 11601 Wilshire Blvd | 12th Fl | Los Angeles | CA | 90025 | | Retail Lease | 10/6/2006 | 1/31/2017 | Landlord | Y |
| 614 | Wheaton Mall | Wheaton Mall | Westfield | 11601 Wilshire Blvd | 12th Fl | Los Angeles | CA | 90025 | | Retail Lease | 5/13/2005 | 6/30/2017 | Landlord | Y |
| 248 | WILTON MALL LLC | Wilton Mall | Macerich | 401 Wilshire Blvd. | Suite 700 | Santa Monica | CA | 90407 | | Retail Lease | 4/29/2011 | 4/30/2021 | Landlord | Y |
| 1073 | WISCONSIN DELLS OUTLET FEE LL | Tanger Outlet Wisconsin Dells | Craig Realty Group | 4100 Macarthur | Suite 200 | Newport Beach | CA | 92660 | | Retail Lease | 5/7/2009 | 5/31/2019 | Landlord | Y |

**Fill in this information to identify the case:**

Debtor name    **Aéropostale West, Inc.**

United States Bankruptcy Court for the:    SOUTHERN DISTRICT OF NEW YORK

Case number (if known)    **16-11277**

☐ Check if this is an
amended filing

## Official Form 206H
## Schedule H: Your Codebtors

12/15

Be as complete and accurate as possible. If more space is needed, copy the Additional Page, numbering the entries consecutively. Attach the Additional Page to this page.

**1. Do you have any codebtors?**

☐ No. Check this box and submit this form to the court with the debtor's other schedules. Nothing else needs to be reported on this form.
☑ Yes

**2. In Column 1, list as codebtors all of the people or entities who are also liable for any debts listed by the debtor in the schedules of creditors, Schedules D-G.** Include all guarantors and co-obligors. In Column 2, identify the creditor to whom the debt is owed and each schedule on which the creditor is listed. If the codebtor is liable on a debt to more than one creditor, list each creditor separately in Column 2.

*Column 1:* **Codebtor** | | *Column 2:* **Creditor**

| | Name | Mailing Address | Name | Check all schedules that apply: |
|---|---|---|---|---|
| 2.1 | **Aero GC Management LLC** | c/o Aeropostale, Inc. **112 W. 34th Street, 22nd Floor** **New York, NY 10120** | **Aero Investors, LLC** | ☑ D _____ ☐ E/F _____ ☐ G _____ |
| 2.2 | **Aeropostale Licensing, Inc.** | c/o Aeropostale, Inc. **112 W. 34th Street, 22nd Floor** **New York, NY 10120** | **Aero Investors, LLC** | ☑ D _____ ☐ E/F _____ ☐ G _____ |
| 2.3 | **Aeropostale Procurement Company, Inc.** | c/o Aeropostale, Inc. **112 W. 34th Street, 22nd Floor** **New York, NY 10120** | **Aero Investors, LLC** | ☑ D _____ ☐ E/F _____ ☐ G _____ |
| 2.4 | **Aeropostale, Inc.** | **112 W. 34th Street 22nd Floor** **New York, NY 10120** | **Aero Investors, LLC** | ☑ D _____ ☐ E/F _____ ☐ G _____ |

| Debtor | **Aéropostale West, Inc.** | Case number *(if known)* | **16-11277** |
|---|---|---|---|

**Additional Page to List More Codebtors**

Copy this page only if more space is needed.  Continue numbering the lines sequentially from the previous page.

| | Column 1: **Codebtor** | | Column 2: **Creditor** | |
|---|---|---|---|---|
| 2.5 | **GoJane LLC** | c/o Aeropostale, Inc.<br>112 W. 34th Street, 22nd Floor<br>New York, NY 10120 | **Aero Investors, LLC** | ☑ D _____<br>☐ E/F _____<br>☐ G _____ |
| 2.6 | **Jimmy'Z Surf Co.,LLC** | c/o Aeropostale, Inc.<br>112 W. 34th Street, 22nd Floor<br>New York, NY 10120 | **Aero Investors, LLC** | ☑ D _____<br>☐ E/F _____<br>☐ G _____ |
| 2.7 | **P.S. from Aeropostale, Inc.** | c/o Aeropostale, Inc.<br>112 W. 34th Street, 22nd Floor<br>New York, NY 10120 | **Aero Investors, LLC** | ☑ D _____<br>☐ E/F _____<br>☐ G _____ |

**Fill in this information to identify the case:**

Debtor name    **Aéropostale West, Inc.**

United States Bankruptcy Court for the:   SOUTHERN DISTRICT OF NEW YORK

Case number (if known)   **16-11277**

☐ Check if this is an
amended filing

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors   12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

- ■ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
- ■ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
- ■ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
- ■ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
- ■ *Schedule H: Codebtors* (Official Form 206H)
- ■ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
- ☐ Amended *Schedule*
- ☐ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
- ☐ Other document that requires a declaration

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   **June 17, 2016**     X **/s/ David Dick**

Signature of individual signing on behalf of debtor

**David Dick**
Printed name

**Chief Financial Officer**
Position or relationship to debtor

Official Form 202        **Declaration Under Penalty of Perjury for Non-Individual Debtors**