UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **In re:**<br><br>**AÉROPOSTALE, INC.,** *et al.*,<br><br>Debtors. | Case No. 16-11275 (SHL)<br><br>Chapter 11<br><br>Jointly Administered |

**LIMITED OBJECTION OF WP GLIMCHER INC. TO NOTICE OF OMNIBUS MOTION OF DEBTORS PURSUANT TO 11 U.S.C. §§ 365 AND 554, FED. R. BANKR. P. 6006 AND 6007, AND LOCAL RULES 6006-1 AND 6007-1 TO REJECT CERTAIN UNEXPIRED LEASES OF NONRESIDENTIAL REAL PROPERTY AND ABANDON CERTAIN PROPERTY IN CONNECTION THEREWITH**

WP Glimcher Inc. ("WP Glimcher"), by its undersigned counsel, submits this Limited Objection (the "Limited Objection") to the above-captioned Debtors' (the "Debtors") *Notice of Omnibus Motion of Debtors Pursuant to 11 U.S.C. §§ 365 and 544, Fed. R. Bankr. P. 6006 and 6007, and Local Rules 6006-1 and 6007-1 to Reject Certain Unexpired Leases of Nonresidential Real Property and Abandon Certain Property in Connection Therewith* (Docket No. 293) (the "Rejection Motion"). In support of this Limited Objection, WP Glimcher respectfully states:

**BACKGROUND**

1. On May 4, 2016 (the "Petition Date"), the above-captioned Debtors filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (this "Court").

2. Upon information and belief, the Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

3. WP Glimcher is the owner of, or the managing agent for the owner of, seven

locations in which the Debtors lease retail space (the "Leased Premises") pursuant to written leases (the "Leases") that the Debtors are seeking authorization from this Court to reject pursuant to the Rejection Motion. Attached hereto and incorporated herein as Exhibit A is a schedule of all Leases that correspond to the Leased Premises.

4. The Leased Premises are located in "shopping centers" as that term is used in section 365(b)(3) of the Bankruptcy Code. *See, e.g.*, *In re Joshua Slocum Ltd.*, 922 F.2d 1081, 1086-87 (3rd Cir. 1990).

## LIMITED OBJECTION

5. WP Glimcher does not challenge the Debtors' exercise of business judgment for rejecting the Leases. However, for the following reasons, WP Glimcher objects to certain aspects of the Rejection Motion.

6. First, WP Glimcher submits that any rejection of the Leases must comply with the Debtors' obligations under section 365 of the Bankruptcy Code.

7. Section 365(d)(3) of the Bankruptcy Code provides, in relevant part, that:

> The trustee shall timely perform all obligations of the debtor…arising from and after the order for relief under any expired lease of nonresidential real property, until such lease is assumed or rejected, notwithstanding section 503(b)(1) of this title. 11 U.S.C. § 365(d)(3).

8. Although the Debtors do not indicate their intentions in the Rejection Motion with respect to the payment of rent and other obligations under the Leases, the Debtors are obligated to pay all of their obligations under the Leases at the contract rate until the Leases are rejected, regardless of the value of the Debtors' actual use of the Leased Premises. *See, e.g.*, *Pacific Shores Development, LLC v. At Home Corp.* (In re At Home Corp.), 392 F.3d 1064, 1075 (9th Cir. 2004); *In re CHS Electronics, Inc.*, 265 B.R. 339, 344 (Bankr. S.D. Fla. 2001) (section 365 "requires a debtor to satisfy

all postpetition obligations under an unexpired lease of nonresidential real property until the date of rejection"); *In re Florida Lifestyle Apparel, Inc.*, 221 B.R. 897, 900 (Bankr. M.D. Fla. 1997) ("charges continue to accrue up to the date the rejection actually occurs").

9.  Consequently, the Debtors remain liable for all of the defaults post-Petition Date and any and all amounts that become due and owing under the Leases up to and including the effective date of the rejection of the Leases. As such, any order authorizing the Debtors to reject the Leases should require the Debtors to satisfy all of their obligations under the Leases that become due and owing up to and including the effective date of the rejection of the Leases.

10. Second, any order authorizing the rejection of the Leases must require the Debtors to return the space to in accordance with the terms of the Leases.

11. Accordingly, any order authorizing the Debtors to reject the Lease should require: (i) the Debtors to satisfy all of their obligations under the Leases that become due up to and including the date of rejection; and (ii) that the Debtors must return the space to WP Glimcher according to the terms of the Leases.

## **RESERVATION OF RIGHTS**

12. WP Glimcher expressly reserves the right to supplement and/or amend this Limited Objection from time to time and at any time. WP Glimcher further reserves any and all rights to raise any additional objections with respect to the Rejection Motion or otherwise with respect to any relief requested as it may affect the Leases or the interests of WP Glimcher.

## **JOINDER**

13. WP Glimcher joins in any objections to the Rejection Motion filed by other landlords to the extent that they are not inconsistent with this Limited Objection.

**WHEREFORE,** WP Glimcher respectfully requests that this Court enter an order: (a)

sustaining WP Glimcher's Limited Objection to the Rejection Motion; and (b) granting WP Glimcher such other and further relief as this Court deems just and appropriate under the circumstances.

Dated: June 20, 2016

        **FROST BROWN TODD LLC**

        */s/ Ronald E. Gold*
        Ronald E. Gold, Esq. (Ohio Bar No. 0061351)
        3300 Great American Tower
        301 East Fourth Street
        Cincinnati, Ohio 45202
        Telephone: (513) 651-6800
        Facsimile: (513) 651-6981
        Email: rgold@fbtlaw.com

        **COUNSEL FOR WP GLIMCHER INC.**

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing *Limited Objection of WP Glimcher Inc. to Notice of Omnibus Motion of Debtors Pursuant to 11 U.S.C. §§ 365 And 554, Fed. R. Bankr. P. 6006 and 6007, and Local Rules 6006-1 and 6007-1 to Reject Certain Unexpired Leases of Nonresidential Real Property and Abandon Certain Property in Connection Therewith* was sent via ECF Noticing to all parties receiving ECF Notice and/or regular U.S. Mail to the parties listed below this 20th day of June, 2016:

Ray C. Schrock
Jacqueline Marcus
Garret A. Fail
Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, New York 10153
*Debtors' Counsel*

Albert Togut
Togut, Segal & Segal LLP
One Penn Plaze
Suite 3335
New York, New York 10119
*Debtors' Counsel*

Brian S. Masumoto
Office of the U.S. Trustee Region 2
201 Varick Street, Suite 1006
New York, New York 10014

Robert J. Feinstein
Pachulski Stang Ziehl & Jones LLP
780 Third Avenue
34th Floor
New York, New York 10017
*Creditor Committee Counsel*

　　　　　　　　　　　　　　　　　　　　　*/s/ Ronald E. Gold*
　　　　　　　　　　　　　　　　　　　　　Ronald E. Gold, Esq.

# Exhibit A

| Store No. | Landlord | Shopping Center |
|---|---|---|
| S203 | Maplewood Mall, LLC | Maplewood Mall |
| 1081 | BRE Pearlridge LLC | Pearlridge Center |
| 201 | Southern Park Mall, LLC | Southern Park Mall |
| 598 | SM Rushmore Mall, LLC | Rushmore Mall |
| 930 | SM Mesa Mall, LLC | Mesa Mall |
| 303 | Glimcher Northtown Venture, LLC | Northtown Mall |
| 397 | Glimcher Properties Limited Partnership | Indian Mound Mall |