# Weil, Gotshal & Manges LLP

767 Fifth Avenue
New York, NY 10153
+1 212 310 8000 tel
+1 212 310 8007 fax

**Garrett Fail**

June 27, 2016

The Honorable Sean H. Lane
United States Bankruptcy Court
Southern District of New York
One Bowling Green
New York, New York 10004

Re: *In re: Aeropostale, Inc.,* et al., Case No. 16-11275 (SHL)

Dear Judge Lane:

The Debtors write in response to Sycamore's letter to the Court on June 24, 2016 (the "June 24 Letter"). At the June 17, 2016 conference before Your Honor, Sycamore argued to bring a motion on shortened notice for the Court to reconsider the 2004 Order such that the parties would engage in two-way discovery concerning a plan that had not yet been formulated or filed. The Court properly recognized that it did not make sense to attempt to take discovery concerning a plan that had not been formulated or filed and declined to shorten time for Sycamore's motion. The Debtors and Sycamore were directed to meet and confer concerning scheduling. The Debtors have made good faith efforts to meet and confer and have proposed a reasonable schedule, but Sycamore has refused to agree to any schedule unless it (a) provides for two-way discovery (instead of the typical discovery afforded debtors under Rule 2004) before a plan or claims are formulated or brought; and (b) non-simultaneous exchange of witnesses and expert reports that would require the Debtors to effectively have their entire plan confirmation case prepared at the same time they filed the plan. The Debtors do not wish to involve this Court in any discovery disputes, and in the great majority of cases, Court involvement in discovery issues is unnecessary. Unfortunately, Sycamore's continued insistence to have two-way discovery before a plan and equitable subordination-type claims, if any, are filed necessitates this letter.

The background of this dispute is telling. This will be the third time Sycamore has tried to avoid the Debtors' right to take one-way Rule 2004 discovery to investigate whether it has claims against Sycamore and, if so, determine what they are. The first time was in connection with the DIP settlement. Late the night before the settlement was reached, Sycamore attempted to insert into the draft final DIP order a provision that would have stated that the 2004 order obtained by the Debtors would be

The Honorable Sean H. Lane
June 27, 2016
Page 2

**Weil, Gotshal & Manges LLP**

superseded by a schedule (like the one proposed now) providing for contemporaneous discovery on plan and equitable subordination issues.  We explained then that Sycamore's proposal was not acceptable because, among other things, given the shortened milestones (being imposed by Sycamore) the Debtors needed time to develop their plan without Sycamore imposing burdensome, expensive and perhaps ultimately unnecessary discovery obligations on the Debtors. The requested provision was not included in the final proposed DIP order.

Having been unable to achieve its proposal through settlement negotiations, Sycamore sought to obtain the same relief from the Court. Sycamore tried to obtain discovery by making the unsuccessful motion to seek reconsideration of the Rule 2004 order the Debtors obtained on June 16.

This letter to the Court is a third attempt to require contemporaneous discovery on plan and equitable subordination – this time in the guise of seeking 2004 discovery concerning equitable subordination claims that have not been and may never be brought.  And if such claims are brought, there is no certainty as to what those claims will be.  Practically speaking, Sycamore's latest request to take 2004 discovery is another attempt to have the Court reconsider its 2004 Order.

Given the tight milestones of the DIP Order, as agreed – and, in fact, insisted upon – by Sycamore, the Debtors propose a discovery schedule for their Rule 2004 investigation and subsequent post-plan discovery – if necessary – that is, by contrast, fair and reasonable.  A copy of the Debtors' proposed Discovery Schedule is attached hereto as Exhibit A.  This schedule implements important features which Sycamore ignores in its schedule. First, the Debtors' proposed schedule takes into account what the Debtors bargained for as part of the DIP settlement, namely that the Debtors  be given the time, unimpeded by discovery demands by Sycamore, to engage in a sales process and develop its plan.  Indeed, Sycamore seems intent on diverting attention of the Debtors from the critical sales and plan formulation processes to litigation and discovery.  Second, the Debtors' proposed schedule permits the Debtors the typical right, already granted by the Court here, to obtain one-way discovery to investigate their claims against a third party – here Sycamore.  Third, the Debtors' proposed schedule requires a creditor objecting to the plan to file a short objection early in the process so the parties know what is being contested and what discovery will be required from the parties. This is particularly appropriate here because Sycamore has already received extensive financial discovery in connection with the DIP hearing and continues to get updates on the sales process and updated financial results in real-time.  In other words, Sycamore already has a huge leg-up in any plan discovery.  Fourth, the Debtors' schedule provides for a conference after the Plan is filed when the parties will be in a better position to determine what schedule is necessary to resolve Plan issues.  Thus, we propose a tentative schedule that would be discussed and implemented at a conference once the parties know what the Plan will look like and whether there are any objections to it.  Finally, consistent with the process that worked

The Honorable Sean H. Lane                              **Weil, Gotshal & Manges LLP**
June 27, 2016
Page 3

in connection with the DIP hearing, the Debtors' proposed schedule provides for simultaneous exchanges of witnesses and written fact and expert testimony.

In contrast, Sycamore's proposed schedule is unfair, unworkable, and seeks to effectively insert a change that the Debtors refused to agree to in connection with the DIP Order negotiations.  First, as an essential part of its proposal, Sycamore seeks to take discovery simultaneously while the Debtors conduct their investigation to determine if the Debtors will bring potential claims – and well before any such claims are actually filed if in fact they are ever filed.   Respectfully, the Debtors ask the Court to see Sycamore's request for what it is – an attempt to distract and impose undue burdens on the Debtors in retaliation for taking Rule 2004 discovery, including requiring the Debtors to respond to discovery requests or attend third party discovery for a plan and claims that have not yet – and may never be – filed.  Such a proposal would not only interfere with the Debtors' Rule 2004 investigation, but also impede the Debtors' ability to focus on developing a plan, a key issue the Debtors stressed during the DIP settlement process.

