**HEARING DATE AND TIME:  July 25, 2016 at 2:00 p.m. (Eastern Time)**
**OBJECTION DEADLINE:  July 22, 2016 at 12:00 p.m. (Eastern Time)**

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Ray C. Schrock, P.C.
Jacqueline Marcus
Garrett A. Fail

*Attorneys for Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------x
                                          :

In re                              :          **Chapter 11**
                                            :

AÉROPOSTALE, INC., *et al.*,      :          **Case No. 16-11275 (SHL)**
                                            :

        Debtors.[1]           :          **(Jointly Administered)**
                                            :

---------------------------------------------------------x

**DEBTORS' MOTION FOR AN ORDER (I) APPROVING DISCLOSURE STATEMENT; (II) APPROVING NOTICE OF DISCLOSURE STATEMENT HEARING; (III) SHORTENING NOTICE FOR DISCLOSURE STATEMENT OBJECTION DEADLINE, DISCLOSURE STATEMENT HEARING AND PLAN OBJECTION DEADLINE; (IV) ESTABLISHING A RECORD DATE; (V) ESTABLISHING NOTICE AND OBJECTION PROCEDURES FOR CONFIRMATION OF THE PLAN; (VI) APPROVING SOLICITATION PACKAGES AND PROCEDURES FOR DISTRIBUTION THEREOF; (VII) APPROVING THE FORM OF BALLOT AND ESTABLISHING PROCEDURES FOR VOTING ON THE PLAN; (VIII) APPROVING THE FORM OF NOTICE TO NON-VOTING CLASSES UNDER THE PLAN; (IX) APPROVING SALE AND BIDDING PROCEDURES FOR SALE OF SUBSTANTIALLY ALL OF DEBTORS' ASSETS PURSUANT TO THE PLAN; (X) APPROVING PROCEDURES FOR ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES; (XI) APPROVING RELATED NOTICES; AND (XII) GRANTING RELATED RELIEF**

---

[1] The Debtors in these chapter 11 cases and the last four digits of each Debtor's federal tax identification number, as applicable, are as follows:  Aéropostale, Inc. (3880); Aéropostale West, Inc. (7013); Jimmy'Z Surf Co., LLC (0461); Aero GC Management LLC (4257); Aeropostale Procurement Company, Inc. (8518); Aeropostale Licensing, Inc. (8124); P.S. from Aeropostale, Inc. (5900); GoJane LLC (4923); Aeropostale Holdings, Inc. (7729); and Aeropostale Puerto Rico, Inc. (6477).  The Debtors' corporate headquarters is located at 112 West 34th Street, 22nd Floor, New York, NY 10120.

TO THE HONORABLE SEAN H. LANE,
UNITED STATES BANKRUPTCY JUDGE:

Aéropostale, Inc. and its affiliates, as debtors and debtors in possession

(collectively, the "*Debtors*") in the above-captioned chapter 11 cases (the "*Chapter 11 Cases*"),

respectfully represent:

**Preliminary Statement**

1.      As part of the Debtors' negotiations with the lenders under the debtor-in-

possession facility (the "*DIP Facility*" and such lenders the "*DIP Lenders*") and the lenders

under that certain Loan and Security Agreement, dated May 23, 2014 (the "*Prepetition Term*

*Loan Agreement*" and the lenders under said agreement, the "*Prepetition Term Loan Lenders*"),

the Debtors agreed to a set of accelerated milestones (the "*Milestones*") for the confirmation of

any Plan or pursuit of a sale under section 363 of the Bankruptcy Code.  The a summary of the

Milestones are set forth on **Exhibit "A"** hereto.[1]

2.      The Debtors and their professionals have been engaged in negotiations

with potential purchasers and equity sponsors as well as parties in interest, such as the DIP

Lenders and the Official Committee of Unsecured Creditors (the "*Creditors' Committee*")

appointed in the Chapter 11 Cases, over the path forward for these Chapter 11 Cases.  Although

due to time constraints the DIP Lenders and the Creditors' Committee have not yet agreed to the

procedures set forth herein, the Debtors expect that most of such parties will ultimately agree to

the process outlined herein.

3.      The Debtors have concluded that reorganization on a standalone basis is

not feasible.  Accordingly, the primary purpose of the proposed plan (the "*Plan*") is to effectuate

---

[1] This summary is qualified in its entirety by the Milestones.  In the event of any conflict between the summary and the Milestones, the Milestones shall apply.

one or more sales (the "**Sale Transaction**") of substantially all of the Debtors' assets to a purchaser, or purchasers, as may be selected by the Debtors and approved by the Court.

4.    By this Motion, the Debtors are seeking approval of a comprehensive set of procedures that will facilitate a sale or alternative transaction pursuant to a chapter 11 plan, which will maximize value for the benefit of all creditors.

## **Summary of Relief Requested**

5.    On July 15, 2016, the Debtors filed their Chapter 11 Plan (as it may be further amended, modified, and supplemented, the "**Plan**")[2] and related disclosure statement (as it may be amended, modified, and supplemented, the "**Disclosure Statement**"). The Debtors obtained from the Court a date and time for a hearing to consider, inter alia, approval of the Disclosure Statement, which will be held at 2:00 p.m. (Eastern Time) on July 25, 2016 (the "**Disclosure Statement Hearing**").

6.    The Plan provides for the sale of substantially all of the Debtors' assets to a purchaser or purchasers in connection with the Sale Transaction, as described in further detail in the Plan and the Disclosure Statement.

7.    By this Motion and pursuant to sections 105, 363, 365, 502, 1125, 1126, and 1128 of title 11 of the United States Code (the "**Bankruptcy Code**"), Rules 2002, 3017, 3018, 3020, 6004, and 6006 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") and Rules 2002-1, 3017-1, 3018-1, 3020-1 and 6004-1 of the Local Bankruptcy Rules for the Southern District of New York (the "**Local Rules**"), the Debtors seek an order (the "**Proposed Order**"), substantially in the form attached hereto as **Exhibit "B"**:

---

[2] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Plan.

(i)      approving the Disclosure Statement under section 1125 of the Bankruptcy Code;

(ii)     approving the notice of the Disclosure Statement Hearing, substantially in the form annexed hereto as **Exhibit "1"** to the Proposed Order;

(iii)    shortening the notice period required for the Disclosure Statement Hearing;

(iv)     approving the form of ballot, substantially in the forms annexed as **Exhibits "2-3"** to the Proposed Order, and establishing procedures for voting on the Plan;

(v)      approving the form of notice to non-voting classes, substantially in the forms annexed as **Exhibits "4-5"** to the Proposed Order.

(vi)     establishing a record date for notice of the Confirmation Hearing (as defined below) and for voting on the Plan;

(vii)    establishing notice and objection procedures for the Confirmation Hearing, including the form of notice, and notice of the proposed Notice of Auction and Sale Hearing for the Sale Transaction substantially in the form annexed as **Exhibit "6"** to the Proposed Order; and

(viii)   approving the Notice Packages (as defined below) and procedures for the distribution thereof;

(ix)     approving the bid procedures for the Sale Transaction (the "***Bid Procedures***," the form of which is annexed as **Exhibit "7"** to the Proposed Order) for (a) the sale of substantially all of the Debtors' assets (the "***Assets***") pursuant to the Plan and section 363 of the Bankruptcy Code and (b) an auction (the "***Auction***") with respect to the Assets if the Debtors receive more than one bid on the Assets in accordance with the Bid Procedures.

(x)      approving the procedures for the assumption, assignment, and sale of executory contracts and unexpired leases, including notice of proposed cure costs in connection with the Sale Transaction (the "***Assumption and Assignment Procedures***");

(xi)     approving the proposed Notice of Assumption and Assignment to be served on the Contract Notice Parties (as defined herein) (the "***Notice of Assumption and Assignment***"), substantially in the form attached as **Exhibit "8"** to the Proposed Order; and

3

(xii)    scheduling the Auction for August 22, 2016 at 9:00 a.m. (Eastern Time), in the event that multiple bids are received.

8.      The following tables provide certain dates and proposed dates related to specific relief requested in the Motion, many of which have been agreed to by the DIP Lenders and the Prepetition Term Loan Lenders and approved by the Court as a component of the Milestones. As demonstrated herein, the proposed timing and notices related to confirmation of the Plan and approval of the Disclosure Statement and approval of the Bid Procedures and sale process are fair and reasonable under the circumstances and should be approved.

**Disclosure Statement, Voting Deadlines, and Plan Confirmation Timeline:**

| | |
|---|---|
| **Disclosure Statement Objection Deadline:** | July 22, 2016 at 12:00 p.m. (Eastern Time) |
| **Deadline for Reply, if any, to Disclosure Statement Objections:** | July 24, 2016 |
| **Disclosure Statement Hearing:** | July 25, 2016 at 2:00 p.m. (Eastern Time) |
| **Voting Record Date:** | July 25, 2016 for all Claims entitled to vote |
| **Solicitation Deadline:** | July 29, 2016 |
| **Publication Deadline:** | August 2, 2016 |
| **Voting Deadline:** | August 16, 2016 at 4:00 p.m. (Eastern Time) |
| **Plan Confirmation Objection Deadline:** | August 12, 2016 at 12:00 p.m. (Eastern Time) |
| **Deadline to Reply to Plan Objection(s):** | August 22, 2016 at 5:00 p.m. (Eastern Time) |
| **Plan Confirmation Hearing:** | August 23, 2016 |
| **Plan Consummation** | August 25, 2016 |

**Timeline for Sale Transaction**:

| | |
|---|---|
| **Deadline to Serve Confirmation Hearing Notice** | July 29, 2016 |
| **Confirmation Hearing Notice Publication Deadline** | August 2, 2016 |
| **Bid Deadline** | August 18, 2016 at 5:00 p.m. (Eastern Time) |

4

| | |
|---|---|
| **Deadline to Notify Qualified Bidders** | August 19, 2016 at 5:00 p.m. (Eastern Time) |
| **Auction (if required)** | August 22, 2016 at 9:00 a.m. (Eastern Time) |
| **Assumption and Assignment Objection Deadline** | August 23, 2016 at 9:00 a.m. (Eastern Time) |
| **Sale Hearing (if necessary)** | August 26, 2016 at [11:00 a.m.] (Eastern Time) |

## Jurisdiction

9.     This Court has jurisdiction to consider this matter pursuant to

28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).

## Disclosure Statement

### I.     THE DISCLOSURE STATEMENT CONTAINS ADEQUATE INFORMATION AND SHOULD BE APPROVED

10.     Pursuant to section 1125 of the Bankruptcy Code, a plan proponent must

provide holders of impaired claims and equity interests with "adequate information" regarding a

proposed chapter 11 plan.  In that regard, section 1125(a)(1) of the Bankruptcy Code provides:

> "[A]dequate information" means information of a kind, and in
> sufficient detail, as far as is reasonably practicable in light of the
> nature and history of the debtor and the condition of the debtor's
> books and records, including a discussion of the potential material
> Federal tax consequences of the plan to the debtor, any successor
> to the debtor, and a hypothetical investor typical of the holders of
> claims or interests in the case, that would enable such a
> hypothetical investor of the relevant class to make an informed
> judgment about the plan . . . .

11 U.S.C. § 1125(a)(1).  Thus, a disclosure statement must, as a whole, provide information that

is reasonably practicable to permit an informed judgment by impaired creditors or equity interest

holders entitled to vote on a plan of reorganization.  *See In re Momentum Mfg. Corp.*, 25 F.3d

1132, 1136 (2d Cir. 1994); *Cadle Co. II, Inc. v. PC Liquidation Corp. (In re PC Liquidation*

5

*Corp.)*, 383 B.R. 856, 866 (E.D.N.Y. 2008) (holding that a disclosure statement was adequate where it "enable[d] a reasonable creditor to make an informed judgment about the [p]lan").

11. In examining the adequacy of the information contained in a disclosure statement, the Court has broad discretion. *See Menard-Sanford v. Mabey (In re A.H. Robins Co., Inc.)*, 880 F.2d 694, 696 (4th Cir. 1989); *Tex. Extrusion Corp. v. Lockheed Corp. (In re Tex. Extrusion Corp.)*, 844 F.2d 1142, 1157 (5th Cir. 1988); *see also In re Oxford Homes, Inc.*, 204 B.R. 264, 269 (Bankr. D. Me. 1997) ("Congress intentionally drew vague contours of what constitutes adequate information so that bankruptcy courts may exercise discretion to tailor them to each case's particular circumstances."); *In re Dakota Rail Inc.*, 104 B.R. 138, 143 (Bankr. D. Minn. 1989) (noting that the bankruptcy court has "wide discretion to determine . . . whether a disclosure statement contains adequate information, without burdensome, unnecessary, and cumbersome detail"). This grant of discretion was intended to facilitate effective reorganization of a debtor in the broad range of businesses in which chapter 11 debtors engage and the broad range of circumstances that accompany chapter 11 cases. *See* H.R. Rep. No. 595, 95th Cong., 1st Sess. 408–09 (1977). "In reorganization cases, there is frequently great uncertainty. Therefore the need for flexibility is greatest." *Id.* at 409. Adequacy of disclosure statement "is to be determined on a case-specific basis under a flexible standard that can promote the policy of Chapter 11 towards fair settlement through a negotiation process between informed interested parties". *In re Copy Crafters Quickprint, Inc.*, 92 B.R. 973, 979 (Bankr. N.D.N.Y. 1988). Accordingly, the determination of whether a disclosure statement contains adequate information is to be made on a case-by-case basis, focusing on the unique facts and circumstances of each case. *See In re PC Liquidation Corp.*, 383 B.R. at 866; *In re Phoenix Petroleum Co.*, 278 B.R. 385, 393 (Bankr. E.D. Pa. 2001).

6

12.    The Debtors submit that the Disclosure Statement contains adequate information necessary to enable all parties in interest to make an informed judgment with respect to the Plan as required by section 1125 of the Bankruptcy Code, including, but not limited to, a discussion of:

(a)    The circumstances that gave rise to the filing of the Chapter 11 Cases;

(b)    Significant events during the course of the Chapter 11 Cases;

(c)    The condition and performance of the Debtor during the Chapter 11 Cases;

(d)    Information regarding Claims against the Debtor;

(e)    Information regarding Claims and Interests to be addressed under the Plan;

(f)    A summary of the Plan; and

(g)    Tax consequences of the Plan.

13.    Accordingly, the Debtors submit that the Disclosure Statement satisfies the requirements of section 1125 of the Bankruptcy Code and respectfully requests that the Court approve the Disclosure Statement.

## II.    APPROVAL OF NOTICE OF THE DISCLOSURE STATEMENT HEARING AND PROCEDURES FOR FILING OF OBJECTIONS TO THE PROPOSED DISCLOSURE STATEMENT

### A.    Approval of Notice of The Disclosure Statement Hearing

14.    In accordance with Bankruptcy Rules 3017(a) and 2002 and Local Rule 3017-1, upon filing of this Motion, the Debtors will serve a notice of the hearing on this Motion (the "*Disclosure Statement Notice*"), substantially in the form annexed as **Exhibit "1"** to the Proposed Order, by electronic transmission, by overnight mail, or by first class mail upon all required parties (the "*Notice Parties*").[3]  The Disclosure Statement Notice provides the Notice

---

[3] The Notice Parties include: (i) the attorneys for the Creditors' Committee, Pachulski Stang Ziehl & Jones LLP, 780 Third Avenue, 34th Floor, New York, New York 10017 (Attn.: Robert J. Feinstein, Esq., Jeffrey N. Pomerantz, Esq.,

Parties with more than one week's notice of the Disclosure Statement Hearing and of the deadline by which objections must be filed to approval of the Disclosure Statement. The Debtors request that the Court approve the Disclosure Statement Notice and find that the notice given thereby as adequate.

15.     The Debtors will provide, at their expense, copies of the proposed Disclosure Statement and the Plan to any party in interest upon request made to Prime Clerk LLC ("*Prime Clerk*"), the Debtors' voting agent. Moreover, copies of the Disclosure Statement and the Plan are on file with the Office of the Clerk of the Bankruptcy Court and are also available free-of-charge on the Debtors' website at https://cases.primeclerk.com/aeropostale/.

16.     The Debtors submit that the foregoing procedures provide adequate notice of the Disclosure Statement Hearing for all purposes and, accordingly, request that the Court approve such procedures as adequate.

### B.      Approval of Procedures for Filing Objections to the Disclosure Statement

17.     The Disclosure Statement Notice provides that objections to the proposed Disclosure Statement, if any, must:

(a)     Be in writing;

(b)     State the name and address of the objecting party and the amount and nature of the Claim or Interest of such party;

---

and Bradford J. Sandler, Esq.); (ii) the Office of the United States Trustee for the Southern District of New York, U.S. Federal Office Building, 201 Varick Street, Suite 1006, New York, New York 10014 (Attn.: Brian Masumoto, Esq. and Susan Arbeit, Esq.); (iii) the attorneys for the DIP Lenders, Proskauer Rose LLP, Eleven Times Square, New York, NY 10036 (Attn: Scott Rutsky, Esq. and Jared Zajac, Esq.); (iv) the attorneys for Aero Investors, LLC, Kirkland & Ellis LLP, 300 North LaSalle Street, Chicago, IL 60654 (Attn: James A. Stempel,Esq.); (v) the Securities and Exchange Commission; (vi) all known holders of Claims listed on the Debtor's Schedules (as defined herein) at the addresses stated therein (as amended or supplemented from time to time), other than scheduled Claims that have been superseded by a filed proof of Claim; (vii) all parties who filed proofs of Claim against the Debtor's estate that have not been expunged and disallowed by final order; (viii) all parties who have requested notice pursuant to Bankruptcy Rule 2002; and (ix) the registered and beneficial holders of the Debtor's Existing Common Stock (as defined in the Plan) as of July 25, 2016.

(c)     State with particularity the basis and nature of any objection or response and include, where appropriate, proposed language to be incorporated into the Disclosure Statement to resolve any such objection or response;

(d)     Conform to the Bankruptcy Rules and the Local Rules;

(e)     Be filed with the Bankruptcy Court by no later than **12:00 p.m. (Eastern Time) on July 22, 2016** (i) by registered users of the Bankruptcy Court's case filing system, electronically in accordance with General Order M-399 (which can be found at www.nysb.uscourts.gov) and (ii) by all other parties in interest, on a CD-ROM, in text-searchable portable document format (PDF) (with a hard copy delivered directly to Chambers), in accordance with the customary practices of the Bankruptcy Court and General Order M-399, to the extent applicable; and

(f)     Be served in accordance with General Order M-399 so as to be delivered no later than **12:00 p.m. (Eastern Time), on July 22, 2016** (which is three days prior to the Disclosure Statement Hearing), on the following parties —

    (i)     The attorneys for the Debtors, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn.: Ray C. Schrock, P.C., Jacqueline Marcus, Esq., and Garrett A. Fail, Esq.) or by email at ray.schrock@weil.com, jacqueline.marcus@weil.com, and garrett.fail@weil.com);

    (ii)     The Office of the United States Trustee for the Southern District of New York, U.S. Federal Office Building, 201 Varick Street, Suite 1006, New York, New York 10014 (Attn.: Brian Masumoto, Esq. and Susan Arbeit, Esq.);

    (iii)     The attorneys for the Creditors' Committee, Pachulski Stang Ziehl & Jones LLP, 780 Third Avenue, 34th Floor, New York, New York 10017 (Attn.: Robert J. Feinstein, Esq., Jeffrey N. Pomerantz, Esq., and Bradford J. Sandler, Esq.);

    (iv)     The attorneys for the DIP Lenders, Proskauer Rose LLP, Eleven Times Square, New York, NY 10036 (Attn: Scott Rutsky, Esq. and Jared Zajac, Esq.); and

    (v)     The attorneys for Aero Investors LLC, Kirkland & Ellis LLP, 300 North LaSalle Street, Chicago, IL 60654 (Attn: James A. Stempel, Esq.).

18.     The Debtors request that the Court approve, pursuant to Bankruptcy Rule 3017, the procedure and timing for filing objections to the proposed Disclosure Statement, as set forth in the Disclosure Statement Notice.

### III.   APPROVAL OF SHORTENING OF NOTICE PERIOD REQUIRED FOR FILING OF OBJECTIONS TO DISCLOSURE STATEMENT, DISCLOSURE STATEMENT HEARING, AND FILING OF OBJECTIONS TO CONFIRMATION

19.     Bankruptcy Rule 2002(b) states, in relevant part, that "the clerk, or some other person as the court may direct, shall give the debtor, the trustee, all creditors and indenture trustees not less than twenty-eight (28) days' notice by mail of the time fixed for . . . filing objections and the hearing to consider approval of a disclosure statement . . . and . . . for filing objections and the hearing to consider confirmation of a . . . chapter 11 . . . plan."  Fed. R. Bank. P. 2002(b).

20.     However, Bankruptcy Rule 9006(c) states that with regard to any specified period of time required by the Bankruptcy Rules, except with respect to certain rules not applicable here, "the court for cause shown may in its discretion with or without motion or notice order the period reduced."  Fed. R. Bank. P. 9006(c)(1).   The Debtors respectfully submit that shortening the notice period for the Disclosure Statement Hearing and the deadline for the parties to submit written objections, if any, to the Disclosure Statement to July 22, 2016 (the "***Disclosure Statement Objection Deadline***") and the deadline for the parties to submit written objections to confirmation of the Plan to August 12, 2016 at 12:00 p.m. is necessary and appropriate under the circumstances.

21.     On June 10, 2016, the Court entered the *Final Order (i) Authorizing Incurrence by the Debtors of Post-Petition Secured Indebtedness, (ii) Granting Liens, (iii) Authorizing Use of Cash Collateral by the Debtors and Providing for Adequate Protection, and*

*(iv) Modifying the Automatic Stay* [ECF No. 298] (the "***Final DIP Order***"), authorizing the

Debtors to obtain postpetition financing on a final basis.

22.     The Milestones incorporated in the Debtors' DIP Facility, as approved by

the Court in the Final DIP Order were premised upon the assumption that the Court would need

to shorten the notice periods and objection deadlines relating to the Disclosure Statement

Hearing and Confirmation Hearing.  Indeed, the Debtors' three primary creditor constituencies,

the DIP Lenders, the Prepetition Term Loan Lenders, and the Creditors' Committee, consented

to the proposed timetable in the context of approval of the Final DIP Order.

23.     Approval of the Disclosure Statement Hearing and the Disclosure

Statement Objection Deadline will result in a shortening of the time for notice of the objection

deadline by twenty-three (23) days, from twenty-eight (28) days to seven (7) days, and a

shortening of the time between service of the Disclosure Statement and the Disclosure Statement

Hearing by eighteen (18) days, from twenty-eight (28) days to ten (10) days.  Such shortening is

warranted because, unless the Court enters an order adopting these dates and shortening the

relevant notice and objection periods, the Debtors would be unable to comply with the

Milestones approved by the Court as part of the Final DIP Financing Order, resulting in a default

under the DIP Facility, which would have severe negative consequences for the Debtors and all

parties in interest.

24.     Approval of the scheduling of the Disclosure Statement Hearing and the

Disclosure Statement Objection Deadline are also warranted to minimize the costs of

administering these chapter 11 cases.  Prompt consideration of the Disclosure Statement is in the

interest of the Debtors and all parties in interest in these chapter 11 cases because it will allow

for a more expeditious and economic restructuring of the Debtors' affairs.

25.    Section 105(a) of the Bankruptcy Code provides additional authority for the Court to shorten the notice periods for the Disclosure Statement Hearing and the hearing on confirmation of the Plan (the "**Confirmation Hearing**").  Section 105(a) of the Bankruptcy Code provides, in pertinent part, that a court may "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]."  Entry of an order granting the requested notice and objection periods associated with the Disclosure Statement Hearing and the Confirmation Hearing is an appropriate exercise of the Court's equitable powers because the requested relief is in the best interests of the Debtors and their estates, is consistent with the Bankruptcy Code, and will maximize value for the Debtors' stakeholders.

## IV.    ESTABLISHING A RECORD DATE

26.    Bankruptcy Rule 3017(d) provides that, for the purposes of soliciting votes in connection with the confirmation of a chapter 11 plan, "creditors and interest holders shall include holders of stock, bonds, debentures, notes, and other securities of record on the date the order approving the disclosure statement is entered or another date fixed by the court, for cause, after notice and a hearing."  Fed. R. Bankr. P. 3017(d).  Bankruptcy Rule 3018(a) contains a similar provision regarding determination of the record date for voting purposes.  Although holders of Interests will not be voting on the Plan because they are deemed to reject the Plan, holders of Interests will be receiving notice of the hearing to consider confirmation of the Plan, the date by which objections must be filed, and certain other matters.  Accordingly, the Debtors propose that the record date for purposes of determining (i) which eligible holders of Claims are entitled to vote on the Plan and (ii) which holders of Claims and Interests are entitled to receive other notices described herein, be set on July 25, 2016 (the "**Record Date**").

## V.    ESTABLISHING NOTICE AND OBJECTION PROCEDURES FOR HEARING ON CONFIRMATION OF THE PLAN

### A.    Setting the Confirmation Hearing

27.    Bankruptcy Rule 3017(c) provides:

> On or before approval of the disclosure statement, the court shall fix a time within which the holders of claims and interests may accept or reject the plan and may fix a date for the hearing on confirmation.

Fed. R. Bankr. P. 3017(c).

28.    In accordance with Bankruptcy Rules 2002(b) and 3017(c) and in view of the Debtors' proposed solicitation schedule outlined herein, the Debtors request the Confirmation Hearing be scheduled on August 23, 2016, which is approximately twenty-nine (29) days after the anticipated date for the entry of the Proposed Order.  Rule 2002(b) requires that parties in interest be given twenty-eight days' notice of the deadline to object to confirmation of a plan.  While parties in interest will have twenty-eight days' from the filing of the Plan and the Disclosure Statement on July 15, 2016 until the Confirmation Objection Deadline on August 12, 2016, parties in interest will have approximately seventeen (17) days between the anticipated date for the entry of the Proposed Order and the Confirmation Objection Deadline.  The Debtors submit that such notice is reasonable in light of the Milestones agreed to in connection with the Final DIP Order.

### B.    Establishing Procedures for Notice of the Confirmation Hearing

29.    In accordance with Bankruptcy Rules 2002 and 3017(d), the Debtors propose to provide to all known holders of Claims and Interests, as of the Record Date, simultaneously with the distribution of the Notice Packages (as defined below), a notice substantially in the form annexed as **Exhibit "6"** to the Proposed Order (the "*Confirmation Hearing Notice*"), which provides: (i) August 16, 2016 at 4:00 p.m. (Eastern Time) is the Voting

13

Deadline for the submission of Ballots (as defined below) to accept or reject the Plan; (ii) August 12, 2016 at 12:00 p.m. (Eastern Time) as the time fixed for filing objections to confirmation of the Plan (the "***Confirmation Objection Deadline***"); (iii) the time, date, and place for the Confirmation Hearing; and (iv) information about the Sale Transaction including information concerning the submission of bids.

30.     Bankruptcy Rule 2002(l) permits the Court to "order notice by publication if it finds that notice by mail is impracticable or that it is desirable to supplement the notice." Fed. R. Bankr. P. 2002(l).  In addition to mailing the Confirmation Hearing Notice, the Debtor proposes to publish the Confirmation Hearing Notice, not less than 5 calendar days before the Confirmation Objection Deadline (the "***Publication Deadline***"), once in *The New York Times* (National Edition).  Additionally, the Confirmation Hearing Notice will be available electronically on the Debtors' website, https://cases.primeclerk.com/aeropostale/.  The Debtors believe that publication of the Confirmation Hearing Notice will provide sufficient notice of the time, date, and place of the Confirmation Hearing to persons who do not otherwise receive notice by mail as provided for in the Proposed Order.

31.     The Debtors also propose to send the Confirmation Hearing Notice to all customers for whom they have email addresses.

32.     The Debtors submit that the foregoing procedures will provide adequate notice of the Confirmation Hearing and all related matters and, accordingly, request that the Court deem such notice adequate and proper.

