IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

_____ x
                                       .    **Chapter 11**
                                       .
In re:                                 .    **Case No. 16-11275-shl**
                                       .
AEROPOSTALE, INC., *et al*.,           .    **(Jointly Administered)**
                                       .
                 Debtors.              .    Hearing Date: July 25, 2016 at 2:00 p.m.
                                       .
_____ x

**JOINDER OF COVINGTON GATEWAY ACQUISITION, LLC; COVINGTON GATEWAY ACQUISITION 1, LLC; COVINGTON GATEWAY ACQUISITION 2, LLC; COVINGTON GATEWAY ACQUISITION 3, LLC; COVINGTON GATEWAY ACQUISITION 4, LLC; COVINGTON GATEWAY ACQUISITION 5, LLC; COVINGTON GATEWAY ACQUISITION 6, LLC; COVINGTON GATEWAY ACQUISITION 7, LLC; COVINGTON GATEWAY ACQUISITION 8, LLC; COVINGTON GATEWAY ACQUISITION 9, LLC; COVINGTON GATEWAY ACQUISITION 10, LLC; COVINGTON GATEWAY ACQUISITION 11, LLC; COVINGTON GATEWAY ACQUISITION 12, LLC; COVINGTON GATEWAY ACQUISITION 13, LLC; COVINGTON GATEWAY ACQUISITION 14, LLC; COVINGTON GATEWAY ACQUISITION 15, LLC; COVINGTON GATEWAY ACQUISITION 16, LLC; COVINGTON GATEWAY ACQUISITION 17, LLC; COVINGTON GATEWAY ACQUISITION 18, LLC; COVINGTON GATEWAY ACQUISITION 19, LLC; COVINGTON GATEWAY ACQUISITION 20, LLC; COVINGTON GATEWAY ACQUISITION 21, LLC; COVINGTON GATEWAY ACQUISITION 22, LLC; COVINGTON GATEWAY ACQUISITION 23, LLC; COVINGTON GATEWAY ACQUISITION 24, LLC; AND COVINGTON GATEWAY ACQUISITION 25, LLC AS TENANTS IN COMMON, AND URBANCAL OAKLAND MALL, LLC, IN VARIOUS LANDLORDS' LIMITED OBJECTIONS TO DEBTOR'S MOTION FOR AN ORDER (I) APPROVING DISCLOSURE STATEMENT; (II) APPROVING NOTICE OF DISCLOSURE STATEMENT HEARING; (III) SHORTENING NOTICE FOR DISCLOSURE STATEMENT OBJECTION DEADLINE; (IV) ESTABLISHING A RECORD DATE; (V) ESTABLISHING NOTICE AND OBJECTION PROCEDURES FOR CONFIRMATION OF THE PLAN; (VI) APPROVING SOLICITATION PACKAGES AND PROCEDURES FOR DISTRIBUTION THEREOF; (VII) APPROVING THE FORM OF BALLOT AND ESTABLISHING PROCEDURES FOR VOTING ON THE PLAN; (VIII) APPROVING THE FORM OF NOTICE TO NON-VOTING CLASSES UNDER THE PLAN; (IX) APPROVING SALE AND BIDDING PROCEDURES FOR SALE OF SUBSTANTIALLY ALL OF DEBTORS' ASSETS PURSUANT TO THE PLAN; (X) APPROVING PROCEDURES FOR ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES; (XI) <u>APPROVING RELATED NOTICES; AND (XII) GRANTING RELATED RELIEF</u>**

Covington Gateway Acquisition, LLC; Covington Gateway Acquisition 1, LLC; Covington Gateway Acquisition 2, LLC; Covington Gateway Acquisition 3, LLC; Covington Gateway Acquisition 4, LLC; Covington Gateway Acquisition 5, LLC; Covington Gateway Acquisition 6, LLC; Covington Gateway Acquisition 7, LLC; Covington Gateway Acquisition 8, LLC; Covington Gateway Acquisition 9, LLC; Covington Gateway Acquisition 10, LLC; Covington Gateway Acquisition 11, LLC; Covington Gateway Acquisition 12, LLC; Covington Gateway Acquisition 13, LLC; Covington Gateway Acquisition 14, LLC; Covington Gateway Acquisition 15, LLC; Covington Gateway Acquisition 16, LLC; Covington Gateway Acquisition 17, LLC; Covington Gateway Acquisition 18, LLC; Covington Gateway Acquisition 19, LLC; Covington Gateway Acquisition 20, LLC; Covington Gateway Acquisition 21, LLC; Covington Gateway Acquisition 22, LLC; Covington Gateway Acquisition 23, LLC; Covington Gateway Acquisition 24, LLC; and Covington Gateway Acquisition 25, LLC as tenants in common, and UrbanCal Oakland Mall, LLC, (the "Objecting Landlords"), by and through counsel, Clark Hill PLC, submit this joinder (this "Joinder") to the objections of other landlords, including but not limited to, (i) Westfield, LLC and affiliates, (D.I. 465), (ii) LIT-Northend, LLC (D.I. 457), and (iii) WP Glimcher Inc. (D.I 459); (iii) The Macerich Company, Starwood Retail Partners, et al. (D.I. 466); (iv) Simon Property Group (D.I. 475); and (v) Inland Commercial Real Estate Services, LLC, Gran Plaza, LP and Bloomfield Holdings, LLC (D.I. 471) (collectively, the "Landlord Objections"), to the Debtor's Motion For An Order (I) Approving Disclosure Statement; (II) Approving Notice Of Disclosure Statement Hearing; (III) Shortening Notice For Disclosure Statement Objection Deadline; (IV) Establishing A Record Date; (V) Establishing Notice And Objection Procedures For Confirmation Of The Plan; (VI) Approving Solicitation Packages And Procedures For Distribution Thereof; (VII) Approving The Form Of Ballot And

