Presentment Date and Time: October 3, 2016 at 10:00 a.m. (Eastern Time)
Objection Deadline: September 30, 2016 at 4:00 p.m. (Eastern Time)
Hearing Date and Time (Only if Objection Filed): October 6, 2016 at 2:00 p.m. (Eastern Time)

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Ray C. Schrock, P.C.
Jacqueline Marcus
Garrett A. Fail

*Attorneys for Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
--------------------------------------------------------x
                                    :
In re                               :          Chapter 11
                                    :
AÉROPOSTALE, INC., *et al.*,        :          Case No. 16-11275 (SHL)
                                    :
            Debtors.[1]             :          Jointly Administered
                                    :
--------------------------------------------------------x

**NOTICE OF PRESENTMENT OF DEBTORS' APPLICATION FOR ENTRY OF AN
ORDER PURSUANT TO 11 U.S.C. §§ 105(a) AND 363(b) (I) AUTHORIZING THE
RETENTION AND EMPLOYMENT OF DEVELOPMENT SPECIALISTS, INC. AND
(II) DESIGNATING WILLIAM A. BRANDT, JR. AS CHIEF RESTRUCTURING
OFFICER TO THE DEBTORS *NUNC PRO TUNC* TO SEPTEMBER 19, 2016**

        **PLEASE TAKE NOTICE** that on **October 3, 2016** at **10:00 a.m. (Eastern**

**Time)**, the undersigned will present the annexed application (the "***Application***") to the

Honorable Sean H. Lane, in the United States Bankruptcy Court for the Southern District of New

York, located at One Bowling Green, New York, New York, 10004 (the "***Bankruptcy Court***").

---

[1] The Debtors in these chapter 11 cases and the last four digits of each Debtor's federal tax identification number, as applicable, are as follows: Aéropostale, Inc. (3880); Aéropostale West, Inc. (7013); Jimmy'Z Surf Co., LLC (0461); Aero GC Management LLC (4257); Aeropostale Procurement Company, Inc. (8518); Aeropostale Licensing, Inc. (8124); P.S. from Aeropostale, Inc. (5900); GoJane LLC (4923); Aeropostale Holdings, Inc. (7729); and Aeropostale Puerto Rico, Inc. (6477). The Debtors' corporate headquarters is located at 112 West 34th Street, 22nd Floor, New York, NY 10120.

PLEASE TAKE FURTHER NOTICE that any responses or objections ("*Objections*") to the Application shall be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules for the Southern District of New York, shall be filed with the Bankruptcy Court (i) by attorneys practicing in the Bankruptcy Court, including attorneys admitted *pro hac vice*, electronically in accordance with General Order M-399 (which can be found at www.nysb.uscourts.gov), and (ii) by all other parties in interest, on a CD-ROM, in text-searchable portable document format (PDF) (with a hard copy delivered directly to Chambers), in accordance with the customary practices of the Bankruptcy Court and General Order M-399, to the extent applicable, and shall be served in accordance with General Order M-399 and the *Order Pursuant to 11 U.S.C. § 105(a) and (d) and Fed. R. Bankr. P. 1015(c), 2002(m) and 9007 Implementing Certain Notice and Case Management Procedures*, entered on June 3, 2016 [ECF No. 255], so as to be so filed and received no later than **September 30, 2016** at **4:00 p.m. (Eastern Time)** (the "*Objection Deadline*").

PLEASE TAKE FURTHER NOTICE that if a written Objection is timely filed and served, a hearing (the "*Hearing*") will be held to consider the Application on **October 6, 2016** at **2:00 p.m. (Eastern Time)** before the Honorable Sean H. Lane in the Bankruptcy Court.

PLEASE TAKE FURTHER NOTICE that if an Objection to the Application is not received by the Objection Deadline, the Bankruptcy Court may enter an order granting the relief sought without further notice.

**PLEASE TAKE FURTHER NOTICE** that objecting parties are required to attend the Hearing, and failure to appear may result in relief being granted upon default.

Dated: September 26, 2016
New York, New York

/s/ Jacqueline Marcus
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone:  (212) 310-8000
Facsimile:  (212) 310-8007
Ray C. Schrock, P.C.
Jacqueline Marcus
Garrett A. Fail

*Attorneys for Debtors*
*and Debtors in Possession*

Presentment Date and Time: October 3, 2016 at 10:00 a.m. (Eastern Time)
Objection Deadline: September 30, 2016 at 4:00 p.m. (Eastern Time)
Hearing Date and Time (Only if Objection Filed): October 6, 2016 at 2:00 p.m. (Eastern Time)

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Ray C. Schrock, P.C.
Jacqueline Marcus
Garrett A. Fail

*Attorneys for Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------x
                                            :
**In re**                                   :        **Chapter 11**
                                            :
**AÉROPOSTALE, INC.,** *et al.*,            :        **Case No. 16-11275 (SHL)**
                                            :
             **Debtors.**[1]                :        **Jointly Administered**
                                            :
-------------------------------------------------------x

**DEBTORS' APPLICATION FOR ENTRY OF AN ORDER PURSURANT**
**TO 11 U.S.C. §§ 105(a) AND 363(b) (I) AUTHORIZING THE RETENTION**
**AND EMPLOYMENT OF DEVELOPMENT SPECIALISTS, INC. AND (II)**
**DESIGNATING WILLIAM A. BRANDT, JR. AS CHIEF RESTRUCTURING**
**OFFICER TO THE DEBTORS** *NUNC PRO TUNC* **TO SEPTEMBER 19, 2016**

TO THE HONORABLE SEAN H. LANE
UNITED STATES BANKRUPTCY JUDGE:

             Aéropostale, Inc. and certain of its subsidiaries, as debtors and debtors in

possession in the above-captioned chapter 11 cases (collectively, the "***Debtors***"), respectfully

represent as follows:

---

[1] The Debtors in these chapter 11 cases and the last four digits of each Debtor's federal tax identification number, as applicable, are as follows:  Aéropostale, Inc. (3880); Aéropostale West, Inc. (7013); Jimmy'Z Surf Co., LLC (0461); Aero GC Management LLC (4257); Aeropostale Procurement Company, Inc. (8518); Aeropostale Licensing, Inc. (8124); P.S. from Aeropostale, Inc. (5900); GoJane LLC (4923); Aeropostale Holdings, Inc. (7729); and Aeropostale Puerto Rico, Inc. (6477).  The Debtors' corporate headquarters is located at 112 West 34th Street, 22nd Floor, New York, NY 10120.

## Relief Requested

1.      The Debtors submit this application (the "**Application**") pursuant to sections 105(a) and 363(b) of title 11 of the United States Code (the "**Bankruptcy Code**") for an order (i) authorizing the Debtors to employ and retain Development Specialists, Inc. ("**DSI**") to provide management and restructuring services to the Debtors and to provide a Chief Restructuring Officer and (ii) designating William A. Brandt, Jr. as Chief Restructuring Officer ("**CRO**") to the Debtors *nunc pro tunc* to September 19, 2016.  In support of this Application, the Debtors submit the Declaration of William A. Brandt, Jr. (the "**Brandt Declaration**"), a copy of which is attached hereto as **Exhibit A**.

2.      A proposed form of order granting the relief requested herein is annexed hereto as **Exhibit B** (the "**Proposed Order**").

## Background

3.      On May 4, 2016 (the "**Commencement Date**"), each of the Debtors commenced with this Court a voluntary case under chapter 11 of the Bankruptcy Code.  The Debtors are authorized to continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No trustee or examiner has been appointed in these chapter 11 cases.

4.      The Debtors' chapter 11 cases are being jointly administered for procedural purposes only pursuant to Bankruptcy Rule 1015(b) of the Federal Rules of Bankruptcy Procedure.

5.      On May 11, 2016, the United States Trustee for Region 2 (the "**U.S. Trustee**") appointed the statutory committee of unsecured creditors pursuant to section 1102 of the Bankruptcy Code (the "**Creditors' Committee**").

2

6.      Additional information regarding the Debtors' business, capital structure, and the circumstances leading to the commencement of these chapter 11 cases is set forth in the *Declaration of David J. Dick Pursuant to Rule 1007-2 of the Local Bankruptcy Rules for the Southern District of New York*, sworn to and filed on the Commencement Date [ECF No. 4].

## Jurisdiction

7.      This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157(a)-(b) and 1334(b) and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.).  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## DSI's Qualifications

8.      As set forth in the Brandt Declaration, DSI has a wealth of experience in providing bankruptcy crisis management, consulting, and special financial advisory services. DSI enjoys an excellent reputation for services it has rendered in large and complex chapter 11 cases throughout the United States, on behalf of debtors, creditors, bondholders, investors, and other entities.

9.      DSI is a financial consulting and management firm with offices throughout the United States, as well as an office in London. DSI provides consulting, liquidating, and management services to bankrupt, insolvent, and reorganizing businesses.  DSI operates, manages, and consults "troubled businesses" on behalf of lending institutions, other secured parties, bondholders, shareholder committees, court-approved fiduciaries, and business owners. The firm is experienced in all aspects of insolvency and bankruptcy consulting, and regularly serves as consultants to debtors or trustees in both chapter 7 and chapter 11 proceedings.  DSI also frequently lends members of its staff to serve in the role of chapter 7 trustee, chapter 11 trustee, or examiner in a number of matters pending in bankruptcy courts in a

3

variety of districts and jurisdictions throughout the United States.  In the past thirty-five years, members of DSI have accepted appointments as chapter 7 and chapter 11 bankruptcy trustees and examiners and other fiduciary responsibilities in over 8,000 cases throughout the United States, Puerto Rico, the Virgin Islands, Canada, and Europe.

10.     DSI's professionals have provided strategic advice to debtors in numerous chapter 11 cases of similar size and complexity as these chapter 11 cases.  DSI's senior members have decades of combined experience in financial consulting and turnaround management.

11.     Mr. Brandt and his firm have been involved with some of the more celebrated financial restructuring cases in the nation's history, including Mercury Finance Company, Southeast Banking Corporation, Malden Mills, the Keck, Mahin & Cate law firm, the Coudert Brothers law firm, the Ohio "Coin Fund" scandal, and the Bernie Ebbers Settlement Trust.

## Scope of Services

12.     On September 19, 2016, the Debtors and DSI entered into that certain Engagement Letter (the "***Engagement Letter***"), a copy of which is attached as **Exhibit 1** to the Brandt Declaration.  Pursuant to the Engagement Letter and subject to approval of this Court, the Debtors appointed Mr. Brandt to serve as CRO of the Debtors.  Additional DSI staff will be made available to serve under the CRO during these chapter 11 cases pursuant to the terms of the Engagement Letter.  As CRO, Mr. Brandt will report directly to the Board of Directors (the "***Board***") of Aéropostale, Inc., the ultimate parent of the Debtors.

13.     As set forth above, Mr. Brandt and DSI have extensive experience in providing restructuring advisory and management services in reorganization proceedings and have an excellent reputation for the services they have rendered in chapter 11 cases on behalf of debtors and creditors throughout the United States.  The compensation arrangement reflected in

4

the attached Engagement Letter is consistent with, and typical of, arrangements entered into by DSI and other restructuring and consulting firms with respect to rendering similar services for clients such as the Debtors.

