Page 1

UNITED STATES BANKRUPTCY COURT

SOUTHERN DISTRICT OF NEW YORK

Case No. 16-11275 (SHL)


- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

In the Matter of:

AEROPOSTALE, INC.,

             Debtor.

 - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

                    U.S. Bankruptcy Court

                    One Bowling Green

                    New York, New York


                    November 17, 2016

                    3:23 PM


 B E F O R E :

 HON SEAN H. LANE

 U.S. BANKRUPTCY JUDGE

Page 2

Hearing re:  Doc. #904 (Stifel) Application for Final Professional Compensation: First Interim and Final Fee Application of Stifel, Nicolaus & Co., Inc. and Miller Buckfire & Co., L.L.C., Debtors Investment Banker, for Compensation for Services Rendered and Reimbursement of Expenses Incurred.

Hearing re:  Doc. #881 (Prime Clerk) First Application for Interim Professional Compensation of Prime Clerk LLC, as Administrative Advisor to the Debtors.

Hearing re:  Doc. #890 (Pachulski) First Application for Interim Professional Compensation, First Application of Pachulski Stang Ziehl & Jones, LLP for Interim Allowance of Compensation for Professional Services Rendered and Reimbursement of Actual and Necessary Expenses Incurred as Counsel for the Official Committee of Unsecured Creditors.

Hearing re:  Doc. #882 (Weil, Gotshal) Interim Application for Interim Professional Compensation/First Application of Weil, Gotshal & Manges, LLP, as Attorneys for Debtors, for Interim Allowance of Compensation for Professional Services Rendered and Reimbursement of Actual and Necessary Expenses Incurred.

Page 3

Hearing re:  Doc. #889 (FTI) First Application for Interim Professional Compensation of FTI Consulting, Inc., Financial Advisor to the Debtors.

Hearing re:  Doc. #874 (Province, Inc.) First Application for Interim Professional Compensation and Reimbursement of Expenses by Province, Inc. as Financial Advisor to the Official Committee of Unsecured Creditors.

Hearing re:  Doc. #880 Motion to Extend Time/Debtors Motion Pursuant to 11 U.S.C. 105(a) and 356(d)(4)(b)(ii) for Approval of Consensual Extensions of the Time to Assume or Reject Unexpired Leases of Non-residential Real Property and Related Procedures.

Hearing re:  Doc. #898 (Interim) Motion to Approve Use of Cash Collateral/Motion of Debtors Pursuant to 11 U.S.C. 105, 365, 362 and 363 and Fed. R. Bankr. P. 2002, 4001 and 9014 for Entry of an Order (I) Authorizing Use of Cash Collateral by the Debtors, (ii) Providing Adequate Protection to the Prepetition Term Loan Parties, (iii) Modifying the Automatic Stay and (IV) Scheduling a Final Hearing.

Page 4

Hearing re:  Doc. #951 Notice of Consensual Extensions of
the Period Within Which the Debtors May Assume of Reject
Unexpired Leases of Non-residential Real Property (related
Doc. #935).

Transcribed by:  Pamela A. Skaw

Page 5

A P P E A R A N C E S :

WEIL, GOTSHAL & MANGES LLP

    Attorney for Debtors

    767 Fifth Avenue

    New York, NY 10153-0119


BY:  GARRETT A FAIL, ESQ.


STIFEL LEGAL

    Attorney for Nicolaus & Co., Inc. and Miller Buckfire

    & Co., L.L.C., Financial Advisors for the Debtors

    787 Seventh Avenue

    New York, NY 10019


BY:  DEREK P. ALEXANDER, ESQ.


KIRKLAND & ELLIS LLP

    Attorney for Committee

    601 Lexington Avenue

    New York, NY 10022


BY:  ROBERT A. BRITTON

Page 6

PACHULSKI STANG ZIEHL JONES

 Attorney for Official Committee of Unsecured Creditors

 780 Third Avenue, 34th Floor

 New York, NY 10017-2024


BY:  MARIA A. ROVE, ESQ.


U.S. DEPARTMENT OF JUSTICE

OFFICE OF U.S. TRUSTEE

 U.S. Federal Office Building

 201 Varick Street, Suite 1006

 New York, NY 10014


BY:  SHANNON SCOTT, ESQ.


ALSO PRESENT:

VICTOR DELAGLIO, ESQ.

Page 7

P R O C E E D I N G S

THE COURT:  Just to let folks know, we've just had a brief chambers conference with all the stakeholders to just talk about sort of the game plan in the case going forward in terms of time frames and things to keep the Court apprised in terms of getting Court time as well as -- I think nothing particularly confidential in the sense of what the debtors and other stakeholders have been spending their time on in terms of trying to maximize the value and move the case to conclusion.