While Sycamore makes much of the fact that 2004 discovery is one-sided, it ignores the fact that it is typical for debtors to conduct a one-way investigation of claims – that is the very nature of Rule 2004 discovery.  The 2004 investigation is a good faith inquiry by fiduciaries of these estates.  Despite this fact, Sycamore makes the unsupported claim that it requires  "discovery of the Debtors to understand the basis of the assertions (which were laid out in the first day declarations of David Dick and Julian Geiger) and to confront their apparent claim that the improper conduct of the Sycamore Parties harmed the Debtors and caused the Debtors' bankruptcy filing," and that such discovery "cannot wait to be commenced in the back-end, one-month period. . ." June 24 Letter at 5-6.  There is no basis for any entitlement on their part to take discovery on statements made in the first-day pleadings before claims are formulated and brought, if ever.[1]  It is therefore clear that Sycamore's main motivation is to

---

[1] Astonishingly, Sycamore maligns the Debtors for noting that "they are uncertain as to whether they will even bring equitable subordination claims."  June 24 Letter at 2.  Unlike Sycamore – who already seems to have made up its mind to object to the Debtors' as yet unfiled plan, regardless of its specifics, and argue that Sycamore is therefore entitled to premature discovery in connection therewith – the Debtors do not believe it is prudent to take burdensome and potentially unnecessary discovery based on the mere possibility that claims might be brought, and if so, guess as to what claims.

The Honorable Sean H. Lane
June 27, 2016
Page 4

**Weil, Gotshal & Manges LLP**

distract the Debtors, and divert their attention and resources away from their plan and Rule 2004 investigation.[2]

Finally, the Debtors agree that there should be no duplication of discovery so if there is information produced in connection with the Rule 2004 investigation, the same information should not be re-taken as part of plan discovery. The Debtors believe this should be a matter of substance as there may be plan discovery which was not – and could not be – taken from a witness in connection with the 2004 investigation. Sycamore makes a thinly veiled attempt at limiting the Debtors' right to appropriate discovery in connection with the plan in the name of avoiding "duplication of efforts," by asking that the Debtors agree to depose certain witnesses only once, unless "cause" is shown. Remarkably, Sycamore demands this limitation before the Debtors have requested or even suggested that they may need multiple depositions from Sycamore. The Debtors certainly have no intention of deposing witnesses multiple times if it is not appropriate or necessary. Indeed, given the pace of these proceedings – a pace that Sycamore sought to expedite – timing is critical; it is entirely possible that events involving certain witnesses that are entirely germane to the plan may take place after the initial depositions that will be taken during the Debtors' 2004 investigation.

The Debtors continue to work in good faith with Sycamore on other discovery disputes including Sycamore's decision to impose unilateral limitations on the Debtors' 2004 discovery requests ordered by the Court, and are hopeful that such disputes can be resolved without Court intervention. The Debtors respectfully request that the Court enter an order directing Sycamore to comply with the Debtors' proposed discovery schedule, attached as Exhibit A. The Debtors are prepared to discuss the forgoing issues at the scheduled telephonic conference today at 1:30pm.

Sincerely,

---

[2] Indeed, Sycamore suggests that a "principal advantage" of its proposed discovery schedule is that it "allows the Sycamore Parties to make significant progress during the next three weeks on equitable subordination document discovery." June 24 Letter at 7. While Sycamore claims to be making "significant progress" on document discovery that may ultimately prove unnecessary, it will also receive numerous tactical advantages including distracting the Debtors from their investigation and plan formulation. Sycamore's proposal is certainly not in the interests of creditors other than Sycamore and only underscores the significant self-centered motive of Sycamore's proposal.

The Honorable Sean H. Lane
June 27, 2016
Page 5

**Weil, Gotshal & Manges LLP**


*/s/ Garrett Fail*
Garrett Fail

cc:    Stephen C. Hackney
       Scott K. Rutsky
       John Morris
       Bradford Sandler
       Robert Feinstein

The Honorable Sean H. Lane

**Weil, Gotshal & Manges LLP**

June 27, 2016

Page 6

### Exhibit A:  Debtors' Proposed Schedule

<u>Rule 2004 Investigation Schedule</u>

June 23          Sycamore responds to 2004 discovery and begins rolling production

July 1             Sycamore completes 2004 document production

July 5             Sycamore provides categorical privilege log, which the Debtors are prepared to accept in the first instance subject to follow-up between the Debtors and Sycamore

July 6-13        Debtors conduct 2004 related examinations of Sycamore; non-Sycamore depositions may occur before or after these dates consistent with the 2004 Order

July 15           Plan to be filed

July 18           Status conference

<u>Post-Plan Discovery Schedule (if necessary, and subject to the Court's approval at the July 18th conference)</u>

July 21           Sycamore file preliminary objection, if any, to the Plan

July 22           Parties submit document requests related to plan confirmation (no other method of written discovery will be permitted absent order from the Court)

July 26           Debtors' Disclosure Statement due

August 1        Parties exchange witness lists

August 1        Parties complete any confirmation related document production

August 3-12   Parties conduct any confirmation related fact depositions

August 15      Parties submit expert declarations as direct testimony

August 19      Deadline to complete expert discovery

The Honorable Sean H. Lane
June 27, 2016
Page 7

**Weil, Gotshal & Manges LLP**

August 19       Pre-trial conference

August 23-24   Trial on confirmation and any pleadings or motions to disregard, subordinate, or
                designate Sycamore Parties' claims, liens, or right to vote