### C.     Establishing Procedures for Objections to the Plan

33.     Pursuant to Bankruptcy Rule 3020(b)(1), objections to confirmation of a plan must be filed and served "within a time fixed by the court."  Fed. R. Bankr. P. 3020(b)(1). Local Rule 3020-1(a) requires that objections to confirmation of a plan be filed no later than

seven days before the Confirmation Hearing.  The Confirmation Hearing Notice provides, and the Debtors request that the Court direct, that any objections to confirmation of the Plan:

(a)    Be in writing;

(b)    State the name and address of the objecting party and the amount and nature of the Claim or Interest of such party;

(c)    State with particularity the basis and nature of any objection;

(d)    Conform to the Bankruptcy Rules and the Local Rules;

(e)    Be filed with the Bankruptcy Court by no later than August 12, 2016 at 12:00 noon (i) by registered users of the Bankruptcy Court's case filing system, electronically in accordance with General Order M-399 (which can be found at http://nysb.uscourts.gov) and (ii) by all other parties in interest, on a CD-ROM, in text-searchable portable document format (PDF) (with a hard copy delivered directly to Chambers), in accordance with the customary practices of the Bankruptcy Court and General Order M-399, to the extent applicable; and

(f)    Be served in accordance with General Order M-399 so as to be received no later **than 12:00 p.m. (Eastern Time) on August 12, 2016** (which is eleven days prior to the Confirmation Hearing), on the following parties:

(i)    The attorneys for the Debtors, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn.: Ray C. Schrock, P.C., Jacqueline Marcus, Esq., and Garrett A. Fail, Esq.);

(ii)    The Office of the United States Trustee for the Southern District of New York, U.S. Federal Office Building, 201 Varick Street, Suite 1006, New York, New York 10014 (Attn.: Brian Masumoto, Esq. and Susan Arbeit, Esq);

(iii)    The attorneys for the Creditors' Committee, Pachulski Stang Ziehl & Jones LLP, 780 Third Avenue, 34th Floor, New York, New York 10017 (Attn.: Robert J. Feinstein, Esq., Jeffrey N. Pomerantz, Esq., and Bradford J. Sandler, Esq.);

(iv)    The attorneys for the DIP Lenders, Proskauer Rose LLP, Eleven Times Square, New York, NY 10036 (Attn: Scott Rustky, Esq. and Jared Zajac, Esq.); and

(v)    The attorneys for Aero Investors LLC, Kirkland & Ellis LLP, 300 North LaSalle Street, Chicago, IL 60654 (Attn: James A. Stempel, Esq.).

15

34.    The Debtors further request that the Court set as the deadline for filing and service of replies or an omnibus reply to any objections to confirmation of the Plan at **5:00 p.m. (Eastern Time) on August 22, 2016**.

35.    The proposed timing for service of objections and replies, if any, will afford the Court, the Debtors, and the Creditors' Committee sufficient time to consider any objections before the Confirmation Hearing and allow for sufficient time to file any replies, if necessary. Accordingly, the Debtors request that the Court approve this schedule pursuant to Bankruptcy Rule 3020 and Local Rule 3020-1(a).

## VI.    APPROVING SOLICITATION PACKAGES AND PROCEDURES FOR DISTRIBUTION

36.    Bankruptcy Rule 3017(d) sets forth the materials that must be provided to holders of Claims and Interests for the purpose of soliciting their votes and providing adequate notice of a hearing on confirmation of a chapter 11 plan:

> Upon approval of a disclosure statement, — except to the extent that the court orders otherwise with respect to one or more unimpaired classes of creditors or equity security holders — the debtor in possession, trustee, proponent of the plan, or clerk as the court orders shall mail to all creditors and equity security holders, and in a chapter 11 reorganization case shall transmit to the United States trustee,
>
> (1)    the plan or a court-approved summary of the plan;
>
> (2)    the disclosure statement approved by the court;
>
> (3)    notice of the time within which acceptances and rejections of the plan may be filed; and
>
> (4)    any other information as the court may direct, including any court opinion approving the disclosure statement or a court-approved summary of the opinion.
>
> In addition, notice of the time fixed for filing objections and the hearing on confirmation shall be mailed to all creditors and equity security holders in accordance with Rule 2002(b), and a form of

ballot conforming to the appropriate Official Form shall be mailed
to creditors and equity security holders entitled to vote on the plan.

37.      After the Court has approved the Disclosure Statement as containing

adequate information as required by section 1125 of the Bankruptcy Code, the Debtors propose

to mail, or cause to be mailed, a copy of the Proposed Order, the Confirmation Hearing Notice,

the Disclosure Statement (with the Plan annexed thereto) and a form of Ballot (as defined below)

and appropriate return envelope with prepaid postage (the "*Notice Package*")[4] in connection

with voting on the Plan and notice of the Confirmation Hearing and the filing of objections to

confirmation of the Plan.  Notice Packages will be sent to persons holding Claims and Interests

in Classes 4 and 5 (the "*Impaired Classes*").

38.      The Debtors also propose to mail a copy of the Confirmation Hearing

Notice (to the extent not already provided in the distributions set forth above) to (i) all Notice

Parties; (ii) all persons or entities that filed proofs of Claim on or before the date of the

Disclosure Statement Hearing, except to the extent a Claim was paid pursuant to, or expunged

by, prior order of the Court; (iii) all persons or entities listed in the Debtors' schedules of

liabilities, dated June 17, 2016 (the "*Schedules*") as holding liquidated, noncontingent, and

undisputed claims[5] in an amount greater than $0.00, other than scheduled Claims that have been

superseded by a filed proof of Claim; (iv)  the registered and beneficial holders of the Debtors'

Existing Common Stock as of the Record Date; (v) all other parties in interest that have filed a

request for notice pursuant to Bankruptcy Rule 2002 in these chapter 11 cases; and (vi) any other

known holders of Claims against, or Interests in, the Debtors.

---

[4] Copies of the materials contained in the Notice Packages (excluding the Confirmation Hearing Notice and the
Ballots) may be provided electronically at the Debtors' discretion; *provided, however*, that any party may request to
receive paper copies of such materials from Prime Clerk at no cost to such party.

[5] Bankruptcy Rule 3003(c)(2) provides in relevant part that "[a]ny creditor . . . whose claim . . . is not scheduled or
scheduled as disputed, contingent, or unliquidated . . . who fails to [timely file a proof of claim] shall not be treated
as a creditor with respect to such claim for the purposes of voting and distribution."   Fed. R. Bankr. P. 3003(c)(2).

39.     Consistent with sections 1126(f) and (g) of the Bankruptcy Code and Bankruptcy Rule 3017(d), notices for holders of Claims and Interests in the following Classes that are either unimpaired or deemed to reject the Plan will not include a Ballot: Class 1, 2, 3, 6, 7 and 8 (the "*Non-Voting Classes*").

40.     Because Class 1, Class 2, and Class 3 are unimpaired and, therefore, are deemed to have accepted the Plan, in an effort to conserve the resources of the Debtors' estates, the Debtors propose to send to holders of such Claims a notice of non-voting status, substantially in the form annexed as **Exhibit "4"** ("*Notice of Non-Voting Status – Unimpaired Classes*") to the Proposed Order, which sets forth the manner in which a copy of the Plan and Disclosure Statement may be obtained.  These Classes will also receive the Confirmation Hearing Notice. As proponents of the plan, the Holders of Claims in Class 6 (Intercompany Claims) and the Holders of Interests in Class 8 (Other Equity Interests) are conclusively presumed to accept the Plan.  Each Debtor or Debtor Affiliate with a claim in Class 6 (Intercompany Claims) or Class 8 (Other Equity Interests) will be deemed to have received the Notice of Non-Voting Status without the Debtors actually mailing such Non-Voting Notice to such Debtor or Debtor Affiliate. The Debtors submit that such notice satisfies the requirements of Bankruptcy Rule 3017(d).  The Debtors request that the Court determine that they are not required to distribute copies of the Plan or Disclosure Statement to any holder of an unimpaired Claim unless otherwise requested in writing on or before the Confirmation Hearing.

41.     Because Class 7 is deemed to have rejected the Plan, in an effort to conserve the resources of the Debtors' estate, the Debtors propose to send to holders of such Interests a notice of non-voting status, substantially in the form annexed as **Exhibit "5"** ("*Notice of Non-Voting Status – Deemed Rejected Classes*") to the Proposed Order, which sets forth the

manner in which a copy of the Plan and Disclosure Statement may be obtained.  These Classes

will also receive the Confirmation Hearing Notice.  The Debtors submit that such notice satisfies

the requirements of Bankruptcy Rule 3017(d).  The Debtors request that the Court determine that

they are not required to distribute copies of the Plan or Disclosure Statement to any holder of an

Interest unless otherwise requested in writing on or before the Confirmation Hearing.

42.     In addition, to avoid duplication and reduce expenses, the Debtors propose

that creditors who have filed (a) duplicate Claims against the Debtors that are classified under

the Plan in the same Class or (b) Claims that amend or supersede previously filed Claims should

be required to receive only one Notice Package and the appropriate number of Ballots (if

applicable) for voting their Claims with respect to that Class.

43.     The Debtors also propose that notice need not be sent to creditors whose

Claims are based solely on amounts scheduled by the Debtors and whose Claims already have

been paid in the full scheduled amount; *provided, however*, if, and to the extent that, any such

creditor would be entitled to receive notice for any reason other than by virtue of the fact that the

Claim had been scheduled by the Debtors, such creditor will be sent notice in accordance with

the procedures set forth above.

44.     The Debtors anticipate that some notices may be returned by the United

States Postal Service as undeliverable.  The Debtors believe that it would be costly and wasteful

to mail such notices to the same addresses to which previous notices have been returned as

undeliverable.  Therefore, the Debtors seek the Court's approval for a departure from the strict

notice rule, excusing the Debtors from mailing such notices to those entities listed at such

addresses unless the Debtors are provided with accurate addresses for such entities prior to seven

(7) days before the Confirmation Hearing.

45.     The Debtors submit that they have shown good cause for implementing the proposed notice and service procedures, and request that the Court approve such notice as adequate.

## VII.  APPROVING FORM OF BALLOT AND ESTABLISHING PROCEDURES FOR VOTING ON THE PLAN

### A.    Approval of Form of Ballot and Distribution Thereof

46.     Bankruptcy Rule 3017(d) requires the Debtors to mail a form of ballot, which substantially conforms to Official Form No. 14, only to "creditors and interest holders entitled to vote on the plan." Fed. R. Bankr. P. 3017(d). The Debtors intend to distribute ballots to holders of Claims in Impaired Classes under the Plan. The form of Ballot is substantially in the form annexed to the Proposed Order as **Exhibits "2-3"** (the "*Ballots*") and is based on Official Form No. 14, but has been modified to address the particular aspects of the Chapter 11 Cases and to include certain additional information relevant and appropriate for each of the respective voting classes.

### B.    Establishing a Voting Deadline for Receipt of Ballots

47.     Bankruptcy Rule 3017(c) provides that, on or before approval of a disclosure statement, the Court shall fix a time within which the holders of claims or equity interests may accept or reject a plan. Fed. R. Bankr. P. 3017(c). As stated, the Debtors anticipate commencing the solicitation of votes to accept or reject the Plan by the Solicitation Deadline. Based on such schedule, the Debtors propose that, to be counted as a vote to accept or reject the Plan, each Ballot must be properly executed, completed, and delivered to Prime Clerk, by (i) first-class mail, in the return envelope provided; (ii) electronic, online submission at Prime Clerk's website (as described more fully below); (iii) overnight courier; or (iv) personal delivery so that it is received by Prime Clerk no later than **August 16, 2016** (the "*Voting Deadline*").

This solicitation period should be a sufficient period within which parties entitled to vote can make an informed decision to accept or reject the Plan.

48.     As mentioned above, in addition to accepting Ballots by regular mail, overnight courier or hand delivery, the Debtors seek authority to accept Ballots via electronic, online transmission through a customized electronic Ballot by utilizing the E-Ballot platform on Prime Clerk's website.  Holders may cast an E-Ballot and electronically sign and submit such electronic Ballot via the E-Ballot platform.  Instructions for casting an electronic ballot can be found on the "E-Ballot" section of Prime Clerk's website.  The encrypted ballot data and audit trail created by such electronic submission shall become part of the record of any electronic Ballot submitted in this manner and the creditor's electronic signature will be deemed to be an original signature that is legally valid and effective.  For the avoidance of doubt, holders may only cast Ballots electronically via the E-Ballot platform.  Ballots submitted by electronic mail, facsimile or any other means of electronic submission not specifically authorized by the solicitation procedures shall not be counted.

### C.     Approval of Procedures for Vote Tabulation

49.     Section 1126(c) of the Bankruptcy Code provides:

> A class of claims has accepted a plan if such plan has been accepted by creditors, other than any entity designated under subsection (e) of this section, that hold at least two-thirds in amount and more than one-half in number of the allowed claims of such class held by creditors, other than any entity designated under subsection (e) of this section, that have accepted or rejected such plan.

11 U.S.C. § 1126(c).

50.     Further, Bankruptcy Rule 3018(a) provides that the "court after notice and hearing may temporarily allow the claim or interest in an amount which the court deems proper for the purpose of accepting or rejecting a plan."  Fed. R. Bankr. P. 3018(a).

### *i.*    ***Ballot Tabulation***

51.    Solely for purposes of voting to accept or reject the Plan and not for the purpose of the allowance of, or distribution on account of a Claim, and without prejudice to the rights of the Debtors or the applicable creditor in any other context, the Debtors propose that each Claim within Impaired Classes be temporarily allowed in an amount equal to the amount of such Claim as set forth in a timely filed proof of Claim, or, if no proof of Claim was filed, the amount of such Claim as set forth in the Schedules.  The foregoing general procedure will be subject to the following exceptions:

(a)    If a Claim is deemed Allowed (as defined in the Plan), pursuant to the Plan, except to the extent set forth herein, such Claim shall be Allowed for voting purposes in the deemed Allowed amount set forth in the Plan;

(b)    If a Claim, for which a proof of Claim has been timely filed, is wholly contingent, unliquidated, or disputed as set forth on the proof of Claim, such Claim shall be allowed for voting purposes only, and not for purposes of allowance or distribution, at $1.00, unless such Claim is disputed in the manner set forth in subparagraph 44(h) below;

(c)    The Term Loan Lenders' Secured Claim will be valued as a Class 3 Claim in the amount of $1.00 for voting purposes only.  The Term Loan Lenders' Deficiency Claim will be valued as a Class 4 Claim in the amount of $1.00 for voting purposes only, *provided, however*, that to the extent the Court finds that the claims of the Prepetition Term Loan Lenders should be disallowed, equitably subordinated or recharacterized, the ballots of the Prepetition Term Loan Lender shall be treated accordingly;

(d)    If a Claim, for which a proof of Claim was timely filed, lists an amount that is wholly liquidated and noncontingent, such Claim shall be temporarily allowed in the amount set forth on the proof of Claim, unless such claim is disputed in the manner set forth in subparagraph 44(h) below;

(e)    If a Claim, for which a proof of Claim was timely filed, lists an amount that is partially liquidated and partially unliquidated, such Claim shall be temporarily allowed only in the liquidated amount set forth on the proof of Claim, unless such claim is disputed in the manner set forth in subparagraph 44(h) below;

(f)     If a Claim has been estimated for voting purposes or otherwise allowed for voting purposes by order of the Court, such Claim shall be allowed in the amount so estimated or allowed by the Court for voting purposes only, and not for purposes of allowance or distribution, unless otherwise provided by order of the Court;

(g)     If a Claim is listed in the Schedules as contingent, unliquidated, disputed, in the amount of $0.00, or unknown, and a proof of Claim was not (i) filed by the applicable bar date for the filing of proofs of Claim established by the Court or (ii) deemed timely filed by an order of the Court prior to the Voting Deadline, unless the Debtors have consented in writing, such Claim shall be disallowed for voting purposes;

(h)     If the Debtors serve an objection to, or request for estimation of, a Claim at least 10 days before the Voting Deadline, such Claim shall be temporarily disallowed for voting purposes only and not for purposes of allowance or distribution, except to the extent and in the manner as may be set forth in the objection or request for estimation;

(i)     If the Debtors serve an objection to a Claim at least 10 days before the Voting Deadline, and the relief sought in that objection is to supersede one or more scheduled Claims with a filed Claim, such scheduled Claim shall be temporarily disallowed for voting purposes only and not for purpose of allowance or distribution; *provided, however*, that in the event the holder of such Claims has returned only the Ballot in connection with the scheduled Claim(s), such Ballot shall be counted in the amount of the filed Claim;

(j)     For purposes of voting, classification, and treatment under the Plan, each party that holds or has filed more than one Claim in a particular class shall be treated as if such entity has only one Claim, the Claims filed by such entity shall be aggregated, and the total dollar amount of such Claims shall be the sum of the aggregated Claims of such entity;

(k)     Notwithstanding anything contained herein to the contrary, Prime Clerk, in its discretion, may contact entities entitled to vote to cure any defects in the Ballots and is authorized to so cure any defects;

(l)     There shall be a rebuttable presumption that in the case where more than one timely, properly completed Ballot is received, only the latest received, properly completed Ballot will be counted unless the holder of the Claim receives Court approval to have the Ballot that was received earlier be counted;

(m)     If a Claim is filed in the amount of $0.00, the holder of such Claim shall not be entitled to vote on account of such Claim; and

23

(n)    If a Claim is filed in a currency other than U.S. Dollars and is not allowed in a sum certain pursuant to the Plan, the holder of such Claim shall be entitled to vote a Claim in the amount of $1.00.

52.    The Debtors believe that the foregoing proposed procedures provide for a fair and equitable voting process.  If any party seeks to challenge the allowance of a Claim for voting purposes in accordance with the above procedures, the Debtors request that the Court direct such creditor to serve on the Debtors and file with the Court (with a copy to Chambers) a motion for an order pursuant to Bankruptcy Rule 3018(a) temporarily allowing such Claim in a different amount for purposes of voting to accept or reject the Plan on or before the fifth day after the later of (i) service of the Confirmation Hearing Notice and (ii) service of notice of an objection or request for estimation of such Claim, if any.  The Debtors further propose, in accordance with Bankruptcy Rule 3018, that as to any creditor filing such a motion, such creditor's Ballot should not be counted unless allowed by the Court for voting purposes, after notice and a hearing, pursuant to an order entered at least one business day prior to the Voting Deadline or as otherwise directed by the Court.

53.    The Debtors also propose that creditors must vote all of their Claim(s) within the applicable Impaired Class under the Plan either to accept or reject the Plan and may not split their vote(s), and a Ballot that partially rejects and partially accepts the Plan will not be counted.

54.    The Debtors further propose that, for holders of Claims subject to the Record Date, no transfer of Claim(s) pursuant to Bankruptcy Rule 3001 shall be recognized unless (i) documentation evidencing such transfer was filed with the Court on or before 5 days prior to the Record Date, (ii) the transfer is not defective, and (iii) no timely objection with respect to such transfer was filed by the transferor.  In instances where a Claim has been the

subject of one or more partial transfers, each holder of a portion of said Claim shall be deemed to hold one Claim for numerosity purposes.

55.    The Debtors further propose that the following Ballots not be counted or considered for any purpose in determining whether the Plan has been accepted or rejected: (i) any Ballot received after the Voting Deadline unless the Debtors shall have granted in writing an extension of the Voting Deadline with respect to such Ballot; (ii) any Ballot that is illegible or contains insufficient information to permit the identification of the Claim holder; (iii) any Ballot cast by a person or entity that does not hold a Claim in a Class that is entitled to vote to accept or reject the Plan; (iv) any Ballot that is unsigned or without an original signature; and (v) any Ballot transmitted to Prime Clerk by facsimile, electronic transmission, or other electronic means not specifically authorized herein.  Ballots that are properly completed, executed, and timely returned to Prime Clerk, but partially accept and partially reject the Plan will not be counted. Ballots that indicate both an acceptance and rejection of the Plan or do not indicate an acceptance or rejection of the Plan or will be counted as acceptances.

### ii.    *Vote Certification*

56.    In accordance with Local Rule 3018-1(a), at least two days prior to the Confirmation Hearing, Prime Clerk shall certify in writing (the "***Voting Certification***") the amount and number of Allowed Claims in the Impaired Classes that vote to accept or reject the Plan, and shall serve the Voting Certification upon, among others, (i) the Court; (ii) the attorneys for the Debtors; (iii) the U.S. Trustee; (iv) the attorneys for the Creditors' Committee; (v) the attorneys for the DIP Agents and the DIP Lenders; and (vi) the attorneys for the Prepetition Term Loan Agent and Prepetition Term Loan Lenders.

57.    The foregoing procedures provide for a fair and equitable voting process and should be approved by the Court.

**Sale Procedures**

## VIII.    APPROVAL OF THE PROPOSED BID PROCEDURES

### A.    The Proposed Asset Purchase Agreement

58.    The Debtors have prepared the form Asset Purchase Agreement, which is annexed to the Disclosure Statement as **Exhibit "C,"** and will be provided to all prospective bidders (each, a "***Potential Bidder***") in connection with the sale of the Assets or alternative transaction.  Potential Bidders will be required to submit to the Debtors an executed version of the Asset Purchase Agreement, provided, however, that Potential Bidders who make GOB offers or liquidation offers will be required to submit an agency agreement, consulting agreement, or other binding agreement (each, a "***Modified Asset Purchase Agreement***") reflecting the terms upon which the Potential Bidder would seek to effect a purchase some or all of the Assets and the assumption of certain liabilities as soon as is practicable, but no later than **August 18, 2016 at 5:00 p.m. (prevailing Eastern Time)** (the "***Bid Deadline***"); *provided* that, in the event that the Debtors elect not to pursue litigation against the Prepetition Term Loan Lenders with respect to equitable subordination, recharacterization or credit bidding, the Bid Deadline will be August 10, 2016.

### B.    The Bid Procedures

59.    The Bid Procedures are designed to maximize value for the Debtors' estates in connection with the Sale Transaction and to provide an opportunity for all interested parties to submit offers for all or a portion of the Debtors' assets, whether pursuant to the Plan or a sale under section 363 of the Bankruptcy Code, and whether on a going concern or liquidation basis.  The Bid Procedures describe, among other things, the procedures for parties to conduct due diligence, the manner in which potential bidders and bids become "qualified," the

procedures for receipt and negotiation of bids received, the conduct of the Auction, if any, the

selection and approval of any successful bidders (the "*Successful Bidders*"), and related

deadlines.  The Bid Procedures afford the Debtors a sufficient opportunity to pursue a robust sale

process that will maximize the value of the Assets for the benefit of their estates and all

stakeholders.

60.    Certain of the key terms of the Bid Procedures are highlighted below:

(a)    **Diligence**: Upon execution of a confidentiality agreement containing terms satisfactory to the Debtors, any prospective bidder identified by the Debtors as reasonably likely to be a Qualified Bidder (as defined in the Bid Procedures) that wishes to conduct  due diligence on the Assets may be granted access to all material information regarding the Assets, provided that if any Potential Bidder is (or is affiliated with) a competitor of the Debtors, the Debtors will not be required to disclose to such Potential Bidder any trade secrets or proprietary information unless the confidentiality agreement executed by such Potential Bidder contains appropriate provisions to ensure that such trade secrets or proprietary information will not be used for an improper purpose or to gain an unfair competitive advantage.  If the Debtors determine that a Potential Bidder does not constitute a Qualified Bidder, then such Potential Bidder shall not be entitled to receive due diligence access or additional non-public information.

(b)    **Bid Deadline**:  Any person or entity interested in participating in the Auction must submit a Qualified Bid (as defined in the Bid Procedures) on or before **August 18, 2016 at 5:00 p.m. (prevailing Eastern Time)** in writing, to (i) the attorneys for the Debtors, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Ray C. Schrock, Esq., Jacqueline Marcus, Esq. and Garrett A. Fail, Esq.).  The Debtors may extend the Bid Deadline, but shall promptly notify all Potential Bidders of any such extension.  A summary of all Qualified Bids shall be provided, on a professionals' eyes only basis, to the advisors to: (i) the Creditors' Committee, (ii) the DIP Lenders, and (iii) the Prepetition Term Loan Lenders by **August 19, 2016 at 5:00 p.m. (prevailing Eastern Time)**, which deadline is subject to extension if the Bid Deadline is extended.  To the extent the Debtors elect not to pursue litigation against the Prepetition Term Loan Lenders with respect to equitable subordination, recharacterization, or credit bidding, the Debtors will move the Bid Deadline to August 10, 2016.  The Debtors retain the right, in their sole discretion, to select a Potential Bidder to serve as a stalking horse bidder at any point prior to the Bid Deadline.

(c)     **Auction Qualification Process**:    To be eligible to participate in the Auction, each Potential Bidder must be determined by the Debtors to satisfy each of the conditions set forth below:

   i.     **Identification of Assets and Liabilities, Purchase Price, and Desired Assumed Contracts**:  Each Potential Bidder must submit a bid, in writing, that identifies (i) the Assets, or the portion thereof, to be purchased, (ii) the liabilities, if any, to be assumed, including any debt to be assumed, (iii) the cash purchase price of their bid, and (iv) a proposed list of Desired Assumed Contracts and proposed adequate assurance of future performance.

   ii.    **Identification of Bidder**:   Each Potential Bidder must fully disclose the legal identity of each entity that will be bidding for the applicable Assets or otherwise participating in connection with such bid, and the complete terms of any such participation, and must also disclose any connections or agreements with the Debtors, any other known Potential Bidder or Qualified Bidder, and/or any officer or director of the foregoing.

   iii.   **Modified Agreement**:  Each Potential Bidder must submit to the Debtors an irrevocable offer in the form of a Modified Asset Purchase Agreement (as defined in the Bid Procedures), including all exhibits and schedules contemplated thereby (other than exhibits and schedules that by their nature must be prepared by the Debtors) and a marked copy of the Modified Asset Purchase Agreement reflecting the differences between the Modified Asset Purchase Agreement and the Asset Purchase Agreement.  For any bid that requires the assumption and assignment of executory contracts or unexpired leases, the Potential Bidder must identify which executory contracts and/or unexpired leases are to be assumed and assigned and provide evidence establishing its ability to provide adequate assurance of performance of such executory contracts or unexpired leases.   The Modified Asset Purchase Agreement must provide that if the Plan is not confirmed, Potentials Bidders will be bound to consummate the Sale Transaction pursuant to section 363 of the Bankruptcy Code to the extent they are selected as the Successful Bidder.

   iv.    **Proof of Financial Ability to Perform**:  Each Potential Bidder must state that it is financially capable of consummating the transactions contemplated by the Modified Asset Purchase Agreement, detail the source(s) of funds that will be used to consummate the transactions, and include satisfactory evidence of committed financing or other financial ability to consummate the transactions in a timely manner.  Each Potential Bidder must expressly acknowledge and represent that the Potential Bidder (i)

has had an opportunity to conduct any and all due diligence regarding the business and assets of the Debtors prior to making its bid, (ii) has relied solely upon its own independent review, investigation, and/or inspection of any documents and statements, representations, promises, warranties, or guaranties whatsoever, whether express, implied, by operation of law, or otherwise, provided in connection therewith, except as expressly stated in the representations and warranties contained in the Modified Asset Purchase Agreement ultimately accepted and executed by the Debtors. Bids must include evidence of authorization and approval from the bidder's board of directors (or comparable governing body) with respect to the submission, execution, delivery and closing of the Sale Transaction and may not contain any condition to closing of the transaction on receipt of any third party approvals (excluding required Court approval and any required governmental and/or regulatory approval, if any) or any financing contingencies of any kind.

v.     **Good Faith Deposit**:  Each Potential Bidder must provide a good faith deposit (the "*Good Faith Deposit*") in the form of a certified or bank check (or other form acceptable to the Debtors in their sole and absolute discretion) payable to the order of Aéropostale, Inc. in an amount equal to ten (10%) percent of the purchase price offered to purchase the Assets.  All Good Faith Deposits shall be held in a segregated account by the Debtors until no later than ten (10) days after the later of the Confirmation Hearing and the Sale Hearing and thereafter returned to the respective bidders in accordance with the Bid Procedures, unless the bidder has been selected as the Back-Up Bidder (as defined below).

(d)     **Qualified Bidder**:  The Debtors shall make a determination regarding whether a bid is a Qualified Bid and shall notify bidders whether their bids have been determined to be Qualified Bids by no later than **August 19, 2016 at 5:00 p.m. (Eastern Time)**.  The Debtors will consider bids for less than all or substantially all, but not less than a material portion of, the Assets.   The Debtors will also consider bids submitted by potential liquidators.  Qualified Bids must be made in all cash and set forth what, if any, debt or other liabilities will be assumed by the Potential Bidder.  With the goal and primary purpose of selling substantially all of the Assets, the Debtors, in their sole and absolute discretion, may accept as a single Qualified Bid, multiple bids for non-overlapping material portions of the Assets such that, when taken together in the aggregate, such bids would otherwise meet the standards for a single Qualified Bid.  The Debtors may permit otherwise Qualified Bidders who submitted bids by the Bid Deadline for less than a substantial (but nevertheless a material) portion of the Assets but who were not identified as a component of a single Qualified Bid consisting of such multiple bids, to participate in the

Auction and to submit higher or otherwise better bids that in subsequent rounds of bidding may be considered, together with other bids for non-overlapping material portions of the Assets, as part of such a single Qualifying Bid for overbid purposes. The Debtors retain the right to amend the conditions precedent to being a Qualified Bidder at any time in their sole discretion.