2

Establishing Procedures For Voting On The Plan; (VIII) Approving The Form Of Notice To Non-Voting Classes Under The Plan; (IX) Approving Sale And Bidding Procedures For Sale Of Substantially All Of Debtors' Assets Pursuant To the Plan; (X) Approving Procedures For Assumption And Assignment Of Certain Executory Contracts And Unexpired Leases; (XI) Approving Related Notices; and (XII) Granting Related Relief (The "Motion"); and respectfully states as follows:

1. The Objecting Landlords are the owners of, or the managing agents for the owners of, certain real property in which the Debtors lease retail space (the "Leased Premises") from the Landlords pursuant to certain written leases (collectively, the "Leases").

2. The Debtors continue to use and occupy the Leased Premises.

3. The Objecting Landlords' premises are located in a shopping center, as that term is used in 11 U.S.C. §365(b)(3). *See In re Joshua Slocum, Ltd.*, 922 F.2d 1081, 1086-87 (3d Cir. 1990). Accordingly, the Landlords are entitled to the protections that Bankruptcy Code §365(b)(3) grants to landlords of shopping centers.

4. On May 4, 2016 (the "Petition Date"), the above-captioned debtors (the "Debtors") filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (this "Court").

5. Upon information and belief, the Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

6. On July 16, 2016, the Debtors filed the Motion seeking expedited approval of the Disclosure Statement and an expedited sale and confirmation process. The Objecting Landlords

do not contest the establishment of bidding procedures or procedures for the potential assumption and assignment of leases. They do object to the procedures as currently proposed.

7. The Objecting Landlords hereby join in the objections located at docket numbers 457, 459, 465, 466, 471 and 475 (collectively, the "Landlord Objections"), and adopt and incorporate by reference all of the legal and factual arguments set forth in the Landlord Objections and any consistent requests that have been or may be filed by other landlords.

8. The Objecting Landlords reserve any and all rights to supplement and/or amend this Objection and expressly reserve the right to raise additional objections with respect to the matters addressed herein.

WHEREFORE, The Objecting Landlords respectfully request that the Court grant relief consistent with the foregoing objections, that the Court modify an final order on assumption and assignment procedures to address the concerns raised in the Landlord Objections and grant such other and further relief as may be just and proper under the circumstances.

Dated: July 22, 2016

          Respectfully submitted,

          CLARK HILL, PLC

          /s/ David M. Blau
          David M. Blau (P52542) (Admitted Pro Hac Vice)
          151 S. Old Woodward Ave., Ste. 200
          Birmingham, MI 48009
          Tel. 248.988-1817
          Fax. 248.988-2336
          dblau@clarkhill.com

          Attorneys for Covington Gateway Acquisition, LLC; Covington Gateway Acquisition 1, LLC; Covington Gateway Acquisition 2, LLC; Covington Gateway Acquisition 3, LLC; Covington Gateway Acquisition 4, LLC; Covington Gateway Acquisition 5, LLC; Covington

    Gateway Acquisition 6, LLC; Covington Gateway Acquisition 7, LLC; Covington Gateway Acquisition 8, LLC; Covington Gateway Acquisition 9, LLC; Covington Gateway Acquisition 10, LLC; Covington Gateway Acquisition 11, LLC; Covington Gateway Acquisition 12, LLC; Covington Gateway Acquisition 13, LLC; Covington Gateway Acquisition 14, LLC; Covington Gateway Acquisition 15, LLC; Covington Gateway Acquisition 16, LLC; Covington Gateway Acquisition 17, LLC; Covington Gateway Acquisition 18, LLC; Covington Gateway Acquisition 19, LLC; Covington Gateway Acquisition 20, LLC; Covington Gateway Acquisition 21, LLC; Covington Gateway Acquisition 22, LLC; Covington Gateway Acquisition 23, LLC; Covington Gateway Acquisition 24, LLC; and Covington Gateway Acquisition 25, LLC as tenants in common, and UrbanCal Oakland Mall, LLC

## **CERTIFICATE OF SERVICE**

I, David Blau, hereby certify that on July 22, 2016, I caused a true and correct copy of the above instrument to be sent via the Court's ECF system to all parties registered on same.

                                                /s/ David Blau
                                                David Blau

204811769.1 49718/197885