14.      Mr. Brandt and DSI are well-qualified and able to continue to provide restructuring management and advisory services to the Debtors in a cost-effective, efficient, and timely manner.  The appointment of Mr. Brandt as CRO has been discussed by the Board and will be submitted to the Board for approval.  Mr. Brandt has agreed to subject himself to the jurisdiction and supervision of the Court.

15.      The Debtors require the services of Mr. Brandt and DSI for the following purposes, among others:[2]

(a)    Assist the Debtors with the transition under the Court-approved agreements between the Debtors and the members of the consortium that purchased substantially all of the Debtors' business assets, including management of the debtors' rights under and compliance with the applicable purchase agreement, agency agreement and transition services agreement(s).

(b)    Implement the post-closing, pre-confirmation wind-down of the estates, including reconciliation and resolution of claims and collection of estate assets excluded from the Court-approved purchase.

(c)    Monitor and otherwise interface with the agent in connection with the store closing sales being conducted by Hilco Merchant Services and Gordon Bros.

(d)    Oversee the budget process in connection with the Debtors' use of cash collateral and payment of estate liabilities.

(e)    Assist in the further development and implementation of an amended liquidating chapter 11 plan.

---

[2]The summary of the Engagement Letter (and the indemnification provisions contained therein) contained in this Application are provided for explanatory purposes only.  In the event of any inconsistency between the summary and the terms and provisions of the Engagement Letter, the Engagement Letter shall control unless otherwise set forth herein.

5

(f)     Assist with such other matters as may be requested by the Board, the Debtors or the Debtors' outside counsel that fall within DSI's expertise and that are mutually agreeable.

16.     The CRO will report directly to the Board and shall attend meetings of the Board, as requested from time to time.  Further, the CRO will provide the Board with regular updates regarding the Debtors' restructuring process.  The additional personnel provided by DSI pursuant to the Engagement Letter shall be supervised by and report to the CRO.

17.     As part of their continuing efforts to resolve these chapter 11 cases on a consensual basis, the Debtors have agreed to retain a Chief Restructuring Officer acceptable to the various financial institutions and other persons party to that certain Loan and Security Agreement, dated May 23, 2014 (the "***Prepetition Term Loan Lenders***").  The Prepetition Term Loan Lenders have requested the appointment of the CRO, have approved the terms of the Engagement Letter, and support entry of the Proposed Order.

18.     DSI will coordinate with the Debtors' other retained professionals to avoid the unnecessary duplication of services.

### Disinterestedness

19.     To the best of the Debtors' knowledge, information and belief, neither DSI nor any professional employee of DSI, has any connection with, holds or represents any interest adverse to the Debtors, their significant creditors, or any other party in interest, or its respective attorneys and accountants, except as may be set forth in the Brandt Declaration.  Although the Debtors submit that DSI's retention is not governed by section 327 of the Bankruptcy Code, the Debtors attach the Brandt Declaration to disclose, among other things, any relationship that either the CRO or other professional employees of DSI have with the Debtors, their creditors, or other parties in interest.  Based upon the Brandt Declaration, the Debtors submit that each of Mr.

6

Brandt and DSI is a "disinterested person," as such term is defined in section 101(14) of the Bankruptcy Code.

20.     In addition, DSI will conduct an ongoing review of its files to ensure that no conflicts or other disqualifying circumstances exist or arise.  If any new material facts or relationships are discovered or arise, DSI will file a supplemental certification with the Court.

21.     Based upon the foregoing, the Debtors submit that the relief requested herein is essential, appropriate, and in the best interests of the Debtors' estates and creditors, and therefore, should be granted.

## **Professional Compensation**

22.     Pursuant to the terms of the Engagement Letter, the Debtors have agreed to compensate DSI at a fixed rate of $100,000 per month, payable in advance, for the services of the CRO.  The Debtors and DSI further agree that the Debtors will compensate DSI for the hourly services of its additional personnel staffed to this matter.  As of the date hereof, the Debtors agree to compensate DSI for the services of additional personnel at the following hourly rates:

| Name | Hourly Rate[3] |
|---|---|
| Fred C. Caruso | $660.00 |
| Patrick J. O'Malley | $595.00 |
| Joseph J. Luzinski | $590.00 |
| Senior Managing Directors | $575.00 - $590.00 |
| Directors/Managing Directors | $320.00 - $460.00 |
| Associates/Senior Associates | $190.00 - $290.00 |

---

[3] The rates are adjusted as of January 1st of each year to reflect advancing experience, capabilities, and seniority of DSI's professionals as well as general economic factors.

WEIL:\95874915\7\11727.0013

23.    DSI may from time to time add or delete staff and will file a staffing report to reflect any such changes.

24.    In addition to compensation for professional services rendered by personnel, DSI also will be entitled to reimbursement for its reasonable costs and expenses. Such costs and expenses may include, among others, charges for messenger services, photocopying, travel expenses (coach air travel), long distance telephone charges, postage, and other charges customarily invoiced by similar firms.

## **Indemnification**

25.    The Engagement Letter also contains standard indemnification language with respect to DSI's services, including an agreement by the Debtors to indemnify DSI against all losses, claims, damages, liabilities, costs, and expenses including the costs, fees, expenses, and disbursements, as and when incurred, of investigating, preparing, or defending any action, suit, proceeding, or investigation arising out of or in connection with the engagement of DSI that is the subject of the Engagement Letter.

26.    The Debtors and DSI believe that the indemnification provisions contained in the Engagement Letter are customary and reasonable for firms providing special financial or restructuring advisory services.   Indeed, the indemnification provisions contain certain qualifications and limitations that are customary in this district and others.  *See, e.g., In re ConnectEdu, Inc.,* Case No. 14-11238 (SCC) (Bankr. S.D.N.Y. June 16, 2014) (order retaining chief restructuring officer and supporting firm); *In re InSight Health Servs. Holdings Corp.*, Case No. 10-16564 (AJG) (Bankr. S.D.N.Y. Jan. 4, 2011) (order retaining bankruptcy consultants and special financial advisors); *In re Charter Commc'ns, Inc.,* Case No. 09-11435 (JMP) (Bankr. S.D.N.Y. Apr. 15, 2009) (order retaining restructuring advisors); *In re Paper Int'l, Inc.,* Case No.

8

08-13917 (AJG) (Bankr. S.D.N.Y. Oct. 31, 2008) (order retaining crisis managers); *In re Granite Broad. Corp.,* Case No. 06-12984 (ALG) (Bankr. S.D.N.Y. Feb. 13, 2007) (order retaining financial advisors); *In re Dana Corp.*, Case No. 06-10354 (BRL) (Bankr. S.D.N.Y. Mar. 29, 2006) (order retaining financial advisors); *In re Calpine Corp.,* Case No. 05-60200 (CGM) (Bankr. S.D.N.Y. Mar. 27, 2006) (order retaining financial advisors); *In re Parmalat USA Corp.*, Case No. 04-11139 (RDD) (Bankr. S.D.N.Y. June 25, 2004) (order retaining crisis managers).

27.    The provisions contained in the Engagement Letter, viewed in conjunction with the other terms of DSI's proposed retention, are reasonable and in the best interests of the Debtors, their estates and creditors in light of the fact that the Debtors require DSI's services to successfully reorganize.  Accordingly, as part of the Application, the Debtors request that this Court approve the indemnification provisions as set forth in the Engagement Letter.

<u>**Fees and Reporting**</u>

28.    If the Court approves the relief requested herein, DSI will file with the Court (and serve copies on the U.S. Trustee and the Creditors' Committee contemporaneously with such filing) a monthly staffing report, but will not apply to the Court for approval of amounts paid to DSI by the Debtors. Such report will include the names and functions filled of the individuals assigned to provide services to the Debtors. DSI will be paid monthly by the Debtors for its services and expenses on the terms set forth in its Engagement Letter. The Debtors will not seek authority to engage DSI or any of its affiliates as a professional under section 327 of the Bankruptcy Code in these chapter 11 cases.

29.    Because DSI is not being employed as a professional under section 327 of the Bankruptcy Code, it will not submit fee applications pursuant to sections 330 and 331 of the Bankruptcy Code.  DSI will, however, file with the Court and provide notice to the U.S. Trustee

and the Creditors' Committee, reports of compensation earned and expenses incurred on at least

a quarterly basis. Such reports shall summarize the services provided, identify the compensation

earned by each executive officer and staff employee provided, and itemize the expenses incurred.

Such compensation and expenses will be subject to Court review in the event an objection is

filed.

### Basis for Relief Requested

30.    Under applicable case law in this and other jurisdictions, if a debtor's

proposed use of its assets pursuant to section 363(b) of the Bankruptcy Code represents a

reasonable business judgment on the part of the debtor, such use should be approved. *See, e.g.*

*Myers v. Martin (In re Martin)*, 91 F.3d 389 (3d Cir. 1996) (internal citation omitted); *Comm. Of*

*Equity Sec. Holders v. Lionel Corp. (In re Lionel Corp.)*, 722 F.2d 1063, 1070 (2d Cir. 1983); *In*

*re Delaware & Hudson Ry. Co.*, 124 B.R 169, 175-76 (D. Del. 1991) (stating that courts have

applied the "sound business purpose" test to evaluate motions brought pursuant to section

363(b)).

31.    Bankruptcy courts have analyzed the propriety of a debtor-in-possession's

employment of a corporate officer under section 363 of the Bankruptcy Code on numerous

occasions and have determined that it is an appropriate exercise of business judgment to employ

a corporate officer in such manner. *See, e.g., In re ConnectEdu, Inc.,* Case No. 14-11238 (SCC)

(Bankr. S.D.N.Y. June 16, 2014)*; In re Laboratory Partners, Inc.,* Case No. 13-12769 (PJW)

(Bankr. D. Del. Nov. 26, 2013) (authorizing retention of DSI pursuant to section 363)*; In re*

*Binder & Binder – The National Social Security Disability Advocates (NY), LLC,* Case No. 14-

23728 (RDD) (Bankr. S.D.N.Y. January 30, 2015) [ECF No. 100]; *In re Delta Petroleum, Corp.,*

Case No. 11-14006 (KJC) (Bankr. D. Del. Jan. 11, 2012); *In re Calpine Corp.*, Case No. 05-

60200 (BRL) (Bankr. S.D.N.Y. Jan. 17, 2007) [ECF No. 3412]; *In re Mirant Corp.*, Case No.