And, so, all that makes perfect sense and I appreciate the update.  And, as I said in chambers, anything that you need, you can just let us know.

And, on that note, I thought the first thing we could do is to address something that's off the agenda which is a need for a revised order that's -- that fixes some of the deadlines from an order that was recently entered so that no one runs afoul of any requirements in an order or the Code.

So, with that Mr. Fail, take it away.

MR. FAIL:  Thank you very much, Your Honor.

Garrett Fail of Weil, Gotshal & Manges for the debtors.

If I could just approach and hand up a redline?

THE COURT:  Please.

Page 8

(Pause.)

THE COURT:  So these are revisions to the order entered --

MR. FAIL:  Right, Your Honor.  Your Honor, you entered a -- on the 15th, an order approving the administrative bar date for these cases and we appreciate that.

The order required that mailing of the bar date notice happen 30 days before the bar date but, due to the entry of the order on the 15th, it's only 26 -- it couldn't have been accomplished.

THE COURT:  Right.

MR. FAIL:  So the changes that we propose is that we mail, by today, as long as the order is on the docket; the Prime Clerk thinks that they can get that out if it's on the docket early this afternoon, and we would publish in the New York Times by November 19th.

That would be mailing 26 days in advance and publishing 24 days in advance and we think that's still sufficient time in these cases for the admin bar date.

THE COURT:  Yeah.  I think that's fine and I think the delay and the need for a revised order is a reflection in fact that I didn't get to it quickly enough.  So, for that, I apologize.

The only thing I was going to do is add the word

Page 9

"revised" in front of order just so we -- it's clear what's going on here.

MR. FAIL:  Thank you.

THE COURT:  And, again, I apologize for that.  We just have been in trial.  You're here for the closing, something relating to that building over there.

So, we'll get this entered right now.  In fact, I'll hand this to my esteemed law clerk here and ask her that she send along -- and do we have a version of that sent to chambers?

MR. FAIL:  It will be as soon as we walk out --

THE COURT:  All right.  Great.

MR. FAIL:  -- if it hasn't.

THE COURT:  So, we'll get that entered today and since it's just about three thirty, I think we won't have any problems with that.  Great.

MR. FAIL:  A couple of other items that were on the agenda this afternoon.

One of them was a notice that we filed for consensual extensions of the period within which the debtors may assume or reject.  It was on the agenda in case there were any objections.  There were none and there's no order that needs to be entered in accordance with the procedures.  It's self-effectuating --

THE COURT:  All right.

Page 10

MR. FAIL:  -- so that takes care of that.

THE COURT:  All right.  So, that's number two of the uncontested matters is off.  All right.

MR. FAIL:  That's right.  And, then, maybe we can just put together the -- and address together the fee -- first interim fee applications that were filed.

Weil, Gotshal filed its at ECF NO. 882.  FTI Consulting filed its at 889.  Stifel, Nicolaus and Miller Buckfire filed theirs at 904.  Pachulski, Stang, Ziehl and Jones, LLP filed theirs at 890.  Province, Inc. filed theirs at 874 and Prime Clerk, LLC filed theirs at 881.

The U.S. Trustee filed a pleading in response, Your Honor, identifying certain areas that they questioned. I'm happy to report that each of the issues identified have been resolved consensually between the applicants and the Office of the U.S. Trustee.

The U.S. Trustee's Office is represented and I'm sure they'll speak for themselves but I can report the resolutions, if you want, Your Honor.

THE COURT:  Yeah.  That'd be helpful.

MR. FAIL:  Weil, Gotshal agreed to reduce, on a voluntary basis, its request for compensation by 70,000 and reduce its request for expenses, reimbursement by 20,000.

FTI, whose representatives are on the phone today, Your Honor, agreed to reduce their expenses, voluntarily, by

Page 11

$1,200.35.

Stifel reached an agreement to reduce its expenses by $780.27.

Province agreed to reduce its fees by $15,894.75.

Pachulski agreed to reduce its expenses by $5,325.38.

And there were no objections to Prime Clerk's application.

THE COURT:  All right.

MR. FAIL:  Your Honor, unless you have any questions or anyone else wants to be heard, I'd request that the Court approve those applications and we can submit one combined order in accordance with the practice.

THE COURT:  All right.  Let me hear from the U.S. Trustee's Office.

MS. SCOTT:  Good afternoon, Your Honor.