(e)     **Auction, Auction Procedures, and Overbids**:    In the event that the Debtors receive one or more timely Qualified Bid with an acceptable purchase price, the Debtors shall conduct the Auction. The Auction, if required, will be conducted at the offices of Weil, Gotshal & Manges, LLP, 767 Fifth Avenue, New York, New York 10153 on **August 22, 2016 at 9:00 a.m. (prevailing Eastern Time)**, or such other location as designated by the Debtors in a notice to all Qualified Bidders. The Debtors shall have the right to conduct any number of Auctions on such date to accommodate Qualified Bids for certain, but less than all, of the Debtors' Assets if the Debtors determine, in their business judgment, that such process would be in the best interests of the Debtors' estates. The Debtors have the sole right to adjourn or cancel the Auction.

i.     Each Qualified Bidder shall appear in person at the Auction or through a duly authorized representative. Only representatives of the Debtors, holders of Qualified Bids, advisors for the Creditors' Committee, advisors for the Prepetition Term Loan Lenders, and advisors for the DIP Lenders shall be entitled to be present at the Auction, and only the Qualified Bidders shall be entitled to make any subsequent bids at the Auction. Each Qualified Bidder shall be required to confirm that it has not engaged in any collusion with respect to the bidding or the sale.

ii.     Bidding shall commence at the amount of the Qualified Bid or combination of Qualified Bids that the Debtors, in consultation with the Creditors' Committee and the DIP Lenders, determine in their business judgment to be the highest and/or best Qualified Bid (the "*Initial Highest Bid*"). Qualified Bidders may then submit successive bids higher than the previous bid, based on and increased from the Initial Highest Bid, in increments to be announced at the Auction. The Debtors reserve the right, in their discretion and subject to the exercise of their business judgment, to announce reductions or increases in minimum incremental bids at any time during the Auction. All Qualified Bidders shall have the right to submit additional bids and make additional modifications to their respective Modified Asset Purchase Agreements, as applicable, at the Auction to improve such bids. The Auction may include individual negotiations with the Qualified Bidders and/or open bidding in the presence of all other Qualified Bidders.

iii. On or before August 23, 2016, the Debtors shall cause the results of the Auction, including a copy of the Successful Bid(s), the identity of any Successful Bidders (as defined in the Bid Procedures), and each Successful Bidder's proposed form of adequate assurance of future performance, to be published on the website of Prime Clerk at https://cases.primeclerk.com/aeropostale.

iv. The Debtors shall request at the Confirmation Hearing that the Court authorize the Debtors to consummate the Sale Transaction with each Successful Bidder (as defined in the Bid Procedures). All Qualified Bidders at the Auction shall be deemed to have consented to the exclusive jurisdiction of the Court and waived any right to a jury trial in connection with any disputes relating to the Auction.

(f) **Back-Up Bidder**:  If an Auction is conducted, the Qualified Bidder(s) with the next highest or otherwise best Qualified Bid for the Assets at the Auction (the "***Back-Up Bid***") shall be required to serve as the back-up bidder(s) (the "***Back-Up Bidder***") for such Assets and keep such Back-Up Bid(s) open and irrevocable until the first to occur of (i) thirty (30) days after the completion of the Auction, (ii) consummation of the transaction with the Successful Bidder, or (iii) the Back-Up Bidder's receipt of notice from the Debtors of the release by the Debtors of the Back-Up Bidder's obligations.  Following the Confirmation Hearing, or the Sale Hearing, as applicable, if the Successful Bidder fails to consummate an approved Sale because of a breach or failure to perform on the part of such Successful Bidder or otherwise, the Back-Up Bidder will be deemed to be the new Successful Bidder, and the Debtors will be authorized, but not required, to consummate the sale with the Back-Up Bidder without further order of the Court.

(g) **Return of Good Faith Deposits**:  Good Faith Deposits shall be returned without interest to each bidder not selected by the Debtors as the Successful Bidder or the Back-Up Bidder by no later than the tenth (10) business day following the conclusion of the Auction.  The Good Faith Deposit of the Back-Up Bidder shall be held by the Debtors until ten (10) business days after the closing of the Sale Transaction with the Successful Bidder or termination of the Back-Up Bid as provided above.

(h) **Alteration of Procedures and Reservation of Rights**:  The Debtors reserve the right, in their reasonable discretion, and subject to the exercise of their business judgment, to alter or terminate the Bid Procedures, to waive terms and conditions set forth herein with respect to all Potential Bidders, extend the deadlines set forth herein, alter the assumptions set forth herein, provide reasonable accommodations to Potential Bidders with respect to such terms, conditions and deadlines of the Bid Procedures and bid process to promote further bids by such bidders and/or to

terminate discussions with any and all prospective bidders and investors (except the Successful Bidder(s) at any time and without specifying the reasons therefor, in each case to the extent not materially inconsistent with these Bid Procedures; provided further that the Debtors' exercise of their discretion in evaluating bids and administering the Bid Procedures and the bid process does not permit, and shall not be construed as permitted, the Debtors to materially deviate from the procedures, terms, conditions and protections set forth in the Bid Procedures.

(i)  **Alternative Transaction**:  The Debtors retain the right, in their sole and absolute discretion and subject to the exercise of their business judgment, and compliance with the Milestones, to enter into any alternative restructuring transaction that is inconsistent with a Sale Transaction, including (i) a merger, consolidation, business combination, recapitalization, or refinancing of any of the Debtors (in one or a series of related transactions) on terms other than as set forth in the Asset Purchase Agreement, (ii) the issuance, sale, transfer, exchange, or other disposition by any of the Debtors of any equity interests (other than common stock or equity interests issued in respect of any employee stock or unit options), or all or substantially all of its assets, on terms other than as set forth in the Asset Purchase Agreement, or (iii) a plan of reorganization that does not contemplate a Sale Transaction.

61.  The Debtors believe that the Bid Procedures are fair and reasonable and will ensure that the Auction, if necessary, will yield the maximum value for the Debtors' estates and creditors.  The Bid Procedures allow all parties in interest an opportunity to conduct in-depth diligence.  The Bid Procedures also provide an appropriate framework for the Debtors to review analyze, and compare all bids received to determine which bid(s) are in the best interests of the Debtors and their economic stakeholders.  The Bid Procedures clearly set forth the participation requirements for Qualified Bidders and bid requirements for Qualified Bids (as such terms are defined in the Bid Procedures).[6]  In addition, the Bid Procedures are prudently designed to stimulate bidding on as many of the Assets as possible by (i) permitting the Debtors to consider bids for less than all or substantially all, but not less than a material portion of, the Assets and (ii)

---

[6] The Debtors retain the right, in their sole discretion, to select a Potential Bidder to serve as a stalking horse bidder. To the extent a stalking horse bidder is selected, the Debtors further retain the right to seek bid protections such as a break-up fee or reimbursement of expenses in connection with any such stalking horse bid.

to accept as a single Qualified Bid, multiple bids for non-overlapping material portions of the

Assets such that, when taken together in the aggregate, such bids would otherwise meet the

standards for a single Qualified Bid.

62.     Further, in addition to satisfying the Milestones under the DIP Financing

with respect to the plan process, filing of the Plan and the Disclosure Statement and the approval

of the Bid Procedures satisfies the Milestones with respect to the sale process under section 363

of the Bankruptcy Code.  If the Plan is not confirmed or the Debtors elect not to proceed with the

Plan, they can pivot to the section 363 sale process without having to resolicit bids.

63.     Accordingly, approval of the Bid Procedures, including the dates

established thereby for the Auction and the Confirmation Hearing is warranted.

## IX.   APPROVAL OF ASSUMPTION AND ASSIGNMENT PROCEDURES

64.     To facilitate the Sale Transaction, the Debtors propose the following

procedures for notifying counterparties to executory contracts and unexpired leases of potential

cure amounts in the event the Debtors decide to assume and assign such contracts or leases:

(a)     **Notice of Assumption and Assignment**:  No later than August 9, 2016, as part of the Plan Supplement, the Debtors shall file with the Court and serve via first class mail on all counterparties to any of the Debtors' executory contracts and unexpired leases (together, the "**Contracts**") and all parties who have requested notice in these chapter 11 cases pursuant to Bankruptcy Rule 2002 (collectively, the "**Contract Notice Parties**") a list of the Debtors' Contracts, which shall include the Debtors' calculation of the amount necessary to cure all monetary defaults (the "**Cure Costs**") for each Contract.

(b)     No later than August 22, 2016, the Debtors shall file with the Court a notice of assumption, assignment and sale substantially in the form of the Notice of Assumption and Assignment attached to the Proposed Order as **Exhibit "8"** listing all of the Contracts that the Successful Bidder proposed to be assumed, assigned and sold to it in connection with the Sale Transaction (an "**Assumed Contract**")

(c)     **Objections to Assumption and Assignment**:  Any counterparty to an Assumed Contract shall file and serve on the Objection Recipients (as

defined herein) any objections to (a) the proposed assumption, assignment and sale of the Assumed Contracts (and must state in its objection, with specificity, the legal and factual basis thereof) and (b) if applicable, the proposed Cure Costs (and must state in its objection, with specificity, what Cure Costs are required with appropriate documentation in support thereof) no later than **August 19, 2016 at 12:00 p.m. (Eastern Time)** (the "*Assumption and Assignment Objection Deadline.*"

(d)     If a counterparty to an Assumed Contract files a timely objection asserting a higher cure than the maximum Cure Costs set forth in the Notice of Assignment and Assumption, and the parties are unable to consensually resolve the dispute prior to the commencement of the Confirmation Hearing (as defined herein) the amount to be paid or reserved with respect to such objection will be determined at the Confirmation Hearing. All other objections to the proposed assumption and assignment of the Debtors' right, title, and interest in, to and under the Contract, if it is ultimately designated an Assumed Contract will be heard at the Confirmation Hearing.

(e)     If no objection is timely filed and served, the counterparty to an Assumed Contract shall be deemed to have consented to the assumption, assignment and sale of the Assumed Contract to the applicable Successful Bidder(s) and shall be forever barred from asserting any objection with regard to such assumption, assignment and sale, except with respect to the adequate assurance of future performance by any Successful Bidder(s). Any objections to any Successful Bidder's proposed form of adequate assurance of future performance must be raised at the Confirmation Hearing and will be resolved at the Confirmation Hearing. The Cure Costs set forth in the Notice of Assumption and Assignment shall be controlling, notwithstanding anything to the contrary in any Assumed Contract, or any other document, and the counterparty to the Assumed Contract shall be deemed to have consented to the Cure Costs and shall be forever barred from asserting any other claims related to such Assumed Contract against the Debtors or the Successful Bidder(s), or the property of any of them.

65.     Section 365(a) of the Bankruptcy Code provides that a debtor in possession "subject to the court's approval, may assume or reject any executory contract or unexpired lease of the debtor." 11 U.S.C. § 365(a). Upon finding that a debtor has exercised its sound business judgment in determining to assume an executory contract or unexpired lease, courts will approve the assumption under section 365(a) of the Bankruptcy Code. *See Nostas*

*Assocs. v. Costich (In re Klein Prods., Inc.)*, 78 F.3d 18, 25 (2d Cir. 1996); *Orion Pictures Corp.*

*v. Showtime Networks, Inc. (In re Orion Pictures Corp.)*, 4 F.3d 1095, 1099 (2d Cir. 1993).

66.    In connection with the Sale Transaction, the Debtors will assume and

assign only the Assumed Contracts pertaining to each particular sale.  The Debtors' assumption

of the particular Assumed Contracts will be contingent upon payment of Cure Costs and

effective only upon the closing of the proposed purchase.  Further, section 365(k) of the

Bankruptcy Code provides that assignment by the debtor to an entity of a contract or lease

"relieves the trustee and the estate from any liability for any breach of such contract or lease

occurring after such assignment."  11 U.S.C. § 365(k).  Pursuant to section 365(k), the Debtors

will, therefore, be relieved from any liability for any breach of any Assumed Contract after

assignment to the Successful Bidder.  As such, the assumption of the Assumed Contract

constitutes an exercise of the Debtors' sound business judgment.

67.    Section 365(b)(1) of the Bankruptcy Code requires that any outstanding

defaults under the Assumed Contracts that will be assumed must be cured or that adequate

assurance be provided that such defaults will be promptly cured.  As set forth above, the Debtors

proposed to file with the Court, and serve on each counterparty to a Contract, a copy of the Plan

Supplement indicating the Debtors' calculation of the Cure Costs for each such contract.

Assumed Contract counterparties shall have the opportunity to lodge any objections to the

proposed assumption and assignment to the Successful Bidder and, if applicable, the proposed

Cure Amount.

68.    Pursuant to section 365(f)(2) of the Bankruptcy Code, a debtor may assign

an executory contract or unexpired lease of nonresidential real property if "adequate assurance of

future performance by the assignee of such contract or lease is provided."  11 U.S.C. § 365(f)(2).

The meaning of "adequate assurance of future performance" depends on the facts and circumstances of each case, but should be given "practical, pragmatic construction." *See Carlisle Homes, Inc. v. Azzari (In re Carlisle Homes, Inc.)*, 103 B.R. 524, 538 (Bankr. D.N.J. 1988) (citation omitted); *see also In re Natco Indus., Inc.*, 54 B.R. 436, 440 (Bankr. S.D.N.Y. 1985) (adequate assurance of future performance does not mean absolute assurance that debtor will thrive and pay rent); *In re Bon Ton Rest. & Pastry Shop, Inc.*, 53 B.R. 789, 803 (Bankr. N.D. Ill. 1985) ("[a]lthough no single solution will satisfy every case, the required assurance will fall considerably short of an absolute guarantee of performance."). Among other things, adequate assurance may be given by demonstrating the assignee's financial health and experience in managing the type of enterprise or property assigned. *See In re Bygaph, Inc.*, 56 B.R. 596, 605-06 (Bankr. S.D.N.Y. 1986) (adequate assurance of future performance is present when prospective assignee of lease has financial resources and expressed willingness to devote sufficient funding to business to give it strong likelihood of succeeding; in the leasing context, the chief determinant of adequate assurance is whether rent will be paid).

69.    At the Confirmation Hearing, to the extent necessary, the Debtors will be prepared to proffer testimony or present evidence to demonstrate the ability of the Successful Bidder(s) to perform under the applicable Assumed Contracts. The Confirmation Hearing, therefore, will provide the Court and other interested parties with the opportunity to evaluate the ability of the Successful Bidder(s) to provide adequate assurance of future performance, as required by section 365(b)(1)(C) of the Bankruptcy Code. Accordingly, the Debtors request that at the conclusion of the Confirmation Hearing the proposed assumption and assignment of the applicable Assumed Contracts be approved.

70.    To facilitate the assumption and assignment of Assumed Contracts, the Debtors further request the Court find all anti-assignment provisions of the applicable Assumed Contracts to be unenforceable under section 365(f) of the Bankruptcy Code.[7]

## XII.    APPROVAL OF SALE NOTICE PROCEDURES

71.    Not later than three (3) business days after entry of the Proposed Order, the Debtors (or their agents) shall provide notice (substantially in the form of the Confirmation Hearing Notice annexed as **Exhibit "6"** to the Proposed Order) of the Motion, the Bid Procedures, the Auction, the Assumption and Assignment Objection Deadlines, and the Confirmation Hearing by first-class mail upon (i) the Office of the United States Trustee for the Southern District of New York; (ii) the attorneys for the DIP Lenders, Prosakuer Rose LLP, Eleven Times Square, New York, NY 10036 (Attn: Scott Rutsky, Esq. and Jared Zajac, Esq.); (iii) the attorneys for the Creditors' Committee, Pachulski Stang Ziehl & Jones LLP, 780 Third Avenue, 34th Floor, New York, New York 10017 (Attn.: Robert J. Feinstein, Esq., Jeffrey N. Pomerantz, Esq., and Bradford J. Sandler, Esq.); (iv) the attorneys for Aero Investors, LLC, Kirkland & Ellis LLP, 300 North LaSalle Street, Chicago, IL 60654 (Attn: James A. Stempel, Esq.); (v) all Persons known by the Debtors to have expressed an interest to the Debtors in a transaction with respect to the Assets during the past six (6) months; (vi) all entities known by the Debtors to have asserted any lien, claim, encumbrance, or other interest in the Assets (for whom identifying information and addresses are available to the Debtors); (vii) all non-Debtor

---

[7] Section 365(f)(1) provides in part that, "notwithstanding a provision in an executory contract or unexpired lease of the debtor, or in applicable law, that prohibits, restricts, or conditions the assignment of such contract or lease, the trustee may assign such contract or lease . . ." 11 U.S.C. § 365(f)(1).    Section 365(f)(3) further provides that "[n]otwithstanding a provision in an executory contract or unexpired lease of the debtor, or in applicable law that terminates or modifies, or permits a party other than the debtor to terminate or modify, such contract or lease or a right or obligation under such contract or lease on account of an assignment of such contract or lease, such contract, lease, right, or obligation may not be terminated or modified under such provision because of the assumption or assignment of such contract or lease by the trustee." 11 U.S.C. § 365(f)(3).

parties to the Contracts (for whom identifying information and addresses are available to the

Debtors); (viii) any Governmental Authority known to have a claim in the bankruptcy cases; (ix)

the Securities and Exchange Commission; (x) the Internal Revenue Service; (xi) all parties who

have requested notice in these Chapter 11 Cases pursuant to Bankruptcy Rule 2002; (xii) all of

the Debtors' known creditors; and (xiii) all other Persons as directed by the Court (for whom

identifying information and addresses are available to the Debtors).

72.     By August 2, 2016, the Debtors (or their agents) shall cause a summary

version of the Confirmation Hearing Notice to be published (a) in *The New York Times*, and, in

the Debtors' discretion, certain local or trade publications and (b) on the website of Prime Clerk.

73.     The Debtors submit that the proposed Confirmation Hearing Notice,

together with the Auction, and the Confirmation Hearing as described herein, complies fully with

Bankruptcy Rule 2002 and Local Rule 2002-1 and constitutes good and adequate notice of the

Sale Transaction and the proceedings with respect thereto.  The Debtors respectfully request,

therefore, that this Court approve the form of the Confirmation Hearing Notice and the notice

procedures proposed above.

74.     If any party asserts that any property or right cannot be transferred, sold,

assumed, and/or assigned free and clear of all liens, claims, encumbrances, and other interests

under a definitive agreement for the Sale Transaction and section 363 or 365 of the Bankruptcy

Code on account of one or more alleged approval rights, consent rights, preferential purchase

rights, rights of purchase, rights of first refusal, rights of first offer, tag-along rights, or similar

rights, then such party shall file and serve a notice with all supporting documentation (a "***Rights***

***Notice***") so that the Rights Notice is actually received by (i) Aéropostale, Inc., 112 West 34th

Street, 22nd Floor, New York, New York 10120 (Attn.: Marc Schuback); (ii) the attorneys for

the Debtors, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, NY 10153 (Attn: Ray C. Schrock, Esq., Jacqueline Marcus, Esq. and Garrett A. Fail, Esq.); (iii) the attorneys for the Official Committee of Unsecured Creditors, Pachulski Stang Ziehl & Jones LLP, 780 Third Avenue, 34th Floor, New York, New York 10017 (Attn.: Robert J. Feinstein, Esq., Jeffrey N. Pomerantz, Esq., and Bradford J. Sandler, Esq.); (iv) the attorneys for the DIP Lenders, Proskauer Rose LLP, Eleven Times Square, New York, NY 10036 (Attn: Scott Rutsky, Esq. and Jared Zajac, Esq.); and (v) the attorneys for Aero Investors LLC, Kirkland & Ellis LLP, 300 North LaSalle, Chicago, IL 60654 (Attn: James A. Stempel, Esq.) (the "**Objection Recipients**") on or before the Bid Deadline.  Each Rights Notice must identify the properties or rights that are subject to such alleged right, identify the type of right(s) claimed by such party, identify the agreement, document, or statute giving rise to such right, and identify the portion of the agreement, document, or statute giving rise to such right.  A party proving a Rights Notice shall not be required to exercise any underlying right asserted in order to provide the Rights Notice and any such right asserted shall be subject to the terms and conditions of a definitive agreement for the Sale Transaction.

75.    Any party failing to timely file and serve a Rights Notice shall be (i) forever barred from objecting to the transfer, sale, assumption, and/or assignment of the Debtors' right, title and interest in, to and under the properties of the Debtors to be sold, assumed and/or assigned pursuant to a Modified Asset Purchase Agreement, and from asserting any alleged approval rights, consent rights, preferential purchase rights, rights of purchase, rights of first refusal, rights of first offer, tag-along rights, or similar rights with respect to the Debtors' transfer, sale, assumption, and/or assignment of the Debtors' right, title and interest in, to and under such properties, as set forth in a Modified Asset Purchase Agreement and (ii) deemed to

consent to and approve of the transfer, sale, assumption, and/or assignment of such right, title

and interest in, to and under such properties, free and clear of all liens, claims, encumbrances,

and other interests in accordance with a Modified Asset Purchase Agreement (regardless of

whether such consent must be in writing).

76.     If a party timely files and serves a Rights Notice with respect to any

asserted purchase right, right of first offer, or right of first refusal, but the objection is not

resolved at or before the closing of the Sale Transaction, the Assets to which that party has

alleged any right may, at the option of the Successful Bidder(s), be excluded from the Assets and

the purchase price shall be reduced in accordance with any definitive agreement for the Sale

Transaction.

## XIII.        **PROTECTIONS AS GOOD FAITH PURCHASER**

77.     While the Sale Transaction is being enacted pursuant to the Plan, it will be

subject to section 363 of the Bankruptcy Code, which provides, in relevant part, that "[t]he

trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of

business, property of the estate." 11 U.S.C. § 363(b)(1).  To obtain Court approval to sell

property under section 363(b) of the Bankruptcy Code, the Debtors need only show a legitimate

business justification for the proposed action. *See, e.g.*, *Comm. of Equity Sec. Holders v. Lionel*

*Corp. (In re Lionel Corp.)*, 722 F.2d 1063, 1070 (2d Cir. 1983); *Comm. of Asbestos-Related*

*Litigants v. Johns-Manville Corp. (In re Johns-Manville Corp.)*, 60 B.R. 612, 616 (Bankr.

S.D.N.Y. 1986) ("Where the debtor articulates a reasonable basis for its business decisions (as

distinct from a decision made arbitrarily or capriciously), courts will generally not entertain

objections to the debtor's conduct.") (citation omitted).  When a valid business justification

exists, the law vests the debtor's decision to use property out of the ordinary course of business

40

with a strong presumption "'that in making a business decision the directors of a corporation

acted on an informed basis, in good faith and in the honest belief that the action taken was in the

best interests of the company.'" *Official Comm. of Subordinated Bondholders v. Integrated Res.,*

*Inc. (In re Integrated Res., Inc.)*, 147 B.R. 650, 656 (S.D.N.Y. 1990) (quoting *Smith v. Van*

*Gorkom*, 488 A.2d 858, 872 (Del. 1985)). Ample business justification exists for the Sale

Transaction. Implementing the Sale Transaction will increase recoveries to the Debtors'

creditors and will be to the benefit of all parties in interest.

78.    Section 363(m) of the Bankruptcy Code protects a good faith purchaser's

interest in property purchased from a debtor notwithstanding that the sale conducted under

section 363(b) is later reversed or modified on appeal. Specifically, section 363(m) provides

that: "the reversal or modification on appeal of an authorization under [section 363(b)] . . . does

not affect the validity of a sale . . . to an entity that purchased . . . such property in good faith,

whether or not such entity knew of the pendency of the appeal, unless such authorization and

such sale . . . were stayed pending appeal." 11 U.S.C. § 363(m). Section 363(m) fosters the

"'policy of not only affording finality to the judgment of [B]ankruptcy [C]ourt, but particularly

to give finality to those orders and judgments upon which third parties rely.'" *Reloeb Co. v. LTV*

*Corp. (In re Chateaugay Corp.)*, No. 92 Civ. 7054 (PKL), 1993 U.S. Dist. Lexis 6130, at * 9

(S.D.N.Y. May 10, 1993) (quoting *In re Abbotts Dairies of Pa., Inc.*, 788 F.2d 143, 147 (3d Cir.

1986). *See also Allstate Ins. Co. v. Hughes*, 174 B.R. 884, 888 (S.D.N.Y. 1994) ("Section

363(m) . . . provides that good faith transfers of property will not be affected by the reversal or

modification on appeal of an unstayed order, whether or not the transferee knew of the pendency

of the appeal"); *In re Stein & Day, Inc.*, 113 B.R. 157, 162 (Bankr. S.D.N.Y. 1990) ("pursuant to

11 U.S.C. § 363(m), good faith purchasers are protected from the reversal of a sale on appeal unless there is a stay pending appeal").

79.    The selection of Successful Bidder(s) will be the product of arm's-length, good faith negotiations in a competitive bidding process.  Based upon the record to be made at the Confirmation Hearing, the Debtors will request a finding that any Successful Bidder is a good faith purchaser entitled to the protections of section 363(m) of the Bankruptcy Code.

80.    An orderly but expeditious sale of the Assets is critical to maximizing recovery for the Debtors' stakeholders.  A prompt sale is also contemplated under the Milestones that were agreed to by the DIP Lenders and the Prepetition Term Loan Lenders and approved by this Court.  Pursuing the Sale Transaction in the manner set forth above represents a reasonable exercise of the Debtors' business judgment and is in the best interests of all parties.

**Request for Relief Pursuant to Bankruptcy Rules 6004(h) and 6006(d)**

81.    Bankruptcy Rule 6004(h) provides that an "order authorizing the use, sale, or lease of property . . . is stayed until the expiration of fourteen (14) days after entry of the order, unless the court orders otherwise."  Fed. R. Bankr. P. 6004(h).  Bankruptcy Rule 6006(d) further provides that an "order authorizing the trustee to assign an executory contract or unexpired lease under section 365(f) is stayed until the expiration of fourteen (14) days after the entry of the order, unless the court orders otherwise."  Fed. R. Bankr. P. 6006(d).

82.    In light of the current circumstances of the Chapter 11 Cases and the Milestones, the sales contemplated by the Plan and the Proposed Order must be consummated as soon as practicable.  Accordingly, the Debtors request that the Proposed Order be effective immediately upon entry and that the fourteen (14) day stay under Bankruptcy Rules 6004(h) and 6006(d) be waived.

## Notice

83.    Notice of this Motion has been provided to the Notice Parties by providing them with a copy of the Disclosure Statement Notice.  A copy of this Motion has been provided to parties in interest in accordance with the Order Pursuant to 11 U.S.C. §§ 105(a) and (d) and Bankruptcy Rules 2002(m) and 9007 Implementing Certain Notice and Case Management Procedures (ECF No. 138).  The Debtor submits that such notice is sufficient and no other or further notice need be provided.

84.    No previous request for the relief sought herein has been made by the Debtors to this or any other Court.

WHEREFORE the Debtors respectfully request entry of an order granting the relief requested herein and such other and further relief as is just.

Dated: New York, New York
       July 15, 2016

/s/ Jacqueline Marcus
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York  10153
Telephone:  (212) 310-8000
Facsimile:  (212) 310-8007
Ray C. Schrock, P.C.
Jacqueline Marcus
Garrett A. Fail

*Attorneys for Debtors*
*and Debtors in Possession*

**Exhibit A**

**Milestones**

| Milestone | Date |
|---|---|
| File Plan of Reorganization | July 15, 2016 |
| Obtain Order Approving Disclosure Statement | July 26, 2016 |
| File Motion to Approve Bid Procedures and Establish Auction Date | August 1, 2016 |
| Commence Solicitation on Plan of Reorganization | Seven (7) Days after Entry of Order Approving Disclosure Statement |
| Forward Bid Procedures to Potential Bidders | Two (2) Days after Entry of Order Approving Bid Procedures |
| Obtain Order Approving Stalking Horse Purchase Agreement and Bid Procedures Motion | August 15, 2016 |
| Commence Hearing to Consider Confirmation of Plan of Reorganization | August 23, 2016 |
| Obtain Order Confirming Plan of Reorganization | August 24, 2016 |
| Consummate Plan of Reorganization | August 25, 2016 |
| Conduct Auction | August 25, 2016 |
| Obtain Sale Order | August 26, 2016 |
| Consummate Sale | August 26, 2016 |

**Exhibit B**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------x
                                              :
In re                                         :        **Chapter 11**
                                              :
AÉROPOSTALE, INC., *et al.*,                  :        **Case No. 16-11275 (SHL)**
                                              :
         Debtors.[1]                          :        **(Jointly Administered)**
                                              :
-----------------------------------------------------------x

**ORDER (I) APPROVING DISCLOSURE STATEMENT; (II) APPROVING NOTICE OF
DISCLOSURE STATEMENT HEARING; (III) SHORTENING NOTICE FOR
DISCLOSURE STATEMENT HEARING; (IV) ESTABLISHING A RECORD DATE; (V)
ESTABLISHING NOTICE AND OBJECTION PROCEDURES FOR CONFIRMATION
OF THE PLAN; (VI) APPROVING SOLICITATION PACKAGES AND PROCEDURES
FOR DISTRIBUTION THEREOF; (VII) APPROVING THE FORM OF BALLOT AND
ESTABLISHING PROCEDURES FOR VOTING ON THE PLAN; (VIII) APPROVING
THE FORM OF NOTICE TO NON-VOTING CLASSES UNDER THE PLAN; (IX)
APPROVING SALE AND BIDDING PROCEDURES FOR SALE OF SUBSTANTIALLY
ALL OF DEBTORS' ASSETS PURSUANT TO THE PLAN; (X) APPROVING
PROCEDURES FOR ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY
CONTRACTS AND UNEXPIRED LEASES; (XI) APPROVING RELATED NOTICES;
<u>AND (XII) GRANTING RELATED RELIEF</u>**

---

[1] The Debtors in these chapter 11 cases and the last four digits of each Debtor's federal tax identification number, as applicable, are as follows:  Aéropostale, Inc. (3880); Aéropostale West, Inc. (7013); Jimmy'Z Surf Co., LLC (0461); Aero GC Management LLC (4257); Aeropostale Procurement Company, Inc. (8518); Aeropostale Licensing, Inc. (8124); P.S. from Aeropostale, Inc. (5900); GoJane LLC (4923); Aeropostale Holdings, Inc. (7729); and Aeropostale Puerto Rico, Inc. (6477).  The Debtors' corporate headquarters is located at 112 West 34th Street, 22nd Floor, New York, NY 10120.