10

03-46590 (DML) (Bankr. N.D. Tex. Sept. 29, 2003) [ECF No. 999]; *In re Fleming Cos., Inc.*, Case No. 03-10945 (MFW) (Bankr. D. Del. June 25, 2003) [ECF No. 1698]; *In re LJM2 Co-Inv., L.P.*, Case No. 02-38335 (SAF) (Bankr. N.D. Tex. Dec. 13, 2002) [ECF No. 96]; *In re Kmart Corp.*, No. 02-02474 (SPS) (Bankr. N.D. Ill. May 22, 2002) [ECF No. 3459]; *In re Exide Techs, Inc.*, Case No. 02-11125 (JCA) (Bankr. D. Del. May 10, 2002) [ECF No. 214]; *In re Sharper Image Corp.*, No. 08-10322 (KG) (Bankr. D. Del. Apr. 23, 2008); *In re Universal Building Prods., Inc.*, No. 10-12453 (MFW) (Bankr. D. Del. Aug. 4, 2010).

32.    Here, the decision to employ DSI and retain Mr. Brandt as CRO should be authorized because it is based on the sound exercise of the business judgment of the Debtors' senior management and, ultimately, the Board.  Mr. Brandt is well qualified to serve as CRO and has extensive experience either in senior management roles or as a restructuring advisor.  The Debtors believe that DSI, in conjunction with Mr. Brandt in his capacity as CRO, will be able to provide services that benefit the Debtors' estates and creditors.

33.    In view of the foregoing, the Debtors believe that the retention of DSI and Mr. Brandt as CRO is a sound exercise of the Debtors' business judgment and is in the best interests of all parties in interest in these chapter 11 cases. As such, the Debtors respectfully request that the Court authorize the retention and employment of DSI and the CRO *nunc pro tunc* to September 19, 2016.

## Notice

34.    Notice of this Application has been provided to all parties in interest in accordance with the procedures set forth in the *Order Pursuant to 11 U.S.C. § 105(a) and (d) and Fed. R. Bankr. P. 1015(c), 2002(m), and 9007 Implementing Certain Notice and Case Management Procedures*, entered on June 3, 2016 [ECF No. 255].  The Debtors submit that, in

11

view of the facts and circumstances, such notice is sufficient and no other or further notice need be provided.

35.    No previous request for the relief sought herein has been made by the Debtors to this or any other Court.

WHEREFORE the Debtors respectfully request entry of the Proposed Order and such other and further relief as the Court may deem just and appropriate.

Dated: September 26, 2016
      New York, New York

                    /s/ Jacqueline Marcus
                    WEIL, GOTSHAL & MANGES LLP
                    767 Fifth Avenue
                    New York, New York  10153
                    Telephone:  (212) 310-8000
                    Facsimile:  (212) 310-8007
                    Ray C. Schrock, P.C.
                    Jacqueline Marcus
                    Garrett A. Fail

                    *Attorneys for Debtors*
                    *and Debtors in Possession*

**<u>Exhibit A</u>**

**Brandt Declaration**

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Ray C. Schrock, P.C.
Jacqueline Marcus
Garrett A. Fail