Shannon Scott from the U.S. Trustee's Office.

Mr. Matsumoto can't really speak right now so I'm taking his place.

THE COURT:  Oh, I'm sorry to hear that.  No need to say anything.

MS. SCOTT:  But I'm happy to report I was working with Brian in resolving all the objections and we agree with what Mr. Fail had to say on the record and all the objections have been resolved and we can move forward with

Page 12

entry of an order.

THE COURT:  All right.  Thank you very much.  And I think this is the first time I've seen you --

MS. SCOTT:  Yes.

THE COURT:  -- in a courtroom, so, good to make your acquaintance.

All right.  Based on the record in front of me, I'm happy to approve the revised fee requests that have been submitted to me.  I appreciate the parties' cooperation.

I certainly have a pretty good idea of what's been going on in the case so I did take a look at the backup documentation as well as the U.S. Trustee's submission.  But I certainly am well aware of what's been happening in the case and the good result that has been reached as a result of the sale.

So, given all of that and the requests that have been made, I'm happy to approve the requests as revised here today.

MR. FAIL:  Thank you very much, Your Honor.

THE COURT:  Thank you.

MR. FAIL:  And I believe the last item on today's agenda is to authorize the continued use of cash collateral by the debtors and to provide related relief.

Your Honor, we were here before you a number of weeks ago with an interim -- seeking an interim order.  Your

Page 13

Honor approved it.  We are continuing -- the debtors are continuing to work with their secured lenders and other parties-in-interest towards a final order dealing with cash collateral and working towards a consensual resolution of these cases.

We filed, last night, a proposed additional supplemental, we called it a second interim order, to continue the use of cash collateral on a consensual basis through December and we have a hearing scheduled for December 20th and the order provides for, you know, it will carry us through that period on a consensual basis.

So, I have a redline that I could hand up to you. It might be useful and it'll show you they're non-substantive, conforming changes to accommodate the dates.

THE COURT:  Yeah.  That would be great.  All right.

And, so, there isn't any substantive change from the last version that's been entered.  And, I can say that, based on experience, this is -- you have a long way to go to equal the record for most interim cash collateral orders before a final was entered.

I believe I actually had a case where, I think, the final was entered like the day of the end of the case. So --

MR. FAIL:  We'll reserve rights to keep it going

Page 14

but --

THE COURT:  All right.  Well, --

MR. FAIL:  -- I'm hopeful that we'll be back for a final on the next round.

THE COURT:  -- I'm sure you have -- I don't see any intent to equal that record so --

All right.  Give me just one minute and let me flip through this.

(Pause.)

THE COURT:  The reason why I want to do this now is I want to have one stop shopping so we can approve it and, also, give this to my chambers.  Again, as these things are usually time sensitive so thank you for your patience as I continue to flip.

(Pause.)

THE COURT:  All right.  Anybody wish to be heard on the request for a second interim order?

All right.  I see no objections.  I saw none on the docket and, having looked at the changes, none of which are substantive in nature, as you mentioned, and are all conforming changes, and I'm happy to approve it and we'll get that entered today as well.

MR. FAIL:  Thank you very much, Your Honor.  I'll make sure that electronic copies are sent down right away.

THE COURT:  All right.  Anything else we need to

Page 15

address here today?

MR. FAIL:  Nothing further, Your Honor.  I thank you for your time.

THE COURT:  Well, thank you and good luck with your ongoing negotiations and working the case to a conclusion.  And Happy Thanksgiving.

MR. FAIL:  Thank you very much.

(Chorus of thank you and have a good Thanksgiving.)

THE COURT:  And, if you would be so kind as to -- there's a whole mess of lawyers out there, just let them know that they can start --

(Whereupon these proceedings were concluded at 3:34 PM)

Page 16

I N D E X

R U L I N G S

|  | PAGE | LINE |
|---|---|---|
| Approval of Revised Fee Requests | 12 | 8 |
| Approval of Continued Use of Cash Collateral by Debtors | 14 | 21 |

**Page 17**

**C E R T I F I C A T I O N**

I, Pamela A. Skaw, certify that the foregoing transcript is

a true and accurate record of the proceedings.

Pamela A. Skaw

Digitally signed by Pamela A. Skaw
DN: cn=Pamela A. Skaw, o=Veritext,
ou, email=digital@veritext.com, c=US
Date: 2016.11.21 14:10:51 -05'00'

_____

Pamela A. Skaw

Date:  November 21, 2016

Veritext Legal Solutions

330 Old Country Road

Suite 300

Mineola, NY 11501