Upon the Motion, dated July 15, 2016 (the "***Motion***"),[1] filed by Aéropostale, Inc.

("***Aéropostale***") and its subsidiaries, as debtors and debtors in possession in the above-captioned

chapter 11 cases (collectively, the "***Debtors***"), pursuant to sections 105, 502, 1125, 1126, and

1128 of title 11 of the United States Code (the "***Bankruptcy Code***"); Rules 2002, 3017, 3018,

and 3020 of the Federal Rules of Bankruptcy Procedure (the "***Bankruptcy Rules***"), and Rules

2001-1, 3017-1, 3018-1, and 3020-1 of the Local Bankruptcy Rules for the Southern District of

New York (the "***Local Rules***") for entry of an order:

(i)    approving the Disclosure Statement under section 1125 of the Bankruptcy

Code;

(ii)    approving the notice of the Disclosure Statement Hearing, substantially in

the form annexed as **Exhibit "1"**;

(iii)    shortening the notice period required for the Disclosure Statement

Hearing;

(iv)    approving the forms of ballot, substantially in the forms annexed as

**Exhibits "2-3"** and establishing procedures for voting on the Plan;

(v)    approving the forms of notice to non-voting classes, substantially in the

forms annexed as **Exhibits "4-5"**;

(vi)    establishing a record date for notice of the Confirmation Hearing (as

defined below) and for voting on the Plan;

(vii)    establishing notice and objection procedures for the Confirmation

Hearing, including the form of notice, including notice of the Bid Procedures and Sale

Transaction (as defined below), substantially in the form annexed as **Exhibit "6"**;

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

(viii)    approving the Notice Packages (as defined below) and procedures for the distribution thereof;

(ix)    approving the bid procedures for the sale under the Plan (the "***Bid Procedures***" and such a sale, the "***Sale Transaction***"), the form of which is annexed as **Exhibit "7"** for (i) the sale of substantially all of the Debtors' assets (the "***Assets***") pursuant to the Plan or pursuant to section 363 of the Bankruptcy Code and (ii) the conduct of an auction (the "***Auction***") with respect to the Assets if the Debtors receive more than one bid on the Assets;

(x)    approving the proposed Notice of Assumption and Assignment to be served on the Contract Notice Parties (as defined herein) (the "***Notice of Assumption and Assignment***") substantially in the form annexed as **Exhibit "8;"**

(xi)    approving the procedures for assumption, assignment, and sale of executory contracts and unexpired leases, including notice of proposed cure costs (the "***Assumption and Assignment Procedures***");

(xii)    scheduling the Auction for **August 22, 2016 at 9:00 a.m. (prevailing Eastern Time)** and providing the procedures governing any Auction, as incorporated in the Bid Procedures referred to above;

all as more fully described in the Motion; and due and proper notice of the Motion having been provided, and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estates, their creditors, and all parties in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

FOUND AND DETERMINED THAT:[2]

A.     This Court has jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference M-431*, dated January 31, 2012 (Preska, C.J.), the consideration of the Motion and the relief requested therein is a core proceeding pursuant to 28 U.S.C. § 157(b), and venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

B.     The statutory predicates for the relief sought in the Motion are sections 105(a), 363, 365, 1125, 1126, and 1128 of the Bankruptcy Code, Bankruptcy Rules 2002, 3017, 3018, 3020, 6004, and 6006, and Local Rules 2001-1, 3017-1, 3018-1, 3020-1, and 6004-1.

C.     The legal and factual bases set forth in the Motion establish just cause for the relief granted herein.  The entry of this Order is in the best interests of the Debtors, their estates, their creditors, and other parties in interest.

D.     The Disclosure Statement contains adequate information within the meaning of section 1125 of the Bankruptcy Code.

E.     The proposed notice of the Disclosure Statement Hearing, substantially in the form annexed as **Exhibit "1"** is calculated to provide adequate notice concerning the Disclosure Statement Hearing.

F.     The Debtors have articulated good and sufficient reasons for the Court to shorten the notice period required for the Disclosure Statement Hearing.

G.     The form of Ballots, substantially in the form annexed as **Exhibits "2-3"** (the "***Ballots***"), is sufficiently consistent with Official Form No. 14, adequately addresses the particular needs of these cases, and is appropriate for the Classes entitled to vote on the Plan.

---

[2] Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate.  *See* Fed. R. Bankr. P. 7052.

H.    Ballots need not be provided to the holders of Claims in (i) Class 1 (Other Priority Claims), (ii) Class 2 (Other Secured Claims), and (iii) Class 3 (Term Loan Secured Claims) because they are unimpaired and, therefore, conclusively presumed to accept the Plan.

I.    Ballots need not be provided to the holders of Claims in Class 6 (Intercompany Claims) or the holders of Interests in Class 8 (Other Equity Interests) because as Plan proponents they are conclusively presumed to accept the Plan.

J.    Ballots need not be provided to the holders of Class 7 (Existing Aéropostale Interests) because they are deemed to reject the Plan.

K.    The forms of notice to non-voting classes, substantially in the forms annexed as **Exhibits "4-5"** are approved.

L.    The period, set forth below, during which the Debtors may solicit acceptances of the Plan is a reasonable period of time for entities entitled to vote on the Plan to make an informed decision to either accept or reject the Plan.

M.    The procedures for the solicitation and tabulation of votes to accept or reject the Plan (as more fully set forth in the Motion) provide for a fair and equitable voting process and are consistent with section 1126 of the Bankruptcy Code.

N.    The procedures for transmitting the documents and information required by Bankruptcy Rule 3017(d) to the record holders and beneficial holders of the Debtors' Existing Interests are adequate and appropriate.

O.    The Debtors have articulated good and sufficient reasons for the Court to approve (i) the Bid Procedures for the sale of substantially all of the Assets pursuant to the Sale Transaction, (ii) the Assumption and Assignment Procedures in connection with the Sale Transaction, (iii) establish a date for the Auction, (iv) approve the form and manner of notice of

the Auction, Confirmation Hearing, and Assumption and Assignment Procedures, and (v) grant

related relief in connection with the Sale Transaction. Such good and sufficient reasons were set

forth in the Motion, are incorporated by reference herein and, among other things, form the basis

of the findings of fact and conclusions of law set forth herein.

P.      The Debtors have demonstrated that the Bid Procedures are fair,

reasonable, and appropriate and are designed to maximize the value of the Debtors' estates.

Q.      The proposed Notice of Assumption and Assignment substantially in the

form annexed as **Exhibit "8,"** is calculated to provide adequate notice concerning the proposed

assumption, assignment, and sale of the Debtors' executory contracts and unexpired leases (the

"***Assumed Contracts***"), and will provide due and adequate notice of the relief sought in the

Motion.

R.      The procedures set forth below regarding notice to all parties in interest of

the time, date, and place of the hearing to consider confirmation of the Plan (the "***Confirmation***

***Hearing***") and the filing of objections thereto, and the distribution and contents of the Notice

Packages, including the Confirmation Hearing Notice, comply with Bankruptcy Rules 2002 and

3017 and constitute sufficient notice to all interested parties and provide sufficient notice of the

proposed Sale Transaction.

S.      The notice of the Motion and the proposed entry of this Order are

adequate and sufficient under the circumstances of the Chapter 11 Cases, and such notice

complied with all applicable requirements of the Bankruptcy Code, the Bankruptcy Rules, and

the Local Rules. Accordingly, no further notice of the Motion or this Order is necessary or

required.

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND

DECREED THAT:

1.      The Motion is granted as provided herein.

2.      The Disclosure Statement is approved.

3.      The form and manner of notice of the time set for filing objections to, and

the hearing to consider approval of, the Disclosure Statement as described in the Motion and

reflected in the Affidavit of Service filed by the Debtors' voting agent, Prime Clerk LLC

("**Prime Clerk**") (ECF No. [_____]), was proper, adequate, and sufficient notice thereof.

4.      The Ballots are approved and to be distributed to the holders of Claims in

Class 4 and 5 under the Plan, which Classes are entitled to vote to accept or reject the Plan.

5.      The Record Date for purposes of determining which parties (i) are entitled

to vote on the Plan, (ii) will receive a Notice of Non-Voting Status (as defined below), and (iii)

will receive the Confirmation Hearing Notice shall be July 25, 2016.

6.      All Ballots must be properly executed, completed, and delivered to Prime

Clerk by (i) mail, in the return envelope provided with each Ballot, (ii) electronic, online

submission at Prime Clerk's website (as described more fully in paragraph 7 below); (iii)

overnight courier, or (iv) personal delivery, so that they are actually received by Prime Clerk no

later than **4:00 p.m. (Eastern Time) on August 16, 2016** (the "*Voting Deadline*").

7.      Holders may cast an E-Ballot and electronically sign and submit such

electronic Ballot via Prime Clerk's E-Ballot platform.  Instructions for casting an electronic

ballot can be found on the "E-Ballot" section of Prime Clerk's website.  The encrypted ballot

data and audit trail created by such electronic submission shall become part of the record of any

electronic ballot submitted in this manner and the creditor's electronic signature will be deemed

6

to be an original signature that is legally valid and effective.  For the avoidance of doubt, holders may only cast Ballots electronically via the E-Ballot platform.  Ballots submitted by electronic mail, facsimile or any other means of electronic submission not specifically authorized by the solicitation procedures shall not be counted.

8.      On or before July 29, 2016, the Debtors shall mail or caused to be mailed a Notice of Non-Voting Status – Unimpaired Classes (the "*Notice of Non-Voting Status – Unimpaired Claims*"), substantially in the form annexed as **Exhibit "4"**, and the Confirmation Hearing Notice, substantially in the form annexed as **Exhibit "6"** to the holders of Claims in Classes 1-3, which Classes are unimpaired and therefore not entitled to vote to accept or reject the Plan.

9.      On or before July 29, 2016, the Debtors shall distribute a Notice of Non-Voting Status – Deemed Rejected Classes (the "*Notice of Non-Voting Status – Deemed Rejected Classes*" and together with the Notice of Non-Voting Status – Unimpaired Claims, the "*Non-Voting Status Notices*"), substantially in the form annexed as **Exhibit "5,"** and the Confirmation Hearing Notice to the record holders of Class 7 as of the close of business on the Record Date, which Classes are deemed to reject the plan and not entitled to vote to accept or reject the Plan.

10.     The Notice of Non-Voting Status – Unimpaired Class satisfies the requirements of the Bankruptcy Code and the Bankruptcy Rules, and the Debtors, therefore, are not required to distribute copies of the Plan and the Disclosure Statement to any holder of a Claim in Class 1, Class 2, or Class 3, unless such party otherwise makes a request in writing to the Debtors for a copy of the Plan or the Disclosure Statement on or before August 8, 2016.

11.     Solely for the purpose of voting to accept or reject the Plan and not for the purpose of the allowance of, or distribution on account of, a Claim, and without prejudice to the rights of the Debtors or the applicable creditor in any other context, each Claim in an Impaired Class that is entitled to vote to accept or reject the Plan is to be temporarily allowed (in an amount equal to the amount of such Claim as set forth in a timely filed proof of Claim, or, if no proof of Claim was filed, the amount of such Claim as set forth in the applicable Debtors' schedules of liabilities, dated June 17, 2016, (as amended, the "**Schedules**")), *provided, however, that:*

(a)     If a Claim is deemed Allowed (as defined in the Plan), pursuant to the Plan, except to the extent set forth herein, such Claim shall be Allowed for voting purposes in the deemed Allowed amount set forth in the Plan;

(b)     If a Claim, for which a proof of Claim has been timely filed, is wholly contingent, unliquidated, or disputed as set forth on the proof of Claim, such Claim shall be allowed for voting purposes only, and not for purposes of allowance or distribution, at $1.00, unless such Claim is disputed in the manner set forth in subparagraph 11(h) below;

(c)     The Term Loan Lenders' Secured Claim will be valued as a Class 3 Claim in the amount of $1.00 for voting purposes only. The Term Loan Lenders' Deficiency Claim will be valued as a Class 4 Claim in the amount of $1.00 for voting purposes only, *provided, however*, that to the extent the Court finds that the claims of the Prepetition Term Loan Lenders should be disallowed, equitably subordinated or recharacterized, the ballots of the Prepetition Term Loan Lender shall be treated accordingly;

(d)     If a Claim, for which a proof of Claim was timely filed, lists an amount that is wholly liquidated and noncontingent, such Claim shall be temporarily allowed in the amount set forth on the proof of Claim, unless such claim is disputed in the manner set forth in subparagraph 11(h) below;

(e)     If a Claim, for which a proof of Claim was timely filed, lists an amount that is partially liquidated and partially unliquidated, such Claim shall be temporarily allowed only in the liquidated amount set forth on the proof of Claim, unless such claim is disputed in the manner set forth in subparagraph 11(h) below;

(f)     If a Claim has been estimated for voting purposes or otherwise allowed for voting purposes by order of the Court, such Claim shall be allowed in the amount so estimated or allowed by the Court for voting purposes only, and not for purposes of allowance or distribution, unless otherwise provided by order of the Court;

(g)     If a Claim is listed in the Schedules as contingent, unliquidated, disputed, in the amount of $0.00, or unknown, and a proof of Claim was not (i) filed by the applicable bar date for the filing of proofs of Claim established by the Court or (ii) deemed timely filed by an order of the Court prior to the Voting Deadline, unless the Debtors have consented in writing, such Claim shall be disallowed for voting purposes;

(h)     If the Debtors serve an objection to, or request for estimation of, a Claim at least 10 days before the Voting Deadline, such Claim shall be temporarily disallowed for voting purposes only and not for purposes of allowance or distribution, except to the extent and in the manner as may be set forth in the objection or request for estimation;

(i)     If the Debtors serve an objection to a Claim at least 10 days before the Voting Deadline, and the relief sought in that objection is to supersede one or more scheduled Claims with a filed Claim, such scheduled Claim shall be temporarily disallowed for voting purposes only and not for purpose of allowance or distribution; *provided, however*, that in the event the holder of such Claims has returned only the Ballot in connection with the scheduled Claim(s), such Ballot shall be counted in the amount of the filed Claim;

(j)     For purposes of voting, classification, and treatment under the Plan, each party that holds or has filed more than one Claim in a particular class shall be treated as if such entity has only one Claim, the Claims filed by such entity shall be aggregated, and the total dollar amount of such Claims shall be the sum of the aggregated Claims of such entity;

(k)     Notwithstanding anything contained herein to the contrary, Prime Clerk, in its discretion, may contact entities entitled to vote to cure any defects in the Ballots and is authorized to so cure any defects;

(l)     There shall be a rebuttable presumption that in the case where more than one timely, properly completed Ballot is received, only the latest received, properly completed Ballot will be counted unless the holder of the Claim receives Court approval to have the Ballot that was received earlier be counted;

(m)    If a Claim is filed in the amount of $0.00, the holder of such Claim shall not be entitled to vote on account of such Claim; and

12.     If a Claim is filed in a currency other than U.S. Dollars and is not allowed

in a sum certain pursuant to the Plan, the holder of such Claim shall be entitled to vote a Claim in

the amount of $1.00.  If a holder of a Claim seeks to challenge the allowance (or disallowance)

of its Claim for voting purposes, in accordance with the above procedures, such holder is

directed to serve on the Debtors and file with the Court (with a hard copy delivered directly to

Chambers) on or before the fifth (5) day after the later of (i) service of the Confirmation Hearing

Notice and (ii) service of notice of an objection or request for estimation, if any, to such Claim, a

motion for an order pursuant to Bankruptcy Rule 3018(a) temporarily allowing such Claim for

purposes of voting to accept or reject the Plan.

13.     If a holder of a Claim files a motion pursuant to Bankruptcy Rule 3018(a),

such holder's Ballot shall not be counted unless temporarily allowed by the Court for voting

purposes pursuant to an order entered at least one business day prior to the Voting Deadline or as

otherwise directed by the Court.

14.     Any Ballot that is properly completed, executed, and timely returned to

Prime Clerk but does not indicate an acceptance or rejection of the Plan, or indicates both an

acceptance and a rejection of the Plan, shall be counted as an acceptance.

15.     The following types of Ballots shall not be counted in determining

whether the Plan has been accepted or rejected: (i) any Ballot received after the applicable

Voting Deadline unless the Debtors shall have granted, in writing, an extension of the Voting

Deadline with respect to such Ballot, (ii) any Ballot that is illegible or contains insufficient

information to permit the identification of the holder of the Claim, (iii) any Ballot cast by a

person or entity that does not hold a Claim in a Class that is entitled to vote to accept or reject the

Plan, (iv) any Ballot cast for a Claim identified in the Schedules as unliquidated, contingent, or

disputed for which no proof of Claim was timely filed, (v) any Ballot that is unsigned or without

an original signature, and (vi) any Ballot transmitted to Prime Clerk by facsimile, electronic

transmission, or other electronic means not specifically authorized herein.

16.    For holders of Claims subject to the Record Date, no transfer of Claim(s)

pursuant to Bankruptcy Rule 3001 shall be recognized unless (i) documentation evidencing such

transfer was filed with the Court on or before ten (10) days prior to the Record Date, (ii) the

transfer is not defective, and (iii) no timely objection with respect to such transfer was filed by

the transferor.  In instances where a Claim has been the subject of one or more partial transfers,

each holder of a portion of said Claim shall be deemed to hold one Claim for numerosity

purposes.

17.    The Confirmation Hearing will be held on **August 23, 2016 at _:__ _.m.**

**(prevailing Eastern Time**); *provided*, *however*, that the Confirmation Hearing may be continued

from time to time without further notice other than through adjournments announced in open

Court or as indicated in any notice of agenda of matters scheduled for hearing filed with the

Court.

18.    Any objections to confirmation of the Plan must:

(a)    Be in writing;

(b)    State the name and address of the objecting party and the amount and
nature of the Claim or Interest of such party;

(c)    State with particularity the basis and nature of any objection;

(d)    Conform with the Bankruptcy Rules and the Local Rules;

(e)    Be filed with the Bankruptcy Court by no later than 12:00 p.m. on August
12, 2016 (a) by registered users of the Bankruptcy Court's case filing
system, electronically in accordance with General Order M-399 (which
can be found at www. nysb.uscourts.gov) and (b) by all other parties in
interest, on a CD-ROM, in text-searchable portable document format
(PDF) (with a hard copy delivered directly to Chambers), in accordance

with the customary practices of the Bankruptcy Court and General Order M-399, to the extent applicable;

(f)    Be served in accordance with General Order M-399 so as to be received no later than **August 12, 2016 at 12:00 p.m. (prevailing Eastern Time)** (the "***Plan Confirmation Objection Deadline***") and on the following parties —

   (i)    The attorneys for the Debtors, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn.: Ray C. Schrock, P.C., Jacqueline Marcus, Esq., and Garrett A. Fail, Esq.);

   (ii)   The Office of the United States Trustee for the Southern District of New York, U.S. Federal Office Building, 201 Varick Street, Suite 1006, New York, New York 10014 (Attn.: Brian Masumoto, Esq. and Susan Arbeit, Esq);

   (iii)  The attorneys for the Official Committee of Unsecured Creditors (the "***Creditors' Committee***"), Pachulski Stang Ziehl & Jones LLP, 780 Third Avenue, 34th Floor, New York, NY 10017 (Attn.: Robert J. Feinstein, Esq., Jeffrey N. Pomerantz, Esq., and Bradford J. Sandler, Esq.);

   (iv)   The attorneys for the DIP Lenders, Proskauer Rose LLP, Eleven Times Square, New York, NY 10036 (Attn: Scott Rustky, Esq. and Jared Zajac, Esq.); and

   (v)    The attorneys for Aero Investors, LLC, Kirkland & Ellis LLP, 300 North LaSalle Street, Chicago, IL 60654 (Attn: James A. Stempel, Esq.).

19.    Objections to confirmation of the Plan that are not timely filed and served in the manner set forth above shall not be considered and shall be deemed overruled.

20.    Responsive pleadings to any objection to confirmation of the Plan shall be filed by no later than **August 22, 2016 at 5:00 p.m. (Eastern Time)**.

21.    The Confirmation Hearing Notice, substantially in the form annexed as **Exhibit "6,"** is approved.

22.     On or before July 29, 2016, the Debtors shall mail or caused to be mailed the following materials (the "***Notice Packages***") in connection with voting on the Plan, notice of the Confirmation Hearing, and the filing of objections to confirmation of the Plan:

    (a)     With respect to holders of Claims in Class 1 (Other Priority Claims), Class 2 (Other Secured Claims), and Class 3 (Term Loan Secured Claims) :

        (i)     The Confirmation Hearing Notice; and

        (ii)     A Notice of Non-Voting Status – Unimpaired Classes.

    (b)     With respect to holders of Class 4 (Term Loan Deficiency Claims) and Class 5 (General Unsecured Claims):

        (i)     A copy of the Order granting the relief requested herein (without any exhibits) and approving the Disclosure Statement;

        (ii)     The Confirmation Hearing Notice;

        (iii)     The Disclosure Statement (with the Plan annexed thereto); and

        (iv)     A form of Ballot and appropriate return envelope with prepaid postage.

    (c)     With respect to Class 7 (Existing Aéropostale Interests):

        (i)     The Confirmation Hearing Notice; and

        (ii)     A Notice of Non-Voting Status – Deemed Rejected Classes.

23.     On or before July 29, 2016, the Debtors shall mail or cause to be mailed a copy of the Confirmation Hearing Notice (to the extent not already provided above) to:

        (i)     All Plan Notice Parties;

        (ii)     All persons or entities that filed proofs of Claim on or before the date of the Disclosure Statement Hearing, except to the extent their Claims were paid pursuant to, or expunged by, prior order of the Court;

        (iii)     All persons or entities listed in the Schedules as holding liquidated, noncontingent, and undisputed Claims in an amount greater than $0.00, other than scheduled Claims that have been superseded by a filed proof of Claim;

13

       (iv)     The registered and beneficial holders of the Debtors' Existing Common Stock as of the Record Date;

       (v)     All other parties in interest that have filed a request for notice pursuant to Bankruptcy Rule 2002 in the Debtors' chapter 11 cases prior to the date of the Disclosure Statement Hearing;

       (vi)     Any other known holders of Claims against, or Interests in, the Debtors; and

       (vii)     All Persons known by the Debtors to have expressed an interest to the Debtors in a transaction with respect to the Assets during the past six (6) months.

24.     Notice Packages for holders of Claims in Class 1, 2, 3, and 7, which Classes are either unimpaired or deemed to reject the Plan, will not include a Ballot.

25.     The Debtors shall not be required to send Notice Packages or any other notice to holders of Claims that have already been paid in full; *provided*, *however*, that if, and to the extent that, any such holder would be entitled to receive a Notice Package or any other notice for any reason other than by virtue of the fact that its Claim had been scheduled by the Debtors, then such holder shall be sent a notice in accordance with the procedures set forth herein.

26.     The Debtors shall publish the Confirmation Hearing Notice no later than August 2, 2016 once in *The New York Times* (National Edition).   Additionally, the Confirmation Hearing Notice shall be posted electronically on the website maintained for the Debtors by Prime Clerk, https://cases.primeclerk.com/aeropostale/.  The Debtors shall also send the Confirmation Hearing Notice to any customers for whom they have email addresses.

27.     With respect to addresses from which notices in the Chapter 11 Cases have been returned as undeliverable by the United States Postal Service, the Debtors are excused from mailing Notice Packages or other notice to the entities listed at such addresses, unless the Debtors are provided with accurate addresses for such entities at least seven (7) days before the Confirmation Hearing.  Failure to mail the Notice Packages to such entities shall neither

constitute inadequate notice of the Confirmation Hearing or the Voting Deadline, nor violate Bankruptcy Rule 3017(d).

28.     The Debtors are authorized to take or refrain from taking any action necessary or appropriate to implement the terms of and the relief granted in this Order without seeking further order of the Court.

29.     The Debtors, in consultation with the Creditors' Committee, are authorized to make non-substantive and nonmaterial changes to the Disclosure Statement, the Plan, the Notice Packages, and related documents without further order of the Court, including, without limitation, changes to correct typographical and grammatical errors and to make conforming changes among such documents.

30.     The Bid Procedures are hereby approved in their entirety in the form annexed as **Exhibit "7."**  All actions of the Debtors as authorized herein may be taken by any officer or director of the Debtors.  Notwithstanding the foregoing, the consummation of the Sale Transaction shall remain subject to entry of the Confirmation Order which shall serve as an order approving the Sale Transaction free and clear of any interests under section 363 of the Bankruptcy Code, or a separate order under section 363 of the Bankruptcy Code approving the Sale Transaction free and clear of any interests.

31.     The Debtors are authorized to proceed with the Sale Transaction in accordance with the Bid Procedures and are authorized to take any and all actions necessary or appropriate to implement the Bid Procedures in accordance with the following timeline:

| | |
|---|---|
| **Deadline to Serve Confirmation Hearing Notice** | July 29, 2016 |
| **Confirmation Hearing Notice Publication Deadline** | August 2, 2016 |

| | |
|---|---|
| **Bid Deadline** | August 18, 2016 at 5:00 p.m. (Eastern Time) |
| **Deadline to Notify Qualified Bidders** | August 19, 2016 at 5:00 p.m. (Eastern Time) |
| **Auction (if required)** | August 22, 2016 at 9:00 a.m. (Eastern Time) |
| **Assumption and Assignment Objection Deadline** | August 23, 2016 at 9:00 a.m. (Eastern Time) |
| **Confirmation Hearing** | August 23, 2016 at 11:00 a.m. (Eastern Time) |

32.     The process for submitting Qualified Bids (as defined in the Bid Procedures) is fair, reasonable and appropriate and is designed to maximize recoveries for the benefit of the Debtors' estates, their creditors, and other parties in interest.  Any disputes as to the selection of a Qualified Bid, the Initial Highest Bid, and the Successful Bid (all as defined in the Bid Procedures) shall be resolved by this Court.

33.     The Debtors are authorized to conduct the Auction in the event they receive one or more timely and acceptable Qualified Bids.

34.     The form of Notice of Assumption and Assignment annexed as **Exhibit "8"** is approved.  The Notice of Assumption and Assignment (i) contains the type of information required under Bankruptcy Rule 2002 and Local Bankruptcy Rule 2002-1 that is currently known to the Debtors and (ii) is reasonably calculated to provide due, adequate and timely notice to all counterparties of (a) the potential assumption and assignment of the Assumed Contracts and rights thereunder, (b) the maximum amount and manner offered to satisfy the Cure Costs, and (c) the deadline to file objections to such assumption and assignment, applicable Cure Costs, the existence of any defaults, and/or adequate assurance of future performance.

35.     No later than August 9, 2016, as part of the Plan Supplement, the Debtors shall file with the Court and serve via first class mail on all counterparties to any of the Debtors' executory contracts and unexpired leases (together, the "*Contracts*") and all parties who have

requested notice in these Chapter 11 Cases pursuant to Bankruptcy Rule 2002 (collectively, the "**Contract Notice Parties**") a list of the Debtors' Contracts, which shall include the Debtors' calculation of the amount necessary to cure all monetary defaults (the "**Cure Costs**") for each Contract.