*Attorneys for Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
-------------------------------------------------------x
                                                       :
In re                                                  :        Chapter 11
                                                       :
AÉROPOSTALE, INC., et al.,                             :        Case No. 16-11275 (SHL)
                                                       :
           Debtors.[1]                                 :        Jointly Administered
                                                       :
-------------------------------------------------------x
```

**DECLARATION OF WILLIAM A. BRANDT, JR. IN SUPPORT OF THE**
**DEBTORS' APPLICATION FOR ENTRY OF AN ORDER PURSUANT TO 11 U.S.C. §§**
**105(a) AND 363(b) (I) AUTHORIZING THE RETENTION AND EMPLOYMENT OF**
**DEVELOPMENT SPECIALISTS, INC. AND (II) DESIGNATING WILLIAM A.**
**BRANDT, JR. AS CHIEF RESTRUCTURING OFFICER TO**
**THE DEBTORS *NUNC PRO TUNC* TO SEPTEMBER 19, 2016**

Pursuant to 28 U.S.C. § 1746, I, William A. Brandt, Jr., hereby declare as follows:

1.      I am the President and CEO of Development Specialists, Inc. ("***DSI***"), a restructuring and financial advisory firm that specializes in interim management, turnaround consulting, operational due diligence, creditor advisory services, and financial and operational restructuring. DSI maintains offices at 110 E. 42nd Street, Suite 1818, New York, New York 10017. I submit this declaration (the "***Brandt Declaration***") in support of the application (the

---

[1] The Debtors in these chapter 11 cases and the last four digits of each Debtor's federal tax identification number, as applicable, are as follows: Aéropostale, Inc. (3880); Aéropostale West, Inc. (7013); Jimmy'Z Surf Co., LLC (0461); Aero GC Management LLC (4257); Aeropostale Procurement Company, Inc. (8518); Aeropostale Licensing, Inc. (8124); P.S. from Aeropostale, Inc. (5900); GoJane LLC (4923); Aeropostale Holdings, Inc. (7729); and Aeropostale Puerto Rico, Inc. (6477). The Debtors' corporate headquarters is located at 112 West 34th Street, 22nd Floor, New York, NY 10120.

"**Application**"), [2] of Aéropostale, Inc. and certain of its subsidiaries, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), for an order (i) authorizing the Debtors to employ and retain DSI to provide management and restructuring services to the Debtors and (ii) designating William A. Brandt, Jr. as Chief Restructuring Officer ("**CRO**") of the Debtors *nunc pro tunc* to September 19, 2016.  Except as otherwise noted, I have personal knowledge of the matters set forth herein and, if called as a witness, I would testify competently thereto.[3]

2.      DSI possesses the requisite experience to provide the Debtors with the necessary services in these chapter 11 cases.  I have more than thirty-five years of experience in the practice of turnarounds and restructurings.

3.      DSI and the Debtors executed a restructuring engagement letter on September 19, 2016.  Pursuant to that engagement letter, the scope of DSI's engagement included providing the Debtors with restructuring and other advisory services (the "**Engagement Letter**").  A copy of the Engagement Letter is attached hereto as **Exhibit 1**.

4.      Pursuant to the Engagement Letter and for purposes of these chapter 11 cases, DSI and the Debtors have agreed that I will serve as CRO.  Working collaboratively with the Debtors' senior management team and Board, as well as the Debtors' other professionals, I, as CRO, along with other professional personnel from DSI staffed on these cases, will assist the Debtors with the following:

(a)      Assist the Debtors with the transition under the Court-approved agreements between the Debtors and the members of the consortium that purchased substantially all of the Debtors' business assets, including management of the debtors' rights under and compliance with the applicable purchase agreement, agency agreement and transition services agreement(s).

---

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Application.
[3] Certain of the disclosures herein relate to matters within the knowledge of other professionals at DSI and are based on information provided by them.

WEIL:\95874915\7\11727.0013

(b)     Implement the post-closing, pre-confirmation wind-down of the estates, including reconciliation and resolution of claims and collection of estate assets excluded from the Court-approved purchase.

(c)     Monitor and otherwise interface with the agent in connection with the store closing sales being conducted by Hilco Merchant Services and Gordon Bros.

(d)     Oversee the budget process in connection with the Debtors' use of cash collateral and payment of estate liabilities.

(e)     Assist in the further development and implementation of an amended liquidating chapter 11 plan.

(f)     Assist with such other matters as may be requested by the Board, the Debtors or the Debtors' outside counsel that fall within DSI's expertise and that are mutually agreeable.

5.      To the best of my knowledge, information and belief, insofar as I have been able to ascertain after reasonable inquiry by myself or other DSI employees, other than in connection with this engagement, neither I, nor DSI, nor any of its managing directors, employees, agents or affiliates, has any connection with the Debtors, their significant creditors, the U.S. Trustee, or any other party with an actual or potential interest in these chapter 11 cases, or its respective attorneys or accountants, except as set forth below.

6.      DSI is not employed by, and has not been employed by, any entity other than the Debtors in matters related to these chapter 11 cases, except as described herein.

7.      Together with my support staff at DSI, I am well-qualified and able to continue to provide CRO-type services to the Debtors in a cost-effective, efficient, and timely manner. I agreed to assume the position of CRO and to subject myself to the jurisdiction and supervision of the Court.

8.      From time to time, DSI has provided services, and likely will continue to provide services, to certain creditors of the Debtors and various other parties adverse to the Debtors in matters wholly unrelated to these chapter 11 cases.  As described below, however, DSI has undertaken a detailed search to determine, and to disclose, whether it is providing or has

3

provided, services to any significant creditor, investor, insider or other party in interest in such unrelated matters.

9.     DSI provides services in connection with numerous cases, proceedings, and transactions unrelated to these chapter 11 cases.  Those unrelated matters involve numerous attorneys, financial advisors, and creditors, some of whom may be claimants or parties with actual or potential interests in these chapter 11 cases, or may represent such parties.

10.     DSI's personnel may have business associations with certain creditors of the Debtors unrelated to these chapter 11 cases.  In addition, in the ordinary course of its business, DSI may engage counsel or other professionals in unrelated matters who now represent, or who may in the future represent, creditors or other parties in interest in these chapter 11 cases.

11.     In connection with the preparation of this Declaration, DSI conducted a review of its (and its affiliates') contacts with the Debtors and certain entities holding large claims against or interest in the Debtors that were made reasonably known to DSI.  A listing of the parties reviewed is reflected in **Exhibit 2** attached to this Declaration.  DSI's review, completed under my supervision, consisted of a query of the **Exhibit 2** parties containing names of individuals and entities that are represented by DSI.

12.     Based on the results of its review, DSI (including its affiliates) does not have a relationship with any of the parties listed on **Exhibit 2** in matters related to these chapter 11 cases.  Further based on the results of its review, DSI (including its affiliates and employees) previously had a relationship with PNC Bank and Fifth Third Bank in matters unrelated to these proceedings.  To the best of my knowledge, no services have been provided to these parties that involve their rights in the Debtors' cases, nor does DSI's involvement in these chapter 11 cases compromise its ability to continue such services.

4

13.     As part of its diverse practice, DSI appears in numerous cases, proceedings, and transactions that involve many different professionals, including attorneys, accountants, and financial consultants, who may represent claimants and parties-in-interest in these chapter 11 cases.  Further, DSI (including its affiliates) has performed, in the past, and may perform in the future, consulting services for various attorneys and law firms, and has been represented by several attorneys and law firms, some of whom may be involved in these proceedings.  Based on DSI's current knowledge of the professionals involved, and to the best of my knowledge, none of these relationships creates interests materially adverse to the Debtors, and none is in connection with these chapter 11 cases.

14.     On a going forward basis, DSI shall disclose any and all facts that may have a bearing on whether the firm, its affiliates, and/or any individuals working on the engagement hold or represent any interest adverse to the Debtors, their creditors, or other parties-in-interest.

15.     DSI (including its affiliates) and I do not believe either of us is a "creditor" of any of the Debtors within the meaning of section 101(1) of the Bankruptcy Code. Further, neither I, DSI (including its affiliates and employees) nor any member of the DSI engagement team serving the Debtors, to the best of my knowledge, is a holder of any of the Debtors' outstanding debt, equity or preferred stock.

16.     Each of myself and DSI is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code in that DSI (including its affiliates and employees):

(a)     Is not a creditor (including by reason of unpaid fees and expenses for prepetition services), equity security holder or insider of the Debtors;

(b)     Is not and was not, within two (2) years before the date of the filing of these chapter 11 cases, a director, officer, or employee of the Debtors (except as noted above); and

5

(c)    Does not have an interest materially adverse to the interest of the estates or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtors or for any other reason.

17.    Despite the efforts described above to identify and disclose DSI's connections with parties-in-interest in these chapter 11 cases, DSI is unable to state with certainty that every client relationship or other connection has been disclosed. In this regard, if DSI discovers additional information that requires disclosure, DSI will file a supplemental disclosure with the Court.

18.    DSI has agreed to submit monthly invoices to the Debtors, and the Debtors have requested authority to pay, in the ordinary course of business, all reasonable amounts invoiced by DSI for fees and expenses. The range of DSI's customary hourly rates, as charged to matters of this type, by the professionals assigned to this engagement, are referenced in the Application.

19.    DSI reserves the right to supplement this Declaration in the event that DSI discovers any facts bearing on matters described in this Declaration regarding DSI's employment with the Debtors.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Dated: September 26, 2016

Respectfully submitted,


/s/ William A. Brandt, Jr.
William A. Brandt, Jr.

6

## Exhibit 1

**Engagement Letter**

**DSI**  **Development Specialists, Inc.**

Advisory and Fiduciary Services • Corporate Restructuring and Workouts • Interim Management • Insolvency Services

September 19, 2016


David Dick
Chief Financial Officer
Aeropostale, Inc. (Debtor-in Possession)
112 W 34th Street
Floor 22
New York, NY 10120-2400

      Re:    Development Specialists, Inc. ("DSI")
               Engagement Agreement

Dear Mr. Dick:

Please accept this letter as our firm's ("DSI's") formal written agreement to provide consulting services to Aeropostale, Inc. and its affiliated Debtors in Possession ("You" the "Company"), (the "Agreement"). The Agreement will become effective upon execution by duly authorized representatives of the respective parties and bankruptcy court approval.

Section 1 – Scope of Work

DSI's role will be to provide the following services to the Company:

1. William A. Brandt, Jr. will serve as Chief Restructuring Officer of the Company with other DSI personnel to assist Mr. Brandt in carrying out those duties and responsibilities.

2. Assist the Company with the transition under the Court-approved agreements between the Company and the members of the consortium, pursuant to which substantially all of the Debtors' business assets were sold, including management of the Debtors' rights under and compliance with the applicable purchase agreement, agency agreement and transition service agreement(s);

3. Implement the post-closing, pre-confirmation wind-down of the estates, including reconciliation and resolution of claims and collection of estate assets excluded from the Court approved purchase;

4. Monitor and otherwise interface with the agent in connection with the store closing sales being conducted by Hilco Merchant Services and Gordon Bros;

5. Oversee the budget process in connection with the Debtors' use of cash collateral and payment of estate liabilities

Mr. David Dick
September 19, 2016
Page 2

6.  Assist in the further development and implementation of an amended liquidating Chapter 11 Plan.

7.  Assist with such other matters as may be requested by the Company or the Company's outside counsel that fall within DSI's expertise and that are mutually agreeable.

DSI will coordinate efforts with FTI Consulting, the Debtors' current financial advisors, to both (i) utilize the institutional knowledge FTI personnel have gained prior to and during the Chapter 11 cases; and (ii) avoid duplication of efforts between DSI personnel and FTI personnel.

Our ability to adequately perform the Services is dependent upon the Company timely providing reliable, accurate and complete necessary information. You acknowledge that we are not responsible for independently verifying the truth, completeness or accuracy of any information supplied to us by or on behalf of you.

DSI will report to the Board of Directors and submit its evaluation and analyses pursuant to this engagement in periodic oral and written reports. Such reports are intended to and shall constitute privileged and confidential information, and shall constitute your property. DSI acknowledges that any advice or material received from counsel to the Company or DSI and any advice and materials delivered or prepared at the request of counsel constitutes attorney work product or privileged attorney-client communications.

Section 2 – Rates and Invoicing

William A. Brandt, Jr. will serve as Chief Restructuring Officer ("CRO") of the Company. A number of DSI's personnel have experience in the above matters and may be engaged in this representation to assist Mr. Brandt in carrying out his responsibilities and functions as CRO. Although others of our staff may also be involved, we have listed below certain of the senior DSI personnel (along with their corresponding billing rates) who would likely constitute the core group for this matter.

| | |
|---|---|
| William A. Brandt, Jr. | $100,000/month |
| Fred C Caruso | $660.00/hour |
| Patrick J. O'Malley | $595.00/hour |
| Joseph J. Luzinski | $590.00/hour |

Billing rates by category for other staff that may be utilized:

| | |
|---|---|
| Senior Managing Directors | $575.00 to $590.00/hour |
| Directors/Managing Directors | $320.00 to $460.00/hour |
| Associates/Senior Associates | $190.00 to $290.00/hour |



**DSI** Development Specialists, Inc.

Mr. David Dick
September 19, 2016
Page 3

These rates are adjusted as of January 1st of each year to reflect advancing experience, capabilities, and seniority of our professionals as well as general economic factors.

DSI also will be entitled to reimbursement for its reasonable costs and expenses. Such costs and expenses may include, among others, charges for messenger services, overnight deliveries, photocopying, travel expenses, long distance telephone charges, postage and other charges customarily invoiced by consulting firms. Airfare for domestic flights will be charged at economy/coach fares; international flights will be charged at the business class fare.

The Company will promptly seek Bankruptcy Court approval of the retention of William A. Brandt, Jr. and DSI under sections 105(a) and 363(b) of the Bankruptcy Code, not under section 327 of the Bankruptcy Code.  Such retention will provide that William A. Brandt, Jr. and DSI will be paid monthly in accordance with the terms of the Bankruptcy Court Order which will require the submission of periodic Compensation and Staffing Reports but will not require DSI to submit fee applications pursuant to sections 330 and 331 of the Bankruptcy Code.

The monthly fee for William A. Brandt, Jr. to serve as Chief Restructuring Officer will be prorated for the initial invoice period to the extent it is for less than a full month.

Although we do not predict or warrant the outcome of any particular matters or issue, and our fees are not dependent upon such outcomes, we will perform our services with reasonable care and in a diligent and competent manner.

Section 3 – Termination

Either the Company or DSI may terminate this agreement for any reason with five business days' written notice; provided however, the Company shall be obligated to pay and/or reimburse DSI all fees and expenses accrued under this Agreement as of the effective date of the termination.

Section 4 – Relationship of the Parties, Confidentiality

DSI will provide consulting services to and for the Company, with select members of DSI, as noted above, assigned to specific roles for the benefit of the Company. These members will remain as DSI employees during the pendency of this case. Specifically, the parties intend that an independent contractor relationship will be created by this Agreement. Employees of DSI are not to be considered employees of the Company and are not entitled to any of the benefits that the Company provides for the Company's employees, unless written modification is made to this engagement agreement.  DSI acknowledges and agrees that the Company may continue to retain FTI Consulting, Inc. from and after the date hereof at the sole discretion of the Board of Directors.



Mr. David Dick
September 19, 2016
Page 4

The Company acknowledges that all advice (written or oral) given by DSI to the Company in connection with DSI's engagement is intended solely for the benefit and use of the Company (limited to its management and Board of Directors) in considering the transaction or subject matter to which it relates, and that no third party is entitled to rely on any such advice or communication. DSI will in no way be deemed to be providing services for any person not an express party to this letter agreement.

DSI agrees that all information not publicly available that is received by DSI from the Company in connection with this engagement or that is developed during this engagement, will be treated as confidential and will not be disclosed by DSI, except as required by Court order, or other legal process, or as may be authorized by the Company. DSI shall not be required to defend against any action to obtain an order requiring disclosure of such information, but shall instead give prompt notice of any such action to the Company, so that You may seek appropriate remedies, including a protective order. The Company shall reimburse DSI for all costs and fees (including reasonable attorney's fees and internal time devoted by DSI employees) incurred by DSI, whether during the pendency of this engagement or thereafter, relating to responding to (whether by objecting to or complying with) any subpoenas or requests for production of information or documents.

Section 5 – Indemnity, Limitation of Liability

To the fullest extent permitted under applicable law, the Company, shall indemnify, hold harmless and defend DSI, and each and every one of the personnel employed by DSI who works on this particular project, as well as DSI officers, directors, employees and agents (the "DSI Parties") from and against any and all claims, liability, loss, cost, damage or expense (including reasonable attorney's fees) asserted against it or any of its individual personnel, or incurred by DSI or its personnel, including addressing or responding to a subpoena or court order, arising out of or in connection with this Agreement, or performance under this Agreement, except where it is determined in a final judgment by a court of competent jurisdiction (not subject to further appeal) that such liability claim, loss, costs, damage or expense is the direct result of the willful misconduct, dishonesty, fraudulent act or omission, or gross negligence of any DSI personnel. Such indemnity shall survive the expiration or termination by either party of this engagement.

The DSI Parties shall not be liable to the Company, or any party asserting claims on behalf of the Company, except for direct damages found in a final determination (not subject to further appeal) by a court of competent jurisdiction to be the direct result of the bad faith, self-dealing or intentional misconduct of DSI. The DSI Parties aggregate liability, whether in tort, contract, or otherwise, is limited to the amount of fees paid to DSI for services on this engagement (the "Liability Cap"). The Liability Cap is the total limit of the DSI Parties aggregate liability for any and all claims or demands by anyone pursuant to this Agreement, including liability to the Company, to any other parties hereto, and to any others making claims relating to the work performed by DSI pursuant to this engagement letter.



Mr. David Dick
September 19, 2016
Page 5

William A. Brandt, Jr. as Chief Restructuring Officer, shall be entitled to all indemnification and applicable insurance coverage available to any Officers of the Company and the Company shall take all reasonable steps to promptly implement the intent of this provision.

Notwithstanding anything in this Section 5 to the contrary, during the pendency of the Company's chapter 11 cases:

> (i) all requests by any DSI Party for the payment of indemnification, contribution or otherwise as set forth in this Engagement Letter shall be made by means of an application to the Court and shall be subject to review by the Court to ensure that payment of such indemnity conforms to the terms of this Engagement Letter and is reasonable under the circumstances of the litigation or settlement in respect of which indemnity is sought; *provided that* that in no event shall any DSI Party be indemnified in the case of its own gross negligence or willful misconduct; and

> (ii) in the event a DSI Party seeks reimbursement from the Company for attorneys' fees and expenses in connection with the payment of an indemnity claim pursuant to this Engagement Letter, the invoices and supporting time records from such attorneys shall be included in such DSI Party's own applications, both interim and final, and such invoices and time records shall be subject to the United States Trustee's Fee Guidelines and the approval of the Court pursuant to sections 330 and 331 of the Bankruptcy Code without regard to whether such attorneys have been retained under section 327 of the Bankruptcy Code and without regard to whether such attorneys' services satisfy section 330(a)(3)(C) of the Bankruptcy Code.

Section 6 – Conflicts

By executing this Agreement , the Company specifically waives any objection, or standing to object, to the retention, in matters unrelated to the Company, of DSI by banks or other institutional lenders or debt holders, who are or whose affiliates are lenders to the Company, or bank groups which include banks who are or whose affiliates are lenders to the Company.

Section 7 – No Audit

The Company acknowledges that it is hiring DSI to assist and advise the Company in business planning and operations. DSI's engagement shall not constitute an audit, review or compilation, or any other type of financial statement reporting engagement that is subject to the rules of AICPA or other such state and national professional bodies. It is beyond the scope of our services to identify deficiencies in record keeping practices or procedures, errors or irregularities in financial statements or the Company's books and records.



**DSI** Development Specialists, Inc.

Mr. David Dick
September 19, 2016
Page 6

Section 8 – Non-Solicitation

The Company agrees not to solicit, recruit or hire any employees or agents of DSI for a period of two years subsequent to the completion and/or termination of this Agreement.

Section 9 —Retention of Information provided by the Company to DSI