36.    No later than August 22, 2016 the Debtors shall file with the Court a notice of assumption, assignment and sale substantially in the form of the Notice of Assumption and Assignment annexed as **Exhibit "8"** listing all of the Contracts that the Successful Bidder proposed to be assumed, assigned and sold to it in connection with the Sale Transaction (an "**Assumed Contract**").

37.    Any counterparty to any Assumed Contract must file any objection to (i) the proposed assumption, assignment and sale of the applicable Assumed Contract (and must state in its objection, with specificity, the legal and factual basis thereof) and (ii) if applicable, the proposed Cure Costs (and must state in its objection, with specificity, what Cure Costs are required with appropriate documentation in support thereof) no later than August 23, 2016 at 9:00 a.m. (Eastern Time) (the "**Assumption and Assignment Objection Deadline**") on (i) Aéropostale, Inc., 112 West 34th Street, 22nd Floor, New York, New York 10120 (Attn.: Marc Schuback); (ii) the attorneys for the Debtors, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, NY 10153 (Attn: Ray C. Schrock, Esq., Jacqueline Marcus, Esq. and Garrett A. Fail, Esq.); (iii) the attorneys for the Official Committee of Unsecured Creditors, Pachulski Stang Ziehl & Jones LLP, 780 Third Avenue, 34th Floor, New York, New York 10017 (Attn.: Robert J. Feinstein, Esq., Jeffrey N. Pomerantz, Esq., and Bradford J. Sandler, Esq.); (iv) the attorneys for the DIP Lenders, Proskauer Rose LLP, Eleven Times Square, NewYork, NY 10036 (Attn: Scott Rutsky, Esq. and Jared Zajac, Esq.); and (v) the attorneys for Aero Investors LLC, Kirkland &

17

Ellis LLP, 300 North LaSalle, Chicago, IL 60654 (Attn: James A. Stempel, Esq.) (the "**Objection Recipients**").

38.     If a counterparty to an Assumed Contract files a timely objection asserting a higher cure amount than the maximum Cure Costs set forth in the Notice of Assumption and Assignment, and the parties are unable to consensually resolve the dispute prior to the commencement of the Confirmation Hearing, the amount to be paid or reserved with respect to such objection shall be determined at the Confirmation Hearing.  All other objections to the proposed assumption and assignment of the Debtors' right, title and interest in, to and under the Assumed Contracts shall be heard at the Confirmation Hearing.

39.     If no objection is timely filed and served, the counterparty to an Assumed Contract shall be deemed to have consented to the assumption, assignment and sale of the Assumed Contract to the Successful Bidder(s) and shall be forever barred from asserting any objection with regard to the Cure Costs.  Any objections to any Successful Bidder's proposed form of adequate assurance of future performance must be raised at the Confirmation Hearing and shall be resolved at the Confirmation Hearing.  The Cure Costs set forth in the Notice of Assumption and Assignment, if any, shall be controlling, notwithstanding anything to the contrary in any Assumed Contract, or any document, and the counterparty to the Assumed Contract shall be deemed to have consented to the Cure Costs and shall be forever barred from asserting any other claims related to such Assumed Contract against the Debtors or the Successful Bidder(s), or the property of any of them.

40.     If any party asserts that any property or right cannot be transferred, sold, assumed, and/or assigned free and clear of all liens, claims, encumbrances, and other interests under a definitive agreement for the Sale Transaction and section 363 or 365 of the Bankruptcy

Code on account of one or more alleged approval rights, consent rights, preferential purchase rights, rights of purchase, rights of first refusal, rights of first offer, tag-along rights, or similar rights, then such party shall file and serve a notice with all supporting documentation (a "***Rights Notice***") so that the Rights Notice is actually received by the Objection Recipients on or before the Bid Deadline.  Each Rights Notice must identify the properties or rights that are subject to such alleged right, identify the type of right(s) claimed by such party, identify the agreement, document, or statute giving rise to such right, and identify the portion of the agreement, document, or statute giving rise to such right.  A party proving a Rights Notice shall not be required to exercise any underlying right asserted in order to provide the Rights Notice and any such right asserted shall be subject to the terms and conditions of a definitive agreement for the Sale Transaction.

41.    Any party failing to timely file and serve a Rights Notice shall be (i) forever barred from objecting to the transfer, sale, assumption, and/or assignment of the Debtors' right, title and interest in, to and under the properties of the Debtors to be sold, assumed and/or assigned pursuant to a Modified Asset Purchase Agreement, and from asserting any alleged approval rights, consent rights, preferential purchase rights, rights of purchase, rights of first refusal, rights of first offer, tag-along rights, or similar rights with respect to the Debtors' transfer, sale, assumption, and/or assignment of the Debtors' right, title and interest in, to and under such properties, as set forth in a Modified Asset Purchase Agreement and (ii) deemed to consent to and approve of the transfer, sale, assumption, and/or assignment of such right, title and interest in, to and under such properties, free and clear of all liens, claims, encumbrances, and other interests in accordance with a Modified Asset Purchase Agreement (regardless of whether such consent must be in writing).

42.     If a party timely files and serves a Rights Notice with respect to any asserted purchase right, right of first offer, or right of first refusal, but the objection is not resolved at or before the closing of the Sale Transaction, the Assets to which that party has alleged any right may, at the option of the Successful Bidder(s), be excluded from the Assets and the purchase price shall be reduced in accordance with any definitive agreement for the Sale Transaction.

43.     Any party desiring to submit a bid for the Debtors' right, title and interest in, to and under any of the Assets must comply with the Bid Procedures.  Only representatives of the Debtors, makers of Qualified Bids, and advisors for the Creditors' Committee, the advisors for Aero Investors, LLC, and the advisors for the DIP Lenders shall be entitled to be present at the Auction.  Any and all other creditors interested in attending the Auction must provide the Debtors with notice of their intent to attend the Auction no later than ten (10) days before the Auction by sending a fax or e-mail to counsel for the Debtors, Weil, Gotshal & Manges LLP (Attn: Jacqueline Marcus, Esq., Garrett A. Fail, Esq., and Maurice Horwitz, Esq.), email: jacqueline.marcus@weil.com, garrett.fail@weil.com, maurice.horwitz@weil.com; Fax: (212) 310-8007.  The Debtors may object to and request a hearing regarding the attendance of any particular creditor at the Auction.

44.     The Debtors have the sole right to adjourn or cancel the Auction at or prior to the Auction.  If the Auction is cancelled or if the date, time, or place of the Auction is changed, the Debtors shall file a notice with the Court regarding such cancellation or modification and shall publish the notice on the website of the Debtors' court approved claims agent, Prime Clerk LLC, at https://cases.primeclerk.com/aeropostale.

45.     The Auction shall be transcribed or videotaped.

20

46.     The Debtors may, in consultation with the advisors for the Creditors'
Committee and the advisors for the DIP Lenders, make alternations to these Bid Procedures
and/or terminate discussions with any and all prospective acquirers at any time and without
specifying the reasons therefor, but only to the extent not materially inconsistent with the Bid
Procedures, but including changes so as to modify deposit amounts, subsequent bid increments,
the makeup of Qualified Bids, and to modify or eliminate the requirements with respect to Back-
Up Bidders.

47.     On or before August 23, 2016, the Debtors shall cause the results of the
Auction, including a copy of the Successful Bid(s), the identity of the Successful Bidder(s), and
each Successful Bidder's proposed form of adequate assurance of future performance, to be filed
with the court and published on the website of the Prime Clerk.

48.     Copies of the Asset Purchase Agreement and Plan Bid Procedures may be
downloaded at https://cases.primeclerk.com/aeropostale or obtained upon receipt of a written
request to the attorneys for the Debtors, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New
York, NY 10153 (Attn: Maurice Horwitz, Esq. and Kate Doorley, Esq.).

49.     The notice to be provided pursuant to the procedures set forth herein is
good and sufficient notice to all parties in interest, and no other further notice need be provided.

50.     Notwithstanding Bankruptcy Rules 6004, 6006, or otherwise, this Order
shall be effective and enforceable immediately upon entry and its provisions shall be self-
executing.  To the extent applicable, the stays described in Bankruptcy Rules 6004(h) and
6006(d) are hereby waived.

51.     The terms of this Order shall control to the extent of any conflict with the
Motion.

52.     The Court shall retain jurisdiction over any matter or dispute arising from

or relating to the implementation of this Order.

Dated:   New York, New York
         _____, 2016

_____
United States Bankruptcy Judge

**Exhibit 1**

**Disclosure Statement Notice**

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Ray C. Schrock, P.C.
Jacqueline Marcus
Garrett A. Fail

*Attorneys for Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------x
:
**In re** : **Chapter 11**
:
**AÉROPOSTALE, INC.**, *et al.*, : **Case No. 16-11275 (SHL)**
:
**Debtors.**[1] : **(Jointly Administered)**
:
---------------------------------------------------------x

**NOTICE OF HEARING TO CONSIDER APPROVAL OF DEBTORS' PROPOSED**
**DISCLOSURE STATEMENT FOR DEBTORS' CHAPTER 11 PLAN AND BID**
**PROCEDURES FOR SALE PURSUANT TO THE PLAN**

**TO PARTIES IN INTEREST IN THE CHAPTER 11 CASES**
**OF AÉROPOSTALE, INC. AND ITS AFFILIATES:**

     **PLEASE TAKE NOTICE** that, on July 15, 2016, Aéropostale, Inc.
("*Aéropostale*") and its subsidiaries, as debtors and debtors in possession in the above-captioned
chapter 11 cases (collectively, the "*Debtors*"), filed the Debtors' Chapter 11 Plan, dated July 15,
2016 (as it may be amended, the "*Plan*"). On July 15, 2016, the Debtors filed the proposed
Disclosure Statement for the Debtors' Chapter 11 Plan (as it may be amended, the "*Disclosure
Statement*"), pursuant to section 1125 of title 11 of the United States Code (the "*Bankruptcy
Code*").

---

[1] The Debtors in these chapter 11 cases and the last four digits of each Debtor's federal tax identification number, as
applicable, are as follows: Aéropostale, Inc. (3880); Aéropostale West, Inc. (7013); Jimmy'Z Surf Co., LLC (0461);
Aero GC Management LLC (4257); Aeropostale Procurement Company, Inc. (8518); Aeropostale Licensing, Inc.
(8124); P.S. from Aeropostale, Inc. (5900); GoJane LLC (4923); Aeropostale Holdings, Inc. (7729); and
Aeropostale Puerto Rico, Inc. (6477). The Debtors' corporate headquarters is located at 112 West 34th Street, 22nd
Floor, New York, NY 10120.

**PLEASE TAKE FURTHER NOTICE** that:

1.      A hearing (the "*Hearing*") will be held before the Honorable Sean H. Lane, United States Bankruptcy Judge, **on July 25, 2016 at 2:00 p.m. (Eastern Time)** in Room 701 of the United States Bankruptcy Court for the Southern District of New York (the "*Bankruptcy Court*"), One Bowling Green, New York, New York 10004, or as soon thereafter as counsel can be heard, to consider the entry of an order, among other things, finding that the Disclosure Statement contains "adequate information" within the meaning of section 1125 of the Bankruptcy Code and approving the Disclosure Statement. At the same hearing the Debtors will seek approval of procedures (the "*Bid Procedures*") related to the sale of all or substantially all of their assets in connection with the Plan.

2.      The Disclosure Statement and the Plan are on file with the Clerk of the Bankruptcy Court (the "*Clerk*") and may be examined by interested parties on the Bankruptcy Court's electronic docket for the Debtors' chapter 11 cases, which can be found at https://cases.primeclerk.com/aeropostale/ and http://nysb.uscourts.gov (a PACER login and password are required to access documents on the Court's website and can be obtained through the PACER Service Center at www.pacer.psc.uscourts.gov).

3.      Copies of the Disclosure Statement and the Plan may also be examined by interested parties during normal business hours at the office of the Clerk.  Copies of the Disclosure Statement and the Plan may also be obtained by written request to the Debtors' voting agent, Prime Clerk LLC ("*Prime Clerk*"), at the address set forth below:

| |
|---|
| **If by standard, overnight, or hand delivery:** |
| Aéropostale Ballot Processing c/o Prime Clerk LLC 830 3rd Avenue, 3th Floor New York, New York 10022 aeropostaleballots@primeclerk.com |

**PRIME CLERK IS NOT AUTHORIZED TO, AND WILL NOT PROVIDE, LEGAL ADVICE.**

4.      Responses and objections, if any, to the approval of the Disclosure Statement or any of the other relief sought by the Debtors in connection with approval of the Disclosure Statement must (i) be in writing, (ii) state the name and address of the objecting or responding party and the amount and nature of the claim or equity interest of such party, (iii) state with particularity the basis and nature of any objection or response and include, where appropriate, proposed language to be incorporated into the Disclosure Statement to resolve any such objection or response, (iv) conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court, (v) be filed with the Bankruptcy Court (a) electronically in accordance with General Order M-399 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's filing system, and (b) by all other parties in interest, on a CD-ROM, in text-searchable portable document format (PDF) (with a hard copy delivered

directly to Chambers), in accordance with the customary practices of the Bankruptcy Court and General Order M-399, to the extent applicable, and (vi) served in accordance with General Order M-399 so as to be actually received **on or before 12:00 p.m. (Eastern Time) on July 22, 2016** on the following parties (a) the Clerk, One Bowling Green, New York, New York 10004; (b) the attorneys for the Debtors, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn.: Ray C. Schrock, P.C., Jacqueline Marcus, Esq., and Garrett A. Fail, Esq.); (c) the Debtors, c/o Aéropostale, Inc., 112 West 34th Street, 22nd Floor, New York, New York 10120 (Attn.: Marc Schuback, Esq.); (d) the attorneys for the Official Committee of Unsecured Creditors, Pachulski Stang Ziehl & Jones LLP, 780 Third Avenue, 34th Floor, New York, NY 10017 (Attn.: Robert J. Feinstein, Esq., Jeffrey N. Pomerantz, Esq., and Bradford J. Sandler, Esq.); (e) the Office of the United States Trustee for the Southern District of New York, U.S. Federal Office Building, 201 Varick Street, Suite 1006, New York, New York 10014 (Attn.: Brian Masumoto, Esq. and Susan Arbeit, Esq.); (f) the attorneys for the DIP Lenders, Proskauer Rose LLP, Eleven Times Square, New York, NY 10036 (Attn: Scott Rutsky, Esq. and Jared Zajac, Esq.); and (g) the attorneys for Aero Investors, LLC, Kirkland & Ellis LLP, 300 North LaSalle Street, Chicago, IL 60654 (Attn: James A. Stempel, Esq.).

5.       IF ANY OBJECTION TO THE DISCLOSURE STATEMENT IS NOT FILED AND SERVED STRICTLY AS PRESCRIBED HEREIN, THE OBJECTING PARTY MAY BE BARRED FROM OBJECTING TO THE ADEQUACY OF THE DISCLOSURE STATEMENT AND MAY NOT BE HEARD AT THE HEARING.

6.       Upon approval of the Disclosure Statement by the Bankruptcy Court, holders of claims against the Debtors who are entitled to vote on the Plan will receive a copy of the Disclosure Statement, the Plan, and various documents related thereto, unless otherwise ordered by the Bankruptcy Court.

7.       The Hearing may be adjourned from time to time without further notice to creditors, equity interest holders, or parties in interest other than by an announcement in Bankruptcy Court of such adjournment on the date scheduled for the Hearing or as indicated in any notice of agenda of matters scheduled for hearing filed by the Debtors with the Bankruptcy Court.

Dated:   New York, New York
         July 15, 2016

                          WEIL, GOTSHAL & MANGES LLP
                          767 Fifth Avenue
                          New York, New York 10153
                          Telephone:     (212) 310-8000
                          Facsimile:      (212) 310-8007

                          *Attorneys for Debtors*
                          *and Debtors in Possession*

3

**Exhibit 2**

Form of Ballot

*Class 4–Term Loan Deficiency Claims*

WEIL:\95765008\11\11727.0013

**WEIL, GOTSHAL & MANGES LLP**
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Ray C. Schrock, P.C.
Jacqueline Marcus
Garrett A. Fail

*Attorneys for Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------x
:
In re                                                           :          **Chapter 11**
:
**AÉROPOSTALE, INC.,** *et al.*,              :          **Case No. 16-11275 (SHL)**
:
**Debtors.**[1]                                             :          **(Jointly Administered)**
:
---------------------------------------------------------x

**BALLOT FOR ACCEPTING OR REJECTING**
**CHAPTER 11 PLAN OF AÉROPOSTALE, INC.**

**BALLOT FOR:  *CLASS 4 – TERM LOAN DEFICIENCY CLAIM***

Aéropostale, Inc. and its subsidiaries, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "***Debtors***") are soliciting votes with respect to the Debtors' Chapter 11 Plan, dated July 15, 2016 (as it may be amended, the "***Plan***"), from the holders of certain impaired Claims against the Debtors.  All capitalized terms used but not defined herein have the meanings ascribed to such terms in the Plan.  If you have any questions on how to properly complete this ballot, please call Prime Clerk LLC at (855) 360-2999 (domestic toll-free) or (917) 877-5966 (international) or email aeropostaleballots@primeclerk.com.  **PRIME CLERK IS NOT AUTHORIZED TO, AND WILL NOT, PROVIDE LEGAL ADVICE**.

---

[1] The Debtors in these chapter 11 cases and the last four digits of each Debtor's federal tax identification number, as applicable, are as follows:  Aéropostale, Inc. (3880); Aéropostale West, Inc. (7013); Jimmy'Z Surf Co., LLC (0461); Aero GC Management LLC (4257); Aeropostale Procurement Company, Inc. (8518); Aeropostale Licensing, Inc. (8124); P.S. from Aeropostale, Inc. (5900); GoJane LLC (4923); Aeropostale Holdings, Inc. (7729); and Aeropostale Puerto Rico, Inc. (6477).  The Debtors' corporate headquarters is located at 112 West 34th Street, 22nd Floor, New York, NY 10120.

**This Ballot is to be used for voting by holders of Class 4 –Term Loan Deficiency Claim.  In order for your vote to be counted, this Ballot must be properly completed, signed, and returned to Prime Clerk so that it is actually received no later than 4:00 p.m. (Eastern Time) on August 16, 2016 (the "*Voting Deadline*"), unless such time is extended by the Debtors.**

This Ballot is solely for purposes of voting to accept or reject the Plan and not for the purpose of allowance or disallowance of, or distribution on account of, Class 4 –Term Loan Deficiency Claims.

## INSTRUCTIONS FOR COMPLETING THE BALLOT

This Ballot is submitted to you to solicit your vote to accept or reject the Plan. The terms of the Plan are described in the Disclosure Statement for the Debtors' Chapter 11 Plan (as it may be amended, the "*Disclosure Statement*"), including all exhibits thereto.  **PLEASE READ THE PLAN AND THE DISCLOSURE STATEMENT CAREFULLY BEFORE COMPLETING THIS BALLOT.**

The Plan will be accepted by Class 4 (Term Loan Deficiency Claim) if it is accepted by the holders of at least two-thirds (2/3) in amount and more than one-half (1/2) in number of Claims in Class 4 (Term Loan Deficiency Claim) voting on the Plan.  If the Plan is confirmed by the Bankruptcy Court, all holders of Claims against, and Interests in, the Debtors (including those holders who abstain from voting on or reject the Plan, and those holders who are not entitled to vote on the Plan) will be bound by the confirmed Plan and the transactions contemplated thereunder, whether or not they vote and whether or not they accept the Plan.

**To have your vote counted, you must complete, sign, and return this Ballot so that it its received by Prime Clerk at the address listed below no later than the Voting Deadline, unless such time is extended by the Debtors.  Ballots must be delivered to Prime Clerk (i) at the address listed below (or in the enclosed envelope, which may have a different zip code) or (ii) via Prime Clerk's E-Ballot platform by visiting https://cases.primeclerk.com/aeropostale, clicking on the "E-Ballot" link and following the instructions set forth on the website.  Holders are encouraged to submit their Ballots via the E-Ballot platform.  If you choose to submit your Ballot via the E-Ballot platform, you should NOT submit your hard copy Ballot as well.  Please choose only one form of return of your Ballot.**

| |
|---|
| **If by standard, overnight, or hand delivery:**<br><br>Aéropostale Ballot Processing<br>c/o Prime Clerk LLC<br>830 3rd Avenue, 3rd Floor<br>New York, New York 10022 |

**Ballots will not be accepted by telecopy, facsimile, or other electronic means of transmission (except via Prime Clerk's E-Ballot platform).**

To properly complete the Ballot, you must follow the procedures described below:

(i)      Make sure that the information contained in Item 1 is correct;

(ii)     If you hold a Claim in Class 4 (Term Loan Deficiency Claim), cast one vote to accept or reject the Plan by checking the appropriate box in Item 2;

(iii)    Check the appropriate box in Item 3;

(iv)    Check the appropriate box in Item 4;

(v)     If you are completing this Ballot on behalf of another entity, indicate your relationship with such entity and the capacity in which you are signing on the appropriate line in Item 4.  By submitting the Ballot you are certifying that you have authority to so act and agree to provide documents evidencing such authority upon request (*e.g.*, a power of attorney or a certified copy of board resolutions authorizing you to so act);

(vi)    If more than one timely, properly completed Ballot is received, only the latest received, properly completed Ballot will be counted, unless the holder of the Claim receives Bankruptcy Court approval to have the Ballot that was earlier received be counted;

(vii)   Provide your name, mailing address, and any remaining information requested;

(viii)  Sign and date your Ballot; and

(ix)    Return your Ballot with an original signature to Prime Clerk.

**IF YOU (I) HAVE ANY QUESTIONS REGARDING THE BALLOT, (II) DID NOT RECEIVE A RETURN ENVELOPE WITH YOUR BALLOT, (III) DID NOT RECEIVE A COPY OF THE DISCLOSURE STATEMENT OR PLAN, OR (IV) NEED ADDITIONAL COPIES OF THE BALLOT OR OTHER ENCLOSED MATERIALS, PLEASE CONTACT PRIME CLERK BY CALLING (855) 360-2999 (DOMESTIC TOLL-FREE) OR (917) 877-5966 (INTERNATIONAL) OR EMAIL AEROPOSTALEBALLOTS@PRIMECLERK.COM.  PLEASE DO NOT DIRECT ANY INQUIRIES TO THE BANKRUPTCY COURT.  PRIME CLERK IS NOT AUTHORIZED TO, AND WILL NOT, PROVIDE LEGAL ADVICE.**

**PLEASE COMPLETE THE FOLLOWING:**

**Item 1**.  **Amount of Class 4 (Term Loan Deficiency) Claim**.  For purposes of voting to accept or reject the Plan, the undersigned certifies that as of the Record Date, July 25, 2016, the undersigned holds a Class 4 Term Loan Deficiency Claim against the Debtors listed below in the amount set forth below.

| | |
|---|---|
| **Claim Amount**: | $[_____] |
| **Debtors**: | Aéropostale, Inc.; Aéropostale West, Inc.; Jimmy'Z Surf Co., LLC; Aero GC Management LLC; Aeropostale Procurement Company, Inc.; Aeropostale Licensing, Inc.; P.S. from Aeropostale, Inc.; GoJane LLC; Aeropostale Holdings, Inc.; and Aeropostale Puerto Rico, Inc. |

**Item 2**.  **Vote on the Plan**.  The undersigned holder of a Class 4 Term Loan Deficiency Claim in the amount set forth in Item 1 above hereby votes to:

        **Check one box only**:                Accept the Plan

                                                  Reject the Plan

**To submit your Ballot via the "E-Ballot" platform, please visit *https://cases.primeclerk.com/aeropostale*.  Click on the "E-Ballot" section of the website and follow the instructions to submit your Ballot.**

**IMPORTANT NOTE:  You will need the following information to retrieve and submit your customized electronic Ballot:**

        **Unique E-Ballot ID#:**_____

**Prime Clerk's "E-Ballot" platform is the sole manner in which Ballots will be accepted via electronic or online transmission. Ballots submitted by facsimile, email or other means of electronic transmission will not be counted.**

**Each E-Ballot ID# is to be used solely for voting only those Claims described in Item 1 of your electronic Ballot. Please complete and submit an E-Ballot for each E-Ballot ID# you receive, as applicable.**

Creditors who cast a Ballot using Prime Clerk's "E-Ballot" platform should <u>NOT</u> also submit a paper Ballot.

**Item 3. Release Election. COMPLETE THIS ITEM 3 ONLY IF YOU VOTED TO REJECT THE PLAN IN ITEM 2 ABOVE.**

**IMPORTANT INFORMATION REGARDING CERTAIN RELEASES BY HOLDERS OF CLAIMS:**

**IF YOU VOTE TO ACCEPT THE PLAN, YOU WILL BE DEEMED TO GRANT THE RELEASES FOUND IN SECTION 12.8 OF THE PLAN. IF YOU VOTE TO REJECT THE PLAN AND SUBMIT A BALLOT WITHOUT CHECKING THE BOX IN ITEM 3 OF THE BALLOT, YOU WILL BE DEEMED TO CONSENT TO THE RELEASES SECT FORTH IN SECTION 12.8 OF THE PLAN. LIKEWISE, IF YOU FAIL TO VOTE, YOU WILL BE DEEMED TO HAVE CONSENTED TO THE RELEASES FOUND IN SECTION 12.8 OF THE PLAN.**

**IF YOU VOTE TO REJECT THE PLAN, YOU MAY OPT OUT OF THE RELEASES PROVIDED IN SECTION 12.8 OF THE PLAN BY CHECKING THE BOX IN ITEM 3 OF THE BALLOT, AND YOU WILL NOT BE BOUND BY SUCH RELEASES.**

Check this box if you elect <u>not</u> to grant the releases contained in Section 12.8 of the Plan. Election to withhold consent is your option.

⬚       The undersigned elects <u>not</u> to grant the releases contained in Section 12.8 of the Plan.

**Please be advised that Section 12.8 of the Plan contains the following releases by Holders of Claims and Interests:**

> **EFFECTIVE AS OF THE EFFECTIVE DATE, THE RELEASING PARTIES SHALL BE DEEMED TO PROVIDE A FULL RELEASE TO THE RELEASED PARTIES AND THEIR RESPECTIVE PROPERTY FROM ANY AND ALL CAUSES OF ACTION AND ANY OTHER DEBTS, OBLIGATIONS, RIGHTS, SUITS, DAMAGES, ACTIONS, DERIVATIVE CLAIMS, REMEDIES, AND LIABILITIES WHATSOEVER, WHETHER KNOWN OR UNKNOWN, FORESEEN OR UNFORESEEN, EXISTING AS OF THE EFFECTIVE DATE, IN LAW, AT EQUITY, OR OTHERWISE, WHETHER FOR TORT, CONTRACT, VIOLATIONS OF FEDERAL OR STATE SECURITIES LAWS, OR OTHERWISE, BASED IN WHOLE OR IN PART UPON ANY ACT OR OMISSION, TRANSACTION, OR OTHER OCCURRENCE OR CIRCUMSTANCES EXISTING OR TAKING PLACE PRIOR TO OR ON THE EFFECTIVE DATE ARISING FROM OR RELATED IN ANY WAY TO THE DEBTORS, THE PLAN, OR THESE CHAPTER 11 CASES, INCLUDING THOSE THAT THE DEBTORS WOULD HAVE**

**BEEN LEGALLY ENTITLED TO ASSERT OR THAT ANY HOLDER OF A CLAIM AGAINST OR INTEREST IN THE DEBTORS OR ANY OTHER ENTITY COULD HAVE BEEN LEGALLY ENTITLED TO ASSERT DERIVATIVELY OR ON BEHALF OF THE DEBTORS OR THEIR ESTATES. NOTWITHSTANDING ANYTHING HEREIN TO THE CONTRARY, THE THIRD PARTY RELEASE SHALL NOT (1) OPERATE TO RELEASE ANY CLAIMS OR CAUSES OF ACTION HELD DIRECTLY (BUT NOT DERIVATIVELY) BY THE UNITED STATES SECURITIES AND EXCHANGE COMMISSION AGAINST ANY NON-DEBTOR OR (2) PRECLUDE THE UNITED STATES SECURITIES AND EXCHANGE COMMISSION FROM ENFORCING ITS REGULATORY OR POLICE POWERS.**

**ENTRY OF THE CONFIRMATION ORDER SHALL CONSTITUTE THE BANKRUPTCY COURT'S APPROVAL, PURSUANT TO BANKRUPTCY RULE 9019, OF THE THIRD PARTY RELEASE, WHICH INCLUDES BY REFERENCE EACH OF THE RELATED PROVISIONS AND DEFINITIONS CONTAINED IN THE PLAN, AND, FURTHER, SHALL CONSTITUTE THE BANKRUPTCY COURT'S FINDING THAT THE THIRD PARTY RELEASE IS: (1) IN EXCHANGE FOR THE GOOD AND VALUABLE CONSIDERATION PROVIDED BY THE RELEASED PARTIES; (2) A GOOD-FAITH SETTLEMENT AND COMPROMISE OF THE CLAIMS RELEASED BY THE THIRD PARTY RELEASE; (3) IN THE BEST INTERESTS OF THE DEBTORS AND ALL HOLDERS OF CLAIMS AND INTERESTS; (4) FAIR, EQUITABLE, AND REASONABLE; (5) GIVEN AND MADE AFTER DUE NOTICE AND OPPORTUNITY FOR HEARING; AND (6) A BAR TO ANY OF THE RELEASING PARTIES ASSERTING ANY CLAIM RELEASED PURSUANT TO THE THIRD PARTY RELEASE.**

**Other release, exculpation and injunction provisions are found in Article 12 of the Plan. You are advised and encouraged to carefully review and consider the Plan, including the release, exculpation and injunction provisions, as your rights might be affected.**

**Item 4**. **Acknowledgements and Certification**. By signing this Ballot, the undersigned acknowledges that the undersigned has been provided with: a copy of the Disclosure Statement, including the Plan and all other exhibits thereto; a Confirmation Hearing Notice; and a copy of the Order approving the Disclosure Statement without exhibits. The undersigned certifies that (i) it is the holder of the Class 4 Term Loan Deficiency Claim identified in Item 1 above and (ii) it has full power and authority to vote to accept or reject the Plan. The undersigned further acknowledges that the Debtors' solicitation of votes is subject to all terms and conditions set forth in the Disclosure Statement, the order approving the Disclosure Statement, and the procedures for the solicitation of votes to accept or reject the Plan contained therein.