Regarding all documents and other materials provided by the Company to DSI, including all copies thereof, (the "Company Documents"), upon termination or expiration of the Agreement, DSI shall, at its election, either 1) return such documents to the Company 2) destroy such documents upon three days written notice to the Company or 3) treat such documents and other materials in accordance with DSI's then existing document retention policy.  Should DSI elect either alternatives 1 or 2 above, DSI may retain copies of those Company Documents that it deems necessary to address potential post-termination issues, subject to complying with any confidentiality provisions in effect at the time of termination of the Agreement.

Section 10 – Survival

The provisions of this agreement relating to indemnification, limitation of liability, the non-solicitation or hiring of DSI employees, and all other provisions necessary to the enforcement of the intent of this agreement will survive the termination or expiration of this Agreement.

Section 11 – Governing Law

This Agreement shall be governed by and construed in accordance with the laws of the State of New York.

Section 12 – Entire Agreement, Amendment

This Agreement letter contains the entire understanding of the parties relating to the subject matter of this engagement letter and supersedes and is intended to nullify any other agreements, understandings or representations relating to the subject of this engagement letter. This engagement letter may not be amended or modified except in a writing signed by the parties.
If you are in agreement with the terms and conditions of this engagement letter, I would ask that you indicate your acceptance of the above terms of our engagement by signing an original copy of this engagement letter on the signature lines below.

Very truly yours,

_____



Mr. David Dick
September 20, 2016
Page 7

Very truly yours,

William A. Brandt, Jr.

**AGREED AND ACKNOWLEDGED:**
Aeropostale, Inc. (Debtor-in-Possession)

By: _____

Date: _____9/20/16_____

**DSI** Development Specialists, Inc.

**<u>Exhibit 2</u>**

**Parties-in-Interest List**

# AÉROPOSTALE MASTER CONFLICTS LIST

## Debtors

Aéropostale, Inc.
Aéropostale West, Inc.
Jimmy'Z Surf Co., LLC
Aero GC Management LLC
Aeropostale Procurement Company, Inc.
Aeropostale Licensing, Inc.
P.S. from Aeropostale, Inc.
GoJane LLC
Aeropostale Holdings, Inc.
Aeropostale Puerto Rico, Inc.

## Debtors' Trade Names and Aliases (up to 8 years) (a/k/a/, f/k/a/, d/b/a/)

Aéropostale
Aeropostale Canada, Inc.
GoJane
Go Jane Acquisition Corp.
Jimmy'Z
P.S. from Aéropostale

## Affiliates of Debtors

Aeropostale Canada Corp.

## Buyer

Authentic Brands Group
General Growth Properties
Simon Property Group
Hilco Merchant Resources, LLC
Gordon Brothers Retail Partners, LLC

## Current Officers and Directors

### *Officers*
Julian R. Geiger
Marc D. Miller
Amy Choyne
David J. Dick
Mark A. Dorwart
Barbara Fevelo-Hoad
Susan A. Martin

Kenneth Ohashi
Marc G. Schuback
Julie Sedlock
Robin Sepe

***Directors***
Karin Hirtler-Garvey
Ronald R. Beegle
Michael J. Cunningham
Evelyn Dilsaver
Julian R. Geiger
Kenneth Gilman
Janet E. Grove
John Haugh
John D. Howard
David B. Vermylen

## Affiliations of Directors and Officers

Assumption Foundation Board
Blue Shield of California
California Physicians Service, Inc.
California State University East Bay Foundation
Excelsior Funds Trust
Goode Partners LLC
HealthEquity, Inc.
Highmark Capital Management, Inc.
Intermix
Internet Brands, Inc.
Kate Spade & Company
Limited Brands Store Operations, Inc.
Luxury Optical Holdings
Medley Capital Corporation
NACD Northern California Chapter
Nationwide Mutual Funds
Protiviti Inc.
Prudential Insurance Company of America (The)
Rachel Ashwell/Shabby Chic
Tempur Sealy International Inc.
The Commonwealth Club
UST Advisers, Inc.
Vanguard Montgomery Funds - Vanguard Market Neutral Fund
Western World Insurance Group
Women's Initiative
Zale Corporation

WEIL:\95662529\22\11727.0012

**Former Officers and Directors (2 years)**

Arthur Rubinfeld
Barbara Pindar
Emilia Fabricant
Kent A. Kleeberger
Mary Jo Pile
Robert B. Chavez
Stefan Kaluzny

**Persons with Beneficial Equity Ownership of >5%**

Susquehanna Securities

**Professional Service Providers to the Debtors**

***Chapter 11 Professionals***
Berkeley Research Group, LLC
Deloitte Tax LLP
FTI Consulting, Inc.
Great American Group, LLC
Hilco IP Services, LLC d/b/a Hilco Streambank
Miller Buckfire & Co., LLC
Prime Clerk LLC
RCS Real Estate Advisors
Stifel, Nicolaus & Company, Incorporated
Tiger Capital Group, LLC
Togut, Segal & Segal LLP
Weil, Gotshal & Manges LLP

***Ordinary Course Professionals***
Abu-Ghazaleh Intellectual Property (AGIP)
BDO USA, LLP
Bletry & Associes
Bourgeois Rezac Mignon
Calfee, Halter & Griswold LLP
Collora LLP
Compensation and Benefits Advisory Services, LLC
Deloitte & Touche
DLA Piper LLP
Ernst & Young
Fish & Richardson P.C.
Hand Arendall LLC
Holland & Hart LLP
Jackson Lewis P.C.
Jimenez Molino y Moreno

Katten Muchin Rosenman LLP
Kipness & Associates
McConnell Valdes LLC
Mercer
Minden Gross LLP
Mirandah Asia
MLM Consulting
Norton Rose Fulbright US LLP
Osler, Hoskin & Harcourt LLP
PricewaterhouseCoopers
Sandler Travis & Rosenberg
Seyfarth Shaw LLP
SG Risk, LLC
Sills Cummis & Gross P.C.
Vosemberg –Vretos Law Office
White and Williams LLP
Willis Towers Watson
Zacarias & Fernandez
Zurcher Lawyers

## Known Professional Service Providers to the Non-Debtor Parties-in-Interest

Areya Holder Aurzada
Aria Partners, G.P.
Atlas Capital Group, LLC
Ballard Spahr LLP
Belkin Burden Wenig & Goldman, LLP
Bennet Jones LLP
Blank Rome LLP
Brown Rudnick LLP
Buchalter Nemer, A Professional Corporation
Clark Hill PLC
Connolly Gallagher LLP
Covington Gateway Acquisition, LLC
CRA Revenue Agency
Danzig, Scherer, Hyland & Perretti, LLP and Patras Williams, LLC
Davis Wright Tremaine LLP
Dentons US LLP
Department of Justice
Dickinson Wright PLLC
DLA Piper LLP (US)
Duane Morris LLP
Farrell Fritz, P.C
Fasken Martineau DuMoulin LLP
Fox Rothschild LLP
Frost Brown Todd LLC
Greer, Herz & Adams, LLP

4

Goodkin & Lynch LLP
Goulston & Storrs PC
Holland & Knight LLP
Horack Talley Pharr & Lowndes, P.A.
Kay D. Brock, Assistant Travis County Attorney
Kelley Drye & Warren LLP
Kessler & Collins, P.C.
Kirkland & Ellis LLP
Kramer Levin Naftalis & Frankel LLP
Kurtzman Steady, LLC
LeClairRyan, a Professional Corporation
Linebarger Goggan Blair & Sampson, LLP
Liner LLP
Locke Lord LLP
Malfitano Partners
McLean & Kerr LLP
McCreary, Veselka, Bragg & Allen, PC
Meyers, Rodbell & Rosenbaum, P.A.
Menter, Rudin & Trivelpiece, P.C.
Mirick, O'Connell, DeMallie & Lougee, LLP
Missouri Department of Revenue
Moritt Hock & Hamroff LLP
Nold Muchinsky PLLC
Office of the Tax Collector
Oklahoma County Treasurer
Pachulski Stang Ziehl & Jones LLP
Patras Williams, LLC
Patterson Belknap Webb & Tyler LLP
Paul Hastings LLP
Perdue, Brandon, Fielder, Collins & Mott, L.L.P
Pick & Zabicki LLP
Price Meese Shulman & D'Arminio, P.C.
Proskauer Rose LLP
Province, Inc.
Ramco-Gershenson Properties, L.P.
Riddell Williams P.S.
Riemer & Braunstein LLP
Riker, Danzig, Scherer, Hyland & Perretti LLP
Robinson Brog Leinwand Greene Genovese & Gluck PC
Ruskin Moscou Faltischek, P.C.
Schiff Hardin LLP
Spector & Johnson, PLLC
State of New York Attorney General
Strikeman Elliott LLP
Texas Attorney General
The Cafaro Company

Thompson & Knight LLP
TN Attorney General's Office, Bankruptcy Division
Togut, Segal & Segal LLP
Torys LLP
Trevett Cristo Salzer & Andolina P.C.
Ulmer & Berne LLP
Wachtell, Lipton, Rosen & Katz

## DIP Agent

Crystal Financial LLC

## ABL Credit Agreement Parties and Known Lenders

Bank of America, N.A.
Merrill Lynch, Pierce, Fenner & Smith Incorporated
Wells Fargo Bank, National Association

## Term Loan Agreement Parties and Known Lenders

Aero Investors, LLC
Sycamore Partners
TSAM Holdings, Limited

## Unsecured Creditors Committee

LF Sourcing (Millwork) LLC
Hansae Co. Ltd.
R.R. Donnelley & Sons Co.
AT&T
GGP Limited Partnership
Simon Property Group, Inc.
WP Glimcher, Inc.

## Counterparties to Licensing Agreements

Apparel FZCO
Arvind Lifestyle Brands Limited
Arvind Limited
Central Sport International, Inc.
Distribuidora Liverpool, S.A. De C.V.
Genc Mağaza A.Ş.
Genc Mağazalari A.Ş.
Montreal PTE Ltd.
PT Mitra Adiperkasa TBK
Q&A Retail Company
Shuz 4 U International Ltd.

6

Sociedad Comercial Grupo YES SPA
Stores Specialists, Inc.
Top Trends, S.A.

**Significant Vendors**

A Classic Time Watch Co.
Allure Jewelry & Accessories
American Distribution Inc.
American Express
Ampac Plastics Inc.
Alameda Produce Market, LLC
Apparel Manufacturing Dv Jeanjer
Apparel MFG DV Jeanjer LLC
Aptos Inc.
AT&T
Ballet Group Inc.
Bernardo MFG
Berry Jewelry
Bethany Mota Global LLC
BI Worldwide
Boom LLC
Ceridian Employer Service
Champion Energy Services LLC
C-Life Group Ltd.
Collective Digital Studio LP
Contract Logistics Inc.
CPG Partners, LP
Digital Color Concepts
eBay Enterprise Inc.
Elite Investigations Ltd.
ESRT 112 West 34th Street LP
Excel Odessa LLC
Facility Source Inc.
Fantaseyes
Fiesta Jewelry
Final Frontier Corporation
First Data Corp
Flexfit LLC
Flexprint Inc.
Forward Air Solutions Inc.
Genesis Industries
GGP Ala Moana LLC
Gilbert Companies
Grady Travis Tadlock, III
GSCM LLC
GTL International LLC

Hansae Co. Ltd.
Hennegan
Hypnotic  Hats
IBM Corporation
iHeartMedia
Imagine Print Solutions Inc.
Integrity Retail Distribution
JG Elizabeth II LLC
Jordache
KIE & KIE World CO, Inc.
Kimera International Inc.
Koex LLC
KRG Enterprises, Inc.
LF Sourcing Millwork LLC
Liberty Mutual Group
Lit - Northend, LLC
Louise Paris, Ltd.
MGF Sourcing US LLC a/k/a TSAM (Delaware) LLC
Mias Fashion Mfg. Co. Inc.
Mias Fashion Mfg Inc
Microsoft Licensing GP
Microsoft Online, Inc.
MOAC Mall Holdings LLC
MUST USA / MGF
National Logistics Service
O'Donnell Corporation
Oracle America, Inc.
Pac Operating Ltd Partner
Playnetwork Inc.
Process Displays Co.
Production Services Associates
Queens Center SPE LLC
Radial, Inc. (f/k/a ebay Enterprise, Inc. and GSI Commerce Solutions, Inc.)
Retailer Flooring Solutions, Inc.
RNOT LLC
Sae-A Trading Co., Ltd.
Schwarz Supply Source
Security Resources, Inc.
Shorr Packaging Corp.
SLG Chubb 125 LLC
Special Dispatch of California, Inc.
St. Paul Travelers
Tec Leaseholds Limited
Titanium Marketing
Toshiba Global Commerce
Tote Fashion Int'l Ltd

8

Tote Fashion Int'l Co., Ltd
Tyco Integrated Security LLC
UPS
VNO 100 West 33rd Street LLC
WIS International
#4836, Retail Prop. Trust
1515 Broadway Owner LLC
1515 Broadway Retail LLC

**Top 40 Unsecured Creditors (Consolidated)**

LF Sourcing Millwork LLC
Hansae CO LTD
LF Sourcing (MWK) – SAT (Legal Name: LI & Fung SAE-A)
Mia's Fashion MFG CO INC
Tote Fashion Int'l LTD
LF Sourcing (MWK) – GES (Legal Name: LI & Fung – GES)
Apparel MFG DV Jeanjer LLC
Bethany Mota
MGF Sourcing US LLC (Legal Name: TSAM Holdings Limited)
Taubman
BBASE IDG LTD
General Growth (Legal Name: General Growth Properties)
KOEX LLC
American Express
Flexfit LLC
Aptos Inc. (Legal Name: Aptos Inc. FKA Epicor RSG (US), Inc.)
Vornado (Legal Name: Vornado Realty Trust)
Westfield
GTL International LLC
Rouse Properties, Inc.
CBL & Associates Management Inc.
Triple Five (Legal Name: Triple Five Group of Companies)
Titanium Marketing
IBM Corporation
Allure Eyeware
Forest City Enterprises (Legal Name: Forest City Realty Trust)
Codigo
Ceridian Employer Service
Cafaro Company
Toshiba Global Commerce
Ebay Enterprise Inc. (Legal Name: GSI Commerce Solutions Inc.)
Horizon Properties Group
Price Waterhouse Coopers, LLC
Lenovo US Inc.
Simon Property Group
LF Sourcing (MWK) – GDT (Legal Name: Li & Fung – Guangdong)

9

Auditions Fashion Inc. (Legal Name: Sang Jin Park)
American Hanger
Jireh Clothing
Mertz Productions LLC

## Material Lienholders

### *Asserted Lienholders*

AT&T Capital Services, Inc.
Bank of America, N.A.
Criminal Court of the City of New York
De Lage Laden Financial Services, Inc.
General Electric Capital Corporation
IBM Credit LLC
NFS Leasing, Inc.
People's United Bank
Pom-College Station, LLC
U.S. Bank Equipment Finance
U.S. Bank Equipment Finance, a division of U.S. National Association
Aero Investors, LLC
Fleet Retail Finance Inc. f/k/a Bank Boston Retail Finance Inc.
Fleet Retail Group, LLC, successor-in-interest to Fleet Retail Group, Inc., f/k/a Fleet
Retail Finance Inc., as Agent

### *Shippers and Warehousers (Potential Lienholders)*

Accela Worldwide Logistics Inc.
Advanced Distribution Services
American Fast Freight
Ann Arbor Distribution, Inc.
Caribex Worldwide
Crowley Puerto Rico Services
Demar Logistics
DHX Dependable Hawaiian Express
DMS Express Inc.
Eagle Express Inc.
eBay Enterprise Inc.
Exel Freight Connect Inc.
Fitzmark Inc.
Forward Air Solutions Inc.
Freight Systems Inc.