Print or Type Name of Claimant:                              _____
Social Security or Federal Tax I.D. No. of Claimant:         _____
Signature:                                                   _____
Name of Signatory (if different than claimant):              _____
If by Authorized Agent, Title of Agent:                      _____
Street Address:                                              _____
City, State, Zip Code:                                       _____
Telephone Number:                                            _____
E-mail Address:                                              _____
Date Completed:                                              _____

Please check one or both of the below boxes if the above address is a change of address for the purpose(s) of:

☐    Future notice mailings in the Chapter 11 Cases; and/or

☐    Distributions, if any, upon your Claim in the Chapter 11 Cases

## **Exhibit 3**

Form of Ballot

*Class 5–General Unsecured Claims*

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Ray C. Schrock, P.C.
Jacqueline Marcus
Garrett A. Fail

*Attorneys for Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
--------------------------------------------------------x
:
**In re**                                      :        **Chapter 11**
:
**AÉROPOSTALE, INC.,** *et al.*,               :        **Case No. 16-11275 (SHL)**
:
**Debtors.**[1]                                :        **(Jointly Administered)**
:
--------------------------------------------------------x

## BALLOT FOR ACCEPTING OR REJECTING
## CHAPTER 11 PLAN OF AÉROPOSTALE, INC.

### BALLOT FOR: *CLASS 5 –GENERAL UNSECURED CLAIMS*

Aéropostale, Inc. and its subsidiaries, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "***Debtors***") are soliciting votes with respect to the Debtors' Chapter 11 Plan, dated July 15, 2016 (as it may be amended, the "***Plan***"), from the holders of certain impaired Claims against the Debtors. All capitalized terms used but not defined herein have the meanings ascribed to such terms in the Plan. If you have any questions on how to properly complete this ballot, please call Prime Clerk LLC at (855) 360-2999 (domestic toll-free) or (917) 877-5966 (international) or email aeropostaleballots@primeclerk.com. **PRIME CLERK IS NOT AUTHORIZED TO, AND WILL NOT, PROVIDE LEGAL ADVICE**.

---

[1] The Debtors in these chapter 11 cases and the last four digits of each Debtor's federal tax identification number, as applicable, are as follows: Aéropostale, Inc. (3880); Aéropostale West, Inc. (7013); Jimmy'Z Surf Co., LLC (0461); Aero GC Management LLC (4257); Aeropostale Procurement Company, Inc. (8518); Aeropostale Licensing, Inc. (8124); P.S. from Aeropostale, Inc. (5900); GoJane LLC (4923); Aeropostale Holdings, Inc. (7729); and Aeropostale Puerto Rico, Inc. (6477). The Debtors' corporate headquarters is located at 112 West 34th Street, 22nd Floor, New York, NY 10120.

**This Ballot is to be used for voting by holders of Class 5 – Other General Unsecured Claims.  In order for your vote to be counted, this Ballot must be properly completed, signed, and returned to Prime Clerk so that it is actually received no later than 4:00 p.m. (Eastern Time) on August 16, 2016 (the "*Voting Deadline*"), unless such time is extended by the Debtors.**

This Ballot is solely for purposes of voting to accept or reject the Plan and not for the purpose of allowance or disallowance of, or distribution on account of, Class 5 – General Unsecured Claims.

## INSTRUCTIONS FOR COMPLETING THE BALLOT

This Ballot is submitted to you to solicit your vote to accept or reject the Plan. The terms of the Plan are described in the Disclosure Statement for the Debtors' Chapter 11 Plan (as it may be amended, the "*Disclosure Statement*"), including all exhibits thereto.  **PLEASE READ THE PLAN AND THE DISCLOSURE STATEMENT CAREFULLY BEFORE COMPLETING THIS BALLOT**.

The Plan will be accepted by Class 5 (General Unsecured Claims) if it is accepted by the holders of at least two-thirds (2/3) in amount and more than one-half (1/2) in number of Claims in Class 5 (General Unsecured Claims) voting on the Plan.  If the Plan is confirmed by the Bankruptcy Court, all holders of Claims against, and Interests in, the Debtors (including those holders who abstain from voting on or reject the Plan, and those holders who are not entitled to vote on the Plan) will be bound by the confirmed Plan and the transactions contemplated thereunder, whether or not they vote and whether or not they accept the Plan.

**To have your vote counted, you must complete, sign, and return this Ballot so that it its received by Prime Clerk at the address listed below no later than the Voting Deadline, unless such time is extended by the Debtors.  Ballots must be delivered to Prime Clerk (i) at the address listed below (or in the enclosed envelope, which may have a different zip code) or (ii) via Prime Clerk's E-Ballot platform by visiting https://cases.primeclerk.com/aeropostale, clicking on the "E-Ballot" link and following the instructions set forth on the website.  Holders are encouraged to submit their Ballots via the E-Ballot platform.  If you choose to submit your Ballot via the E-Ballot platform, you should NOT submit your hard copy Ballot as well.  Please choose only one form of return of your Ballot.**

| If by standard, overnight, or hand delivery: |
| --- |
| Aéropostale Ballot Processing<br>c/o Prime Clerk LLC<br>830 3rd Avenue, 3rd Floor<br>New York, New York 10022 |

**Ballots will not be accepted by telecopy, facsimile, or other electronic means of transmission (except via Prime Clerk's E-Ballot platform).**

2

To properly complete the Ballot, you must follow the procedures described below:

      (i)      Make sure that the information contained in Item 1 is correct;

      (ii)      If you hold a Claim in Class 5 (General Unsecured Claims), cast one vote to accept or reject the Plan by checking the appropriate box in Item 2;

      (iii)      Check the appropriate box in Item 3;

      (iv)      Check the appropriate box in Item 4;

      (v)      If you are completing this Ballot on behalf of another entity, indicate your relationship with such entity and the capacity in which you are signing on the appropriate line in Item 4.  By submitting the Ballot you are certifying that you have authority to so act and agree to provide documents evidencing such authority upon request (*e.g.*, a power of attorney or a certified copy of board resolutions authorizing you to so act);

      (vi)      If more than one timely, properly completed Ballot is received, only the latest received, properly completed Ballot will be counted, unless the holder of the Claim receives Bankruptcy Court approval to have the Ballot that was earlier received be counted;

      (vii)      Provide your name, mailing address, and any remaining information requested;

      (viii)      Sign and date your Ballot; and

      (ix)      Return your Ballot with an original signature to the Voting Agent.

**IF YOU (I) HAVE ANY QUESTIONS REGARDING THE BALLOT, (II) DID NOT RECEIVE A RETURN ENVELOPE WITH YOUR BALLOT, (III) DID NOT RECEIVE A COPY OF THE DISCLOSURE STATEMENT OR PLAN, OR (IV) NEED ADDITIONAL COPIES OF THE BALLOT OR OTHER ENCLOSED MATERIALS, PLEASE CONTACT PRIME CLERK BY CALLING (855) 360-2999 (DOMESTIC TOLL-FREE) OR (917) 877-5966 (INTERNATIONAL) OR EMAIL AEROPOSTALEBALLOTS@PRIMECLERK.COM.  PLEASE DO NOT DIRECT ANY INQUIRIES TO THE BANKRUPTCY COURT.  PRIME CLERK IS NOT AUTHORIZED TO, AND WILL NOT, PROVIDE LEGAL ADVICE**.

**PLEASE COMPLETE THE FOLLOWING:**

**Item 1**.  **Amount of Class 5 General Unsecured Claim**.  For purposes of voting to accept or reject the Plan, the undersigned certifies that as of July 25, 2016, the undersigned holds a Class 5 General Unsecured Claim against the Debtors listed below in the amount set forth below.

| | |
|---|---|
| **Claim Amount**: | $[_____] |
| **Debtors**: | Aéropostale, Inc.; Aéropostale West, Inc.; Jimmy'Z Surf Co., LLC; Aero GC Management LLC; Aeropostale Procurement Company, Inc.; Aeropostale Licensing, Inc.; P.S. from Aeropostale, Inc.; GoJane LLC; Aeropostale Holdings, Inc.; and Aeropostale Puerto Rico, Inc. |

**Item 2**.  **Vote on the Plan**.  The undersigned holder of a Class 5 General Unsecured Claim in the amount set forth in Item 1 above hereby votes to:

   **Check one box only**:        Accept the Plan

                  Reject the Plan

**To submit your Ballot via the "E-Ballot" platform, please visit _https://cases.primeclerk.com/aeropostale_.  Click on the "E-Ballot" section of the website and follow the instructions to submit your Ballot.**

**IMPORTANT NOTE:  You will need the following information to retrieve and submit your customized electronic Ballot:**

   **Unique E-Ballot ID#:**_____

4

**Prime Clerk's "E-Ballot" platform is the sole manner in which Ballots will be accepted via electronic or online transmission. Ballots submitted by facsimile, email or other means of electronic transmission will not be counted.**

**Each E-Ballot ID# is to be used solely for voting only those Claims described in Item 1 of your electronic Ballot. Please complete and submit an E-Ballot for each E-Ballot ID# you receive, as applicable.**

Creditors who cast a Ballot using Prime Clerk's "E-Ballot" platform should <u>NOT</u> also submit a paper Ballot.

**Item 3. Release Election. COMPLETE THIS ITEM 3 ONLY IF YOU VOTED TO REJECT THE PLAN IN ITEM 2 ABOVE.**

**IMPORTANT INFORMATION REGARDING CERTAIN RELEASES BY HOLDERS OF CLAIMS:**

**IF YOU VOTE TO ACCEPT THE PLAN, YOU WILL BE DEEMED TO GRANT THE RELEASES FOUND IN SECTION 12.8 OF THE PLAN. IF YOU VOTE TO REJECT THE PLAN AND SUBMIT A BALLOT WITHOUT CHECKING THE BOX IN ITEM 3 OF THE BALLOT, YOU WILL BE DEEMED TO CONSENT TO THE RELEASES SECT FORTH IN SECTION 12.8 OF THE PLAN. LIKEWISE, IF YOU FAIL TO VOTE, YOU WILL BE DEEMED TO HAVE CONSENTED TO THE RELEASES FOUND IN SECTION 12.8 OF THE PLAN.**

**IF YOU VOTE TO REJECT THE PLAN, YOU MAY OPT OUT OF THE RELEASES PROVIDED IN SECTION 12.8 OF THE PLAN BY CHECKING THE BOX IN ITEM 3 OF THE BALLOT, AND YOU WILL NOT BE BOUND BY SUCH RELEASES.**

Check this box if you elect <u>not</u> to grant the releases contained in Section 12.8 of the Plan. Election to withhold consent is your option.

      The undersigned elects <u>not</u> to grant the releases contained in Section 12.8 of the Plan.

**Please be advised that Section 12.8 of the Plan contains the following releases by Holders of Claims and Interests:**

            **EFFECTIVE AS OF THE EFFECTIVE DATE, THE RELEASING PARTIES SHALL BE DEEMED TO PROVIDE A FULL RELEASE TO THE RELEASED PARTIES AND THEIR RESPECTIVE PROPERTY FROM ANY AND ALL CAUSES OF ACTION AND ANY OTHER DEBTS, OBLIGATIONS, RIGHTS, SUITS, DAMAGES, ACTIONS, DERIVATIVE CLAIMS, REMEDIES, AND LIABILITIES WHATSOEVER, WHETHER KNOWN OR UNKNOWN, FORESEEN OR UNFORESEEN, EXISTING AS OF THE EFFECTIVE DATE, IN LAW, AT EQUITY, OR OTHERWISE, WHETHER FOR TORT, CONTRACT, VIOLATIONS OF FEDERAL OR STATE SECURITIES LAWS, OR OTHERWISE, BASED IN WHOLE OR IN PART UPON ANY ACT OR OMISSION, TRANSACTION, OR OTHER OCCURRENCE OR CIRCUMSTANCES EXISTING OR TAKING PLACE PRIOR TO OR ON THE EFFECTIVE DATE ARISING FROM OR RELATED IN ANY WAY TO THE DEBTORS, THE PLAN, OR THESE CHAPTER 11 CASES, INCLUDING THOSE THAT THE DEBTORS WOULD HAVE**

BEEN LEGALLY ENTITLED TO ASSERT OR THAT ANY HOLDER OF A CLAIM AGAINST OR INTEREST IN THE DEBTORS OR ANY OTHER ENTITY COULD HAVE BEEN LEGALLY ENTITLED TO ASSERT DERIVATIVELY OR ON BEHALF OF THE DEBTORS OR THEIR ESTATES. NOTWITHSTANDING ANYTHING HEREIN TO THE CONTRARY, THE THIRD PARTY RELEASE SHALL NOT (1) OPERATE TO RELEASE ANY CLAIMS OR CAUSES OF ACTION HELD DIRECTLY (BUT NOT DERIVATIVELY) BY THE UNITED STATES SECURITIES AND EXCHANGE COMMISSION AGAINST ANY NON-DEBTOR OR (2) PRECLUDE THE UNITED STATES SECURITIES AND EXCHANGE COMMISSION FROM ENFORCING ITS REGULATORY OR POLICE POWERS.

ENTRY OF THE CONFIRMATION ORDER SHALL CONSTITUTE THE BANKRUPTCY COURT'S APPROVAL, PURSUANT TO BANKRUPTCY RULE 9019, OF THE THIRD PARTY RELEASE, WHICH INCLUDES BY REFERENCE EACH OF THE RELATED PROVISIONS AND DEFINITIONS CONTAINED IN THE PLAN, AND, FURTHER, SHALL CONSTITUTE THE BANKRUPTCY COURT'S FINDING THAT THE THIRD PARTY RELEASE IS: (1) IN EXCHANGE FOR THE GOOD AND VALUABLE CONSIDERATION PROVIDED BY THE RELEASED PARTIES; (2) A GOOD-FAITH SETTLEMENT AND COMPROMISE OF THE CLAIMS RELEASED BY THE THIRD PARTY RELEASE; (3) IN THE BEST INTERESTS OF THE DEBTORS AND ALL HOLDERS OF CLAIMS AND INTERESTS; (4) FAIR, EQUITABLE, AND REASONABLE; (5) GIVEN AND MADE AFTER DUE NOTICE AND OPPORTUNITY FOR HEARING; AND (6) A BAR TO ANY OF THE RELEASING PARTIES ASSERTING ANY CLAIM RELEASED PURSUANT TO THE THIRD PARTY RELEASE.

**Other release, exculpation and injunction provisions are found in Article 12 of the Plan. You are advised and encouraged to carefully review and consider the Plan, including the release, exculpation and injunction provisions, as your rights might be affected.**

**Item 4**. **Acknowledgements and Certification**. By signing this Ballot, the undersigned acknowledges that the undersigned has been provided with: a copy of the Disclosure Statement, including the Plan and all other exhibits thereto; a Confirmation Hearing Notice; and a copy of the Order approving the Disclosure Statement without exhibits. The undersigned certifies that (i) it is the holder of the Class 5 General Unsecured Claim identified in Item 1 above and (ii) it has full power and authority to vote to accept or reject the Plan. The undersigned further acknowledges that the Debtors' solicitation of votes is subject to all terms and conditions set forth in the Disclosure Statement, the Order approving the Disclosure Statement, and the procedures for the solicitation of votes to accept or reject the Plan contained therein.

Print or Type Name of Claimant: _____

Social Security or Federal Tax I.D. No. of Claimant: _____

Signature: _____

Name of Signatory (if different than claimant): _____

If by Authorized Agent, Title of Agent: _____

Street Address: _____

City, State, Zip Code: _____

Telephone Number: _____

E-mail Address: _____

Date Completed: _____

Please check one <u>or both</u> of the below boxes if the above address is a change of address for the purpose(s) of:

☐    Future notice mailings in the Chapter 11 Cases; and/or

☐    Distributions, if any, upon your Claim in the Chapter 11 Cases

**Exhibit 4**

**Notice of Non-Voting Status – Unimpaired Classes**

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Ray C. Schrock, P.C.
Jacqueline Marcus
Garrett A. Fail

*Attorneys for Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
--------------------------------------------------------x
                                                      :
**In re**                                             :        **Chapter 11**
                                                      :
**AÉROPOSTALE, INC., *et al.*,**                      :        **Case No. 16-11275 (SHL)**
                                                      :
         **Debtors.**[1]                              :        **(Jointly Administered)**
                                                      :
--------------------------------------------------------x

### NOTICE OF NON-VOTING STATUS TO UNIMPAIRED CLASSES 1, 2, AND 3

         PLEASE TAKE NOTICE THAT on [_____], 2016, the United States
Bankruptcy Court for the Southern District of New York approved the Disclosure Statement for
the Debtors' Chapter 11 Plan, dated July 15, 2016 (as it may be amended, the "***Disclosure***
***Statement***") filed by Aéropostale, Inc. ("***Aéropostale***") and its subsidiaries, as debtors and
debtors in possession in the above-captioned chapter 11 cases (collectively, the "***Debtors***"), for
use by the Debtors in soliciting acceptances or rejections of the Debtors' Chapter 11 Plan, dated
July 15, 2016 (as it may be amended, the "***Plan***").

         **UNDER THE TERMS OF THE PLAN, YOUR CLAIM(S) AGAINST THE**
**DEBTOR ARE NOT IMPAIRED AND, THEREFORE, PURSUANT TO SECTION**
**1126(f) OF TITLE 11 OF THE UNITED STATES CODE, YOU ARE (I) DEEMED TO**
**HAVE ACCEPTED THE PLAN AND (II) NOT ENTITLED TO VOTE ON THE PLAN.**
**IF YOU HAVE ANY QUESTIONS ABOUT THE STATUS OF YOUR CLAIM(S), OR**
**WISH TO REQUEST A COPY OF THE PLAN AND DISCLOSURE STATEMENT (AT**

---

[1] The Debtors in these chapter 11 cases and the last four digits of each Debtor's federal tax identification number, as
applicable, are as follows:  Aéropostale, Inc. (3880); Aéropostale West, Inc. (7013); Jimmy'Z Surf Co., LLC (0461);
Aero GC Management LLC (4257); Aeropostale Procurement Company, Inc. (8518); Aeropostale Licensing, Inc.
(8124); P.S. from Aeropostale, Inc. (5900); GoJane LLC (4923); Aeropostale Holdings, Inc. (7729); and
Aeropostale Puerto Rico, Inc. (6477).  The Debtors' corporate headquarters is located at 112 West 34th Street, 22nd
Floor, New York, NY 10120.

**NO COST TO YOU), CONTACT THE DEBTORS' VOTING AGENT, PRIME CLERK LLC, AT THE ADDRESS BELOW, OR BY TELEPHONE AT (855) 360-2999 (DOMESTIC TOLL-FREE) OR 917-877-5966 (INTERNATIONAL).  PRIME CLERK IS NOT AUTHORIZED TO, AND WILL NOT, PROVIDE LEGAL ADVICE.**

| |
|---|
| **If by standard, overnight, or hand delivery:**<br><br>Aéropostale Ballot Processing<br>c/o Prime Clerk LLC<br>830 3rd Avenue, 3rd Floor<br>New York, New York 10022 |

**THE DEBTORS INTEND TO SELL ALL OR SUBSTANTIALLY ALL OF THEIR ASSETS FREE AND CLEAR OF ANY INTERESTS IN SUCH PROPERTY, WHETHER UNDER THE PLAN OR UNDER SECTION 363 OF THE BANKRUPTCY CODE.**

**Exhibit 5**

**Notice of Non-Voting Status – Deemed Rejected Class**

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Ray C. Schrock, P.C.
Jacqueline Marcus
Garrett A. Fail

*Attorneys for Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
--------------------------------------------------------x
                                                        :
**In re**                                               :        **Chapter 11**
                                                        :
**AÉROPOSTALE, INC.**, *et al.*,                        :        **Case No. 16-11275 (SHL)**
                                                        :
                 **Debtors.**[1]                        :        **(Jointly Administered)**
                                                        :
--------------------------------------------------------x

<u>**NOTICE OF NON-VOTING STATUS TO CLASS 7**</u>

              PLEASE TAKE NOTICE THAT on [_____], 2016, the United States
Bankruptcy Court for the Southern District of New York approved the Disclosure Statement for
the Debtors' Chapter 11 Plan, dated July 15, 2016 (as it may be amended, the "***Disclosure
Statement***") filed by Aéropostale, Inc. ("***Aéropostale***") and its subsidiaries, as debtors and
debtors in possession in the above-captioned chapter 11 cases (collectively, the "***Debtors***"), for
use by the Debtors in soliciting acceptances or rejections of the Debtors' Chapter 11 Plan, dated
July 15, 2016 (as it may be amended, the "***Plan***").  Copies of the Disclosure Statement and Plan
are included on the enclosed CD.

              **UNDER THE TERMS OF THE PLAN, INTERESTS IN THE DEBTORS
SHALL BE CANCELLED WITHOUT ANY FURTHER NOTICE, DISCLOSURE,
CONSENT, CORPORATE ACTION, OR WITHOUT ANY STOCKHOLDER VOTE OR
BANKRUPTCY COURT ORDER IF UNDER THE PLAN.  INASMUCH AS YOU ARE
NOT RECEIVING ANY DISTRIBUTION UNDER THE PLAN, PURSUANT TO**

---

[1] The Debtors in these chapter 11 cases and the last four digits of each Debtor's federal tax identification number, as applicable, are as follows:  Aéropostale, Inc. (3880); Aéropostale West, Inc. (7013); Jimmy'Z Surf Co., LLC (0461); Aero GC Management LLC (4257); Aeropostale Procurement Company, Inc. (8518); Aeropostale Licensing, Inc. (8124); P.S. from Aeropostale, Inc. (5900); GoJane LLC (4923); Aeropostale Holdings, Inc. (7729); and Aeropostale Puerto Rico, Inc. (6477).  The Debtors' corporate headquarters is located at 112 West 34th Street, 22nd Floor, New York, NY 10120.

**SECTION 1126(g) OF THE BANKRUPTCY CODE YOU ARE DEEMED TO HAVE REJECTED THE PLAN.**

       **THE DEBTORS INTEND TO SELL ALL OR SUBSTANTIALLY ALL OF THEIR ASSETS FREE AND CLEAR OF ANY INTERESTS IN SUCH PROPERTY, WHETHER UNDER THE PLAN OR UNDER SECTION 363 OF THE BANKRUPTCY CODE.**

       **IF YOU HAVE ANY QUESTIONS, CONTACT THE DEBTORS' VOTING AGENT, PRIME CLERK LLC, AT THE ADDRESS BELOW, OR BY TELEPHONE AT (855) 360-2999 (DOMESTIC TOLL-FREE) OR (917) 877-5966 (INTERNATIONAL). PRIME CLERK IS NOT AUTHORIZED TO, AND WILL NOT, PROVIDE LEGAL ADVICE.**

| **If by standard, overnight, or hand delivery:** |
| --- |
| Aéropostale Ballot Processing<br>c/o Prime Clerk LLC<br>830 3rd Avenue, 3rd Floor<br>New York, New York 10022 |

## Opt-Out Election for Holders of Claims in Class 7

PLEASE TAKE FURTHER NOTICE THAT IF YOU FAIL TO COMPLETE THE BELOW ITEM AND RETURN THIS OPT-OUT ELECTION BY FIRST CLASS MAIL, OVERNIGHT COURIER OR HAND DELIVERY TO PRIME CLERK AT **AÉROPOSTALE, INC., BALLOT PROCESSING CENTER, C/O PRIME CLERK LLC, 830 THIRD AVENUE, 9TH FLOOR, NEW YORK, NY 10022,** SUCH THAT THE COMPLETED NOTICE IS *ACTUALLY RECEIVED* BY PRIME CLERK BY **AUGUST 16, 2016 AT 4:00 P.M. (PREVAILING EASTERN TIME),** UPON THE BANKRUPTCY COURT'S APPROVAL AND CONFIRMATION OF THE PLAN YOU WILL BE DEEMED TO HAVE ACCEPTED AND WILL BE BOUND BY THE RELEASES CONTAINED IN SECTION 12.8 OF THE PLAN TO THE FULLEST EXTENT PERMITTED BY APPLICABLE LAW.

Check this box if you elect <u>not</u> to grant the releases contained in Section 12.8 of the Plan. Election to withhold consent is your option.

      The undersigned elects <u>not</u> to grant the releases contained in Section 12.8 of the Plan.

**Please be advised that Section 12.8 of the Plan contains the following releases by Holders of Claims and Interests:**

      **EFFECTIVE AS OF THE EFFECTIVE DATE, THE RELEASING PARTIES SHALL BE DEEMED TO PROVIDE A FULL RELEASE TO THE RELEASED PARTIES AND THEIR RESPECTIVE PROPERTY FROM ANY AND ALL CAUSES OF ACTION AND ANY OTHER DEBTS, OBLIGATIONS, RIGHTS, SUITS, DAMAGES, ACTIONS, DERIVATIVE CLAIMS, REMEDIES, AND LIABILITIES WHATSOEVER, WHETHER KNOWN OR UNKNOWN, FORESEEN OR UNFORESEEN, EXISTING AS OF THE EFFECTIVE DATE, IN LAW, AT EQUITY, OR OTHERWISE, WHETHER FOR TORT, CONTRACT, VIOLATIONS OF FEDERAL OR STATE SECURITIES LAWS, OR OTHERWISE, BASED IN WHOLE OR IN PART UPON ANY ACT OR OMISSION, TRANSACTION, OR OTHER OCCURRENCE OR CIRCUMSTANCES EXISTING OR TAKING PLACE PRIOR TO OR ON THE EFFECTIVE DATE ARISING FROM OR RELATED IN ANY WAY TO THE DEBTORS, THE PLAN, OR THESE CHAPTER 11 CASES, INCLUDING THOSE THAT THE DEBTORS WOULD HAVE BEEN LEGALLY ENTITLED TO ASSERT OR THAT ANY HOLDER OF A CLAIM AGAINST OR INTEREST IN THE DEBTORS OR ANY OTHER ENTITY COULD HAVE BEEN LEGALLY ENTITLED TO ASSERT DERIVATIVELY OR ON BEHALF OF THE DEBTORS OR THEIR ESTATES. NOTWITHSTANDING ANYTHING HEREIN TO THE CONTRARY, THE THIRD PARTY RELEASE SHALL NOT (1) OPERATE TO RELEASE ANY CLAIMS OR CAUSES OF ACTION HELD DIRECTLY (BUT NOT DERIVATIVELY) BY THE UNITED STATES SECURITIES AND EXCHANGE COMMISSION AGAINST ANY NON-DEBTOR OR (2) PRECLUDE THE UNITED STATES SECURITIES AND EXCHANGE COMMISSION FROM ENFORCING ITS REGULATORY OR POLICE POWERS.**

      **ENTRY OF THE CONFIRMATION ORDER SHALL CONSTITUTE THE BANKRUPTCY COURT'S APPROVAL, PURSUANT TO BANKRUPTCY RULE 9019, OF THE THIRD PARTY RELEASE, WHICH INCLUDES BY REFERENCE EACH OF THE RELATED PROVISIONS AND DEFINITIONS CONTAINED IN THE PLAN, AND, FURTHER, SHALL CONSTITUTE THE BANKRUPTCY COURT'S FINDING THAT THE THIRD PARTY RELEASE IS: (1) IN EXCHANGE FOR THE GOOD AND VALUABLE CONSIDERATION**

**PROVIDED BY THE RELEASED PARTIES; (2) A GOOD-FAITH SETTLEMENT AND COMPROMISE OF THE CLAIMS RELEASED BY THE THIRD PARTY RELEASE; (3) IN THE BEST INTERESTS OF THE DEBTORS AND ALL HOLDERS OF CLAIMS AND INTERESTS; (4) FAIR, EQUITABLE, AND REASONABLE; (5) GIVEN AND MADE AFTER DUE NOTICE AND OPPORTUNITY FOR HEARING; AND (6) A BAR TO ANY OF THE RELEASING PARTIES ASSERTING ANY CLAIM RELEASED PURSUANT TO THE THIRD PARTY RELEASE.**

**Acknowledgments.**  By signing this opt-out election, the undersigned certifies that the undersigned has the power and authority to elect whether to grant the releases contained in Section 12.8 of the Plan.