Freight Systems Inc. SLC
Gilbert Companies
Gilbert Express
Gregory Greenfield & Associate
GSI Commerce Solutions, Inc.

WEIL:\95662529\22\11727.0012

Integrity Retail Distribution
Interstate Distributor Co
Midland Courier
Mode Transportation LLC
National Logistics Service
Orbis Logistics
Palmer Dedicated Logistics
Performance Team
TOTE Maritime Puerto Rico
QRC Logistics
Special Dispatch Inc.
Special Dispatch of California
Specialty Transport Solutions
VSS Carriers Inc.

**Landlords**

1515 Broadway Fee Owner LLC
20 VIC Management Inc.
474 Fulton Owner LLC
5060 E. Monclair Plaza Lane Owner LLC
Allied Properties
Aronov Realty Management
Avison Young
Avenue Webb Gin, LLC
AWE Next
AWE Talisman
Bayer Properties LLC
Bellevue Square, LLC
Bentall Kennedy
Bloomfield Holdings, LLC
BRE RC Las Palmas TX, LP
Causeway LLC
Cadillac Fairview
Cafaro Management Company
Cafaro Northwest Partnership dba South Hill Mall;
Cambridgeside Galleria Associates Trust
Cameron Corporation
Capref Brookwood Village LLC
Capref Burbank LLC
Capref Lloyd II LLC
Carousel Center Company, L.P.
Carlyle Development Group
CBL & Associates Management Inc.
CBRE
CenterCal Properties LLC
Champlain Centre North, LLC

11

Charles Company
CNL Commerical Real Estate Inc
Codding Enterprises
Collarmele Partners
Cominar Real Estate Investment Trust
Continuum Partners
Cord Meyer Development
Covington Property Management, LLC
Craig Realty Group
Crombie REIT
Crossgates Mall General Company NewCo, LLC
Crystal Run NewCo, LLC
Cypress Equities
DDR
Dimond Center Holdings
Dunhill Partners
Eagle Ridge Mall
Easton Town Center II, LLC
EklecCo NewCo LLC
Ershig Properties
Excel Property Group
ESRT 112 West 34th Street, L.P.
Faison
Federal Realty Investment Trust
Finard Properties LLC
FOM Puerto Rico, S.E.
Forbes Company (The)
Forest City Enterprises
Foursquare Properties
G&I VII Retail Carriage LLC
GEM Realty Capital, Inc.
Gemini Property Management
General Growth Properties
Gilad Development
Glimcher
Governor's Square Company dba Governor's Square Mall
Gran Plaza
Gregory Greenfield & Assoc Ltd Advisors
Gumberg Asset Mgmt. Corp.
Hamburg Place
Harlem Irving LLC
HCW Private Development
Hendon Properties
Horizon Properties Group
Holyoke Mall Company, L.P.
Hull Storey Gibson Companies, LLC

WEIL:\95662529\22\11727.0012

Huntington Mall Company dba Huntington Mall
Inland Commercial Real Estate Services, LLC
Inland National Real Estate Svcs LLC
IREIT Flowood Dogwood, L.L.C.
Irvine Company
Ivanhoe Cambridge
Jim Wilson & Assoc.
JPMCCM 2001-CIBC2 Collin Creek Mall, LLC
JPMG Manassas Mall Owner LLC
Jones Lang LaSalle
Katz & Assoc.
Kemper Development Company
Kentucky Oaks Mall Company dba Kentucky Oaks Malls
Krausz Companies Inc.
Kravco Company LLC
Lad Back Nogales LLC
Lakeside Mall
Las Palmas RioCan LP
Lerner
Lormax Stern Development Co
Macerich Company (The)
Madison Marquette
Mall at Bay Plaza (The)
Marion Plaza, Inc. dba Eastwood Mall
Mason Asset Management
Matthew Mason
Meadowbrook Mall Company dba Meadowbrook Mall
Memorial City Mall Mall, LP
Metropolis Lifestyle Center, LLC
MG Herring Group
Mid-America
Mirormar
Moonbeam Capital Investment, LLC
Morguard Investments Limited
Morrison Companies
Mountain Development Corp.
Namdar Realty Group
Nasher
NED Management Limited Partnership
New Westgate Mall LLC
Newage PHM, LLC
Northgate Associates
Northgate Mall
North Riverside Park Associates
Ohio Valley Mall Company dba Ohio Valley Mall
Olshan Properties

WEIL:\95662529\22\11727.0012

OVP Management
Oxford Properties Group
Pacific Retail Capital Partners
Plaza Associates
Plaza Las Americas, Inc.
PM Realty Group
Poag & McEwen
Poag Shopping Centers LLC
Poughkeepsie Galleria LLC
Preit Services LLC
Prestige Properties & Dev Inc
Prism
Pyramid
Pyramid Walden Company, L.P.
Ramco Gershenson
RD Management LLC
Red Legacy
RioCan
RioCan (America) Mgmt, Inc.
RioCan Management Inc
River Center Mall
Riverwalk Marketplace NO, LLC
Rouse Properties
Rouse Properties, Inc.
Saucon Valley Lifestyle Center, L.P
Sandusky Mall Company dba Sandusky Mall
Sangertown Square, L.L.C.
Salmon Run Shopping Center, L.L.C.
Schottenstein Property Group
Shop Companies
Simon Premium Outlets
Simon Property Group
Singerman Real Estate LLC
SLG 125 Chubb LLC
Smart Centres
Southgate Mall Associates LP
Spectrum Capital LLC
Spinoso
Spinoso Management Group LLC
Spinoso Real Estate Group
Spotsylvania Mall Company dba Spotsylvania Towne Center
ST Mall Owner LLC
Starwood Retail
Starwood Retail Partners LLC
Starwood Retail Property Mgmt, LLC
Steadfast

14

Steiner and Associates, Inc.
Sterling Retail Services Inc
Stirling Properties
Stoltz
StreetMAC Asset Managers, LLC
Tanger Properties
Tanger Properties, L.P.
Taubman
Tejon Industrial Corporation
The Feil Organization
The Woodmont Company
Towne Square Mall, LLC
Trademark Properties
Tri-County Mall Property Mgmt LLC
Triple Five
Turnberry Associates
UBS Realty Investors LLC
UCR Asset Services
Urban Retail Properties
Urbancal Oakland Mall, LLC
USPG Portfolio Five LLC
Valley Hills Mall LLC
Valley West Mall
Vintage Capital Grp
Vestar Orchard Town Center, L.L.C.
Vintange Real Estate LLC
Village at Sandhill, LLC
VNO 100 West 33rd Street LLC
Vornado
Warwick Mall LLC
Was Group
Weingarten Realty
West Acres Development
Westfield
Wilder
Wilmorite
WO Owner LLC
Woodbury Corporation
Woodmont Company
YTC Mall Owner, LLC
Zamias
Zona Rosa Development, LLC

**Depository Banks**

Amarillo National
American Bank

WEIL:\95662529\22\11727.0012

American National Bank
American Savings Bank
Ameris
Ameriserv Financial
Arvest Bank
Associated Bank
Astoria Federal Savings Bank
Athens First Bank & Trust Company
B B & T Bank
Banco Popular
Bancorp South
Bangor Savings Bank
Bank Champaign
Bank Midwest
Bank North, N.A.
Bank of America
Bank of Colorado
Bank of Hawaii
Bank of Louisiana
Bank of Ocean City
Bank of Oklahoma
Bank of the West
Banknorth
BB&T
BBVA Compass
BMO Harris
Bremer Bank
Business First Bank
Capital City
Capital One
Centennial
Central Bank of Boone County
Centrue
Chemical Bank
Chemung Canal Trust Co.
Citibank
Citizens Bank
Columbus Bank & Trust
Comerica Bank
Commerce
Community Bank N.A.
Compass Bank
Dollar Bank
Exchange Bank of Alabama
Farmers' State Bank
Fidelity Deposit & Discount Bank

WEIL:\95662529\22\11727.0012

Fifth Third Bank
First American
First Bank & Trust
First Bank of Colorado
First Bank of Tennessee
First Citizens
First Citrus Bank
First Commonwealth
First Community Bank
First Federal Savings
First Financial Bank
First Interstate
First National Bank
First National of Mercersburg
First Niagara
First Sentry
First Tennessee
First Westroads Bank
FirstMerit
Fifth Third
Frost Bank
Hamilton State
Hancock Bank
Harris Bank
Hickory Point Bank
Huntington Bank
Huntington National Bank
IBC Bank
JP Morgan Chase
Key Bank
Lafayette Bank and Trust
Legacy Bank of Texas
Liberty Bank
Liberty Federal Savings & Loan Association
LIT-Northend, LLC
Lone Star National Bank
M&T Bank
Main Source Bank
MB Financial
Metropolitan Bank
MidSouth Bank
Monroe Bank & Trust
NBT
Northway Bank
Northwest Savings Bank
Old National Bank

17

Peoples United
Pinnacle
Plains Capital Bank
PNC Bank
Premier Bank
Prosperity Bank
Queenstown Bank of Maryland
RBC
Regions Bank
Salem Five Bank
Santander
South State
SouthBank
Southern Michigan Bank & Trust
Sovereign Bank
Star Financial
Sun Trust
Suntrust Bank
Susquehanna
TCF National Bank
TD Bank
TD Banknorth
Texas Bank & Trust
The Bank of Delmarva
Town & Country Bank
Towne Bank
Tri Counties Bank
Trust Mark
Trustco Bank
Trustmark
Tuscola National
UMB Bank
Union Bank of California
Union State Bank
United Bank
United Community Bank
United National Bank
US Bank
Wachovia
Washington Federal
Wayne Bank
Wells Fargo
Wilson Bank & Trust
Wrentham Cooperative Bank

WEIL:\95662529\22\11727.0012

**Significant Utilities**

Alabama Power Co.
Alliant Energy
American Electric Power
Arizona Public Service Company
Autoridad de Energia
Bell Canada
Borough of South River Utilities
Commonwealth Edison Company
ConEd
Con Edison
Connecticut Light and Power Company
Constellation Energy Services, Inc.
Constellation NewEnergy, Inc.
Consumers Energy
Delmarva Power
Direct Energy Business
Duke Energy
Duke Energy Progress
Energyworks Lancaster, LLC
Entergy
Eversource
Florida Power & Light Company
Georgia Power Company
Gulf Power Company
HECO / Hawaiian Electric
Imperial Irrigation District
Jersey Central Power & Light Company
Liberty Power Holdings LLC
Memphis Light, Gas & Water
Metropolitan Edison Company
Monongahela Power Company
National Grid
Ohio Edison Company
Orlando Utilities
Orlando Utilities Commission
Pacific Gas and Electric Company
Pennsylvania Electric Company
Pennsylvania Power Company
Pepco
Potomac Edison Company
Public Service Company of New Hampshire
Public Service Electric and Gas Company
Public Service Electric and Gas Company Long Island LLC
Rocky Mountain Power
San Diego Gas & Electric Company

19

Tampa Electric
The Cleveland Electric Illuminating Company
The Illuminating Company
Toledo Edison Company
Tucson Electric Power Company
TXU Energy
UNS Electric, Inc.
USNE Electric, Inc.
West Penn Power Company
Western Massachusetts Electric Company
Xcel Energy

**Insurers and Insurance Brokers**

American National Insurance Company
AmWins
Aon
ARC Excess & Surplus
Beazley
C N A
Caitlin
Continental Casualty
CRC Insurance
Endurance American Insurance Co.
Federal Insurance
Great American
Illinois National Insurance Co.
J. Jaramillo Insurance, Inc.
J. Smith Lanier & Co.
Liberty Mutual
Lloyds
Marsh & McLennan
Navigators
North Dakota Workforce Safety and Insurance
Oficina Regional De San Juan
Ohio Bureau of Workers Compensation
QBE
RLI Insurance Company
Saskatchewan Workers' Compensation Board
Starr Indemnity & Liability
Sterling & Sterling
Triple S Propiedad, Inc.
US Specialty
Washington State Department of Labor and Industry
WCB - Workers Compensation Board - Alberta
WCB - Workers Compensation Board of Manitoba
Westchester Fire

WEIL:\95662529\22\11727.0012

Woodruf-Sawyer & Co.
Worker's Compensation Board of Nova Scotia in partnership with Canada Revenue
Agency
Workplace Health, Safety and Compensation Commission of Newfondland & Labrador
WorkSafeBC
WorkSafeNB
WSIB Workplace Insurance & Safety Board
Wyoming Department of Workforce Services
Zurich

## Beneficiaries and Issuers of Letters of Credit and Surety Bonds

Bank of America Merrill Lynch
Government of Puerto Rico
International Fidelity Insurance Company
Puerto Rico Electric Power
Puerto Rico Electric Power Authority
Southern California Edison Company
SureTec Insurance Company
VNO 100 West 33rd St LLC

## Major Third Party Administrators

Anthem BCBS
ArmadaCare
Blue Cross/Blue Shield
CashStar
Ceridian HCM, Inc.
First Data Prepaid Services (aka ValueLink)
Health Equity
Merrill Lynch
MetLife
The Travelers Indemnity Company

## Parties to Significant Litigation

Alexis Brown
Captain's Club Apparel, Inc.
Carmen D. Trinidad-Rodriguez
City of Providence
Connie Blondin
Deborah G Simpkins
G&I VII Reno Operating, LLC
Icon Laser Solutions, LLC
J. Robert Arbuthnot
Janet Webster
Klauber Brothers, Inc.

21

Lexmark International, Inc.
Marie Bonamassa
Michael Allen
Picture Patents, LLC
Ralphael Aleman
Renda Greenhill
Standard Fabrics International, Inc.
Susan A. Sellick
Temeka Adams
University Mall, LLC
Stern Tannenbaum & Bell LLP
ERT 112 West 34th Street, L.P
Homewinds Foundation
Schoenborn Brittany Grace
Abbott Grace
137 Emmut Properties LLC
Scheichet & Davis P C
Doreen Properties LLC
Refoua Maurice
Nara Bank
COR IBSs Inc.

## United States Trustee, Judges, and Court Contacts for the Southern District of New York (and Key Staff Members)

### *United States Bankruptcy Judges for the S.D.N.Y.*

Honorable Cecelia G. Morris
Honorable Stuart M. Bernstein
Honorable Shelley C. Chapman
Honorable Robert D. Drain
Honorable James L. Garrity
Honorable Robert E. Gerber
Honorable Martin Glenn
Honorable Robert E. Grossman
Honorable Sean H. Lane
Honorable Michael E. Wiles
Honorable Mary Kay Vyskocil

### *Office of the United States Trustee*

William K. Harrington, U.S. Trustee
Linda A. Riffkin, Assistant U.S. Trustee
Susan Arbeit, Trial Attorney
Susan Golden, Trial Attorney
Brian S. Masumoto, Trial Attorney
Richard C. Morrissey, Trial Attorney

22

Serene Nakano, Trial Attorney
Andrea B. Schwartz, Trial Attorney
Paul K. Schwartzberg, Trial Attorney
Andy Velez-Rivera, Trial Attorney
Greg M. Zipes, Trial Attorney
Victor Abriano, Bankruptcy Analyst
Danny A. Choy, Bankruptcy Analyst
Nadkarni Joseph, Bankruptcy Analyst
Anna M. Martinez, Bankruptcy Analyst
Mary V. Moroney, Bankruptcy Analyst
Sylvester Sharp, Bankruptcy Analyst
Catletha Brooks, Legal Assistant (Bankruptcy/OA)
Ercilia A. Mendoza, Legal Assistant (Bankruptcy/OA)
Amanda Cassara, Paralegal (Bankruptcy)