Print or Type Name of Claimant:    _____
Social Security or Federal Tax I.D. No. of Claimant:    _____
Signature:    _____
Name of Signatory (if different than claimant):    _____
If by Authorized Agent, Title of Agent:    _____
Street Address:    _____
City, State, Zip Code:    _____
Telephone Number:    _____
E-mail Address:    _____
Date Completed:    _____

2

**Exhibit 6**

**Confirmation Hearing and Sale Notice**

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Ray C. Schrock, P.C.
Jacqueline Marcus
Garrett A. Fail

*Attorneys for Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
--------------------------------------------------------x
                                                        :
**In re**                                               :        **Chapter 11**
                                                        :
**AÉROPOSTALE, INC.,** *et al.*,                        :        **Case No. 16-11275 (SHL)**
                                                        :
          **Debtors.**[1]                               :        **(Jointly Administered)**
                                                        :
--------------------------------------------------------x

**NOTICE OF (I) APPROVAL OF DISCLOSURE STATEMENT;**
**(II) PROPOSED SALE AND BIDDING PROCEDURES; (III) HEARING ON**
**CONFIRMATIONOF THE PLAN AND PROCEDURES FOR OBJECTING TO**
**CONFIRMATION OF THE PLAN; AND (IV) VOTING PROCEDURES**

**TO PARTIES IN INTEREST IN THE CHAPTER 11 CASES OF AÉROPOSTALE, INC.**
**AND ITS AFFILIATED DEBTORS:**

          **PLEASE TAKE NOTICE** that:

          1.      **Approval of Disclosure Statement**.  By Order dated [_____], 2016
(ECF No.[_____]) (the "*Order*"), the United States Bankruptcy Court for the Southern District of
New York (the "*Bankruptcy Court*") approved the Disclosure Statement for the Debtors'
Chapter 11 Plan (as it may be amended, the "*Disclosure Statement*") filed by Aéropostale, Inc.
("*Aéropostale*") and its affiliates, as debtors and debtors in possession in the above-captioned
chapter 11 cases (collectively, the "*Debtors*").  The Bankruptcy Court also authorized the

---

[1] The Debtors in these chapter 11 cases and the last four digits of each Debtor's federal tax identification number, as
applicable, are as follows:  Aéropostale, Inc. (3880); Aéropostale West, Inc. (7013); Jimmy'Z Surf Co., LLC (0461);
Aero GC Management LLC (4257); Aeropostale Procurement Company, Inc. (8518); Aeropostale Licensing, Inc.
(8124); P.S. from Aeropostale, Inc. (5900); GoJane LLC (4923); Aeropostale Holdings, Inc. (7729); and
Aeropostale Puerto Rico, Inc. (6477).  The Debtors' corporate headquarters is located at 112 West 34th Street, 22nd
Floor, New York, NY 10120.

Debtors to solicit votes from those parties entitled to vote with regard to the acceptance or rejection of the Debtors' Chapter 11 Plan, dated July 15, 2016 (as it may be amended, the "**Plan**"), annexed as **Exhibit "A"** to the Disclosure Statement.  Any capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Plan.  Whether pursuant to the Plan or section 363 of the Bankruptcy Code, the Debtors intend to sell all or substantially all of their assets free and clear of any interests in such property.

2.    **Approval of Bid Procedures**.  The Order further authorized the Debtors to market, solicit bids, conduct an auction (the "***Auction***") and select the highest or otherwise best bidder at an Auction for the sale (the "***Sale Transaction***") and transfer substantially all of the Debtors' assets (the "***Assets***").  The terms of the marketing, solicitation of bids, conduct of the Auction and selection of the highest or otherwise best bid for the Assets shall be governed by the Court approved bidding procedures (the "***Bid Procedures***").  Copies of the Bid Procedures and the Order can be accessed free of cost on the website of the Debtors' claims and noticing agent, Prime Clerk LLC ("***Prime Clerk***") at https://cases.primeclerk.com/aeropostale.

3.    **Auction**.  Pursuant to the Order and the Bid Procedures, if the Debtors receive one or more timely and acceptable Qualified Bids (as defined in the Bid Procedures) for the Assets, an Auction shall take place on **August 22, 2016 at 9:00 a.m. (Eastern Time)**, at the offices of Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, NY 10153.  Only representatives of the Debtors, holders of Qualified Bids, and advisors for the Creditors' Committee, the DIP Lenders, and Aero Investors LLC shall be entitled to be present at the Auction, and only parties that have submitted a Qualified Bid, as set forth in the Bid Procedures, by no later than **August 18, 2016 at 5:00 p.m. (Eastern Time)** (the "***Bid Deadline***") may bid at the Auction.  Any party that wishes to take part in this process and submit a bid for the Assets must submit their bid prior to the Bid Deadline and in accordance with the Bid Procedures.

4.    **Confirmation Hearing**.  A hearing (the "***Confirmation Hearing***") to consider the confirmation of the Plan and the sale of the Assets to the Successful Bidder(s) will be held at **[_:_ _.m.] (Eastern Time) on August 23, 2016**, before the Honorable Sean H. Lane, United States Bankruptcy Judge, in Room 701 of the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004.  The Confirmation Hearing may be continued from time to time without further notice other than the announcement by the Debtors of the adjourned date(s) at the Confirmation Hearing or any continued hearing or as indicated in any notice of agenda of matters scheduled for hearing filed by the Debtors with the Bankruptcy Court, and the Plan may be modified, if necessary, prior to, during, or as a result of the Confirmation Hearing, without further notice to interested parties.  If the Plan is not confirmed, the Sale Transaction may be approved pursuant to section 363 of the Bankruptcy Code at the Confirmation Hearing or such other hearing set by the Bankruptcy Court.

5.    **Record Date for Voting**.  Only parties who are eligible to vote and hold Claims against the Debtors as of July 25, 2016 are entitled to vote on the Plan.

6.    **Voting Deadline**.  All votes to accept or reject the Plan must be actually received by the Debtors' voting agent, Prime Clerk LLC ("***Prime Clerk***"), by no later than **4:00**

**p.m. on August 16, 2016** (the "***Voting Deadline***").  Any failure to follow the voting instructions included with your ballot may disqualify your ballot and your vote.

7.        **Parties in Interest Not Entitled to Vote**.  The following holders of Claims and Interests are not entitled to vote on the Plan: (i) holders of unimpaired Claims, (ii) holders of Interests, or (iii) holders of Claims that are the subject of filed objections or requests for estimation.  If you have timely filed a proof of Claim and disagree with the Debtors' classification of, objection to, or request for estimation of, your Claim and believe that you should be entitled to vote on the Plan, then you must serve on the Debtors at the address set forth below and file with the Bankruptcy Court (with a copy to chambers) a motion (a "***Rule 3018(a) Motion***") for an order pursuant to Rule 3018(a) of the Federal Rules of Bankruptcy Procedure (the "***Bankruptcy Rules***") temporarily allowing such claim in a different amount or in a different class for purposes of voting to accept or reject the Plan.

8.        All Rule 3018(a) Motions must be filed on or before the tenth (10th) day after the later of (i) service of this notice and (ii) service of notice of an objection or request for estimation, if any, as to such Claim.  In accordance with Bankruptcy Rule 3018, as to any creditor filing a Rule 3018(a) Motion, such creditor's ballot will not be counted except as may be otherwise ordered by the Bankruptcy Court.  Creditors may contact Prime Clerk by calling (855) 360-2999 (domestic toll-free) or (917) 877-5966 (international) or emailing aeropostaleballots@primeclerk.com to receive an appropriate ballot for any Claim for which a proof of claim has been timely filed and a Rule 3018(a) Motion has been granted.  Rule 3018(a) Motions that are not timely filed and served in the manner set forth above shall not be considered.

9.        **Objections to Confirmation**.  Responses and objections, if any, to confirmation of the Plan must:

(a)        Be in writing;

(b)        State the name and address of the objecting party and the amount and nature of the Claim or Interest of such party;

(c)        Conform to the Bankruptcy Rules and the Local Rules of the Bankruptcy Court;

(d)        State with particularity the basis and nature of any objection to confirmation of the Plan;

(e)        Be filed with the Bankruptcy Court no later than 12:00 p.m. on August 12, 2016 either (i) *electronically* or (ii) *conventionally*, as noted below:

(i)        *Electronic Filing*: the filer must be an attorney in possession of passwords and logins to both PACER and the Bankruptcy Court's Electronic Case Filing System; electronic filing must be in accordance with General Order M-399 (which can be found at www.nysb.uscourts.gov); or

(ii) *Conventional Filing*: the filer must send the response or objection by mail, courier, or messenger to the Bankruptcy Court's clerk at the following address: United States Bankruptcy Court, One Bowling Green, New York, NY 10004; the hard copy of the response or objection should be accompanied by a CD-ROM containing the response or objection in text-searchable portable document format (PDF);

NOTE: *All filers* – those filing electronically as well as those filing conventionally – must provide Bankruptcy Court Chambers with a separate hard copy of the response or objection; any proposed order should be accompanied by a CD-ROM containing the response or objection in text-searchable portable document format (PDF); and

(f) Be served in accordance with General Order M-399 so as to be received no later than **August 12, 2016 at 12:00 p.m. (Eastern Time)**, and on the following parties:

(i) The attorneys for the Debtors, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn.: Ray C. Schrock, P.C., Jacqueline Marcus, Esq., and Garrett A. Fail, Esq.);

(ii) The Office of the United States Trustee for the Southern District of New York, U.S. Federal Office Building, 201 Varick Street, Suite 1006, New York, New York 10014 (Attn.: Brian Masumoto, Esq. and Susan Arbeit, Esq);

(iii) The attorneys for the Official Committee of Unsecured Creditors (the "*Creditors' Committee*"), Pachulski Stang Ziehl & Jones LLP, 780 Third Avenue, 34th Floor, New York, NY 10017 (Attn.: Robert J. Feinstein, Esq., Jeffrey N. Pomerantz, Esq., and Bradford J. Sandler, Esq.);

(iv) The attorneys for the DIP Lenders, Proskauer Rose LLP, Eleven Times Square, New York, NY 10036 (Attn: Scott Rutsky, Esq. and Jared Zajac, Esq.); and

(v) The attorneys for Aero Investors, LLC, Kirkland & Ellis LLP, 300 North LaSalle Street, Chicago, IL 60654 (Attn: James A. Stempel, Esq.).

**IF ANY OBJECTION OR RESPONSE TO CONFIRMATION OF THE PLAN IS NOT FILED AND SERVED STRICTLY AS PRESCRIBED HEREIN, THE OBJECTING PARTY MAY BE BARRED FROM OBJECTING TO CONFIRMATION OF THE PLAN AND MAY NOT BE HEARD AT THE HEARING. REPLIES TO ANY SUCH OBJECTIONS AND RESPONSES MUST BE FILED AND SERVED BY NO LATER THAN AUGUST 22, 2016 AT 5:00 P.M. (EASTERN TIME).**

10.    **Parties Who Will Not Be Treated as Creditors**.  Any holder of a Claim that (i) is scheduled in the Debtors' schedules of assets and liabilities at $0.00, or in an unknown amount, or as disputed, contingent, or unliquidated, and is not the subject of a timely filed proof of claim or a proof of claim deemed timely filed with the Bankruptcy Court pursuant to either the Bankruptcy Code or any order of the Bankruptcy Court, or otherwise deemed timely filed under applicable law, or (ii) is not scheduled and is not the subject of a timely filed proof of claim or a proof of claim deemed timely filed with the Bankruptcy Court pursuant to either the Bankruptcy Code or any order of the Bankruptcy Court, or otherwise deemed timely filed under applicable law, shall not be treated as a creditor with respect to such Claim for purposes of voting on the Plan.

11.    **Release, Injunction and Exculpation Provisions Contained in the Plan** Section 12 of the Plan contains certain release, injunction and exculpation provisions, which are set forth below.  You are advised to carefully review and consider the Plan, including the release, injunction and exculpation provision, as your rights may be affected.

Section 12.7 of the Plan contains the following release by the Debtors:

**EFFECTIVE AS OF THE EFFECTIVE DATE, WITHOUT IN ANY MANNER LIMITING OR ALTERING ANY RELEASES GRANTED TO THE DIP SECURED PARTIES (AS DEFINED IN THE FINAL DIP ORDER) PURSUANT TO THE DIP FINANCING DOCUMENTS AND/OR THE FINAL DIP ORDER, EACH DEBTOR ON BEHALF OF ITSELF AND ITS ESTATE, FOR THE GOOD AND VALUABLE CONSIDERATION PROVIDED BY EACH OF THE RELEASED PARTIES, SHALL BE DEEMED TO PROVIDE A FULL RELEASE TO EACH OF THE RELEASED PARTIES (AND EACH SUCH RELEASED PARTY SHALL BE DEEMED RELEASED BY EACH DEBTOR AND ITS ESTATE) AND THEIR RESPECTIVE PROPERTY FROM ANY AND ALL CAUSES OF ACTION AND ANY OTHER DEBTS, OBLIGATIONS, RIGHTS, SUITS, DAMAGES, ACTIONS, DERIVATIVE CLAIMS, REMEDIES, AND LIABILITIES WHATSOEVER, WHETHER KNOWN OR UNKNOWN, FORESEEN OR UNFORESEEN, EXISTING AS OF THE EFFECTIVE DATE, IN LAW, AT EQUITY, OR OTHERWISE, WHETHER FOR TORT, CONTRACT, VIOLATIONS OF FEDERAL OR STATE SECURITIES LAWS, OR OTHERWISE, BASED IN WHOLE OR IN PART UPON ANY ACT OR OMISSION, TRANSACTION, OR OTHER OCCURRENCE OR CIRCUMSTANCES EXISTING OR TAKING PLACE PRIOR TO OR ON THE EFFECTIVE DATE ARISING FROM OR RELATED IN ANY WAY TO THE DEBTORS, THE PLAN, OR THESE CHAPTER 11 CASES, INCLUDING THOSE THAT THE DEBTORS WOULD HAVE BEEN LEGALLY ENTITLED TO ASSERT OR THAT ANY HOLDER OF A CLAIM AGAINST OR INTEREST IN THE DEBTORS OR ANY OTHER ENTITY COULD HAVE BEEN LEGALLY ENTITLED TO ASSERT DERIVATIVELY OR ON BEHALF OF THE DEBTORS OR THEIR ESTATES; PROVIDED, HOWEVER, THAT THE FOREGOING "DEBTOR RELEASE" SHALL NOT OPERATE TO WAIVE OR RELEASE ANY CLAIMS OR CAUSES OF ACTION OF THE DEBTORS OR THEIR RESPECTIVE CHAPTER 11 ESTATES AGAINST A RELEASED PARTY (1) ARISING UNDER ANY CONTRACTUAL OBLIGATION OWED TO THE DEBTORS THAT IS ENTERED INTO OR ASSUMED PURSUANT TO THE PLAN OR (2) ARISING UNDER THE PURCHASE AGREEMENT.**

ENTRY OF THE CONFIRMATION ORDER SHALL CONSTITUTE THE BANKRUPTCY COURT'S APPROVAL, PURSUANT TO BANKRUPTCY RULE 9019, OF THE DEBTOR RELEASE, WHICH INCLUDES BY REFERENCE EACH OF THE RELATED PROVISIONS AND DEFINITIONS CONTAINED IN THE PLAN, AND, FURTHER, SHALL CONSTITUTE THE BANKRUPTCY COURT'S FINDING THAT THE DEBTOR RELEASE IS: (1) IN EXCHANGE FOR THE GOOD AND VALUABLE CONSIDERATION PROVIDED BY THE RELEASED PARTIES; (2) A GOOD-FAITH SETTLEMENT AND COMPROMISE OF THE CLAIMS RELEASED BY THE DEBTOR RELEASE; (3) IN THE BEST INTERESTS OF THE DEBTORS' ESTATES AND ALL HOLDERS OF CLAIMS AND INTERESTS; (4) FAIR, EQUITABLE, AND REASONABLE; (5) GIVEN AND MADE AFTER DUE NOTICE AND OPPORTUNITY FOR HEARING; AND (6) A BAR TO ANY OF THE DEBTORS' ESTATES, THE LITIGATION TRUSTEE, OR THE LITIGATION TRUST ASSERTING ANY CLAIM OR CAUSE OF ACTION RELEASED PURSUANT TO THE DEBTOR RELEASE.

Section 12.8 of the Plan contains the following release by Holders of Claims and Interests:

EFFECTIVE AS OF THE EFFECTIVE DATE, THE RELEASING PARTIES SHALL BE DEEMED TO PROVIDE A FULL RELEASE TO THE RELEASED PARTIES AND THEIR RESPECTIVE PROPERTY FROM ANY AND ALL CAUSES OF ACTION AND ANY OTHER DEBTS, OBLIGATIONS, RIGHTS, SUITS, DAMAGES, ACTIONS, DERIVATIVE CLAIMS, REMEDIES, AND LIABILITIES WHATSOEVER, WHETHER KNOWN OR UNKNOWN, FORESEEN OR UNFORESEEN, EXISTING AS OF THE EFFECTIVE DATE, IN LAW, AT EQUITY, OR OTHERWISE, WHETHER FOR TORT, CONTRACT, VIOLATIONS OF FEDERAL OR STATE SECURITIES LAWS, OR OTHERWISE, BASED IN WHOLE OR IN PART UPON ANY ACT OR OMISSION, TRANSACTION, OR OTHER OCCURRENCE OR CIRCUMSTANCES EXISTING OR TAKING PLACE PRIOR TO OR ON THE EFFECTIVE DATE ARISING FROM OR RELATED IN ANY WAY TO THE DEBTORS, THE PLAN, OR THESE CHAPTER 11 CASES, INCLUDING THOSE THAT THE DEBTORS WOULD HAVE BEEN LEGALLY ENTITLED TO ASSERT OR THAT ANY HOLDER OF A CLAIM AGAINST OR INTEREST IN THE DEBTORS OR ANY OTHER ENTITY COULD HAVE BEEN LEGALLY ENTITLED TO ASSERT DERIVATIVELY OR ON BEHALF OF THE DEBTORS OR THEIR ESTATES. NOTWITHSTANDING ANYTHING HEREIN TO THE CONTRARY, THE THIRD PARTY RELEASE SHALL NOT (1) OPERATE TO RELEASE ANY CLAIMS OR CAUSES OF ACTION HELD DIRECTLY (BUT NOT DERIVATIVELY) BY THE UNITED STATES SECURITIES AND EXCHANGE COMMISSION AGAINST ANY NON-DEBTOR OR (2) PRECLUDE THE UNITED STATES SECURITIES AND EXCHANGE COMMISSION FROM ENFORCING ITS REGULATORY OR POLICE POWERS.

ENTRY OF THE CONFIRMATION ORDER SHALL CONSTITUTE THE BANKRUPTCY COURT'S APPROVAL, PURSUANT TO BANKRUPTCY RULE 9019, OF THE THIRD PARTY RELEASE, WHICH INCLUDES BY REFERENCE EACH OF THE RELATED PROVISIONS AND DEFINITIONS CONTAINED IN THE PLAN, AND, FURTHER, SHALL CONSTITUTE THE BANKRUPTCY COURT'S FINDING THAT

**THE THIRD PARTY RELEASE IS: (1) IN EXCHANGE FOR THE GOOD AND VALUABLE CONSIDERATION PROVIDED BY THE RELEASED PARTIES; (2) A GOOD-FAITH SETTLEMENT AND COMPROMISE OF THE CLAIMS RELEASED BY THE THIRD PARTY RELEASE; (3) IN THE BEST INTERESTS OF THE DEBTORS AND ALL HOLDERS OF CLAIMS AND INTERESTS; (4) FAIR, EQUITABLE, AND REASONABLE; (5) GIVEN AND MADE AFTER DUE NOTICE AND OPPORTUNITY FOR HEARING; AND (6) A BAR TO ANY OF THE RELEASING PARTIES ASSERTING ANY CLAIM RELEASED PURSUANT TO THE THIRD PARTY RELEASE.**

Section 12.9 of the Plan contains the following Exculpation:

The Exculpated Parties shall neither have, nor incur any liability to any Entity for any prepetition or postpetition act taken or omitted to be taken in connection with the Chapter 11 Cases, or related to formulating, negotiating, soliciting, preparing, disseminating, confirming, or implementing the Plan or consummating the Plan, the Disclosure Statement, the Asset Purchase Agreement, or any contract, instrument, release, or other agreement or document created or entered into in connection with the Plan or any other prepetition or postpetition act taken or omitted to be taken in connection with or in contemplation of the restructuring or liquidation of the Debtors; provided that each Exculpated Party shall be entitled to rely upon the advice of counsel concerning his, her, or its duties pursuant to, or in connection with, the Plan or any other related document, instrument, or agreement. Without limiting the foregoing "Exculpation" provided under Section 12.9 of the Plan, the rights of any holder of a Claim or Interest to enforce rights arising under this Plan shall be preserved, including the right to compel payment of distributions in accordance with the Plan.

Section 12.10 of the Plan contains the following Injunction:

EXCEPT AS OTHERWISE PROVIDED IN THE PLAN OR THE CONFIRMATION ORDER, ALL ENTITIES WHO HAVE HELD, HOLD, OR MAY HOLD CLAIMS, INTERESTS, CAUSES OF ACTION, OR LIABILITIES THAT: (1) ARE SUBJECT TO COMPROMISE AND SETTLEMENT PURSUANT TO THE TERMS OF THE PLAN; (2) HAVE BEEN RELEASED PURSUANT TO SECTION 12 OF THE PLAN; (3) HAVE BEEN RELEASED PURSUANT TO SECTION 12.8 OF THE PLAN; (4) ARE SUBJECT TO EXCULPATION PURSUANT TO SECTION 12.9 OF THE PLAN (BUT ONLY TO THE EXTENT OF THE EXCULPATION PROVIDED IN SECTION 12.9 OF THE PLAN); OR (5) ARE OTHERWISE STAYED OR TERMINATED PURSUANT TO THE TERMS OF THE PLAN, ARE PERMANENTLY ENJOINED AND PRECLUDED, FROM AND AFTER THE EFFECTIVE DATE, FROM: (A) COMMENCING OR CONTINUING IN ANY MANNER ANY ACTION OR OTHER PROCEEDING OF ANY KIND, INCLUDING ON ACCOUNT OF ANY CLAIMS, INTERESTS, CAUSES OF ACTIONS, OR LIABILITIES THAT HAVE BEEN COMPROMISED OR SETTLED AGAINST THE DEBTORS, THE PURCHASER, OR ANY ENTITY SO RELEASED OR EXCULPATED (OR THE PROPERTY OR ESTATE OF ANY ENTITY, DIRECTLY OR INDIRECTLY, SO RELEASED OR EXCULPATED) ON ACCOUNT OF OR IN CONNECTION WITH OR WITH RESPECT TO ANY RELEASED, SETTLED, COMPROMISED, OR EXCULPATED CLAIMS, EQUITY INTERESTS, CAUSES OF ACTION, OR LIABILITIES; (B) ENFORCING, ATTACHING, COLLECTING, OR RECOVERING BY ANY MANNER OR MEANS ANY JUDGMENT, AWARD, DECREE, OR ORDER AGAINST THE DEBTORS, THE PURCHASER, OR ANY ENTITY SO RELEASED OR EXCULPATED (OR THE PROPERTY OR ESTATE OF THE DEBTORS OR ANY ENTITY SO RELEASED OR

7

EXCULPATED) ON ACCOUNT OF OR IN CONNECTION WITH OR WITH RESPECT TO ANY SUCH RELEASED, SETTLED, COMPROMISED, OR EXCULPATED CLAIMS, EQUITY INTERESTS, CAUSES OF ACTION, OR LIABILITIES; (C) CREATING, PERFECTING, OR ENFORCING ANY LIEN, CLAIM, OR ENCUMBRANCE OF ANY KIND AGAINST THE DEBTORS, THE PURCHASER, OR ANY ENTITY SO RELEASED OR EXCULPATED (OR THE PROPERTY OR ESTATE OF THE DEBTORS OR ANY ENTITY SO RELEASED OR EXCULPATED) ON ACCOUNT OF OR IN CONNECTION WITH OR WITH RESPECT TO ANY SUCH RELEASED, SETTLED, COMPROMISED, OR EXCULPATED CLAIMS, EQUITY INTERESTS, CAUSES OF ACTION, OR LIABILITIES; (D) ASSERTING ANY RIGHT OF SETOFF OR SUBROGATION OF ANY KIND AGAINST ANY OBLIGATION DUE TOTHE DEBTORS OR ANY ENTITY SO RELEASED OR EXCULPATED (OR THE PROPERTY OR ESTATE OF THE DEBTORS OR ANY ENTITY SO RELEASED OR EXCULPATED) ON ACCOUNT OF OR IN CONNECTION WITH OR WITH RESPECT TO ANY SUCH RELEASED, SETTLED, COMPROMISED, OR EXCULPATED CLAIMS, EQUITY INTERESTS, CAUSES OF ACTION, OR LIABILITIES UNLESS SUCH ENTITY HAS TIMELY ASSERTED SUCH SETOFF RIGHT PRIOR TO CONFIRMATION IN A DOCUMENT FILED WITH THE BANKRUPTCY COURT EXPLICITLY PRESERVING SUCH SETOFF OR SUBROGATION, AND NOTWITHSTANDING AN INDICATION IN A CLAIM OR INTEREST OR OTHERWISE THAT SUCH ENTITY ASSERTS, HAS, OR INTENDS TO PRESERVE ANY RIGHT OF SETOFF OR SUBROGATION PURSUANT TO APPLICABLE LAW OR OTHERWISE; AND (E) COMMENCING OR CONTINUING IN ANY MANNER ANY ACTION OR OTHER PROCEEDING OF ANY KIND AGAINST THE DEBTORS, THE PURCHASER, OR ANY ENTITY SO RELEASED OR EXCULPATED (OR THE PROPERTY OR ESTATE OF THE DEBTORS OR ANY ENTITY SO RELEASED OR EXCULPATED) ON ACCOUNT OF OR IN CONNECTION WITH OR WITH RESPECT TO ANY SUCH RELEASED, SETTLED, COMPROMISED, OR EXCULPATED CLAIMS, EQUITY INTERESTS, CAUSES OF ACTION, OR LIABILITIES RELEASED, SETTLED, OR COMPROMISED PURSUANT TO THE PLAN; PROVIDED THAT NOTHING CONTAINED IN THE PLAN SHALL PRECLUDE AN ENTITY FROM OBTAINING BENEFITS DIRECTLY AND EXPRESSLY PROVIDED TO SUCH ENTITY PURSUANT TO THE TERMS OF THE PLAN; PROVIDED, FURTHER, THAT NOTHING CONTAINED IN THE PLAN SHALL BE CONSTRUED TO PREVENT ANY ENTITY FROM DEFENDING AGAINST CLAIMS OBJECTIONS OR COLLECTION ACTIONS WHETHER BY ASSERTING A RIGHT OF SETOFF OR OTHERWISE TO THE EXTENT PERMITTED BY LAW.