Maria Catapano, Paralegal Specialist
Myrna R. Fields, Paralegal Specialist
Ilusion Rodriguez, Paralegal Specialist

### *Clerk's Office*

Vito Genna, Clerk of Court
Una O'Boyle, Chief Deputy
Annya Acosta, Operations Manager
Brent Bush, Case Administrator/Editor
Deirdra Cantrell, Case Administrator
Amanda Ho, Case Administrator
Mary Lopez, Case Administrator
Beverly Richards, Case Administrator/Editor
Maria Rodriguez-Castillo, Case Administrator
Anatin Rouzeau, Appeals/Judgment Clerk
Aurea Suarez, Case Administrator
Jessica Gomez, Asst. Ops. Manager, Intake Operations

## Regulatory Agencies (Federal, State, Local)

Federal Canadian Governmental Authority

## Significant Taxing & Licensing Authorities (Federal, State, Local)

Arlington ISD
Bexar County, TX
Bell County
Bowie Central Appraisal District
Broward County Revenue, Collection Bureau
Burleson ISD
California Board of Equalization
Canada Revenue Agency

WEIL:\95662529\22\11727.0012

Central Appraisal District of Taylor County
Charles County Maryland, Prince George's County
City of Calgary City Cashier
City of El Paso, TX
City of Garland
City of Houston
City of Waco and/or Waco independent School District
Clear Creek Independent School District
Commonwealth of Massachusetts, Department of Revenue
Comptroller of Maryland, Revenue Administration Division
Connecticut Commissioner of Revenue Services
County of Brazos, Texas
County of Denton, Texas
County of Hays, Texas
County of Hill, Texas
County of Imperial, California
County of Williamson, Texas
Crowley ISD
Cypress - Fairbanks ISD
Dallas County Tax Assessor-Collector
District of Columbia Treasurer, Office of Tax and Revenue
Ector CAD, TX
Florida Department of Revenue
Fort Bend County, TX
Galveston County, TX
City of Garland
Georgia Department of Revenue
City of Grapevine
Garland ISD
Grapevine-Colleyville ISD
Harris County Tax Assessor/Collector
Harris County, TX
Hawaii Department of Taxation
Hidalgo County
Humble Independent School District
Idaho State Tax Commission
Illinois Department of Revenue
Indiana Department of Revenue
Iowa Department of Revenue and Finance
Judson ISD, TX
Kansas Department of Revenue
Kentucky State Treasurer, Department of Revenue
Louisiana Department of RevenueLubbock Central Appraisal District Midland County
Maine Revenue Services
Michigan Treasury Collection Division
Midland Central Appraisal District

WEIL:\95662529\22\11727.0012

Minnesota Department of Revenue
Mississippi Department of Revenue
Missouri Director of Revenue, Taxation Division
Montgomery County, TX
Nebraska Department of Revenue
New Jersey Sales Tax
North Carolina Department of Revenue
North Dakota Office of State Tax Commissioner
NYS Sales Tax Processing
Ohio Treasurer of State, Ohio Department of Taxation
Oklahoma County Treasurer
Oklahoma Tax Commission
Pennsylvania Department of Revenue
Puerto Rico Secretary of the Treasury, Department of the Treasury
Rhode Island Tax Administrator, Division of Taxation
San Bernardino County, Division of Weights & Measures
San Diego County Treasurer, Tax Collector
South Carolina Department of Revenue
South Dakota State Treasurer
Spring Branch Independent School District
State of Arkansas, Department of Finance & Administration
State of Michigan, Department of Treasury
State of Nevada Sales/Use Tax
State of New Mexico, Taxation and Revenue Department
Tarrant County, Tax Assessor/Collector
Tennessee Department of Revenue
Texas Comptroller of Public Accounts
Texas State Comptroller
Travis County
Utah State Tax Commission
Vermont Department of Taxes
Virginia Department of Taxation
Washington State Department of Revenue
West Virginia Tax Department
Wisconsin Department of Revenue
Woodbridge Fire Prevention Bureau
Wyoming Department of Revenue

## Other Significant Creditors, Counterparties to Significant Contracts, or Potential Parties in Interest

American Eagle
Arlington ISD
Authentic Brands
Burleson ISD
Crowley ISD
DW Partners

25

Garland ISD
Grapevine-Colleyville ISD
Great American Group, LLC
Iconix Brand Group
Marquis Brands
Milberg Factors, Inc.
PREIT Services, LLC
PREIT-Rubin, Inc.
Sequential Brand Group
Tiger Capital Group, LLC
Versa Capital
Vintage Capital Group, LLC

## Exhibit B

## Proposed Order

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------x
                                        :
In re                                   :    **Chapter 11**
                                        :
AÉROPOSTALE, INC., *et al.*,            :    **Case No. 16-11275 (SHL)**
                                        :
           Debtors.[1]                  :    **Jointly Administered**
                                        :
-----------------------------------------------------------x

### ORDER PURSUANT TO 11 U.S.C. §§ 105(a) AND 363(b) (I) AUTHORIZING THE RETENTION AND EMPLOYMENT OF DEVELOPMENT SPECIALISTS, INC. AND (II) DESIGNATING WILLIAM A. BRANDT, JR. AS CHIEF RESTRUCTURING OFFICER TO THE DEBTORS *NUNC PRO TUNC* TO SEPTEMBER 19, 2016

Upon consideration of the application (the "*Application*")[2] of Aéropostale, Inc. and certain of its subsidiaries, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "*Debtors*"), pursuant to sections 105(a) and 363(b) of the Bankruptcy Code for entry of an order authorizing the Debtors to employ and retain Development Specialists, Inc. ("*DSI*") to provide management and restructuring services and to designate William A. Brandt, Jr. as Chief Restructuring Officer (the "*CRO*") for the Debtors in accordance with the terms and conditions set forth in the Engagement Letter, *nunc pro tunc* to September 19, 2016, all as more fully set forth in the Application; and upon the Declaration of William A. Brandt (the "*Brandt Declaration*"); and the Court being satisfied that each of DSI and the Chief Restructuring Officer is a disinterested person and represents no interest adverse to the Debtors' estates in the matters with respect to which DSI is to be employed; and the Court

---

[1] The Debtors in these chapter 11 cases and the last four digits of each Debtor's federal tax identification number, as applicable, are as follows:  Aéropostale, Inc. (3880); Aéropostale West, Inc. (7013); Jimmy'Z Surf Co., LLC (0461); Aero GC Management LLC (4257); Aeropostale Procurement Company, Inc. (8518); Aeropostale Licensing, Inc. (8124); P.S. from Aeropostale, Inc. (5900); GoJane LLC (4923); Aeropostale Holdings, Inc. (7729); and Aeropostale Puerto Rico, Inc. (6477).  The Debtors' corporate headquarters is located at 112 West 34th Street, 22nd Floor, New York, NY 10120.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Application.

having jurisdiction to decide the Application and the relief requested therein in accordance with 28 U.S.C. §§ 157(a)-(b) and 1334(b) and *Amended Standing Order of Reference M-431*, dated January 31, 2012 (Preska, C.J.); and consideration of the Application and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and notice of the Application having been given as provided in the Application; and such notice having been adequate and appropriate under the circumstances; and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the Application is in the best interests of the Debtors, their respective estates and creditors, and all parties in interest, and that the legal and factual bases set forth in the Application establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1.      The Application is granted, as set forth below.

2.      The Debtors are hereby authorized pursuant to sections 105(a) and 363(b) of the Bankruptcy Code to employ and retain DSI to provide services in these chapter 11 cases under the terms and conditions set forth in the Application, the Brandt Declaration, and the Engagement Letter, *nunc pro tunc* to September 19, 2016.

3.      The Debtors are authorized pursuant to sections 105(a) and 363(b) of the Bankruptcy Code to appoint William A. Brandt, Jr. as CRO in accordance with the terms and conditions set forth in the Application, the Brandt Declaration, and the Engagement Letter.

4.      Except as set forth herein, the terms and conditions of the Engagement Letter are reasonable and are approved.

2

5.      DSI and William A. Brandt, Jr. shall not act in any other capacity (for example, and without limitation, as a financial advisor, claims agent/claims administrator, or investor/acquirer) in connection with these chapter 11 cases.

6.      DSI and Mr. Brandt shall act under the direction, control, and guidance of the Board and shall serve at the Board's pleasure.

7.      In the event that the Debtors seek to have DSI personnel assume executive officer positions that are different than the positions disclosed in the Application, or to materially change the terms of the engagement by either modifying the functions of personnel or altering or expanding the scope of the engagement, DSI shall disclose such additional positions and/or material changes in function or scope in its employment in its staffing report.  For a period of three years after the conclusion of the engagement, DSI shall not make any investments in the Debtors or reorganized Debtors where DSI has been engaged.

8.      No principal, employee, or independent contractor of DSI and its affiliates shall serve as a director of any of the Debtors during the pendency of these chapter 11 cases.

9.      DSI shall receive compensation as set forth in the Application and the Engagement Letter.  DSI shall file with this Court a report of staffing on the engagement for the previous month and provide notice to the U.S. Trustee and the Creditors' Committee.  Such report shall include the names and functions filled of the individuals assigned.  All staffing shall be subject to review by the Court in the event an objection is filed.

10.      DSI shall file with the Court, and provide notice to the U.S. Trustee and the Creditors' Committee, reports of compensation earned and expenses incurred on a quarterly basis.  Such reports shall contain summary charts that describe the services provided, identify the compensation earned by each executive officer and staff employee provided, and itemize the

3

expenses incurred.  All compensation shall be subject to review by this Court in the event an objection is filed.

11.    The indemnification provisions as set forth in the Engagement Letter are hereby approved.  The Debtors are permitted to indemnify those persons serving as executive officers, including William A. Brandt, Jr., on the same terms as provided to the Debtors' other officers and directors under the corporate bylaws and applicable state law, along with insurance coverage under the Debtors' D&O policy.

12.    Notwithstanding anything in Section 5 of the Engagement Letter to the contrary, during the pendency of these chapter 11 cases:

    (i)    all requests by DSI for the payment of indemnification, contribution or otherwise as set forth in this Engagement Letter shall be made by means of an application to the Court and shall be subject to review by the Court to ensure that payment of such indemnity conforms to the terms of this Engagement Letter and is reasonable under the circumstances of the litigation or settlement in respect of which indemnity is sought; *provided that* that in no event shall any DSI personnel be indemnified in the case of its own gross negligence or willful misconduct; and

    (ii)    in the event DSI seeks reimbursement from the Debtors for attorneys' fees and expenses in connection with the payment of an indemnity claim pursuant to this Engagement Letter, the invoices and supporting time records from such attorneys shall be included in such application, both interim and final, and such invoices and time records shall be subject to the U.S. Trustee's Fee Guidelines and the approval of the Court pursuant to sections 330 and 331 of the Bankruptcy Code without regard to whether such attorneys have been retained under section 327 of the Bankruptcy Code and without regard to whether such attorneys' services satisfy section 330(a)(3)(C) of the Bankruptcy Code.

13.    To the extent that there may be any inconsistency between the terms of the Application, the Engagement Letter, and this Order, the terms of this Order shall govern.

14.    The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

4

15.     The Debtors are authorized to take all action necessary to carry out this

Order.

16.     This Court shall retain jurisdiction to hear and determine all matters

arising from or related to the implementation, interpretation, and/or enforcement of this Order.

Dated: October _____, 2016
        New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE

5