12.     **Additional Information**.  Any party in interest wishing to obtain information about the solicitation procedures or copies of the Disclosure Statement or the Plan should contact the Debtors' voting agent, Prime Clerk, at (855) 360-2999 (domestic toll-free) or (917) 877-5966 (international), aeropostaleballots@primeclerk.com, or may view such documents by accessing the Debtors' website: https://cases.primeclerk.com/aeropostale or the Bankruptcy Court's website: www.nysb.uscourts.gov.  As previously noted above, a PACER (www.pacer.psc.uscourts.gov) password and login are needed to access documents on the Bankruptcy Court's website (http://nysb.uscourts.gov).  **PRIME CLERK IS NOT AUTHORIZED TO, AND WILL NOT, PROVIDE LEGAL ADVICE.**

Dated: New York, New York
      [_____], 2016

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone:    (212) 310-8000
Facsimile:    (212) 310-8007

*Attorneys for Debtors*
*and Debtors in Possession*

**Exhibit 7**

**<u>Bid Procedures</u>**

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Ray C. Schrock, P.C.
Jacqueline Marcus
Garrett A. Fail

*Attorneys for Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

--------------------------------------------------------x
                                :

In re                            :         **Chapter 11**
                                  :

**AÉROPOSTALE, INC.,** *et al.*,    :         **Case No. 16-11275 (SHL)**
                                  :

           **Debtors.**[1]        :         **(Jointly Administered)**
                                  :

--------------------------------------------------------x

**BID PROCEDURES FOR THE SALE OF SUBSTANTIALLY ALL OF THE DEBTORS'**
**ASSETS PURSUANT TO THE DEBTORS' CHAPTER 11 PLAN**

        Aéropostale, Inc. and certain of its affiliates and subsidiaries as debtors and debtors in possession (collectively, the "***Debtors***"), set forth the following bidding procedures (the "***Bid Procedures***") to be employed in connection with an auction, if the Debtors receive one or more timely and acceptable Qualified Bids (the "***Auction***"), for the sale of substantially all of the Assets (as defined herein). At a hearing following the Auction (the "***Confirmation Hearing***"), the Debtors will seek the entry of an order (the "***Confirmation Order***") from the United States Bankruptcy Court for the Southern District of New York (the "***Court***") authorizing and approving the transactions contemplated by the Asset Purchase Agreement, a form of which is attached to the Debtors' Disclosure Statement as **Exhibit C** (the "***Asset Purchase Agreement***") among the applicable Debtors and the Qualified Bidder(s) (as defined herein) that the Debtors determine to have made the highest or otherwise best bid(s) (each, a "***Successful Bidder***"). The Asset Purchase Agreement provides for the transfer of the Debtors' right, title, and interest in, to, and under substantially all of the Debtors' assets. These Bid Procedures have

---

[1] The Debtors in these chapter 11 cases and the last four digits of each Debtor's federal tax identification number, as applicable, are as follows: Aéropostale, Inc. (3880); Aéropostale West, Inc. (7013); Jimmy'Z Surf Co., LLC (0461); Aero GC Management LLC (4257); Aeropostale Procurement Company, Inc. (8518); Aeropostale Licensing, Inc. (8124); P.S. from Aeropostale, Inc. (5900); GoJane LLC (4923); Aeropostale Holdings, Inc. (7729); and Aeropostale Puerto Rico, Inc. (6477). The Debtors' corporate headquarters is located at 112 West 34th Street, 22nd Floor, New York, NY 10120.

been approved and authorized pursuant to the *Order (i) Approving Disclosure Statement; (ii) Approving Notice of Disclosure Statement Hearing; (iii) Shortening Notice For Disclosure Statement Hearing; (iv) Establishing a Record Date; (v) Establishing Notice and Objection Procedures For Confirmation of the Plan; (vi) Approving Solicitation Packages and Procedures for Distribution Thereof; (vii) Approving the Form of Ballot and Establishing Procedures for Voting on the Plan; (viii) Approving the Form of Notice to Non-Voting Classes Under the Plan; (ix) Approving Sale and Bidding Procedures for Sale of Substantially all of Debtors' Assets Pursuant to Plan; (x) Approving Procedures for Assumption and Assignment of Certain Executory Contracts and Unexpired Leases; (xi) Approving Related Notices; and (xii) Granting Related Relief* entered by the Court on [July __, 2016].

## Approvals

The proposed sale (the "**Sale Transaction**") shall in all respects be subject to approval by the Court and in compliance with: (i) the applicable provisions of chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**"); (ii) the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"); and (iii) other applicable rules and law, including, without limitation, the Local Rules of Bankruptcy Procedure for the Southern District of New York (the "**Local Rules**") and Orders of the Court.

## Assets to Be Sold

The Auction shall consist of substantially all of the Debtors' assets owned or used in the Debtors' business operations, including, but not limited to, their inventory, cash, intellectual property, executory contracts, and unexpired leases of nonresidential real property (collectively, the "**Assets**").

## Preliminary Due Diligence

Upon execution of a valid confidentiality agreement, in form and substance satisfactory to the Debtors, any prospective bidder (each, a "**Potential Bidder**") identified by the Debtors as reasonably likely to be a Qualified Bidder (as defined herein) that wishes to conduct due diligence on any of the Assets may be granted access to all material information regarding the Debtors, provided that, if any Potential Bidder is (or is affiliated with) a competitor of the Debtors, the Debtors will not be required to disclosure to such Potential Bidder any trade secrets or proprietary information unless the confidentiality agreement executed by such Potential Bidder contains appropriate provisions to ensure that such trade secrets or proprietary information will not be used for an improper purpose or to gain an unfair competitive advantage.

The Debtors shall coordinate all reasonable requests for additional information and due diligence access from Potential Bidders. All due diligence requests shall be direct to Stifel, Nicolaus & Co., Inc. and Miller Buckfire & Co., LLC, 787 Seventh Avenue, New York, NY 10019, Attn: Michael Rozmus (Michael.Rozmus@stifel.com). None of the Debtors, their affiliates, or any of their respective representatives is obligated to furnish any information relating to the properties or equity interest in any of the respective Debtors other than a Potential Bidder. If the Debtors determine that Potential Bidder does not constitute a Qualified Bidder,

then such Potential Bidder shall not be entitled to receive due diligence access or additional non-public information.

### Bid Deadline

Any person or entity interested in participating in the Auction must submit a Qualified Bid (as defined herein) on or before **August 18, 2016 at 5:00 p.m. (prevailing Eastern Time)** (the "**Bid Deadline**") in writing, to the attorneys for the Debtors, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, NY 10153 (Attn: Ray C. Schrock, P.C., Jacqueline Marcus, Esq. and Garrett A. Fail, Esq.).  The Debtors may extend the Bid Deadline, but shall promptly all Potential Bidders of any such extension.  A summary of all Qualified Bids shall be provided, on a professionals' eyes only basis, to the advisors to (i) the Creditors' Committee, (ii) the DIP Lenders, and (iii) Aero Investors, LLC by **August 19, 2016 at 5:00 p.m. (prevailing Eastern Time)**, which deadline is subject to extension if the Bid Deadline is extended.

### Qualified Bids

To participate in the bidding process and be deemed a "**Qualified Bidder**," each Potential Bidder must submit a "**Qualified Bid**" by the Bid Deadline.  To constitute a Qualified Bid, a bid must:

  (a)   be in writing;

  (b)   identify the Assets, or the portion thereof, to be purchased, the liabilities, if any, to be assumed, and the cash purchase price;

  (c)   include a proposed list of the Debtors' Contracts that the Potential Bidder proposed be assumed, assigned, and sold to it in connection with the transaction (the "**Assumed Contracts**") and proposed adequate assurance of future performance under such Assumed Contracts;

  (d)   fully disclose the legal identity of each entity that will be bidding for the Assets or otherwise participating in connection with such bid, and the complete terms of any such participation;

  (e)   fully disclose any connections or agreements with the Debtors, any other known Potential Bidders or Qualified Bidders, and/or any officer or director of the Debtors;

  (f)   provide an irrevocable offer in the form of an executed copy of the Asset Purchase Agreement with any proposed modifications, or, if the Potential Bidder makes a GOB offer or liquidation offer, an agency agreement, consulting agreement, or other binding agreement (each, a "**Modified Asset Purchase Agreement**"), including all exhibits and schedules contemplated thereby (other than exhibits and schedules that by their nature must be prepared by the Debtors);

(g)    include a marked copy of the Modified Asset Purchase Agreement reflecting the differences between the Modified Asset Purchase Agreement and the Asset Purchase Agreement;

(h)    state that such bidder is financially capable of consummating the transactions contemplated by the Modified Asset Purchase Agreement and detail the source(s) of funds that will be used to consummate the transactions;

(i)    include satisfactory evidence of committed financing or other financial ability to consummate the transactions contemplated by the Modified Asset Purchase Agreement in a timely manner;

(j)    expressly acknowledge and represent that the Potential Bidder (i) has had an opportunity to conduct any and all due diligence regarding the business and assets of the Debtors prior to making its bid, (ii) has relied solely upon its own independent review, investigation, and/or inspection of any documents and the Assets in making its Bid, and (iii) did not rely upon any written or oral statements, representations, promises, warranties, or guaranties whatsoever, whether express, implied, by operation of law, or otherwise, regarding the business or Assets or the completeness of any information provided in connection therewith, except as expressly stated in the representations and warranties contained in the Modified Asset Purchase Agreement ultimately accepted and executed by the applicable Debtors;

(k)    not contain any financing contingencies of any kind;

(l)    not contain any condition to closing of the transaction on the receipt of any third party approvals (excluding required Court approval and any required governmental and/or regulatory approval, if any);

(m)    include evidence of authorization and approval from the bidder's board of directors (or comparable governing body) with respect to the submission, execution, delivery and closing of the Sale Transaction;

(n)    state the specific person(s) whom the Debtors' investment bankers, Stifel, Nicolaus and Co., should contact in the event that the Debtors have any questions or wish to discuss the Modified Asset Purchase Agreement;

(o)    include a good faith deposit (the "***Good Faith Deposit***") in the form of a certified or bank check (or other form acceptable to the Debtors in their sole and absolute discretion) payable to the order of Aéropostale, Inc. in an amount equal to ten (10%) percent of the purchase price offered to purchase the Assets. All Good Faith Deposits shall be held in a segregated account by the Debtors until no later than ten (10) days after the later of the Confirmation Hearing and the Sale Hearing and thereafter returned to the respective bidders in accordance with these Plan Bid Procedures,

4

unless the bidder has been selected as the Back-Up Bidder (as defined herein).

The Debtors shall make a determination regarding whether a bid is a Qualified Bid and shall notify bidders whether their bids have been determined to be Qualified Bids by no later than **August 19, 2016 at 5:00 p.m. (prevailing Eastern Tim**e).

The Debtors retain the right to select any Potential Bidder to serve as a stalking horse bidder at any point prior to the Bid Deadline.

The Debtors will consider bids for less than a substantial (but nevertheless a material) portion of the Assets. The Debtors will also consider bids submitted by potential liquidators. With the goal and primary purpose of selling substantially all of the Assets, the Debtors, in their sole and absolute discretion, may accept as a single Qualified Bid, multiple bids for non-overlapping material portions of the Assets such that, when taken together in the aggregate, such bids would otherwise meet the standards for a single Qualified Bid. The Debtors may permit otherwise Qualified Bidders who submitted bids by the Bid Deadline for less than a substantial (but nevertheless a material) portion of the Assets but who were not identified as a component of a single Qualified Bid consisting of such multiple bids, to participate in the Auction and to submit higher or otherwise better bids that in subsequent rounds of bidder may be considered, together with other bids for non-overlapping material portions of the Assets, as part of such a single Qualified Bid for overbid purposes. The Debtors retain the right to amend the conditions precedent to becoming a Qualified Bidder at any time, in their sole discretion.

### Auction, Auction Procedures and Overbids

In the event that the Debtors receive one or more timely Qualified Bids with an acceptable purchase price, the Debtors shall conduct the Auction. The Auction, if required, will be conducted at the offices of Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 on **August 22, 2016 at 9:00 a.m. (Eastern Time**), or such other location as designed by the Debtors in a notice to all Qualified Bidders. The Debtors shall have the right to conduct any number of Auctions on such date to accommodate Qualified Bills for certain, but less than all, of the Debtors' Assets if the Debtors determine, in their business judgment, that such process would be in the best interest of the Debtors' estates. The Debtors have the sole right to adjourn or cancel the Auction at or prior to the Auction. If the Auction is cancelled or if the date, time, or place of the Auction is changed, the Debtors will file a notice with the Court regarding such cancellation or modification and will publish the notice on the website of Prime Clerk at https://cases.primeclerk.com/aeropostale.

The Auction shall be governed by the following procedures, subject to modification by the Debtors at the Auction:

(a)    The Qualified Bidders shall appear in person at the Auction, or through a duly authorized representative.

(b)    Only representatives of the Debtors, making Qualified Bids, and advisors for the Creditors' Committee and the DIP Lenders shall be entitled to be entitled to be present at the Auction.  Any and all other creditors interested in attending the Auction must provide the Debtors with notice of their intent to attend the Auction no later than ten (10) days before the Auction by notifying counsel for the Debtors, Weil, Gotshal & Manges LLP (Attn: Ray C. Schrock, P.C., Jacqueline Marcus, Esq. and Garrett A. Fail, Esq.). The Debtors may object to and request a hearing regarding the attendance of any particular creditor at the Auction.

(c)    Only the Qualified Bidders shall be entitled to make any subsequent bids at the Auction.

(d)    Each Qualified Bidder shall be required to confirm that it has not engaged in any collusion with respect to the bidding or the sale.

(e)    Bidding shall commence at the amount of the Qualified Bid or combination of Qualified Bids that the Debtors determine in their business judgment to be the highest or best Qualified Bid (the "*Initial Highest Bid*").

(f)    Qualified Bidders may then submit successive bids higher than the previous bid, based on and increased from the Initial Highest Bid, in increments to be announced at the Auction.  The Debtors reserve the right, in their discretion and subject to the exercise of their business judgment, to announce reductions or increases in minimum incremental bids at any time during the Auction.

(g)    All Qualified Bidders shall have the right to submit additional bids and make additional modifications to the Asset Purchase Agreement or their respective Modified Asset Purchase Agreement, as applicable, at the Auction to improve such bids.

(h)    The Auction may include individual negotiations with the Qualified Bidders and/or open bidding in the presence of all other Qualified Bidders.

(i)    The Debtors reserve the right to (x) determine, in their reasonable discretion which bid is the highest or otherwise best and (y) reject at any time, without liability, any offer that the Debtors, in their reasonable discretion, deem to be (1) inadequate or insufficient, (2) not in conformity with the requirements of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, or procedures set forth therein or in these Bid Procedures, or (3) contrary to the best interests of the Debtors and their estates.

(j)    The Auction among Qualified Bidders shall continue according to these procedures until the Debtors determine and subject to Court approval, that the Debtors have received Successful Bid(s).  In making this Decision, the Debtors may consider, without limitation, the amount of the purchase

price, the form of consideration being offered, the likelihood of the Qualified Bidders' ability to close a given transaction, the proposed timing thereof, and rights of such Qualified Bidder and the Debtors with respect to the termination thereof, the number, type and nature of any changes reflected in the Modified Asset Purchase Agreement requested by each Qualified Bidder, and the net benefit to the Debtors' estates. The Qualified Bidder(s) submitting such Successful Bid(s) for the Assets shall become the Successful Bidder(s) and shall have such rights and responsibilities of a purchaser, as set forth in the Modified Asset Purchase Agreement or Asset Purchase Agreement, as applicable.

(k)    The Auction shall be transcribed or videotaped.

Bids made after the close of the Auction shall not be considered by the Debtors. All Qualified Bidders at the Auction shall be deemed to have consented to the exclusive jurisdiction of the Court and waived any right to a jury trial in connection with any disputes relating to the Auction.

On or before August 23, 2016, the Debtors shall cause the results of the Auction, including a copy of the Successful Bid(s), the identity of the Successful Bidders, and each Successful Bidder's proposed form of adequate assurance of future performance, to be filed with the Court and published on the website of Prime Clerk, at https://cases.primeclerk.com/aeropostale.

## Back-Up Bidder and Return of Good Faith Deposits

If an Auction is conducted, the Qualified Bidder(s) with the next highest or otherwise best Qualified Bid(s) for the Assets at the Auction (the "**Back-Up Bid**") shall be required to serve as the back-up bidder(s) (the "**Back-Up Bidder**") for such Assets and keep such Back-Up Bid(s) open and irrevocable until the first to occur of (i) thirty (30) days after the completion of the Auction, (ii) consummation of the transaction with the Successful Bidder, or (iii) the Back-Up Bidder's obligations under the Asset Purchase Agreement. Following the Confirmation Hearing, or the Sale Hearing, as applicable, if the Successful Bidder fails to consummate an approved Sale Transaction because of a breach or failure to perform on the part of such Successful Bidder or otherwise, the Back-Up Bidder will be deemed to be the new Successful Bidder, and the Debtors will be authorized, but not required, to consummate the sale with the Back-Up Bidder without further order of the Court.

Except as provided herein, Good Faith Deposits shall be returned without interest to each bidder not selected by the Debtors as the Successful Bidder or the Back-Up Bidder by no later than the tenth (10) business day following the conclusion of the Auction. The Good Faith Deposit of the Back-Up Bidder shall be held by the Debtors until ten (10) business days after the closing of the Sale Transaction with the Successful Bidder or termination of the Back-Up Bid as provided above.

## Reservation of Rights

The Debtors reserve the right, in their reasonable discretion and subject to the exercise of their business judgment, to alter or terminate these Bid Procedures, to waive terms and conditions set forth herein with respect to all potential bidders, extend the deadlines set forth herein, alter the assumptions set forth herein, provide reasonable accommodations to any Potential Bidders with respect to such terms, conditions and deadlines of the Bid Procedures and bid process to promote further bids by such bidders and/or to terminate discussions with any and all prospective acquirers and investors (except for the Successful Bidder(s)) at any time and without specifying the reasons therefor, in each case to the extent not materially inconsistent with these Bid Procedures; provided further that the Debtors' exercise of their discretion in evaluating bids and administering the Bid Procedures and bid process does not permit, and shall not be construed as permitting, the Debtors to materially deviate from the procedures, terms, conditions, and protections set forth in these Bid Procedures.

The Debtors further retain their right, in their sole discretion, subject only to their business judgment, and in compliance with the Milestones, to elect to enter into any alternative restructuring transaction that is inconsistent with a Sale Transaction, including (i) a merger, consolidation, business combination, recapitalization, or refinancing of any of the Debtors (in one or a series of related transaction) on terms other than as set forth in the Asset Purchase Agreement, (ii) the issuance, sale, transfer, exchange, or other disposition by any of the Debtors of any equity interests (other than common stock or equity interests issued in respect of any employee stock or unit options), or all or substantially all of its assets, on terms other than as set forth in the Asset Purchase Agreement, or (iii) a plan of reorganization that does not contemplated a Sale Transaction.

## Sale Hearing

The Successful Bid(s) will be subject to approval by the Court. The Confirmation Hearing, which will also serve as a hearing to approve the Sale Transaction, will take place on **August 23, 2016 at 11:00 a.m. (Eastern Time)** before the Honorable Sean H. Lane, United States Bankruptcy Judge, United States Bankruptcy Court Southern District of New York, One Bowling Green, New York, New York 10004. The Confirmation Hearing may be adjourned from time to time without further notice to creditors or parties in interest other than by announcement of the adjournment in open Court on the date scheduled for the Sale hearing or on the Court's docket.

The Debtors' presentation to the Court for approval of a Successful Bid does not constitute the Debtors' acceptance of the bid. The Debtors will be deemed to have accepted a bid only with the bid has been approved by order of the Court.

## Consent to Jurisdiction and Authority as a Condition to Bidding

All Qualified Bidders shall be deemed to have (1) consented to the core jurisdiction of the Court to enter and order or orders, which shall be binding in all respects, in any way related to the Plan Bid Procedures, the Auction, or the construction and enforcement of any Asset Purchase Agreement, Modified Asset Purchase Agreement, or any other document

relating to the Plan Sale, (2) waived any right to a jury trial in connection with any disputes relating to the Plan Bid Procedures, the Auction, or the construction and enforcement of any Asset Purchase Agreement, Modified Asset Purchase Agreement or any other document relating to the Plan Sale, and (3) consented to the entry of a final order or judgment in any way related to the Plan Bid Procedures, the Auction, or the construction and enforcement of any Asset Purchase Agreement, Modified Asset Purchase Agreement, or any other document relating to the Plan Sale if it is determined that the Court would lack Article III jurisdiction to enter such a final order or judgment absent the consent of the parties.

### Sale is "As Is/Where Is"

Except as otherwise provided in an applicable Asset Purchase Agreement, Modified Asset Purchase Agreement, or Confirmation Order, any and all portions of Assets sold pursuant to the Bid Procedures shall be conveyed at the closing of the Sale Transaction in their then-present condition, "**As is, with all faults, and without any warranty whatsoever, express or implied**."

**Exhibit 8**

**<u>Notice of Assumption and Assignment</u>**

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Ray C. Schrock, P.C.
Jacqueline Marcus
Garrett A. Fail

*Attorneys for Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
--------------------------------------------------------x
                                                        :
**In re**                                               :          **Chapter 11**
                                                        :
**AÉROPOSTALE, INC.,** *et al.*,                        :          **Case No. 16-11275 (SHL)**
                                                        :
        **Debtors.**[1]                                 :          **(Jointly Administered)**
                                                        :
--------------------------------------------------------x

**NOTICE OF ASSUMED CONTRACTS AND UNEXPIRED LEASES**
**WHICH MAY BE ASSUMED AND ASSIGNED IN CONNECTION**
**WITH THE SALE OF CERTAIN OF THE DEBTORS' ASSETS**
**AND THE PROPOSED CURE AMOUNTS WITH RESPECT THERETO**

        **You are receiving this** *Notice of Assumed Contracts and Unexpired Leases*
*Which May Be Assumed and Assigned in Connection With the Sale of Certain of the Debtors'*
*Assets and the Proposed Cure Amounts With Respect Thereto* **(the** *"Notice of Assumption and*
*Assignment"***) because you may be a counterparty to an executory contract or unexpired**
**lease with Aéropostale, Inc. and its affiliates, as debtors and debtors in possession in the**
**above-captioned chapter 11 cases (collectively, the** *"Debtors"***).  Please read this notice**
**carefully as your rights may be affected by the transactions described herein.**

        **PLEASE TAKE NOTICE** that on [July __], 2016, the United States Bankruptcy
Court for the Southern District of New York (the "**Court**") entered an order (the "**Bid**
**Procedures Order**") approving the *Debtors' Motion for Order (i) Approving Disclosure*

---

[1] The Debtors in these chapter 11 cases and the last four digits of each Debtor's federal tax identification number, as
applicable, are as follows:  Aéropostale, Inc. (3880); Aéropostale West, Inc. (7013); Jimmy'Z Surf Co., LLC (0461);
Aero GC Management LLC (4257); Aeropostale Procurement Company, Inc. (8518); Aeropostale Licensing, Inc.
(8124); P.S. from Aeropostale, Inc. (5900); GoJane LLC (4923); Aeropostale Holdings, Inc. (7729); and
Aeropostale Puerto Rico, Inc. (6477).  The Debtors' corporate headquarters is located at 112 West 34th Street, 22nd
Floor, New York, NY 10120.

*Statement; (ii) Approving Notice of Disclosure Statement Hearing; (iii) Shortening Notice For Disclosure Statement Hearing; (iv) Establishing a Record Date; (v) Establishing Notice and Objection Procedures For Confirmation of the Plan; (vi) Approving Solicitation Packages and Procedures for Distribution Thereof; (vii) Approving the Form of Ballot and Establishing Procedures for Voting on the Plan; (viii) Approving the Form of Notice to Non-Voting Classes Under the Plan; (ix) Approving Sale and Bidding Procedures for Sale of Substantially all of Debtors' Assets Pursuant to Plan; (x) Approving Procedures for Assumption and Assignment of Certain Executory Contracts and Unexpired Leases; (xi) Approving Related Notices; and (xii) Granting Related Relief* [ECF No. __] (the "***Motion***").  The Motion and Bid Procedures Order set forth certain procedures (the "***Bid Procedures***") in connection with the sale of substantially all of the Debtors' assets (the "***Sale Transaction***").

        **PLEASE TAKE FURTHER NOTICE** that pursuant to the Bid Procedures Order, the Debtors have established procedures for the assumption, assignment and sale of certain executory contracts and unexpired leases (collectively, the "***Contracts***") to a potential purchaser and the determination of related Cure Costs (as defined herein).  The Debtors are parties to numerous Contracts and, in accordance with the Bid Procedures Order, hereby file this notice identifying (i) the Contracts, which may be assumed and assigned to a Successful Bidder in connection with the Sale Transaction (such Contracts, the "***Assumed Contracts***") and (ii) the proposed amounts, if any, the Debtors believe are owed to the counterparty to the Contract to cure any defaults or arrears existing under the  Contract (the "***Cure Costs***"), both as set forth on **Exhibit 1** attached hereto.

        **PLEASE TAKE FURTHER NOTICE** that the hearing to approve the sale of the Assets (the "***Confirmation Hearing***") will take place before the Honorable Sean H. Lane, United States Bankruptcy Judge, One Bowling Green, New York, NY 10004 on **August 23, 2016 at [  ] a.m. (prevailing Eastern Time**).

        **PLEASE TAKE FURTHER NOTICE** that the listing of an Assumed Contract on **Exhibit 1** does not constitute an admission that the agreement is an executory contract or unexpired lease as contemplated by section 365(a) of the Bankruptcy Code or that the Debtors have any liability thereunder, and the Debtors expressly reserve all of their rights, claims, causes of action and defenses with respect to the Assumed Contracts listed on **Exhibit 1**.

        **PLEASE TAKE FURTHER NOTICE** that any objections to the assumption, assignment, and sale of any Assumed Contract identified in this notice (except with respect to the adequate assurance of future performance by any successful bidder(s)), including to the Cure Costs set forth in **Exhibit 1** must be (i) in writing, (ii) filed with the Bankruptcy Court and (iii) served on the Objection Recipients by **August 23, 2016 at 9:00 a.m. (prevailing Eastern Time)** (the "***Assignment and Assumption Objection Deadline***").  Any such objections must set forth the proposed assumption, assignment, and sale of the Assumed Contracts (and must state, with specificity, the legal and factual basis thereof) and, if applicable, the proposed Cure Costs (and must state, with specificity, what Cure Costs are required with appropriate documentation in support thereof).  Other than the Cure Costs listed on **Exhibit 1**, the Debtors are not aware of any amounts due and owing under the Assumed Contracts listed therein.

2

PLEASE TAKE FURTHER NOTICE that if a counterparty to an Assumed Contract files a timely objection asserting a higher cure amount than the maximum Cure Costs set forth in the Notice of Assumption and Assignment, and the parties are unable to consensually resolve the dispute prior to the commencement of the Confirmation Hearing, the amount to be paid or reserved with respect to such objection shall be determined at the Confirmation Hearing. All other objections to the proposed assumption and assignment of the Debtors' right, title and interest in, to and under the Assumed Contracts shall be heard at the Confirmation Hearing.

**PLEASE TAKE FURTHER NOTICE that each non-Debtor party to any Assumed Contract that does not timely file an objection by the Assumption and Assignment Objection Deadline shall be forever barred from asserting any objection with regard to the assumption, assignment, sale and/or Cure Costs set forth in Exhibit 1, except with respect to the adequate assurance of future performance by the Successful Bidder(s). Any objections to any Successful Bidder's proposed form of adequate assurance of future performance must be raised at the Confirmation Hearing and shall be resolved at the Confirmation Hearing.  The Cure Costs set forth in the Notice of Assumption and Assignment shall be controlling, notwithstanding anything to the contrary in any Assumed Contract or any other document, and the counterparty to the Assumed Contract shall be deemed to have consented to the Cure Costs and shall be forever barred from asserting any other claims related to such Assumed Contract against the Debtors or the Successful Bidder(s), or the property of any of them to the extent such counterparty does not file a timely objection to the Cure Costs as set forth above.**

PLEASE TAKE FURTHER NOTICE that before the commencement of the Confirmation Hearing the Debtors will post each Successful Bidder's proposed form of adequate assurance of future performance on the website of the Debtors' court approved claims agent, Prime Clerk LLC, at https://cases.primeclerk.com/aeropostale.

3

        **PLEASE TAKE FURTHER NOTICE** that this Notice of Assumption and Assignment is subject to the fuller terms and conditions of the Motion and the Bid Procedures Order, with such Bid Procedures Order controlling in the event of any conflict, and the Debtors encourage parties-in-interest to review such documents in their entirety.

        The inclusion of an Assumed Contract on **Exhibit 1** does not mean that such Assumed Contract will be assumed or assigned in connection with the Sale Transaction or that the Debtors or any Successful Bidder will make any cure payment in connection with such Assumed Contract.

Dated: _____, 2016
       New York, New York

                       _____

                       WEIL, GOTSHAL & MANGES LLP
                       Ray C. Schrock, P.C.
                       Jacqueline Marcus
                       Garrett Fail
                       767 Fifth Avenue
                       New York, New York  10153
                       Telephone:  (212) 310-8000
                       Facsimile:  (212) 310-8007

                       *Attorneys for Debtors and Debtors in Possession*